## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANICE DICKENS, | ) | |
| parent and next friend of T.D., a minor | ) | |
| 3710 2ND Street SE | ) | |
| Washington, D.C.  20032 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOROTHEA DIXON, | ) | |
| parent and next friend of T.D., a minor | ) | |
| 2657 Stanton Road, SE, #207 | ) | Civil Action No. |
| Washington, D.C.  20020 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM MARROW and | ) | |
| EDWINA SUMPTER, | ) | |
| parents and next friends of A.M., a minor | ) | |
| 1011 14th Street, SE, #11 | ) | |
| Washington, D.C. 20003 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NINA SPENCER, | ) | |
| parent and next friend of B.S., a minor | ) | |
| 1101 West Virginia Avenue, NE | ) | |
| Washington, D.C. 20002 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TOWANDA WILLIAMS, | ) | |
| parent and next friend of G.W., a minor | ) | |
| 201 37th Place, SE | ) | |
| Washington, D.C. 20019 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRIENDSHIP-EDISON P.C.S. | ) | |
| 645 Milwaukee Place, SE | ) | |

1

| | |
|---|---|
| Washington, D.C.  20032 | ) |
| | ) |
| serve: | ) |
| | ) |
| DONALD L. HENSE, Registered Agent | ) |
| 120 Q Street, NE | ) |
| Washington, D.C. 20002 | ) |
| | ) |
| Defendant. | ) |
| _____) | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorneys, Tilman L. Gerald and Roxanne D. Neloms, James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This is an action for full reimbursement of attorneys' fees and costs incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to carry out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to obtain the full reimbursement due them.

### JURISDICTION

2. This Court has jurisdiction pursuant to:

    a. The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28

        U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

    b.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, as well as their parents or guardians, who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEIA. The parents bring this action on behalf of the children and in their own right, and the individual minor Plaintiffs are designated as follows:

    a.    At all times relevant hereto, Terrance Dickens, was a student in Friendship-Edison Public Charter School's ("FEPCS") Special Education Program in the District of Columbia. On or about April 14, 2006, Plaintiffs, by and through counsel, filed a hearing request, alleging that FEPCS failed to timely evaluate, convene a MDT meeting to review evaluations and address eligibility and develop an IEP, if necessary. For relief, Plaintiffs asked for FEPCS to fund the student's evaluations and convene an MDT meeting within ten days after the receipt of evaluations.  On or about June 19, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered that upon the student's eligibility FECPS provide the student with compensatory education services from May 2006 until the implementation of his IEP.  Plaintiffs prevailed as that term is defined

by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,959.03 in accordance with the requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $7,959.03 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 1.

      b.     At all times relevant hereto, Travis Dixon was a student in Friendship-Edison Public Charter School's ("FEPCS") Special Education Program in the District of Columbia. On or about April 26, 2004, Plaintiffs, by and through counsel, filed a hearing request, alleging that FEPCS and the District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP"), timely reconvene an MDT/IEP meeting to review the student's IEP, and deliver compensatory education services. For relief, Plaintiffs asked FEPCS/DCPS to provide or fund the student with all hours of speech-language compensatory education services not delivered; convene an MDT meeting within ten calendar days of the hearing to review all evaluations, review and revise the student's IEP, discuss and determine an appropriate disability classification, develop appropriate annual goals and benchmarks, and discuss and determine an appropriate placement; and consider all placement options proposed by the parent, including High Road Academy and Rock Creek Academy. On or about May 17, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered 1) FEPCS to provide compensatory education services in the amount of 18 hours of speech-language services, and 2) DCPS/FEPCS to convene an MDT/IEP meeting to discuss and

determine an appropriate compensatory education plan to resolve issues concerning missed services prior to the voluntary removal of the student from FEPCS. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $15,573.36 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $15,573.36 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 2.

