# EXHIBIT 1

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: **Terrance Dickens**    Date of Birth: **April 28, 1995**
Address: **3710 2nd Street SE Washington DC 20032**
Home School: **Friendship Southeast Elementary Academy**
Present School of Attendance: **Friendship Southeast Elementary Academy**

Is this a charter school? <u>Yes</u>          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Janice Dickens**
Address (if different from the student's above): <u>same</u>

1

**B.**    **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098    (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?        **X** Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X  Friendship Southeast Elementary Academy ( LEA)**
**X District of Columbia Public Schools (SEA)**

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

**Background**

Terrance Dickens ( Hereinafter "T.D.")  is an 5th grade student attending  Friendship Edison Southeast Elementary Academy ("FSEA") which is its own LEA and is located in the District of Columbia.  The MDT that convened to address this student's need for testing agreed that verbal and written comprehension, retention skills, sequencing, processing, following directions and penmanship were all areas of concern for this student.

2

**Issues**

1. **Friendship Southeast Elementary Academy ("FSEA") failed to timely evaluate ( 120 days) and/or identify as a disabled student in need of Special Education Services pursuant to its obligation under the IDEIA and DC Municipal Regulations**

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires the Local Education Agency and/or State Education Agency to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one. Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003). Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

    (a)    The severity of the disability;
    (b)    Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;
    (c)    Whether the child has never attended or will never attend public school; and
    (d)    Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B

DC Municipal Regulations delineates sets forth the obligations that Charter Schools who are their own LEA have with regards to the identification of students[1]. It is the obligation of the Charter School to ensure that a full and comprehensive evaluation is completed and reviewed by an appropriate IEP team and/or if elgible a program is developed within the one hundred twenty (120) day time line. Initial evaluations were requested in writing in December 2005.

---

[1] See DCMR 3005 & 3019

Despite the fact that an MDT con ... ed in February 2006 and agreed that evalu ...ons were warranted [2]evaluations have not been conducted and/or a meeting has not been held on behalf of this student. As a result, he has been denied a Free and Appropriate Public Education ("FAPE") [3]

As a result, this student has been denied a FAPE.

## II. Issues presented.

- Whether Friendship Southeast Elementary Academy failed to timely evaluate, convene an MDT to review evaluation results and address eligibility and/or if eligible develop an Individualized Educational Program ("IEP") for T.D. following the written request of the parent in December , 2005?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1.  That FSEA shall fund the following evaluations for T.D. to include but not limited to: psycho-educational evaluation;  b) speech and language assessment; c) social history and d) classroom observation, e) clinical evaluation ( with Conner's Scale) occupational therapy evaluation, as well as, any evaluations warranted based upon findings of these such as a functional behavioral assessment; a psychiatric evaluat and/or neuropsychological evaluation and/or audiological evaluation and/or occupatid therapy evaluation;

2.  That FSEA shall convene an MDT meeting within ten (10) calendars days of receipt the assessments for the purpose of reviewing evaluations; revising the IEP; discussi compensatory education; discussing and determining placement;

3.  That at the afore mentioned meeting, FSEA shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

4.  Should T.D.  be determined to be eligible for services, parent reserves the right address compensatory education for denials of FAPE that have occurred and the student shall be entitled to receive compensatory education from  April 14, 2005  to the date that the IEP is developed and implemented;

5.  That FSEA agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

6.  All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

---

[2] The MDT specifically agreed that a psychological evaluation ( including the VMI); an educational evaluation; a speech and language evaluation, and an occupational therapy screening and Conner's Scale should be administered to and/or for T.D.
[3] It should be notes that not only was written request for evaluations submitted to FSEA but copies of said request were served upon the SEA – DCPS – Office of  Special Education and/or Mediation and Compliance

4

7. Provide the student w̱ . a due process hearing within 20 calenda̱. ̱ays of a request on any issue arising out of the noncompliance with the agency's' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that FSEA shall fail to comply with the terms herein, the parent shall have the authority to use self help without further notice to the agency and initiate an IEP and unilateral placement in an interim school or educational program until such time the public agency can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

10. 19.. The FSEA/DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

11. That FSEA within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why FSEA proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That FSEA, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of FSEA, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That FSEA, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

14. That FSEA's failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of FSEA to make such argument at any later date and time.

