# EXHIBIT 2

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556** .

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING _X_ I REQUEST A HEARING

---

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _Travis Dixon_                                       DOB: _10/20/97_

Address: _2657 Stanton Road, SE, Washington, DC 20020_

| Present School of Attendance: | Home School: |
|---|---|
| | (Neighborhood school where child is registered) |
| Savoy Elementary School | Savoy Elementary School |

**COMPLAINT IS MADE AGAINST:**    **DCPS**

DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: _Ms. Dorothea Dixon_

Address: _2657 Stanton Road, SE, Washington, DC 20020_

Phone: (H) _(202) 889-4879_ (Cell) _(202) 246-1812_ (Fax) _____

Relationship to Student: _X_ Parent ___ Self ___ Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: _Christina Rose Busso, Esq._ Phone: (W) _(202) 742-2000_ (Fax) _(202) 742-2098_

Address: _1220 L Street, NW, Suite 700, Washington, DC 20005_

---

Form 101                                                                    02/01/2003

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:    ___December 7, 2004 AM/PM___    ___December 8, 2004 AM/PM___    ___December 9, 2004 AM/PM___

Mediation:  _____    _____    _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

    Interpreter
    ___ Foreign Language  _____
    ___ Sign Language  _____
    ___ Other  _____

Special Communications _____

Special Accommodation for Disability _____

Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below: (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

1. **DCPS failure to convene a timely MDT meeting and perform comprehensive and timely evaluations as necessary in violation of IDEA and the Hearing Officer's Determination (HOD) issued September 30, 2004.** DCPS as the responsible public agency must ensure that a full and individual evaluation is conducted for each child being considered for special education and related services. 34 C.F.R. Sec. 300.320. This includes DCPS' responsibility to ensure that all students are comprehensively evaluated all areas of suspected disability. 34 C.F.R. Sec. 300.532. Further, DCPS must ensure that a reevaluation is conducted if conditions warrant a reevaluation, or if the child's parent or teacher requests a reevaluation. 34 C.F.R. Sec. 300.536. DCPS is also under the obligation to complete evaluations within the timeline consistent with IDEA, DC Municipal Regulations and the DC Code where it states reevaluations must be completed within a reasonable time from the date that the student was referred for an evaluation or assessment. DC CODE Sec. 38-2501. DCPS has failed in this duty to timely reevaluate Travis' special education needs by failing to timely complete all necessary reevaluations. In this case, the issue of the adequacy of Travis' educational programming and his current level of need was discussed during an MDT meeting held on June 9, 2004 at Savoy ES. Ms. Johnson, the Special Education Coordinator at Savoy ES stated under oath to the hearing officer on May 17, 2004 that DCPS intended to convene an MDT meeting for a 30-day review of Travis' educational progress. This review meeting was to take place approximately 30 days after Travis' April 14, 2004 enrollment date. No meeting was held until June 9, 2004, nearly 60 days after Travis' enrollment. During the meeting that was finally convened, the team agreed that additional testing was needed in order to better assess Travis' needs. DCPS ordered reevaluations in the following areas: Psycho-educational, Speech and Language, and Clinical Psychological. On August 5, 2004, parent's counsel sent a written request to DCPS seeking the status of the assessments. There was no response. During a hearing held on September 22, 2004, representations were made by DCPS indicating that the psycho-educational and speech and language assessments have been completed. Still, no copy of these assessments have been received by the parent or parent's counsel. In addition, following the hearing, an HOD was issued on September 30, 2004 where DCPS agreed to complete a clinical psychological assessment and convene an MDT/IEP meeting within 30 days of the HOD. On October 26, 2004, parent's counsel sent a letter to Savoy ES and to DCPS Offices of Special Education and Mediation and Compliance requesting the status of this assessment and meeting. In a phone call from the Special Education Coordinator at Savoy ES, Ms. Phipps-Arthur, parent's counsel was informed that while she did make a referral for this assessment to be done, no one had come to her school to complete Travis' testing. Since Travis' enrollment in April 2004, no new testing has been completed and Travis is still in an inappropriate school setting. In addition, nearly five (5) months have past since the team recommended reevaluations and they are still incomplete.

2. **DCPS failure to provide an appropriate special education program and placement.**
Travis is a DCPS student whose neighborhood and attending school is Savoy Elementary School. Travis is not making academic progress and is not being successful in improving his serious behavioral problems. During the past several school years, Travis has demonstrated increasing difficulties in achieving any measurable academic progress and controlling his serious behaviors. This has resulted in suspensions, expulsion from a charter school, and now, at Savoy ES for the 2004-2005 school year, Travis' mother is required to sit in his class daily. Travis has had incidents of violence even involving his current classroom teacher, Ms. Martin. By her account, Travis simply needs more assistance than can be accommodated in a class full of 20-28 students. While Ms. Dixon sincerely appreciates the efforts and understanding that Ms. Martin has displayed, it is not reasonable to expect that Ms. Dixon attend school every day with Travis. He must be in a therapeutic environment that can meet his needs so he can achieve independence and improvement. Despite the repeated problems being noted, Savoy ES has not taken any steps to adjust Travis' programming or provide a more appropriate setting. Based on Travis' current performance and suspected level of need, he requires a more therapeutic, restrictive and supportive environment in order to be successful. Savoy ES is clearly not a place where Travis is being successful.

