# EXHIBIT 3

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
### REQUEST FOR MEDIATION/HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING __X__ I REQUEST A HEARING

---

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _Amin Marrow_ DOB: _August 14, 1995_

Address: _1011 14th ST., SE, #11, Washington, D.C. 20003_

Present School of Attendance: _Friendship-Edison Public Charter School [Chamberlain Campus]_

Home School: _Ludlow-Taylor Elementary School_
(Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST: Friendship-Edison PCS and District of Columbia Public Schools**
DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: _William Marrow & Edwina Sumpter_

Address: _1011 14th ST., SE. #11, Washington, D.C. 20003_

Phone: (H) 202 543-9095/345-6993 (W) n/a (F) _____

Relationship to Student: _X_ Parent ___ Self ___ Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: _Roberta L. Gambale, Esq._ Phone: (W) _202 742-2015_ (Fax) _202 742-2098_

Address: _1220 L St., NW, #700, Washington, D.C. 20005_

---

Form 101                                                                 02/01/2003

I.  You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  June 24, 2005 _____    June 27, 2005 _____    June 28, 2005 _____

Mediation:  Not requested _____    Not requested _____    Not requested _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2.  Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

Interpreter
___ Foreign Language _____
___ Sign Language _____
___ Other _____
___ Special Communications _____

Form 101                                                                 02/01/2003

Special Accommodation for Disability _____

Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
(You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

**Failure to conduct assessments recommended by the MDT and/or otherwise warranted .**

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of
Columbia and/or District of Columbia Public Schools ("DCPS") failed to conduct an audiological
evaluation for Amin Marrow, DOB: 8/14/95, as well as, a functional behavioral assessment. (See:
34 C.F.R. Sections 300.530-536)

The audiological was first requested and/or agreed upon by the MDT on or about March 2005.
According to meeting notes it was necessary to rule out whether Amin had "language processing
problems vs. possible auditory processing problems" (See: 3/1/05 MDT notes pg. 4) A Student
Evaluation Plan was developed at the meeting with the completion date designated as being May
5, 2005. (See SEP) At a follow up meeting held on or about June 1, 2005 it was discovered that
the audiological assessment had not been conducted. ( See 6/1/05 MDT notes).

The functional behavioral assessment ("FBA") is warranted based upon recent disciplinary actions
taken this school year. This school year there have been some behavior problems fights and verbal
altercations and refusals to follow directions. It is suspected that the emerging negative behavior
patterns are the result of academic frustrations. However, because the behavior incidents have
resulted in suspensions for this child, a FBA should have been conducted and a behavior plan
developed for this student. ( See 34 C.F.R. Sections 300.520)DCPS was aware of this student's
need for a FBA. Dr. Boucher, the Educational Advocate, working with this family, had
communications with Dr. Peagler, the DCPS monitor for the school. Dr. Peagler, also agreed that
due to the fact that Amin had been suspended the team needed meet to discuss and develop a
behavior plan.

At the present time, an alternate placement is in the process of being identified for Amin. Not only
does the failure to complete these assessments render the current program for Amin incomplete
and potentially interferes with the ability to identify a suitable placement for Amin. As a result,
Amin has been denied a FAPE.

**Failure to develop a Behavior Intervention Plan ("BIP")**

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of
Columbia and/or District of Columbia Public Schools ("DCPS") failed to develop a behavior
intervention plan for Amin Marrow, DOB: 8/14/95. A behavior intervention plan ("BIP") is
warranted based upon recent disciplinary actions taken this school year and should have been
included as part of Amin Morrow's Individualized Educational Program ("IEP") (See 34. C.F.R.
Sections 300.520; 300346; 300.347). This school year there have been some behavior problems

fights and verbal altercations and refusals to follow directions. These problems were acknowledged at the last meeting held for the student in June 2005. As a result of the behavior exhibited, the school has found it necessary to suspend Amin. It is suspected that the emerging negative behavior patterns are the result of academic frustrations. Because the behavior incidents have resulted in suspensions for this child, a FBA should have been conducted and a behavior plan developed for this student. (See: MDT notes)

DCPS was also aware of this student's need for a behavior plan. Dr. Boucher, the Educational Advocate, working with this family, had communications with Dr. Peagler, the DCPS monitor for the school. Dr. Peagler, also agreed that due to the fact that Amin had been suspended the team needed meet to discuss and develop a behavior plan.