      c.      At all times relevant hereto, Amin Marrow was a student in Friendship-Edison Public Charter School's ("FEPCS") Special Education Program in the District of Columbia. On or about November 19, 2003, Plaintiffs, by and through counsel, filed a hearing request, alleging that the District of Columbia Public Schools ("DCPS") and FEPCS failed to provide the student speech-language services from April 22, 2003 through the time the hearing request was filed; and failed to conduct an adaptive behavioral assessment. For relief, Plaintiffs asked for FEPCS/DCPS to begin providing speech-language therapy within five school days; conduct or fund an adaptive behavior assessment within 15 business days; provide the parent's counsel with written notice within five business days as to when the adaptive behavior assessment will take place; and convene an MDT meeting within five school days of completion of the adaptive behavior assessment to review and revise the student's Individualized Educational Program ("IEP"), determine the manner of speech-language compensatory education due, and identify an appropriate placement. On or

about January 16, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered FEPCS 1) to convene a BLMDT/IEP meeting within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD") to develop a compensatory education plan for the student's missed speech-language services during the 2002-2003 and 2003-2004 school years, and 2) to determine the amount and means of delivering and implementing his compensatory education plan. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $4,951.46 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parents for their attorneys' fees and costs without reason. As a result, $4,951.46 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 3.

    d. At all times relevant hereto, Brittany Spencer was a student in Friendship-Edison Public Charter School's ("FEPCS") Special Education Program in the District of Columbia. On or about October 14, 2003 Plaintiffs, by and through counsel, filed a hearing request alleging that the District of Columbia Public Schools ("DCPS") and FEPCS failed to conduct reevaluations in a timely manner and failed to conduct triennial evaluations. In addition, the Plaintiffs alleged that DCPS/FEPCS failed to conduct an annual review of the student's Individualized Educational Program ("IEP"). For relief, Plaintiffs sought the following evaluations: a psycho-educational, a speech language, a social history, vineland and an occupational therapy or physical therapy, if warranted. She further requested

that if DCPS/FECPS failed to complete evaluations, that the parent be allowed to seek independent evaluations. On or about March 12, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered DCPS and FEPCS to convene a BLMDT/IEP meeting on March 31, 2004 to review the student's existing evaluations to determine whether additional evaluations are necessary, discuss and decide placement, issue a Prior Written Notice of Change in Placement for the 2003-2004 and 2004-2005 school years, and discuss and decide whether a compensatory education plan is warranted. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $20,824.80 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $20,824.80 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application are attached hereto as EXHIBIT 4.

      e.    At all times relevant hereto, Gloria Williams was a student in Friendship-Edison Public Charter School's ("FEPCS") Special Education Program in the District of Columbia. Plaintiffs, by and through counsel, filed a hearing request, alleging that, among other things, the District of Columbia Public Schools ("DCPS") and FEPCS failed to complete a requested reevaluation, complete an annual review of the IEP, and failed to provide related services. For relief, Plaintiffs asked FEPCS to re-evaluate the student and convene a meeting on the student's behalf. On or about April 1 and 29, 2004, and May 27, 2004, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered

FEPCS to convene an MDT/IEP/Placement meeting within 30 days of the issuance of the Hearing Officer's Determination ("HOD") to discuss the form, amount, and delivery of compensatory education. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $23,077.74 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $23,077.74 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 5.

5. Friendship-Edison Public Charter School is its own Local Education Agency ("LEA").

## FACTUAL ALLEGATIONS

6. Between November 24, 2003 and January 13, 2006, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendant.

7. That according to Defendant's Guidelines for the Payment of Attorney Fees in IDEA Matters, claims for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

8. That more than 90 days have elapsed since Plaintiffs' timely submission of claims for reimbursement of reasonable attorneys' fees and costs to Defendant. Therefore, Plaintiffs' claims are considered denied by Defendant.

9. That Defendant has refused and failed to pay Plaintiffs' Attorney Fee

Applications without reason.

10. That Defendant refuses to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

11. That Defendant knowingly, intentionally, and in contravention of settled law substitutes its own subjective standards for those articulated by this Court and the IDEIA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

12. That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

13. That, in accordance with the law, Plaintiffs herein are prevailing parties.

14. That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendant, may recover "reasonable" attorneys' fees.

15. That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

16. That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

17. That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and

the hours claimed were reasonable and necessary rather than excessive as claimed by Defendant.

18. That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

19. That in all instances herein, the Defendant's refusal to pay and/or denial of Plaintiffs' Attorney Fee Applications is arbitrary, capricious and without a basis in law or fact.

20. That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

21. That Defendant has summarily refused to pay Plaintiffs' fee applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1. Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Attorneys' Fees.

2. Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Costs.

3. Award each Plaintiff pre-judgment interest on each award.

4. Award to Plaintiffs the attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5. Award such other relief as may be just and proper.

Respectfully Submitted,

_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
**Attorneys for Plaintiffs**