15. That FSEA pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That FSEA pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the

5

facts contained in the .mplaint. That the relevant members of th. .MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

17. That FSEA failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

- N/A

Dated this 14th Day of April, 2006

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              3395
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              04/14 08:55
TIME USE              00'56
PAGES SENT            7
RESULT               OK
```

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Ann Kreske* |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:     Ms. Sharon Newsome- DCPS Student Hearing Coordinator

FROM:  Roberta L. Gambale, Esq.

DATE:  April 14 , 2006

FAX NO:  202-442-5556

**SUBJECT:**    Due Process Hearing Request- Terrance Dickens

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              3396
RECIPIENT ADDRESS    95620726
DESTINATION ID
ST. TIME             04/14 08:56
TIME USE             02'24
PAGES SENT           7
RESULT               OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:    Friendship Southeast Elementary Academy

FROM:  Roberta L. Gambale, Esq.

DATE:  April 14 , 2006

FAX NO: 202-562-0726

**SUBJECT:**    Due Process Hearing Request- Terrance Dickens

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

### SPECIAL EDUCATION DUE PROCESS HEARING

### CONFIDENTIAL

### HEARING OFFICER'S DETERMINATION

**STUDENT:** Terrance Dickens          **DATE OF BIRTH:** 4/28/95

**ADDRESS:** 3710 2nd Street, S.E.
**Washington, D.C.**

**PRESENT SCHOOL ATTENDING:** Friendship Edison Southeast Academy
**HOME SCHOOL:** N/A

**DATE OF HEARING:** June 16, 2006

Student's Representative: **Roberta Gambale, Esq.**
Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2098

Friendship Edison's Representative: **Laura Duos, Esq.**
Address: 1008 Pendleton Street
Alexandria, Va. 22314
FAX: 703-739-2323

2006 JUN 19 AM 8: 58
DC PUBLIC
SCHOOL SYSTEM

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on June 16, 2006, at the request of Roberta Gambale, counsel for the parent and the student. Laura Duos represented Friendship Edison, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446) and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1.     Did Friendship Edison fail to complete the special education process within the legally required 120 calendar days from the date of referral?

**DOCUMENTS SUBMITTED INTO EVIDENCE BY FRIENDSHIP EDISON:**

**FSPCS-1-FSPCS-10**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**TD-1-TD-16**

**FINDINGS OF FACT:**

1.     The student is an eleven-year-old male who is currently attending Friendship Edison Southeast Elementary Academy (FSPCS), its own LEA.

2.     On December 20th 2005, counsel for the parent sent a letter to FSPCS requesting the student be evaluated for special education and related services. The letter attached a consent to evaluate signed by the parent. (FSPCS-2)

3.     On January 10th 2006, counsel for the parent sent a second letter to FSPCS requesting the student be evaluated. (FSPCS-3)

2

4.   On January 9th 2006, FSPCS sent a letter of invitation to an SEP meeting to develop the student evaluation plan. (FSPCS-4)

5.   On February 24th 2006, an MDT/SEP Meeting was convened that recommended that a psychological, speech and language, educational and OT screening be conducted on the student. (FSPCS-6)

6.   On May 8th 2006, FSPCS completed an O.T. evaluation. (FSPCS-7)

7.   On May 22nd 2006, FSPC completed a psychological evaluation. (FSPCS-8)

8.   FSPCS did not complete the speech and language and educational evaluation until a few days before the due process hearing and after the five day disclosure period had lapsed.

9.   To the date of this hearing, FSPCS has not convened an MDT meeting to determine eligibility.

**DISCUSSION AND CONCLUSIONS OF LAW:**

FSPCS, its own LEA, did not comply with DCMR 3005 & 3019 and complete the special education process within the 120 calendar day legally required time line from the date of referral for special education. FSPCS received the written referral request to initiate evaluations to determine eligibility for special education in December 2005 which included a consent to evaluate form signed by the parent. FSPCS has still not convened the MDT/Eligibility meeting in well over 120 calendar days from the December 20th letter from counsel for the parent. The parties now agree to convene an MDT/Eligibility Meeting on June 20th 2006.

It is hereby **ORDERED** that:

**If the student is found eligible for special education at the June 20th MDT meeting, the student will be entitled to compensatory education from May 1st 2006 until the implementation of his developed IEP for the failure to comply with the legally required 120 day time line.**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer
Date Issued: 6/19/2006

Date filed: June 19, 2006

3