DCPS has a duty to provide students with an appropriate educational program. Travis' needs have gone neglected by DCPS for too long. From the time he enrolled at Savoy ES on April 14, 2004, it was clear that Travis has serious academic and behavior needs. The staff at Savoy kept insisting they would convene a meeting within 30 days to consider those needs. DCPS did not hold a meeting until June 9, 2004. At that time, the team realized that they did not have sufficient information and ordered additional testing to be completed. When this was raised in a due process hearing in September 2004, DCPS agreed to complete testing and convene a meeting by October 30 to review all current assessments and review and revise Travis' IEP. The necessary assessments are still not complete and no meeting has been held where Travis' IEP has been reviewed. DCPS has had repeated opportunities to assist Travis and has failed every time.

Travis' family has taken steps to explore educational options for him. At this time he has been accepted at High Road School of DC. In addition, his educational materials have been sent to Rock Creek Academy and pending instructions from DCPS, Rock Creek is prepared to accept him as a student.

3. **Time of hearing on this request.** 34 C. F. R. 300.511 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. If the hearing in this matter is not set within the required time frame, such issue will be raised at the hearing with or without an amended hearing request.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

Whether or not the District of Columbia Public Schools (DCPS) failed to provide the student with a free and appropriate public education (FAPE) by:
1) Failing to provide timely MDT meeting and reevaluations;
2) Failure to provide an appropriate special education program and placement.

**Describe relevant facts relating to the problem:**

Please see information under "nature of the problem" above.

**State how you would like to see the problem corrected:**

1. DCPS shall immediately place and fund Travis' attendance, including transportation services, at High Road Academy or Rock Creek Academy, as shall be requested by the parent at the time of hearing.

2. DCPS shall provide copies within three (3) business days of the hearing or provide funding for the parent to obtain independent assessments in the following areas:
   a. Psycho-Educational;
   b. Clinical Psychological; and
   c. Speech and Language.

3. DCPS shall convene an MDT meeting within 10 business days of receiving the final independent assessment report to review all evaluations and revise Travis' IEP.

4. Issues related to compensatory education are reserved.

5. DCPS shall send all notices, evaluations, or other information related to this student through counsel for the parent, Christina Busso, via facsimile at (202) 742-2098 with copies of evaluations to be reviewed at any MDT/IEP meetings to the parent no later than 48-hours prior to convening any meetings.

◊ _____        __11/1/04____
Signature of Applicant/Parent (Required)        Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002        FAX:  (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                        Revised 02/01/2003

◊ _"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."_

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            3744
CONNECTION TEL              94425556
SUBADDRESS
CONNECTION ID
ST. TIME           11/01 19:06
USAGE T            01'18
PGS. SENT             6
RESULT             OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| James E Brown | Attorneys at Law | Juan J. Fernandez!◊ |
|---|---|---|
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Christina R. Busso♦◊ |
| Brenda McAllister*◊Δ | Suite 700 | Tilman L. GeraldΔ |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | John A. Straus |
| Christopher L. West♦◊ | Facsimile: (202) 742-2098 | |

* Admitted in Maryland Only

♦ Admitted in New York Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

Δ Member of the DC Federal Bar

# FAX COVER SHEET

DATE:            November 1, 2004

TO:              Student Hearing Office

FAX NO.:         202-442-5556

FROM:            Christina Busso, Esq.

SUBJECT:         **Travis Dixon, DOB 10/20/97**

NUMBER OF PAGES INCLUDING COVER SHEET:  **6**

COMMENTS:        Request for Due Process Hearing

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| **Travis Dixon,        Student,** ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 10-20-97 ) | |
| ) | |
| **Petitioner,** ) | Hearing Date: May 17, 2004 |
| ) | |
| vs. ) | |
| ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** ) | Eighth Floor |
| Savory Elementary School ) | Washington, D.C. 20002 |
| **Respondent.** ) | |
| ) | |

Parent(s): Dorothea Dixon
2657 Stanton Road, S.E.
Washington, D.C. 20020

Counsel for Parent: Christina Rose Busso, Esq.
James E. Brown & Associates, PLLC
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005

Counsel for LEA: Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
6303 Little River Turnpike, Ste. 310
Alexandria, Va. 22312

Counsel for SEA: Quinne Harris-Lindsey, Attorney-Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### OFFICE OF COMPLIANCE

### Special Education Due Process Hearing

## I.  INTRODUCTION

On April 27, 2004, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Christina Rose Busso, Esq. The request alleges DCPS failed to develop an appropriate IEP, failed to timely reconvene a MDT/IEP team meeting to review the student's IEP, and failed to deliver compensatory education services.