Were a child has series of short term suspensions that amount to more than 10 days cumulative obligations set forth in IDEA to conduct a FBA are triggered. (See District of Columbia Public Schools, 28 IDELR 401 (SEA D.C. 1998); Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729 (1975); Honig v. Doe, EHLR 559:233 (1988).)

### Failure to identify a placement and/or include the parent in the placement decision

The District of Columbia Public Schools ("DCPS") failed to identify a suitable placement for Amin Marrow, DOB: 8/14/95 and/or failed to allow the parent to participate in the placement decision for her child. (See: 34 C.F.R. Sections 300.530-536). The DCPS was notified by the parent and/or Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia that FEPCS was unable to meet this student's needs and that Amin would require an alternative educational placement. The team agreed that Amin needs a full-time placement. At the meeting, parent indicated her willingness to consider public placements such as Prospect Learning Center and other placements such as Chelsea School was proposed by the MDT.

Because the DCPS Placement Specialist was not at the meeting, subsequent to the meeting, the DCPS Special Education Specialist ("SES") , Dr. Peagler, was conducted by Dr. Boucher, the Educational Advocate working with the family. Dr. Boucher provided the student records to the SES. Dr. Boucher was informed that the placement decision would be made by DCPS at a review meeting. Parent was not included in the review meeting that was scheduled for the week of June 6, 2005, by the DCPS Special Education Specialist. See 34 C.F.R. Section 300.501(a)(2)(i) which requires that public agency to afford the parent an opportunity to participate in placement decisions for his/her child.

### Denial of FAPE and/or Inappropriate Disability Classification and/or IEP

Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to appropriately identify the disability of and/or program for Amin Marrow, DOB: 8/14/95. Since 2003, Amin has been identified as being a student with a speech and language disability. The Educational Advocate, Dr. Boucher, working with the family, strongly suspected that Amin had learning disabilities in addition to the speech and language impairment already identified. At the May 12, 2004

MDT/IEP meeting, Dr. Boucher, voiced her concerns to the team but they were not addressed. Amin was provided with a minimal amount if instructional and related services (6.5 hours). Upon conducting additional testing in March 2005, it was determined that Amin did in fact have a learning disability in addition to the speech and language impairment already identified. As a result, Amin's program was substantially modified. He now has a program that provides him with 28 hours of instructional services per week. Had FEPCS/DCPS addressed the concerns raised by the advocate at the 5/12/04 meeting, additional testing would have been completed and/or a Amin's need for a full time program would have been identified at least by the commencement of the 04/05 school year and would have received approximately 892 hours of additional services for this school year.

Amin has been denied a Free and Appropriate Public Education ("FAPE") and should be provided compensatory relief to help remedy this situation and put him in the position he would have been in had it not been for the delays that have occurred in completing testing. Compensatory Education is an appropriate remedy for denials of FAPE. ( See: School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

- <u>The parents further assert any additional facts or issues related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.</u>

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to conduct an <u>audiological evaluation</u> for Amin Marrow, DOB: 8/14/95, as well as, a <u>functional behavioral assessment</u>?

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to develop a behavior intervention plan for Amin Marrow, DOB: 8/14/95?

- Whether the District of Columbia Public Schools ("DCPS") failed to identify a suitable placement for Amin Marrow, DOB: 8/14/95 and/or failed to allow the parent to participate in the placement decision for her child?

- Whether Friendship-Edison Public Charter School [Chamberlain Campus] ("FEPCS") in the District of Columbia and/or District of Columbia Public Schools ("DCPS") failed to appropriately identify the disability of and/or program for Amin Marrow, DOB: 8/14/95?

- Whether Amin has been denied a FAPE and should be entitled to compensatory education for the violations committed here?