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  June 19, 2006


To:   Roberta Gambale


Re:   Dickens, Terrance


## TOTAL NUMBER OF PAGES, INCLUDING COVER: 4



COMMENTS:



**CONFIDENTIALITY NOTICE:** The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Terrance Dickens |
| Date of Birth | 4/28/95 |
| Date of Request for Hearing | 4/13/06 |
| | Month / Day / Year |
| Parent/Guardian | Janice Dickens |
| Address | 3710 2nd St., SE #C |
| | Washington, DC 20032 |
| Current School | Friendship-Edison PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 06-004C |
| Date of Payment Request | 7/14/06 |
| Payment Request No. | 1 |
| Date Services Rendered | 12/14/05 - 6/19/06 |
| Current Payment Request | $7,959.03 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN:* **FOR:** $7,959.03

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez !+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

--------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

**July 24, 2006**

**Via Certified Mail**
Paul Dalton, Esq.
Dalton, Dalton, & Houston, PLLC
1008 Pendleton Street
Alexandria, VA. 22314

### Re: Invoice- Terrence Dickens, 4/28/95

Dear Mr. Dalton:

Please find enclosed a copy of the invoice for Terrence Dickens from the June 16, 2006 Hearing. We are requesting payment within thirty (30) days. In the event that payment is not received, it may be necessary for us to take further legal action against your client.

Yours truly,

Roberta L. Gambale, Esq.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Re: Terrence Dickens

Sent To _Paul Dalton Esg. Dalton & Palton_
Street, Apt. No.; or PO Box No. _1008 Pendleton Street_
City, State, ZIP+4 _Alexandria, VA 22314_

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0000 3176 5337

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Re: Terrence Dickens

Sent To _Paul Dalton Esg. Dalton & Palton_
Street, Apt. No.; or PO Box No. _1008 Pendleton Street_
City, State, ZIP+4 _Alexandria, VA 22314_

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0000 3176 5337

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and  LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @  $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Terrence Dickens
DOB: 4/28/95
3710 2nd Street SE Apt C
Washington DC 20032


July 13, 2006
In Reference To:  Terrence Dickens
                  DOB:4/28/95

Invoice #11555


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2005 | BC | Drafted letter to parent; prepared file jacket | 0.42 130.00/hr | 54.60 |
|  | RG | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 12/20/2005 | YA | Requested evaluations to Friendship Edison and DCPS | 0.83 115.00/hr | 95.45 |
|  | YA | Drafted letter requesting records to Friendship Edison and DCPS | 0.75 115.00/hr | 86.25 |
|  | YA | Telephone call from DCPS staff re, contact updated information | 0.25 115.00/hr | 28.75 |
| 12/21/2005 | YA | Telephone call from DCPS school staff re, records and attendance | 0.25 115.00/hr | 28.75 |
| 12/29/2005 | YA | Drafted letter to parent re, request for evaluations and records to DCPS | 0.42 115.00/hr | 48.30 |
| 1/5/2006 | YA | Tickled deadline for request for records and Initial and review case | 0.25 115.00/hr | 28.75 |
|  | MM | Reviewed letter dated 1/10/06 | 0.33 185.00/hr | 61.05 |

Terrence Dickens                                                                    Page     2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/6/2006 | RG | Drafted letter to CS to confirm receipt of requests and verify fact that student is registered and attending 5th grade class | 0.58 365.00/hr | 211.70 |
| | RG | Conference with parent re: registration status and call from CS | 0.33 365.00/hr | 120.45 |
| | RG | Telephone call to DCPS school staff re: registration and CS to advise them of info obtained by mom  and confirm registration status | 0.17 365.00/hr | 62.05 |
| | RG | Telephone call from CS re: registration status and request for evals | 0.25 365.00/hr | 91.25 |
| 1/10/2006 | YA | Assist attorney with 2nd request for Initial and records to Friendship Edison South East Academy | 0.33 115.00/hr | 37.95 |
| | RG | Telephone call from Charter school; draft follow up letter; instruct YA re: documents to send. | 0.50 365.00/hr | 182.50 |
| 1/11/2006 | MM | Drafted letter to private school | 0.67 185.00/hr | 123.95 |
| 1/27/2006 | MM | File review and developed  monthly case status report and update information regarding conversations and communication with school and parents and current status. | 0.25 185.00/hr | 46.25 |
| 2/1/2006 | MM | File review and developed  monthly case status report | 0.58 185.00/hr | 107.30 |
| 2/2/2006 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| | MM | Discussion with school | 0.25 185.00/hr | 46.25 |
| 2/8/2006 | MM | Discussion with school 2 times | 0.42 185.00/hr | 77.70 |
| 2/15/2006 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 2/16/2006 | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 2/23/2006 | YA | sent deadline notice to attorney and advocate regarding records due | 0.17 115.00/hr | 19.55 |