A Due Process Hearing was convened on May 17, 2004, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Quinne-Harris Lindsey, Attorney-Advisor, represented DCPS, the SEA in this matter. Paul S. Dalton, Esq., represented the LEA, Friendship-Edison Public Charter School ("FEPCS").   Christina Rose Busso, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party.  On behalf of the parent:  Disclosure Letter dated May 10, 2004: TD-1 through TD-22.  On behalf of DCPS:  Disclosure Letter dated May 10, 2004.  On behalf of FEPCS: Disclosure Letter dated May 10, 2004: FEPCS-01 through FEPCS- 03. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for FEPCS: Matthew Carothers, Regina Worsley and Theresa Whitehead.  Witnesses for the parent: Dorothea Davis and Cheron Sutton-Brock.  Witness for DCPS: Bennie Johnson

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether FEPCS denied the student FAPE by failing to develop an appropriate IEP, by failing to timely reconvene meeting to review IEP, and by failing to deliver compensatory education services?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner, Travis Dixon, asserts and alleges that Friendship-Edison Public Charter School (hereinafter FEPCS) denied the student a free appropriate public education by failing to provide compensatory education services. The compensatory education services were agreed to by FEPCS and discussed by a HOD issued on January 28, 2004. Additionally, according to parent's counsel, it is alleged that Travis Davis, pursuant to the Compensatory Education Plan, was due the following related services including: Speech and Language services for one (1) hour per week and counseling services for thirty (30) minutes per week. Counsel argues that a MDT team meeting concluded the student was entitled to eighteen (18) hours of Speech and Language services. Petitioner also alleges that the IEP dated April 23, 2003 was inappropriate and the IEP was not timely reviewed by FEPCS. FEPCS, through its counsel, contends and argues that the petitioner's parent voluntarily removed and transferred the student out of the jurisdiction of FEPCS. Consequently, FEPCS duties and responsibilities to provide a free appropriate public education have been extinguished by the parent's act of voluntarily removing the petitioner from FEPCS.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following finding of facts:

1.    Petitioner, Travis Dixon, is a six-year-old student presently enrolled at Savoy Elementary School. Travis Dixon has attended Savoy ES since April 14, 2004. Previously, the student had been enrolled and attending FEPCS.

2.    Travis Dixon is eligible for special education and related services. According to his IEP dated April 23, 2003, his disability classification is Speech and Language impaired (S/L) and other health impairment (OHI).[1]

3.    Travis Dixon has been exhibiting extreme disruptive behavioral conduct including: hitting teachers, cursing, temper tantrums, impulsivity and other oppositional behavioral conduct, which has resulted in several suspensions from FEPCS during the 2003-2004 school years.

3.

---
[1] Exhibit: FEPCS-01

4.    A Manifestation Determination Review meeting was convened, by FEPCS officials on March 18, 2004, to determine whether Travis Dixon must recent behavioral incident was as a result of his disability.  At the meeting, the team concluded that Travis' behavior was not related to his disability.[2]

5.    Ms. Dorothea Dixon, parent of Travis Dixon, attended the Manifestation Determination Review meeting on March 18, 2004.  According to the MDT meeting notes, Ms. Dixon agreed with the team conclusion.  Ms. Dixon declared that Travis' " behavior is premeditated in this particular incident (hitting his regular education teacher) because he likes to go with her to her job." (Ms. Dixon is a Daycare employee)

6.    Officials at FEPCS had proposed to expel Travis Dixon from FEPCS.[3]  However, prior to the FEPCS Board's approval of the recommendation to expel petitioner, the parent voluntarily transferred Travis to Savoy ES on or April 14, 2004.

7.    Matthew Carothers, Social Worker/Clinician at FEPCS, testified that Travis Dixon was a disruptive student who hit teachers, stole various items and he exhibited, in particular, disruptive conduct towards female teachers.  Mr. Carothers also testified that S/L services were being provided to the petitioner.

8.    On June 30, 2003 a HOD was issued concerning the April 23, 2003 IEP of Travis Dixon.  The HOD resolved all issues concerning Travis Dixon's IEP.  The HOD concluded that the IEP dated April 23, 2003 was appropriate; therefore, all issues related to the April 23, 2003 IEP have been resolved and need not be adjudicated.[4]

## VI.    DECISION AND CONCLUSION OF LAW

Initially, as a preliminary matter, counsel for DCPS entered a Motion to be Dismissed as a party to this action since FEPCS is the LEA in this case.  Counsel for FEPCS did not oppose the motion, however, parent's counsel did oppose DCPS request to be dismissed as a party to this action.  Here, in this instance, DCPS is dismissed because FEPCS did not notify DCPS of any problems or concerns, which would prevent

4.

---

[2] Exhibit: FEPCS-02
[3] Exhibit: FEPCS-03
[4] Exhibit: TD-08

... 

FEPCS from providing a free appropriate public education to the petitioner. While DCPS is ultimately responsible for ensuring FAPE and compliance with IDEA's requirements, *Gadsby v. Grasmick*, 109 F. 3d 940 (4th Cir. 1997), there is nothing in the record that indicated DCPS was notified of FEPCS' inability to provide FAPE to this petitioner. Further, a determination that FEPCS denied FAPE has not been made in this matter. Therefore, DCPS' motion to be dismissed as a party is **GRANTED**.