- The parent further asserts any additional facts or issues, related to those raised here, which may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.

- If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.

**Describe relevant facts relating to the problem:**

Please see section under Nature of the Problem. In addition, please note that: Amin Marrow is a nine-year-old student at Friendship-Edison Public Charter School [Chamberlain Campus] in the District of Columbia; his home school is Ludlow-Taylor Elementary School. On April 22, 2003, an MDT meeting took place at Friendship-Edison during which an Individualized Educational Program ("IEP") was developed classifying Amin as speech and language impaired and entitling him to one hour per week of speech and language therapy and two hours per week of specialized instruction. Amin's IEP was revised in May 2004 and the hours of service were increased to 6.5 hours per week.

Amin has had two psychological-educational evaluations in recent months, one dated June 5, 2002, and the other dated March 13, 2003. Both evaluations indicate that Amin's IQ scores fall in the borderline range of intellectual functioning.

A meeting was held on or about March 1, 2005, at which time additional evaluations were agreed upon for Amin. A meeting to review evaluations and revise the student's IEP occurred in June 2005 and at that time it was determined that Amin required a full time placement.

In addition to speech and language services, Amin also receives occupational therapy services .75 hours per week.

**State how you would like to see the problem corrected:**

The parents of Amin Marrow respectfully request:

1. a finding that:
   - Friendship-Edison PCS has failed to provide Amin Marrow with the audiological evaluation and/or functional behavioral assessment to which he is entitled;
   - Friendship-Edison PCS has failed to provide Amin Marrow with a behavior plan;
   - DCPS has failed to identify a placement for Amin Marrow;
   - DCPS has failed to allow the parent to participate in placement meetings;
   - Amin's 2003/2004 IEP failed to properly identify and/or program for the full extent of his disabilities;
   - Amin is entitled to compensatory education for denials of FAPE that have occurred

during the 2004/2005 school year?

2. Friendship-Edison PCS /DCPS be ordered to complete a FBA and audiological assessment for Amin Marrow within;

3. that Friendship-Edison PCS /DCPS be ordered to convene an MDT meeting for Amin, within five school days of the completion of evaluations;

4. that a suitable placement be identified with parent participation or in the alternative that DCPS fund placement at the Chelsea School upon acceptance;

5. that Amin be awarded not less than 892 hours of compensatory education and that a plan be developed at the next meeting;

6. that the MDT meeting in question be scheduled through parents' counsel;

7. that Friendship-Edison PCS/DCPS provide any other relief deemed appropriate and relating to the violations committed here;

8. that pursuant to 5 DCMR 3021.8, Friendship-Edison PCS/DCPS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously provided, at least two business days before any meeting which the student or parent is entitled to attend or participate in;

9. A final determination shall be issued pursuant to the timelines set forth in the IDEA.

_____          June 6, 2005
Signature of Applicant/Parent (Required)      Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**FAX: (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                          Revised 02/01/2003

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1802
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME           06/06 14:36
USAGE T            01'12
PGS. SENT          8
RESULT             OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊
Brenda McAllister*◊
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!
Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKnight
Marshall Lammers°

* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

**DATE:**     June 6, 2005

**TO:**     Sharon Newsome, Student Hearing Coordinator, DCPS

**PHONE:**     202-442-4800

**FAX NO:**     202-442-5556

**FROM:**     Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

Amin Marrow
DOB: 8/14/95

**NUMBER OF PAGES INCLUDING COVER SHEET: 8**

**COMMENTS:** Please find attached Due Process Hearing Request for the above

mentioned student.