| 2/24/2006 | MM | Attended MDT/IEP @ | 4.00 185.00/hr | 740.00 |
| 4/10/2006 | MM | File review and developed  monthly case status report | 0.17 185.00/hr | 31.45 |

Terrence Dickens                                                                                          Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/13/2006 | RG | Prepared and file due process hearing request to DCPS and discussion with mom | 2.00 365.00/hr | 730.00 |
| 4/17/2006 | RG | Discussion with paralegal | 0.17 365.00/hr | 62.05 |
| | YA | Discussion with the child's attorney | 0.17 115.00/hr | 19.55 |
| | YA | Drafted letter to parent regarding the detailed due process hearing request | 0.42 115.00/hr | 48.30 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |
| 4/18/2006 | YA | Tickled resolution meeting | 0.17 115.00/hr | 19.55 |
| | MM | Reviewed hr dated 4/14/06 | 0.33 185.00/hr | 61.05 |
| 4/27/2006 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 5/10/2006 | MM | File review and developed  monthly case status report and developed report re: most recent developments in case and most recent school and parent communication. | 0.33 185.00/hr | 61.05 |
| 5/19/2006 | RG | Reviewed dates and deadlines | 0.08 365.00/hr | 29.20 |
| | YA | Drafted letter to parent re: hearing date notice | 0.50 115.00/hr | 57.50 |
| 5/22/2006 | YA | Draft letter to Dalton & Dalton regarding the hearing request | 0.33 115.00/hr | 37.95 |
| 5/23/2006 | YA | Phone call to dalton & dalton re, confirm receipt of hearing request | 0.17 115.00/hr | 19.55 |
| 6/7/2006 | CH | Phone call to mom regarding upcoming meeting | 0.08 185.00/hr | 14.80 |
| 6/9/2006 | CH | Reviewed the complaint of Terrence in preparation for upcoming hearing. | 0.50 185.00/hr | 92.50 |
| | YA | Draft letter to Dalton & Dalton, Houston with Five Day Disclosure | 0.75 115.00/hr | 86.25 |
| | YA | Assist attorney prepare disclosure to DCPS, student hearing office and office of general counsel and tab disclosure for hearing officer | 1.50 115.00/hr | 172.50 |

Terrence Dickens                                                          Page    4

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/9/2006 | RG | Prepare disclosure to DCPS- identified documents and witnesses and instructed paralegal | 1.00 365.00/hr | 365.00 |
| 6/12/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 6/14/2006 | CH | Prepared for upcoming meeting. | 0.50 185.00/hr | 92.50 |
| 6/15/2006 | CH | Reviewed psycho educ evaluation and IEP. | 0.50 185.00/hr | 92.50 |
| 6/16/2006 | CH | Discussion with the child's attorney | 0.50 185.00/hr | 92.50 |
| | RG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| | RG | Appearance to 825 North Capital for due process hearing | 2.00 365.00/hr | 730.00 |
| | RG | Discussion with CH re: HOD/MDT | 0.50 365.00/hr | 182.50 |
| 6/19/2006 | CH | Reviewed meeting notes, and psycho edu eval, in preparation of Eligibility meeting. | 1.00 185.00/hr | 185.00 |
| | CH | Phone call to FESA to confirm meeting. | 0.08 185.00/hr | 14.80 |
| | CH | Phone call to school to confirm 2:00 meeeting. | 0.08 185.00/hr | 14.80 |
| | CH | Prepared for afternoon meeting | 0.50 185.00/hr | 92.50 |
| | CH | Phone call to school to retreive correct address | 0.08 185.00/hr | 14.80 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |
| | | For professional services rendered | 33.31 | $7,685.00 |
| | | Additional Charges : | | |
| 12/14/2005 | | Copied documents; intake documents | | 6.50 |
| | | Postage; letter to parent | | 0.37 |

Terrence Dickens                                                      Page    5

|  |  | Amount |
|---|---|---|
| 12/14/2005 | Copied documents letter | 0.50 |
| 12/21/2005 | Facsimile req. for evals. and records to Mary Phelps. | 7.00 |
|  | Facsimile req. for evals. and records to Erika Pearson. | 7.00 |
|  | Facsimile req. for evals. and records to Friendship Edison. | 7.00 |
| 12/30/2005 | Postage; letter to parent re: records and evals. | 0.37 |
|  | Copied documents; letter to parent | 0.50 |
| 1/10/2006 | Facsimile 2nd req. for records,and eval to Freindship SEA. | 12.00 |
| 4/14/2006 | Facsimile: HR to SHO. | 14.00 |
|  | Copied documents; HR | 7.00 |
| 4/17/2006 | Copied: HR letter for parent. | 0.25 |
|  | Copied: HR letter for parent. | 0.25 |
|  | Facsimile: HR to SHO and Friendship ES. | 14.00 |
|  | Copied HR for parent/Adv. | 4.00 |
| 4/19/2006 | Postage; letter to parent re: HR. | 0.63 |
| 4/27/2006 | Postage; birthday card to student. | 0.39 |
| 5/19/2006 | Facsimile Received from DCPS re: HN from SHO. | 1.00 |
|  | Postage; letter to parent re: HDN. | 0.39 |
|  | Copied: HDN letter for parent. | 0.50 |
| 6/9/2006 | Copied disc. for DCPS. | 49.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 6/16/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) | 16.00 |
| 6/19/2006 | File review preparation of bill and invoice audit | 96.88 |
|  | Facsimile Received from DCPS; HOD | 4.00 |
|  | Copied documents; HOD | 4.00 |
|  | Total costs | $274.03 |
|  | Total amount of this bill | $7,959.03 |