Upon a careful review of relevant documents and the record in this matter, FEPCS has sustained its burden of proof. On the issue of Travis Dixon's April 23, 2003 IEP, parent's counsel had litigated this matter and a HOD issued on June 30, 2003 resolved all issues concerning the appropriateness of this IEP. Parent's counsel elected to file the Due Process Hearing request prior to the development of a new IEP, which should be developed by DCPS after the appropriate re-evaluation period has lapsed. On the issue of the compensatory education, FEPCS is responsible for services, which have been previously missed. According to testimony provided by FEPCS, the Speech and Language services were being provided to Travis Dixon and with the parent's election to voluntary transfer the student these services were terminated. Notwithstanding, the Compensatory Plan developed by the FEPCS MDT team that required eighteen (18) hours of S/L services is the responsibility of FEPCS.

**BASE UPON THE FOREGOING, IT IS HEREBY ORDERED:**

1) Petitioner request for relief is **DENIED** in part and **GRANTED** in part.

2) Petitioner request to determine a denial of **FAPE** is **DENIED**

3) Petitioner request to have FEPCS to provide Compensatory Education Services in the amount of eighteen (18) hours of S/L services is **GRANTED**.

4) DCPS/FEPCS shall, within fifteen (15) calendar days of the issuance of the HOD, convene a MDT/IEP to discuss and determine an appropriate Compensatory Education Plan to resolve issues concerning missed services prior to the voluntary removal of the petitioner from FEPCS. In the event the parties failed to timely convene the meeting or failed to resolve this issue, FEPCS shall provide funding for the parent to obtain a speech therapist at an hourly rate pursuant to the Superintendents Directive on outside consultant fees.

5.

## VII. APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.**

_____          Date Filed: _06-03-04_
Charles R. Jones, Esq., Hearing Officer


Date Issued: __6-4-04__

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

<table>
<tr><td>James E. Brown</td><td align="center">Attorneys at Law</td><td>Juan J. Fernandez!◊</td></tr>
<tr><td>Domiento C.R. Hill*◊<br>Brenda McAllister*◊<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West♦◊</td><td align="center">1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098</td><td>Christina R. Busso♦◊<br>Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus*◊</td></tr>
<tr><td>* Admitted in Maryland Only<br>♦ Admitted in New York Only</td><td align="center">e-mail: Admin@Jeblaw.biz</td><td>! Admitted in Bolivia Only<br>Δ Member of the DC Federal Bar</td></tr>
</table>

October 6, 2004

Ms. Janet Guzman
**FRIENDSHIP EDISON**
**c/o EDISON SCHOOL, INC.**
11th Floor
521 Fifth Avenue
New York, New York 10175

        **RE:**   **Our client: Ms. Dorothea Dixon**
                **Name of Student: Travis Dixon**
                **Date of Birth: October 20, 1997**
                **Date of Settlement: May 17, 2004**

Dear Ms. Guzman:

      We are enclosing herewith, for your review and favorable consideration, a copy of an invoice that was originally submitted for payment on April 2, 2004 in the amount of $15,573.36. As of the date hereof, the subject invoice remains unpaid. Therefore, we are hereby kindly requesting that you remit the full amount of this invoice upon receipt hereof. If you are without the authority necessary to make the remittance required, kindly forward this letter to the person having such authority so that we can conclude this matter without any further delay. If you should have any questions concerning this matter, you should direct your inquiries to the undersigned. Please note, however, that if payment is not received in full or if alternative satisfactory payment arrangements are not made within fourteen (14) days from the date hereof, we will construe that to mean that you have no intention of resolving this matter amicably and quickly, and we will advise our client accordingly. We close by thanking you in advance for your anticipated prompt remittance and cooperation.

                Very truly yours,

                JAMES E. BROWN & ASSOCIATES, PLLC

                Tilman L. Gerald

Enclosure
TLG:JGuzman.FEdisonPCS.DDixonltr.100604

TRAVIS DIXON

## Law Office

I delivered the bill to Dalton's office on 6/25/04 at 1:30pm. No one was there, so I put it under the door.

Earl Brown
6/25/04


## Friendship Edison

I attempted to deliver the bill twice to the school at 10:30 am & 2:30 pm on 6/25/04 but the secretary's informed me that they are not suppose to except anything with Dr. Pannell's name on it unless he is there.

Earl Brown
6/25/04

*Original*

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Travis Dixon |
| Date of Birth | 10/20/97 |
| Date of Request for Hearing | 4/27/04 |
| | Month / Day / Year |
| Parent/Guardian | Dorothea Dixon |
| Address | 2657 Stanton Road, SE #207 |
| | Washington, DC 20020 |
| Current School | Friendship-Edison PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-012 |
| Date of Payment Request | 6/25/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 12/3/03 - 6/21/04 |
| Current Payment Request | $15,573.36 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $15,573.36

06/04/2004 13:58 Case 1:06-cv-01466-AK 2024025456 Document 1-3 STUDENT HEARINGS OFF Filed 08/18/2006 Page 17 of 28 PAGE 01/07

JB

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 4-6-04

TO: C. Brasso

FROM: STUDENT HEARING OFFICE

RE: HOD T. Dixon

TOTAL NUMBER OF PAGES, INCLUDING COVER: ___7___


COMMENTS:


transmittal


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| MID | Mary I. DuVall, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. (effective 3/19/03) |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |