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Tilman L. Gerald |
| Brenda McAllister*◊ | Suite 700 | Roxanne D. Neloms |
| Roberta Gambale | Washington, DC 20005 | John A. Straus |
| Miguel A. Hull | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Christopher L. West | Facsimile: (202) 742-2098 | Marshall Lammers° |

\* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

**DATE:**     June 6, 2005

**TO:**     Sharon Newsome, Student Hearing Coordinator, DCPS

**PHONE:**     202-442-4800

**FAX NO:**     202-442-5556

**FROM:**     Yamileth Amaya, Paralegal for Roberta Gambale, Esq.

     Amin Marrow
     DOB: 8/14/95

**NUMBER OF PAGES INCLUDING COVER SHEET: 8**

**COMMENTS:** Please find attached Due Process Hearing Request for the above mentioned student.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Christina Busso♦◊ |
| Brenda McAllister*◊Δ | Suite 700 | John Straus |
| Roberta Gambale | Washington, D.C. 20005 | Tilman L. GeraldΔ |
| Miguel A. Hull | Telephone: (202) 742-2000 | Roxanne D. Neloms |
| Christopher L. West♦◊ | Facsimile: (202) 742-2098 | |

-----------------------------------

\* Admitted in Maryland Only

♦ Admitted in New York Only

! Admitted in Bolivia Only

Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:  August 19, 2004

TO: DCPS Student Hearing Coordinator, Ms. Sharon Newsome.

PHONE: (202) 442-5432

FAX NO:  (202) 442-5556

FROM:   Roberta Gambale, Esq.

SUBJECT:   **Due Process Hearing Request for Brittany Spencer  , DOB: 2/10/87**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

# District of Columbia Public Schools
## Office of Management Services
### *Confidential*

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **Amin Marrow** | ) | |
| Date of Birth: 08/14/95 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | Hearing Request: November 19, 2003 |
| | ) | Hearing Date: December 23, 2003 |
| | ) | **Continued Date: January 16, 2004** |
| **The District of Columbia Public Schools,** | ) | Held at: 825 North Capitol Street, N.E. |
| **The LEA: Friendship-Edison Public** | ) | Eighth Floor |
| **Charter School, Washington, D.C.** | ) | Washington, D.C. 20002 |
| | ) | |
| Respondent. | ) | |
| | ) | |

OFFICE

2004 JAN 27 PM 2: 56

STUDENT HEARING

**Parent:**            Edwina Sumpter, Mother
               William Marrow, Father
               1011 14th Street, S.E., Apt. # 11
               Washington, D.C. 20003

**Counsel for the Parent/Student:**    Miguel A. Hull, Esq.
               James E. Brown & Associates, PLLC
               1220 L Street N.W., Suite 700
               Washington, D.C. 20005

**Counsel for Friendship-Edison P.C.S.:**  Paul S. Dalton, Esq.
               Dalton, Dalton & Houston, P.C.
               6303 Little River Turnpike, Suite 310
               Alexandria, VA 22312

**District of Columbia Public Schools:**  Stephanie I. Ramjohn, Esq.
               Attorney Advisor
               Office of the General Counsel, DCPS
               825 North Capitol Street, N.E., 9th Floor
               Washington, D.C. 20002

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed 01/09/04 that list five witnesses and attached eight exhibits sequentially labeled AM-01 through AM-08. Two witnesses were present but not called to testify: Edwina Sumpter and William Marrow, the student's parents.

Respondents:    DCPS: Admitted, without objection, a disclosure letter filed 01/09/04 that list three witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify.

Friendship-Edison P.C.S.: Admitted, without objection, a disclosure letter filed 01/09/04 that list three witnesses. No exhibits were offered into evidence. One witness was present: Theresa Whitehead, Special Education Coordinator at Friendship-Edison P.C.S. She was not called to testify.

## IV.    STATEMENT OF THE CASE

Amin Marrow, born 08/14/95, age 8-years 5-months, is a child with a disability receiving his special education and related services as a 2nd grade, 9% out-of-general education, Speech-Language Impaired (SLI) student at Friendship-Edison Public Charter School (P.C.S.) in the District of Columbia. (R. at AM-03.)