## PARALEGALS/ LAW CLERKS/ADVOCATES

| | |
|---|---|
| AAG | Aracely A. Gonzalez |
| AJ | Altemese Johnson |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| EG | Edward Garcia |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| NF | Nuvia Flores |
| HR | Heidi Romero |
| DM | Daniel Myers |
| KD | Kelly Dau |
| LM | Lorraine Mejia |
| LD | Laura Dau |
| DP | Delmis Pineda |
| MT | Michele Torry, BA, L. Cert. |
| MM | Michelle Moody, MA |
| NP | Nadjai Plowden, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| MB | Margo Beeken, MA |
| SM | Sharon Millis, M. Ed. |
| GR | Glenda Richmond, MA |
| MJB | Michael J. Byers, MA |
| JD | Jennifer Dugger, MS Ed. |
| CM | Carolyn Monford, MA |
| GH | Garfield Mark Holman, MA |
| MAB | Marlinda Boxley, MA, JD |
| RB | C. Robin Boucher, Ph.D. |
| EB | Earl Brown |
| TJ | Tomeka Jack, M. Ed. |

James E. Brown, Esq.
James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Travis Dixon


June 24, 2004

In Reference To:  Travis Dixon
                 DOB: 10/20/97
                 School: Edison-Friendship PCS

Invoice #14408

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/3/2003 | CB | Conference with parent re: settlement agreement terms, speech services to begin soon. | 0.25 300.00/hr | 75.00 |
| 12/9/2003 | CMM | Discussion with the child's attorney C. Busso | 0.33 95.00/hr | 31.35 |
|  | CB | Discussion with paralegal re: settlement agreement issued 12/2/03 | 0.33 300.00/hr | 99.00 |
| 12/10/2003 | CB | Conference with parent re: speech services still have not started.  No communication from the school.  No one has told her about the new therapist hired. | 0.25 300.00/hr | 75.00 |
|  | CB | Draft letter to Friendship Edison requesting status of speech and language services for Travis. | 0.33 300.00/hr | 99.00 |
|  | CB | Drafted letter to parent re: letter sent to Friendship Edison, status of case, instructions for next steps if Friendship Edison fails to begin services. | 0.25 300.00/hr | 75.00 |
| 12/11/2003 | CMM | Send letter to regarding status of Speech and Language service from C. Busso | 0.25 95.00/hr | 23.75 |
| 12/12/2003 | CB | File Review and sent letter to parent/student | 0.25 300.00/hr | 75.00 |
| 12/15/2003 | CMM | Drafted letter to parent with Settlement Agreement | 0.58 95.00/hr | 55.10 |

Travis Dixon                                                                          Page    2

|            |     |                                                                 | Hrs/Rate | Amount |
|------------|-----|-----------------------------------------------------------------|----------|--------|
| 12/18/2003 | CB  | Prepared and file due process hearing request to DCPS           | 2.00 300.00/hr | 600.00 |
|            | CB  | Conference with parent re: continuing concerns that FEPCS has not started Travis' speech services or convened a meeting with her | 0.33 300.00/hr | 99.00 |
|            | CB  | Reviewed student records, previous IEP, related service information | 0.33 300.00/hr | 99.00 |
| 12/23/2003 | KD  | mailed a copy of letter to parent regarding hearing on 1/6/04 w/copy of Hearing Request per Christina Busso and added to case notes | 0.25 95.00/hr | 23.75 |
| 1/2/2004   | CB  | Receiving hearing notice from DCPS SHO                           | 0.17 300.00/hr | 51.00 |
| 1/5/2004   | CMM | Discussion with the child's attorney C. Busso, regarding hearing notice | 0.33 95.00/hr | 31.35 |
|            | CB  | Discussion with paralegal with instructions to contact parent by telephone and send letter to parent re: upcoming hearing including instructions for preparation | 0.33 300.00/hr | 99.00 |
| 1/6/2004   | CMM | Phone call to parent regarding hearing notice                   | 0.17 95.00/hr | 16.15 |
|            | CMM | Drafted letter to parent with hearing information               | 0.58 95.00/hr | 55.10 |
| 1/7/2004   | CS  | Discussion with the child's attorney re status                  | 0.33 150.00/hr | 49.50 |
|            | CB  | Discussion with the child's advocate re status                  | 0.33 300.00/hr | 99.00 |
| 1/8/2004   | CB  | Conference with parent re: update on services. Parent received letter from school indicating his services should be starting on January 5, 2004. Still no speech services have started. | 0.25 300.00/hr | 75.00 |
| 1/9/2004   | CMM | Assisted attorney to prepare disclosure to DCPS                 | 2.00 95.00/hr | 190.00 |
|            | CB  | Prepare disclosure to DCPS and FEPCS                            | 2.00 300.00/hr | 600.00 |
| 1/13/2004  | CB  | Conference with parent re: status of speech and language services. | 0.17 300.00/hr | 51.00 |
| 1/15/2004  | CMM | Drafted status letter to parent                                 | 0.75 95.00/hr | 71.25 |
| 1/16/2004  | CB  | Appearance to 825 North Capital for due process hearing         | 1.00 300.00/hr | 300.00 |