Parent's counsel alleged in his 11/19/03 Due Process Hearing Request that DCPS did not provide Amin's Speech-Language Services from April 22, 2003, the date of his initial IEP, to date. (R. at AM-01.) Consequently, on 11/19/03 parent's counsel filed a Due Process Hearing Request that alleged DCPS denied Amin a Free Appropriate Public Education (FAPE). (R. at AM-01.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for Friday, December 23, 2003 that was **continued until 11:00 a.m., Friday, January 16, 2004,** at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Stephanie I. Ramjohn appeared in-person for DCPS. Attorney Paul S. Dalton appeared in-person for Friendship-Edison P.C.S. Attorney Miguel A. Hull appeared in-person on behalf of Amin, who was not present; and his parents, Edwina Sumpter and William Marrow who were present.

## V.    SUMMARY OF THE EVIDENCE

The parents' five-day disclosure documents are the only evidence relied on in reaching the decision. The following admitted exhibits are probative on the sole issue in this case, whether Friendship-Edison P.C.S. failed to provide Amin's IEP required Speech-Language Services:

| | | |
|---|---|---|
| 1. | AM-01 | The 11/19/03 Due Process Hearing Request |
| 2. | AM-03 | The 04/22/03 IEP for Amin |
| 3. | HO-01 | The 01/16/04 DCPS Encounter Tracking Form |

### Issue

Whether Friendship-Edison P.C.S. denied Amin Marrow a Free Appropriate Public Education (FAPE) when it failed to provide Amin's Speech-Language Services called for in his 04/22/03 initial IEP and required by the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq., until it started providing the services on 01/09/04?

### Answer

Yes. Friendship-Edison P.C.S. admitted, through counsel, that it did not start providing Amin's IEP required Speech-Language Services until 01/09/04.

## VI.    FINDINGS OF FACT

1. Amin Marrow, born 08/14/95, age 8-years 5-months, is a child with a disability receiving his special education and related services as a 2nd grade, 9% out-of-general education, Speech-Language Impaired (SLI) student at Friendship-Edison Public Charter School (P.C.S.) in the District of Columbia. (R. at AM-03.)

2. Amin's 04/22/03 IEP calls for him to receive:

    a. Specialized Instruction          2-hours/week, and
    b. Speech-Language Services      1-hour/week. (R. at AM-03.)

3. There exists no record evidence that Friendship-Edison P.C.S. provided Amin's Speech-Language Services called for in his 04/22/03 IEP before January 9, 2004. (R. at HO-01.)

4. There exists no record evidence that Friendship-Edison P.C.S. developed a Compensatory Education Plan to provide Amin's missed Speech-Language Services.

5. Consequently, Friendship-Edison P.C.S. did not implement Amin's 04/22/03 IEP as required by the IDEA.

In consideration of record evidence, the hearing officer makes the following

## VII.  DISCUSSION and CONCLUSIONS OF LAW:
### I

**DCPS [LEA] is required to make FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

34 C.F.R. § 300.300 (2003) and 5 D.C.M.R. § 3000.1 (2003) requires DCPS [LEA] to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

The LEA did not meet its obligation under the IDEA.  Here is why.

1. Albeit the LEA provided Amin's specialized instruction, it failed, however, to provide Amin's Speech-Language Services called for in his 04/22/03 initial IEP until 01/09/04.

2. Compensatory Education is a form of retroactive equitable relief available to parents of a child deprived of a special education in violation of the IDEA. The parent seeking the relief is merely required to prove two things:

    a. Their child was entitled to coverage under IDEA, and
    b. Their child was denied coverage under IDEA.
    Harris v. The District of Columbia, 19 IDELR, 105, 106-07 (D.D.C. 1992).

3. The parents' burden is met because Amin's 04/22/03 IEP calls for him to receive Speech-Language Services beginning 04/23/03 in the amount of 1-hour/week, yet, at the time of this hearing, his services did not start until 01/09/04. Hence, Amin was entitled to, but denied coverage under the IDEA.

4

4. The parent's claim for Compensatory Education is made pursuant to 34 C.F.R. § 300.300(a)(1); and Harris v. The District of Columbia, 19 IDELR 105, 108 (D.D.C. 1992) that held: "administrative hearing officers have the authority pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq., to award Compensatory Education as a remedy for denial of a special education."