Travis Dixon                                                                          Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/16/2004 | CB | Prepared for Due Process Hearing | 1.00 300.00/hr | 300.00 |
| | CS | Discussion with the child's attorney re status | 0.33 150.00/hr | 49.50 |
| 1/21/2004 | CB | Phone call from FEPCS re: scheduling MDT meeting. | 0.17 300.00/hr | 51.00 |
| 1/22/2004 | CS | Phone call to FEPCS - Chamberlain | 0.17 150.00/hr | 25.50 |
| 1/30/2004 | CS | Discussion with DCPS staff (Whitehead) re mtg | 0.17 150.00/hr | 25.50 |
| 2/3/2004 | CS | Conference with parent re upcoming mtg/issues w/ programming | 0.33 150.00/hr | 49.50 |
| | CS | Research educational needs via HOD | 0.42 150.00/hr | 63.00 |
| 2/4/2004 | CB | Examined HOD; draft letter to parent; contacted parent; instructed paralegal to send to parent.  1/28/04 HOD | 0.75 300.00/hr | 225.00 |
| 2/5/2004 | CB | Research re: issues for appeal.  Consider application of Zearley v. Ackerman, Kareem Harris v. D.C. | 0.83 300.00/hr | 249.00 |
| | CB | Drafted letter to parent re: motion to reconsider filing, HOD issues | 0.42 300.00/hr | 126.00 |
| | CS | Discussion with the child's attorney re status | 0.33 150.00/hr | 49.50 |
| | CMM | Send letter to parent with HOD from C. Busso | 0.17 95.00/hr | 16.15 |
| | CB | Draft letter to Student Hearing Office - Hearing Officer Smith - Motion to Reconsider HOD | 1.00 300.00/hr | 300.00 |
| | CB | Conference with advocate Sutton Brock re: status of student MDT meeting,  outcome of due process hearing | 0.33 300.00/hr | 99.00 |
| | CMM | Assisted attorney to prepare disclosure to DCPS | 2.00 95.00/hr | 190.00 |
| 2/10/2004 | CS | Conference with parent re school services | 0.33 150.00/hr | 49.50 |
| 2/11/2004 | CS | Prepared for meeting | 1.00 150.00/hr | 150.00 |

Travis Dixon                                                                        Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/11/2004 | CS | Conference with parent re mtg | 0.25<br>150.00/hr | 37.50 |
| 2/12/2004 | CS | Attended MDT/IEP @ FEPCS Chamberlain | 2.50<br>150.00/hr | 375.00 |
|  | CB | Conference with parent re: concerns with school staffing and programming. | 0.17<br>300.00/hr | 51.00 |
|  | CB | Discussion with the child's advocate re comp ed | 0.33<br>300.00/hr | 99.00 |
|  | CS | Discussion with the child's attorney re comp ed | 0.33<br>150.00/hr | 49.50 |
| 2/23/2004 | CB | Conference with parent re: continuing concerns with school and staff | 0.17<br>300.00/hr | 51.00 |
|  | CB | Reviewed MDT/IEP - 2/12/04 including compensatory education plan. | 0.25<br>300.00/hr | 75.00 |
| 2/25/2004 | CS | Conference with parent re suspension | 0.33<br>150.00/hr | 49.50 |
|  | CS | Discussion with the child's attorney re suspension/placement | 0.33<br>150.00/hr | 49.50 |
|  | CB | Discussion with the child's advocate re suspension/placement | 0.33<br>300.00/hr | 99.00 |
| 3/1/2004 | CS | Conference with parent re status | 0.25<br>150.00/hr | 37.50 |
| 3/8/2004 | CMM | Phone call to  parent about case status | 0.33<br>95.00/hr | 31.35 |
| 3/15/2004 | CMM | Prepared and sent placement packages to High Road Academy | 1.00<br>95.00/hr | 95.00 |
|  | CS | Phone call from parent re suspension | 0.17<br>150.00/hr | 25.50 |
|  | CMM | Drafted status letter to parent regarding placement consideration | 0.75<br>95.00/hr | 71.25 |
|  | CMM | Prepared and sent placement packages to Rock Creek Academy | 1.00<br>95.00/hr | 95.00 |
| 3/17/2004 | CS | Discussion with the child's attorney re manifest. hearing | 0.33<br>150.00/hr | 49.50 |

Travis Dixon                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/17/2004 | CB | Conference with advocate re: student suspension, recommendation of expulsion from FEPCS | 0.33<br>300.00/hr | 99.00 |
| 3/18/2004 | CMM | Phone call to Ms. Jane, at High Road School about status of placement package | 0.33<br>95.00/hr | 31.35 |
|  | CMM | Phone call to K. Plowden, RCA about status of placement package | 0.33<br>95.00/hr | 31.35 |
| 3/22/2004 | CMM | Phone call from regarding case status | 0.25<br>95.00/hr | 23.75 |
| 3/24/2004 | CB | Draft letter to Friendship Edison requesting expulsion hearing and MDT meeting | 0.42<br>300.00/hr | 126.00 |
|  | CB | Conference with parent re: neighborhood and other alternatives school if expulsion finalized. | 0.33<br>300.00/hr | 99.00 |
|  | CB | Reviewed MDT 3/18/04 | 0.33<br>300.00/hr | 99.00 |
|  | CB | Reviewed school expulsion policies for Friendship Edison | 0.25<br>300.00/hr | 75.00 |
| 3/25/2004 | CB | Conference with parent and review letter received from High Road School - student accepted to High Road of DC. | 0.33<br>300.00/hr | 99.00 |
| 3/26/2004 | CB | Discussion with paralegal regarding parent concern | 0.25<br>300.00/hr | 75.00 |
|  | CMM | Phone call from parent regarding student school attendance | 0.33<br>95.00/hr | 31.35 |
|  | CMM | Discussion with attorney regarding parent concern | 0.25<br>95.00/hr | 23.75 |
| 3/30/2004 | CB | Conference with parent re: suspension, expulsion, alternative schools, student went back to school 3/29.  Student attended all classes. | 0.33<br>300.00/hr | 99.00 |
| 4/2/2004 | CB | Discussion with the child's advocate re status | 0.33<br>300.00/hr | 99.00 |
|  | CS | Discussion with the child's attorney re status | 0.33<br>150.00/hr | 49.50 |
| 4/5/2004 | CS | Discussion with Dean Weeks re placement/services | 0.50<br>150.00/hr | 75.00 |
| 4/6/2004 | CS | Phone call to parent | 0.17<br>150.00/hr | 25.50 |