5. Since Amin's 04/22/03 BLMDT determined him eligible for Speech-Language Services, it must provide retroactive relief for the days missed in delivering his 2002-03 and 2003-04 Speech-Language Services.

6. Pursuant to 5 D.C.M.R. § 3030.3, "DCPS [LEA] bears the burden of proof, based solely on the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student."

7. The LEA did not meet its burden in this case because its action, not timely providing Amin's IEP required Speech-Language Services, is inadequate to meet the educational needs of the student.

Therefore, in consideration of the record evidence, the hearing officer finds:

1. That Friendship-Edison violated the IDEA when it failed to timely provide Amin's IEP required Speech-Language Services, and

2. The parents' requested remedy for the violation, Compensatory Education, is granted.

## ORDER

Friendship-Edison P.C.S. shall ...........................

1. Convene Amin's BLMDT/IEP Meeting within 30-calendar days of this Order's issue date for this purpose:

   a. To develop a Compensatory Education Plan for Amin's missed Speech-Language Services during the 2002-03 and 2003-04 school years.

2. Allow Amin's BLMDT to determine the amount, means of delivering and implementing his Compensatory Education Plan.

3. Schedule all meetings at a mutually agreeable time through the parents and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 742-2098.

5

4. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parents, student, student-advocate or student's attorney shall extend Friendship-Edison's performance timelines established in this Order by one day for each day of delay.

5. The 45-day time limit, from filing the hearing request to disposition, was extended when the case was continued.

6. This Order resolves all issues in this case and the hearing officer makes no additional findings.

   This is **THE FINAL ADMINISTRATIVE DECISION.** An Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.

**Frederick E. Woods**
**Hearing Officer**

1/26/04
**Date**

Issued: ___1-27-04___

**Student Hearing Office, DCPS**

6

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Amin Marrow |
| Date of Birth | 8/14/95 |
| Date of Request for Hearing | 11/19/03 |
| | Month / Day / Year |
| Parent/Guardian | William Marrow & Edwina Sumpter |
| Address | 1011 14th Street, SE Apt. #11 |
| | Washington, DC 20003 |
| Current School | Friendship-Edison PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-005C |
| Date of Payment Request | 2/13/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 11/19/03 - 1/30/04 |
| Current Payment Request | $4951.46 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $4,951.46

*Theresa Whitehead S.E.C*

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Amin Marrow |
| Date of Birth | 8/14/95 |
| Date of Request for Hearing | 11/19/03 |
| | Month / Day / Year |
| Parent/Guardian | William Marrow & Edwina Sumpter |
| Address | 1011 14th Street, SE Apt. #11 |
| | Washington, DC 20003 |
| Current School | Friendship-Edison PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-005C |
| Date of Payment Request | 2/13/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 11/19/03 - 1/30/04 |
| Current Payment Request | $4951.46 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:**  $4,951.46

*Original*

# Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Amin Marrow |
| Date of Birth | 8/14/95 |
| Date of Request for Hearing | 11/19/03 |
| | Month / Day / Year |
| Parent/Guardian | William Marrow & Edwina Sumpter |
| Address | 1011 14th Street, SE Apt. #11 |
| | Washington, DC 20003 |
| Current School | Friendship-Edison PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-005C |
| Date of Payment Request | 2/13/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 11/19/03 - 1/30/04 |
| Current Payment Request | $4951.46 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN:* FOR: _$4,951.46_

# LEGEND

## ATTORNEY'S

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| TM | Travis Murrell, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| MID | Mary I. DuVall, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. (effective 3/19/03) |