Travis Dixon

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/7/2004 | CS | Discussion with the child's attorney re status | 0.33 150.00/hr | 49.50 |
| | CB | Phone call from Attorney for Friendship Edison - Agreement to schedule MDT meeting immediately to review IEP. | 0.17 300.00/hr | 51.00 |
| | CB | Discussion with the child's advocate re status | 0.33 300.00/hr | 99.00 |
| 4/12/2004 | CS | Conference with parent re registration | 0.25 150.00/hr | 37.50 |
| 4/13/2004 | CS | Discussion with the child's attorney re status | 0.33 150.00/hr | 49.50 |
| | CB | Discussion with the child's advocate re status | 0.33 300.00/hr | 99.00 |
| | CS | Draft letter to Savoy ES | 0.42 150.00/hr | 63.00 |
| | CS | Conference with parent re placement | 0.33 150.00/hr | 49.50 |
| 4/14/2004 | CB | Conference with parent - student registered at Savoy ES without further incident, still no date or response from FEPCS re: IEP meeting. | 0.17 300.00/hr | 51.00 |
| 4/15/2004 | CB | Draft letter to FEPCS and DCPS requesting MDT meeting | 0.42 300.00/hr | 126.00 |
| 4/16/2004 | CS | Draft letter to FEPCS-Chamberlain | 0.42 150.00/hr | 63.00 |
| 4/19/2004 | CS | Conference with parent re status | 0.33 150.00/hr | 49.50 |
| 4/20/2004 | CB | Conference with parent re: student status at Savoy, still no meeting scheduled for FEPCS | 0.17 300.00/hr | 51.00 |
| 4/26/2004 | CB | Conference with parent re: placement concerns, acting out behaviors. | 0.33 300.00/hr | 99.00 |
| | CB | Prepared and file due process hearing request to DCPS | 2.00 300.00/hr | 600.00 |
| | CB | Drafted letter to parent re: hearing request filing and issues | 0.42 300.00/hr | 126.00 |
| | CB | Reviewed student file - 9/9/03 IEP, Compensatory education plan, student work samples. | 0.50 300.00/hr | 150.00 |

Travis Dixon                                                                    Page     7

|            |     |                                                                 | Hrs/Rate | Amount |
|------------|-----|-----------------------------------------------------------------|----------|--------|
| 4/27/2004  | CB  | Discussion with the child's advocate re status                  | 0.33 300.00/hr | 99.00 |
|            | JEB | Examined and certified hearing request filed by attorney        | 0.58 350.00/hr | 203.00 |
|            | CS  | Discussion with the child's attorney re status                  | 0.33 150.00/hr | 49.50 |
|            | CMM | Assist attorney with correspondence to parent                   | 0.33 95.00/hr | 31.35 |
| 4/28/2004  | CB  | Conference with Ann Ford and prepare client information needed for upcoming lawsuit. | 0.25 300.00/hr | 75.00 |
| 5/4/2004   | CS  | Draft letter to Savoy ES re observation                         | 0.42 150.00/hr | 63.00 |
| 5/5/2004   | CS  | Conference with parent re report card                           | 0.25 150.00/hr | 37.50 |
| 5/6/2004   | CMM | Phone call to regarding hearing notice                          | 0.25 95.00/hr | 23.75 |
|            | CMM | Drafted letter to parent with hearing information               | 0.75 95.00/hr | 71.25 |
| 5/7/2004   | CS  | Conference with parent re report card                           | 0.25 150.00/hr | 37.50 |
|            | CB  | Reviewed notice of due process hearing scheduled by student hearing office, instruct legal assistant to contact parent, send documentation of letter, follow up before hearing date. | 0.17 300.00/hr | 51.00 |
| 5/10/2004  | CS  | School visit; classroom observation @ Savoy ES                  | 3.50 150.00/hr | 525.00 |
|            | CS  | Conference with parent re observation                           | 0.33 150.00/hr | 49.50 |
|            | CMM | Assisted attorney to prepare disclosure to DCPS                 | 2.00 95.00/hr | 190.00 |
|            | CB  | Prepare disclosure to DCPS and to FEPCS through Dalton, Dalton & Houston | 2.00 300.00/hr | 600.00 |
| 5/11/2004  | CS  | Draft letter to attorney re observation                         | 0.33 150.00/hr | 49.50 |
| 5/14/2004  | CS  | Prepared for Due Process Hearing                                | 1.00 150.00/hr | 150.00 |