## PARALEGAL'S/ LAW CLERKS/ADVOCATES

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| AJ | Altemese Johnson |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| EG | Edward Garcia |
| WB | Williams Bautista |
| JD2 | Jacqueline Donnell |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| NF | Nuvia Flores |
| HR | Heidi Romero |
| DM | Daniel Myers |
| KD | Kelly Dau |
| LM | Lorraine Mejia |
| MW | Marsha Wells |
| LD | Laura Dau |
| DA | Dixie Avelar |
| DP | Delmis Pineda |
| MT | Michele Torry, BA, L. Cert. |
| MM | Michelle Moody, MA |
| NP | Nadjai Plowden, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| MB | Margo Beeken, MA |
| DJ | Deanine Jones, MA |
| SM | Sharon Millis, M. Ed. |
| GR | Glenda Richmond, MA |
| MJB | Michael J. Byers, MA |
| JD | Jennifer Dugger, MS Ed. |
| CM | Carolyn Monford, MA |
| GH | Garfield Mark Holman, MA |
| MAB | Marlinda Boxley, MA, JD |
| RB | C. Robin Boucher, Ph.D. |
| MNB | Michelle N. Barker |

James E. Brown, Esq.
James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Amin Marrow

February 13, 2004

In Reference To: Amin Marrow

Invoice # 14021

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/19/2003 | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 300.00/hr | 450.00 |
| | AAG | Drafted letter to parent | 0.75 95.00/hr | 71.25 |
| | AAG | Prepared documents for child's advocate | 0.75 95.00/hr | 71.25 |
| | AAG | Prepared documents for child's attorney | 0.75 95.00/hr | 71.25 |
| | RB | Reviewed paralegal's memo re: new case | 0.17 175.00/hr | 29.75 |
| | MH | Prepared and file due process hearing request to DCPS/ charter school regarding failure to provide speech & language services. | 1.50 300.00/hr | 450.00 |
| | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.00 95.00/hr | 95.00 |
| 11/21/2003 | RB | Reviewed HR per need to observe at school | 0.25 175.00/hr | 43.75 |
| | RB | Reviewed Psychological evaluation report; report cards, test scores from parent | 1.00 175.00/hr | 175.00 |
| 12/02/2003 | CMM | Reviewed hearing request in preparation for status letter to parent | 0.25 95.00/hr | 23.75 |

Amin Marrow                                                                                                    Page      2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/02/2003 | CMM | Drafted status letter to parent with hearing request | 0.58<br>95.00/hr | 55.10 |
| 12/03/2003 | MH | Telephone call to SHO regarding scheduling of hearing. | 0.08<br>300.00/hr | 24.00 |
|  | CMM | Drafted letter requesting records from Friendship Edison Chamberlain PCS | 1.00<br>95.00/hr | 95.00 |
|  | CMM | Phone call to Ludlow-Taylor ES regarding records request | 0.17<br>95.00/hr | 16.15 |
|  | CMM | Drafted letter requesting records from Ludlow-Taylor ES | 1.00<br>95.00/hr | 95.00 |
| 12/04/2003 | MH | Conference with parent regarding pending hearing and pending speech & language evaluation. | 0.25<br>300.00/hr | 75.00 |
| 12/05/2003 | MH | Drafted letter to DCPS student hearing office regarding pending hearing. | 0.17<br>300.00/hr | 51.00 |
| 12/12/2003 | MH | Conference with parent regarding grades on recent report card. | 0.17<br>300.00/hr | 51.00 |
| 12/19/2003 | MH | Conference with parent regarding case status/pending hearing. | 0.25<br>300.00/hr | 75.00 |
| 01/06/2004 | CMM | Drafted letter to parent re: hearing notice | 0.50<br>95.00/hr | 47.50 |
| 01/08/2004 | MH | Pre-hearing conference with parent.  Reviewed issues for hearing, began to develop hearing strategy, and discussed relevant events that have arrisen since filing hearing request. | 0.83<br>300.00/hr | 249.00 |
| 01/09/2004 | CMM | Assist attorney to prepare 5-day disclosure | 1.00<br>95.00/hr | 95.00 |
|  | MH | Prepare disclosure to DCPS with assistance from paralegal.  Reviewed entire file and identified potential exhibits and witnesses for hearing. Also prepared exhibit packet and cover letter for DCPS counsel. | 1.50<br>300.00/hr | 450.00 |
| 01/15/2004 | MH | Prepared for Due Process Hearing regarding DCPS/charter school's failure to provide services pursuant to IEP.  Includes review of all disclosure materials, discussion with parent, research on issues raised, and began drafting opening and closing statements and potential questions for witnesses at hearing. | 0.75<br>300.00/hr | 225.00 |
| 01/16/2004 | RB | Reviewed IEP; advised atty for hearing issue | 0.25<br>175.00/hr | 43.75 |
|  | RB | Drafted letter and faxed it to Friendship-Edison PCS w/copies of authorization to represent and reeval form signed by parent 11/03 | 0.42<br>175.00/hr | 73.50 |