Travis Dixon

Page    8

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/17/2004 | CB | Prepared for Due Process Hearing | 1.50 300.00/hr | 450.00 |
| | CS | Appearance to 825 North Capital for due process hearing | 3.00 150.00/hr | 450.00 |
| | CB | Appearance to 825 North Capital for due process hearing | 3.00 300.00/hr | 900.00 |
| 5/24/2004 | CB | Discussion with the child's advocate re mdt mtg | 0.33 300.00/hr | 99.00 |
| | CS | Conference with parent re mtg schedule | 0.25 150.00/hr | 37.50 |
| | CS | Discussion with DCPS staff (Johnson) re mtg | 0.25 150.00/hr | 37.50 |
| | CS | Discussion with the child's attorney re mdt mtg | 0.33 150.00/hr | 49.50 |
| 5/27/2004 | CS | Discussion with DCPS staff (Johnson) re mtg | 0.25 150.00/hr | 37.50 |
| 6/3/2004 | CB | Reviewed observation memo from advocate Sutton Brock - observation conducted 5/10/04 | 0.25 300.00/hr | 75.00 |
| 6/7/2004 | CMM | Assist attorney with correspondence to parent including HOD | 0.25 95.00/hr | 23.75 |
| | CB | Examined HOD; drafted letter to parent; instructed paralegal to send to parent | 0.75 300.00/hr | 225.00 |
| | CMM | Assist attorney with correspondence including copy of HOD | 0.25 95.00/hr | 23.75 |
| 6/8/2004 | CS | Prepared for IEP meeting | 1.00 150.00/hr | 150.00 |
| | CS | Research educational needs via HOD | 0.42 150.00/hr | 63.00 |
| 6/9/2004 | CS | Attended MDT/IEP @ Savoy ES | 3.00 150.00/hr | 450.00 |
| 6/17/2004 | CS | Draft letter to attorney re sep/mdt mtg | 0.42 150.00/hr | 63.00 |
| 6/18/2004 | CB | Prepared status report | 0.25 300.00/hr | 75.00 |

Travis Dixon                                                                        Page    9

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/21/2004 CS | Discussion with the child's attorney re status | 0.33<br>150.00/hr | 49.50 |
|  | For professional services rendered | 74.25 | $15,017.45 |
|  | Additional Charges : |  |  |
| 12/10/2003 | Copied documents |  | 0.50 |
|  | Postage; letter to parent |  | 0.37 |
| 12/12/2003 | Postage; letter to parent |  | 0.37 |
| 12/15/2003 | Copied documents |  | 0.50 |
|  | Postage; letter to parent (SA) |  | 0.37 |
| 12/17/2003 | Facsimile HR to SHO |  | 6.00 |
| 12/23/2003 | Postage; HR to parent |  | 0.60 |
|  | Copied documents; Ltr to parent |  | 0.25 |
| 1/6/2004 | Copied documents |  | 0.50 |
|  | Postage; letter to parent re: HND |  | 0.37 |
| 1/9/2004 | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
|  | Copied documents; Disclosure |  | 21.25 |
| 1/15/2004 | Copied documents |  | 0.50 |
|  | Postage; letter to parent |  | 0.37 |
| 1/16/2004 | Sedan taxi service to and from  DCPS for hearing |  | 14.00 |
| 2/4/2004 | Copied documents; HOD |  | 6.25 |
|  | Facsimile to SHO motion to recconsider |  | 25.00 |
| 2/5/2004 | Postage; letter to parent (HOD) |  | 0.37 |
| 2/6/2004 | Postage; letter to parent (Appeal Filed) |  | 1.06 |
| 3/15/2004 | Copied documents; Placement packet |  | 10.75 |
|  | Postage; (Placement pck to RCA) |  | 1.98 |
|  | Postage; letter to parent (Status Hr to parent) |  | 0.37 |

Travis Dixon

Page     10

_ _Amount

| | | |
|---|---|---|
| 3/15/2004 | Postage; (Placement Package to High Roads) | 1.98 |
| 4/26/2004 | Fax documents(SHO-HR) | 9.00 |
| | Copied documents; HR | 6.00 |
| | Fax documents(SHO-HR) | 9.00 |
| 4/27/2004 | Postage; letter to parent (HR) | 0.60 |
| 5/6/2004 | Copied documents | 0.50 |
| | US Postage;  hearing info | 0.37 |
| 5/10/2004 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents; Disclosure | 110.25 |
| | Facsimile; Disclosure | 150.00 |
| 5/17/2004 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 6/4/2004 | Facsimile Received from DCPS(HOD) | 7.00 |
| | Copied documents | 8.75 |
| 6/7/2004 | Postage; letter to parent (with HOD) | 0.60 |
| | Copied documents(parnet/adv/attny/file-HOD) | 8.75 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Copied documents | 0.50 |
| | Total costs | $555.91 |
| | Total amount of this bill | $15,573.36 |