Amin Marrow

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 01/16/2004 | MH | Appearance to 825 North Capital for due process hearing against Friendship Edison Charter School and DCPS.  Includes time spent waiting for hearing officer. | 2.00 300.00/hr | 600.00 |
| | MH | Legal Research on issue raised by hearing officer during hearing. Provided copy of case to hearing officer and opposing counsel. | 0.75 300.00/hr | 225.00 |
| | RB | Reviewed Psychological evaluation report and 2003 SAT 9 scores | 0.50 175.00/hr | 87.50 |
| | RB | Prepared for Due Process Hearing w/atty; discussed need for Vineland | 0.50 175.00/hr | 87.50 |
| 01/22/2004 | RB | Phone calls (2) to parent 1/21/04 re school's proposed meeting date/time | 0.42 175.00/hr | 73.50 |
| | RB | Telephone call to DCPS school staff @ Friendship-Edison PCS to schedule meeting | 0.33 175.00/hr | 57.75 |
| | RB | Received faxed meeting proposal from Friendship-Edison PCS | 0.17 175.00/hr | 29.75 |
| | RB | Phone call to parent to confirm 2/11/04 10:30 meeting at school | 0.17 175.00/hr | 29.75 |
| 01/27/2004 | MH | Reviewed file to determine current case status. | 0.25 300.00/hr | 75.00 |
| 01/28/2004 | MH | Reviewed HOD recieved today from hearing on 1/16/04.  Discussed findings with parent and strategized. | 0.50 300.00/hr | 150.00 |
| 01/30/2004 | RB | Reviewed HOD | 0.17 175.00/hr | 29.75 |
| | CMM | Drafted letter to parent with HOD | 0.75 95.00/hr | 71.25 |
| | CMM | Reviewed HOD in preparation for parent status letter | 0.25 95.00/hr | 23.75 |
| | | For professional services rendered | 23.60 | $4,742.50 |

Additional Charges :

| | | |
|------|------|------|
| 11/19/2003 | Facsimile hearing request to DCPS | 7.00 |
| | Postage; letter to parent | 0.37 |
| | Copied documents; HR | 1.75 |

Amin Marrow                                                                  Page      4

|  |  | Amount |
|---|---|---:|
| 11/19/2003 | Copied documents; HR to Dalton | 1.75 |
|  | Copied documents; HR to Friendship | 1.75 |
|  | Copied documents<br>initial letter to parent | 0.50 |
|  | Facsimile hearing request to Dalton | 7.00 |
| 12/02/2003 | Postage; letter to parent; HR | 0.37 |
| 12/03/2003 | Facsimile; Ltr reg. for records | 14.00 |
| 12/05/2003 | Messenger Service to and from DCPS (Request for Continuance) | 20.00 |
| 12/22/2003 | Facsimile Received from DCPS; hearing notice | 1.00 |
| 01/06/2004 | Postage; letter to parent re: HND | 0.37 |
| 01/09/2004 | Copied documents; disclosure documents | 7.50 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Facsimile to Dalton; disclosures | 12.00 |
| 01/16/2004 | Postage; letter to parent | 0.37 |
|  | Sedan taxi service to DCPS for hearing | 7.00 |
| 01/28/2004 | Copied documents; HOD (parent, file, advocate, attorney) | 8.75 |
| 01/30/2004 | Postage; letter to parent, Ltr to parent w/ HOD | 0.60 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $208.96 |
|  | Total amount of this bill | $4,951.46 |
|  | Balance due | $4,951.46 |