# EXHIBIT 5



EXHIBIT
GW-27
ALL-STATE LEGAL

# STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## AMENDED REQUEST FOR MEDIATION/HEARING

➤ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➤ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING _X_ I REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: Gloria Williams          DOB: January 30, 1987

Address: ___ 201 37th Place S.E., Washington D.C. 20019

Present School of Attendance:          Home School:
                                       (Neighborhood school where child is registered)

Friendship Edison Collegiate Academy          N/A

**COMPLAINT IS MADE AGAINST:** DCPS/Friendship Edison Public Charter School
                               DCPS and/or D.C. Public Charter School-specify charter school

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Towanda Williams

Address: 201 37th Place S.E., Washington D.C. 20019

Phone: (H) (202)581-9558 (W) _____ (Fax) _____

Relationship to Student: X Parent ___ Self __ Legal Guardian ___ Parent Surrogate ___ Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: ___ Roberta L. Gambale Esq. __ ( James Brown & Associates, PLLC)

Phone) _202-742-2000 (ext 2021)_____ (Fax) _202-742-2098_____

Address:    1220 L Street, Suite 700, Washington, DC 20005

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:    April 29, 2004            April 29, 2004            April 29, 2004

Mediation: _____    _____    _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):
           Interpreter:
    ____ Foreign Language
    ____ Sign Language _____
    ____ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem**:

1.    ***Failure to Conduct Re- Evaluations in a Timely Manner Pursuant to Parent Request
      and/or Agreement of the Multidisciplinary Team.***

      On or about October 29, 2003, Ms. Towanda Williams, parent of Gloria Williams,
      (hereinafter referred to as "parent"), through counsel, requested that her child, Gloria
      Williams, DOB: 1/30/87, be comprehensively re-evaluated. The request for re-
      evaluations was submitted in writing to Friendship Edison Collegiate Academy
      ("FEPCS"). A copy of the request was submitted to District of Columbia Public Schools'
      ("DCPS") Office of Mediation and Compliance. The request included an evaluation
      authorization form signed by the parent. The request was made pursuant to the
      Individuals with Disabilities Education Act, 34 C.F.R. Section 300.536(b) which requires
      the public agency to conduct re-evaluations "*if conditions warrant a reevaluation, or if
      the child's parent or teacher requests a reevaluation, but at least once every three years*".

      Not only did the Charter School and/or DCPS fail to fully respond to the parent's request
      for reevaluations, but they also failed to follow through on the decision made by the
      Multidisciplinary team that convened on or about December 4, 2004 to re-evaluate the
      student and reconvene a meeting within a forty-five day time period.    To date counsel
      for parent has yet to receive copies of all completed re-evaluations. Based upon lack of
      progress, parent strongly suspects that the current placement may not be appropriate for
      Gloria and/or that all of her educational needs have not been identified. As a result the
      student has been denied a Free and Appropriate Public Education ("FAPE").

      To date, the following evaluations and/or re-evaluations are warranted and have not been
      received by the parent: 1) Hearing and/or Vision Screening; 2) Vocational Evaluation; 3)
      Vineland Evaluation and Occupational Therapy Evaluation.

2.    ***Failure to Conduct an Annual Review of the Student's Individualized Educational
      Program ("IEP") and/or to Have a Current IEP in Effect at the Start of the 2003/2004
      School Year.***

      Pursuant to 34 C.F.R. Section 300. 342 of the Individuals with Disabilities Education Act
      ("IDEA")  the public agency is required to have an IEP in effect for each student with a
      disability "at the beginning of the school year". Furthermore 34 C.F.R. Section 300.343
      requires that the student's educational program be reviewed "*not less than annually*". To
      the best of the parent's knowledge, both DCPS and/or the Charter School failed to review

the student's IEP program dated June 2002 on or before June 2003 and/or prior to the commencement of the 2003/2004 school year. The IEP was not reviewed until December 2003. At the December 2003 meeting- it was determined that further testing was needed for this student and that the re-evaluations were needed to enable the team to revise he program. If meeting had been convened as required, testing could have been conducted during the summer months and the student's needs could have been more fully addressed prior to the commencement of the school year rather than prior to the conclusion of the school year. In addition, at the December 2003 meeting significant changes were made to this student's program. Prior to the review, the student was receiving all of her specialized instruction in an inclusion setting, subsequent to the meeting Gloria was supposed to be placed in a resource class to receive the majority of her instructional services. As a result the child has been denied FAPE and should be awarded compensatory education.

3.     *Failure to Provide Related Services Pursuant to the Requirement of the Student's Individualized Educational Program in violation of 34 C.F.R. Section 300.401 during the 2002/2003 school year to date.*

District of Columbia Public Schools ("DCPS") and/or Friendship Edison Public Charter School ("FEPCS") have failed to provide Gloria Williams, DOB: 1/30/87, with the full extent of specialized instruction and/or related services pursuant to the requirements of her Individualized Educational Program ("IEP"). According to Gloria's IEP she is and was supposed to receive .5 hours of psychological, 1 hour of speech and language therapy, and 20 hours of specialized instruction per week. This student has not received the full extent of services required by her program. As a result, DCPS and/or FEPCS are in violation of 34 C.F.R. Section 300.401 which requires that the public agency ensures that each disabled child "is provided special education and related services in conformance with an IEP that meets the requirements of Secs. 300.340-300.350. By failing to provide these services they have failed to provide this student with a Free and Appropriate Public Education as required by 34 C.F.R Section 300.121; 125 of the Individuals with Disabilities Education Act (IDEA) as a remedy the student should be entitled to an award of Compensatory Education.

*Failure to develop an adequate Compensatory Education Program for the Student.*

During the first half of the 2003/2004 school year the student was placed in a regular education setting despite the fact that her educational program required that she receive services on a full-time basis. She was enrolled in classes such as Fashion, Biology, Spanish and Math. She was not enrolled in an English or Reading class. She has performed poorly in the classroom as indicated by her report forms and lack of progress seen in the re-evaluation results. At the March 31, 2004, without parent participation, FEPCS determined that they would provide the student with 30 hours of math tutoring services to compensate her for services not provided during the school year. Given the amount of services and instruction that FEPCS failed to provide the 30 hours of math

tutoring offered to the student on Saturdays only- is insufficient to remediate denials of FAPE that have occurred.

4.    ***Failure to Develop an Appropriate Individualized Educational Program ("IEP") for the Student during the 2002/2003 and a Portion of the 2003/2004 School Year and/or Denial of FAPE.***

34 C.F.R. Section 300.347 requires that the Individualized Educational Program ("IEP") for each disabled child contain information regarding the student's present levels of performance and/or transition services for students age 14 or older. District of Columbia Public Schools ("DCPS") and/or Friendship Edison Public Charter School ("FEPCS") failed to meet the standards set forth in this section and failed to develop an appropriate program for Gloria Williams during the 2002/2003 and 2003/2004 school years by failing to include sufficient information regarding present levels of performance and transition service needs in Gloria's IEP.   As a result she has been denied a Free and Appropriate Public Education ("FAPE") as required by the Individuals with Disabilities Education Act ("IDEA") and should be entitled to compensatory relief.

5.    ***Inappropriate and/or Inadequate Individualized Educational Program ("IEP").***

Friendship Edison Public Charter School ("FEPCS")   failed to develop an adequate and/or appropriate Individualized Educational Program ("IEP") for Gloria Williams, DOB:  11/30/87, in accordance with the standards set forth in 34 C.F.R. Section 300.347. A meeting was held without parent participation on or about March 31, 2004 for the purpose of reviewing evaluations and revising the student's existing program. At the time of the March 2004 IEP meeting comprehensive re-evaluations requested in October 2003 had not been completed.   The parent objects to the IEP that was developed on March 31, 2004 for reasons to include, but not limited to:

a) The IEP fails to specify the frequency and duration of psychological counseling services to be provided to Gloria and the IEP fails to provide a mechanism for evaluating progress relating to achievement of social and emotional goals despite the fact that recommendations were made to increase psycho-social counseling for Gloria for the purpose of raising her awareness of strengths and weakness and learning more appropriate coping and problem-solving skills, as well as, more appropriate ways to communicate and express herself.

b) The IEP does not contain a transition service plan and/or any goals and/or objectives related to meeting this student's transitional service needs as identified in the MDT meeting notes. Gloria is currently 16 years old and in the 11th grade. It has been determined that it will not be feasible for her to earn the credits that she needs to graduate with a high school diploma by the end of her senior year. She will likely need at least one additional year to earn the requisite credits. It has been determined that she could be a candidate for vocational training.

c) The IEP does not provide sufficient instructional services to the student to meet her educational needs.   The amount of instructional services to be provided to the student have been significantly reduced despite the fact that the most recent educational evaluation conducted for this student indicates that she is only function on a 4-5th grade level in reading and a 3rd  grade level in math.

   d) The IEP inaccurately reflects the student's disability classification and is not based on appropriate or adequate testing information.  Prior to the March 31, 2004 meeting, Gloria was diagnosed as student with mild mental retardation based on the results of previous psycho-educational evaluation test scores and a Vineland Evaluation.   Parent has yet to receive a copy of a completed Vineland Re-evaluation and/or other Adaptive Assessment conducted for Gloria. The information provided to the team concerning this student's adaptive skills was vague and undocumented.

   e) The IEP fails to address deficits in vocabulary, as well as weaknesses in oral formulation and organization and possible auditory memory deficits.  These are all identified areas of weakness in the educational program.  Furthermore, how the impact that student's deficits in reading and math will have on her ability to perform in other academic areas has not been adequately addressed by the current program.

   As a result of these defects, Gloria Williams continues to be denied a Free and Appropriate Public Education (FAPE) and should be entitled to compensatory relief.

6.    *Failure to Allow Parent and/or her Representative to participate on the IEP team.*

The parent specifically requested that the meeting proposed for March 31, 2004 be rescheduled and that notice of the meeting be provided to and the meeting be scheduled through her legal representative.  Ms. Michelle Moody, the educational advocate working with parent's counsel, contacted the school and identified alternate dates and times for the meeting and was not informed that the school was intending to go forward with the meeting despite the parent's request.  Furthermore, all of the re-evaluations that the MDT deemed necessary to adequately revise the student's program had not been completed and/or supplied to the parent and/or counsel for the parent at the time the meeting was proposed.

Pursuant to 34 C.F.R. Section 300.344 the public agency must ensure the parent and/other individuals at the parent's discretion be included in the IEP team. Furthermore, pursuant to 34 C.F.R. Section 300.345 meetings are supposed to be scheduled at mutually agreed upon time and place.  The agency is not authorized to proceed without the parent where they have not attempted to arrange the meeting at a mutually agreed upon time and place

Parent is not in agreement with the program developed for Gloria. The parent is not in agreement that the Compensatory Education offered to Gloria is sufficient to address past denials of FAPE. The parent is not in agreement with the change in the disability classification of the student.

## Describe issues to be addressed at the mediation and/or hearing, with specificity:

1.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to conduct re-evaluations for the student?

2.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to convene an annual IEP review meeting?

3.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to provide the student with services pursuant to the requirements of her IEP?

4.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to provide the student with an appropriate IEP for the 2002/2003 and 2003/2004 school years?

5.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to develop an appropriate compensatory education program for the student

6.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to appropriately include the parent as part of the IEP team for the student on 3/31/04 and/or scheduled the meeting at a mutually agreeable time and place as required by IDEA?

7.  Whether or not the Individualized Educational Program ("IEP") developed for the student on or about March 31, 2004 was appropriate and/or adequate in order to meet the student's needs?

## Describe relevant facts relating to the problem:

Gloria Williams is currently an Eleventh Grade Student at Friendship Edison Collegiate Academy. She was classified as a Mentally Retarded student until March 31, 2004 when FEPCS changed her classification to Learning Disabled despite the fact, that to the best knowledge of the parent, a Vineland Re-evaluation was never completed. Prior to the modification of her IEP in December

2003 she was supposed to be placed in an inclusion setting at FEPCS, however, her class schedule for that time period indicates she was placed in a regular education setting.

**State how you would like to see the problem corrected:**

1.  DCPS/Charter School shall conduct the following re- evaluations for the student, to include but not limited to: 1) Vineland; 2) Hearing and Vision Screening; 3) Occupational Therapy and/or Physical Therapy if warranted and 4) Level III Vocational Assessment and provide copies of all completed evaluations to the parent's counsel within 15 calendar days of the issuance of the HOD;

2.  In the event that DCPS/Charter School fails to conduct reevaluations for the student, DCPS/Charter School shall fund the parent's Independent Educational Evaluations;

3.  The MDT shall be convened within 10 calendar days of the completion/receipt of the evaluation reports to review reevaluations, revise the IEP, discuss placement and develop a compensatory education plan for denials of FAPE over the past 3 years;

4.  All meetings shall be scheduled through counsel for the parent;

5.  The hearing officer should order any and all other relief that is deemed to be appropriate.

_____        **April 16, 2004**
Signature of Applicant/Parent (Required)                            Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002          FAX: (202) 442-5556**

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                               Revised 02/01/2003

---

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO            0886
CONNECTION TEL                94425098
CONNECTION ID      OFF.OF GENERAL C
ST. TIME           04/16 09:34
USAGE T            01'32
PGS. SENT              9
RESULT             OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Christopher L. West◆◊ |
| Domiento C.R. Hill*◊△ | 1220 L Street, NW | Juan J. Fernandez! ◊ |
| Brenda McAllister*◊△ | Suite 700 | Christina Busso◆◊ |
| Roberta Gambale | Washington, DC 20005 | Anne E. Ford |
| Miguel A. Hull | Telephone: (202) 742-2000 | Tilman L. Gerald△ |
| | Facsimile: (202) 742-2098 | |

\* Admitted in Maryland Only
◆ Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
△ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:       4/16/04

TO:         Tiffany Puckett, Esq.

PHONE:      (202) 442-5000

FAX NO:     (202) 442-5098

FROM:       Roberta L. Gambale Esq.

SUBJECT:    Amended Due Process Hearing Request for Gloria Williams, DOB: 1/30/87

NUMBER OF PAGES INCLUDING COVER SHEET: 9

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0887
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             04/16 09:36
USAGE T              01'26
PGS. SENT            9
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Christopher L. West◊◊
Juan J. Fernandez! ◊
Christina Busso◊◊
Anne E. Ford
Tilman L. GeraldΔ

* Admitted in Maryland Only
◆ Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:       4/16/04

TO:         DCPS Student Hearing Office (Attn: Mr. Phoenix)

PHONE:      (202) 442-5432

FAX NO:     (202) 442-5556

FROM:       Roberta L. Gambale Esq.

SUBJECT:    Amended Due Process Hearing Request for Gloria Williams, DOB: 1/30/87 .

NUMBER OF PAGES INCLUDING COVER SHEET: 9

COMMENTS:   Hearing has been scheduled for 4/29/04 at 11:00 a.m.

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO            0888
CONNECTION TEL                   97036423101
CONNECTION ID
ST. TIME            04/16 09:38
USAGE T             01'42
PGS. SENT              9
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Christopher L. West◆◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Juan J. Fernandez! ◊ |
| Brenda McAllister*◊Δ | Suite 700 | Christina Busso◆◊ |
| Roberta Gambale | Washington, DC 20005 | Anne E. Ford |
| Miguel A. Hull | Telephone: (202) 742-2000 | Tilman L. GeraldΔ |
|  | Facsimile: (202) 742-2098 |  |

\* Admitted in Maryland Only
● Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
Δ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:     4/16/04

TO:       Paul Dalton, Esq.

PHONE:    (703)941-4455

FAX NO:   (703) 642-3101

FROM:     Roberta L. Gambale Esq.

SUBJECT:  Amended Due Process Hearing Request for Gloria Williams, DOB: 1/30/87

NUMBER OF PAGES INCLUDING COVER SHEET: 9

COMMENTS:

# District of Columbia Public Schools

## *Office of Management Services*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| ) | |
| **GLORIA WILLIAMS**, student ) | |
| Date of Birth: January 30, 1987 ) | **DECISION  and  ORDER** |
| Petitioner, ) | |
| ) | Request Date:  February 13, 2004 |
| *versus* ) | Hearing Dates: April 1, 2004 |
| ) |                 April 29, 2004 |
| **The District of Columbia Public Schools,** ) |                 May 27, 2004 |
| ) | |
| **and** ) | |
| ) | Held at:  825 North Capitol Street, NE |
| **Friendship-Edison Public Charter School,** ) |           Eighth Floor |
| ) |           Washington, D.C. 20002 |
| Respondents. ) | |
| ) | |

**Parent and grandparent:**    Towanda Williams/Gloria Ward-Ravenell
201 37th Street, SE
Washington, D.C. 20019

**Counsel for the Grandparent/Student:**    Roberta L. Gambale, Esq.
**JAMES E. BROWN & Associates**
1220  L  Street, NW    Suite 700
Washington, D.C. 20005

i

**Counsel for Friendship-Edison PCS:**    Paul S. Dalton, Esq.
**Dalton, Dalton & Houston, P.C.**
6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045


**District of Columbia Public Schools:**    Tiffany S. Puckett, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002


An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties
to identify specific witnesses and other relevant witnesses. The index will be detached before release of
this DECISION  and  ORDER as a public record.

ii

## <u>INDEX OF NAMES</u> for Gloria Williams
**Hearing Date:** April 1, 2004

Appearing on behalf of DCPS:  None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

    1.  Wallace R. Henry III, Director of Special Education, FEPCS

Appearing on behalf of the grandparent/parent/student:  None.

**attending the April 29, 2004 Continuation:**

Appearing on behalf of DCPS:  None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

    1.  Wallace R. Henry III, Director of Special Education, FEPCS *
    2.  Nancy Opalack, Cluster Lead, Educational Support Systems, Inc. **
    3.  Kelley Johnson, Special Education/Inclusion Teacher, FEPCS **
    4.  Beth Wilkinson, Speech/Language Pathologist, FEPCS **

Appearing on behalf of the grandparent/parent/student:

    1.  Gloria Ward-Ravenell, grandmother
    2.  Michelle Moody, 2nd Educational Consultant

\* Gave testimony.
\*\* Gave testimony via telephone.

**attending the May 27, 2004 Continuation:**

Appearing on behalf of DCPS: None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

    1. Wallace R. Henry III, Director of Special Education, FEPCS

Appearing on behalf of the grandparent/parent/student:

    1. Gloria Ward-Ravenell, grandmother *
    2. Michelle Moody, 2nd Educational Consultant *
    3. Carolyn Munford, 1st Educational Consultant *

\* Gave testimony.
\*\* Gave testimony via telephone.

iv

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE

On February 13, 2004, Counsel for the Grandparent filed the herein Request for Mediation/Hearing on behalf of the grandparent, parent and student complaining that Friendship-Edison Public Charter School (FEPCS), its own LEA, and the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Grandparent alleged the following failures on the part of FEPCS:

1. to complete a reevaluation requested under 34 CFR 300.536(b);
2. to complete an annual review of the IEP as of June 2003;
3. to deliver related services between September 2003 and December 2003; and
4. to include Present Levels of Educational Performance and transitional services in the 2002-03 and 2003-04 IEPs.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Thursday, April 1, 2004 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated March 25, 2004, DCPS disclosed 5 witnesses.

By facsimile dated March 25, 2004, FEPCS disclosed 4 witnesses and 8 documents.

By facsimile dated March 25, 2004, the Grandparent disclosed 9 witnesses and 26 documents.

The documents were placed into the record and are reference herein where relevant.

The Attorney-Advisor requested that DCPS be dismissed from the hearing arguing that FEPCS and the parent were the parties in interest.

Counsel for the Grandparent objected arguing that DCPS could be necessary for a placement decision.

The hearing officer determined that FEPCS and the parent were the parties in interest and that any required participation by DCPS in any placement decision could be effectuated by an order. The objection was OVERRULED and DCPS was DISMISSED from the hearing.

Counsel for the Grandparent stated that Counsel for FEPCS had delivered supplemental disclosure to her just before the hearing convened and requested that issues therein be reserved to the Grandparent/parent for a subsequent Request for Mediation/Hearing.

Counsel for FEPCS stated that the supplemental disclosure contained the requested reevaluation along with an IEP completed March 31, 2004 as well as compensatory education. Counsel for the FEPCS represented that FEPCS had attempted to convene the MDT with the parent beginning February 24, 2004, and that on March 31, 2004, a MDT convened without the grandparent or the parent, completed a new IEP and awarded compensatory education to the

1 of 12 pages

student for the non-delivery of related services between September and December 2003, allegation no 3, above, and the missing levels of educational performance in the previous IEP, allegation no 4, above. Counsel for the FEPCS moved for a DISMISSAL arguing parental abuse of the IDEA process and requested a continuance.

Counsel for the Grandparent objected to the continuance.

The Motion for DISMISSAL was taken under advisement. Here, as explained in DISCUSSION and CONCLUSIONS of LAW, below, the Motion was DENIED.

The hearing officer noted that the herein Request for Mediation/Hearing was filed on February 13, 2004 and suggested that the Grandparent was entitled to Directed Findings on allegations nos. 3 and 4, above.

Counsel for FEPCS objected to Directed Findings on equitable grounds; that the compensatory education was awarded not in response to allegations nos 3 and 4, above, but because the latest evaluations suggested that the student had a math learning disability that had not been addressed in the June 13, 2002 IEP; that the compensatory education was to address the math learning disability.

During a recess to schedule the continuation the parties STIPULATED first, that a hearing screening of the student was needed but disagreed as to who was responsible for the screening not being completed to date, and second, the first FEPCS heard of a request for an occupational therapy assessment was at the hearing. FEPCS agreed to complete the hearing screening and occupational therapy assessment.

Over the objection of Counsel for the Grandparent, the hearing officer GRANTED the Requested for a Continuance and on April 9, 2004 issued the below INTERIM ORDER.

> 1. This matter is set for hearing at 11:00 A.M., Thursday, April 29, 2004.
>
> 2. The parent can amend the herein Request for Mediation/Hearing. Disclosures can be supplemented within the 5-Day Rule.
>
> 3. Among the possible issues for hearing that will be set at the Continuation, the parent's refusal or non-cooperation with the March 31, 2004 MDT meeting will be one.

*******************************************************************************

The Continuation convened at 11:00 A.M., Thursday, April 29, 2004.

On April 16, 2004, the Grandparent amended the Request for Mediation/Hearing alleging the inappropriateness of the March 31, 2004 MDT/IEP meeting and resulting IEP.

By facsimile dated April 22, 2004, FEPCS supplemented their disclosure with 2 additional witnesses and documents 9 thru 18.

By facsimile dated April 22, 2004, the Grandparent supplemented her disclosure with documents 27 thru 31.

The documents were placed into the record and are reference herein where relevant.

Counsel for the Grandparent stated that, during the continuance, she had not received the Vineland, the vocational assessment, the hearing screening and that there was a need for an

occupational therapy assessment.

Counsel for FEPCS moved for an order collaterally estopping the Grandparent for litigating the issue of her cooperation with the March 31, 2004 MDT/IEP meeting or, in the alternative, an order to litigate the issue first.

After argument, the hearing officer DENIED the motion.

Counsel for FEPCS cited error.

The hearing officer recessed the hearing to formulate issues *in camera*.

*In camera*, the issues for hearing were determined as:

1. whether the reevaluation requested under 34 CFR 300.536(b) was completed timely;

2. whether the June 13, 2002 IEP was reviewed as of June 2003;

3. whether special education services[1] were delivered between September 2003 and December 2003;

4. whether Present Levels of Performance and transitional services were included the 2002-03 and 2003-04 IEPs; and

5. whether the circumstances of the March 31, 2004 MDT/IEP meeting and the resulting IEP were a Denial of a FAPE?

## SUMMARY OF THE EVIDENCE

The Cluster Lead, Educational Support Systems, Inc., testified via telephone that her familiarity with the student resulted from her responsibility for facilitating the evaluations and scheduling for the March 31, 2004 MDT/IEP meeting; that a vocational assessment was not in the December 4, 2003 Student Evaluation Plan (SEP) and was first requested in the herein February 13, 2004 Request for Mediation/Hearing. The Cluster Lead testified that transition services were discussed at the March 31, 2004 MDT/IEP meeting but were not commented upon in the meeting notes because the MDT thought transition services would be better discussed at a placement meeting. In response to a question concerning the period between June 14, 2003 and December 4, 2003 when the student did not have a current IEP, the Cluster Lead testified that she joined FEPCS "in January of last year (January 2003);" that concerning a question about the period between December 4, 2003 and March 31, 2004, she responded that the question would be better addressed by the Director of Special Education, FEPCS.

As the Cluster Lead began to testify on the Present Levels of Educational Performance as indicated on page 2 of the June 13, 2002 IEP, it was pointed out that the Grandparent had disclosed the only copy of the June 13, 2002 IEP in the record and that the copy did not contain a

3 of 12 pages

---

[1] The April 9, 2004 INTERIM ORDER mentioned related services only; at the April 29, 2004 Continuation, Counsel for the Grandparent pointed out that in both Requests for Mediation/Hearing compensatory services were sought for missed special education and related services.

page 2. Counsel for FEPCS requested permission to submit the missing page as rebuttal evidence. Counsel for the Grandparent objected stating that the disclosed copy had been provided by FEPCS. The hearing officer noted that FEPCS had the burden of proof on appropriateness of the June 13, 2002 IEP; that FEPCS had not disclosed a copy of the IEP; that, on March 25, 2004, the Grandparent had disclosed the only copy of the IEP in the record and that the INTERIM ORDER issued in this matter April 9, 2004 permitted supplemental disclosure. The hearing officer SUSTAINED the objection. Counsel for FEPCS cited error.

The Cluster Lead testified that, while the student made progress otherwise between 2001 and March 2004, the student's math scores had not shown progress and that, as compensatory education, FEPCS offered 30 hours of math tutoring. The Cluster Lead testified that the student left FEPCS from August 2003, attended Oxon Hill Senior High School in Prince George's County, Maryland and returned to FEPCS in either October or November 2003. Concerning the March 31, 2004 MDT/IEP meeting, the Cluster Lead testified that the first attorney[2] requested new evaluations on October 9, 2003; that, after clearing some mistakes on the attorney's part, FEPCS received authorization for the reevaluation from the attorney on November 25, 2003 and that the Grandmother attended the December 4, 2003 MDT/SEP meeting. The Cluster Lead did not attend the December 4, 2003 MDT/SEP meeting. The Cluster Lead testified that, because of District of Columbia residency questions and timeline pressure to complete the reevaluation within 60 days of November 25, 2003, on February 24, 2004, she sent the first Letter of Invitation for an MDT/IEP meeting to the 1st attorney offering March 15th, 17th or 18th as possible meeting dates and stating that evaluations would be completed by February 27, 2004. She sent a second Letter of Invitation to the 1st attorney on March 5, 2004 offering March 23rd, 24th or 25th. Not receiving a response to the either Letter of Invitation, the Cluster Lead testified that she telephoned the parent directly on either March 21st or 22nd, complained that she had not heard anything from the attorney and scheduled the MDT/IEP meeting for March 31, 2004; that she telephoned the Grandparent on March 23, 2004 who said she would attend the meeting. Referring to her notes, the Cluster Lead testified that on March 22, 2004 when she telephoned the law firm to speak with the 1st attorney she was told that the 2nd attorney had been assigned to represent the student; she could not remember whether she spoke with the 2nd attorney on March 22, 2004. She further testified that she received a telephone call from the 2nd Educational Consultant on March 24, 2004, who, thinking that the meeting had been scheduled for March 30, 2004, stated that she and the Grandparent could not attend only to state that they would attend the MDT/IEP meeting when informed that the meeting had been scheduled for March 31, 2004, not March 30th. The Cluster Lead testified that when the 2nd Educational Consultant called back on the same day, March 24, 2004, and requested a continuance, she replied that the March 31, 2004 MDT/IEP meeting was the fourth attempt to arrange an MDT meeting and that she "was not going to cancel all these people one more time;" that the meeting would go forward without the 2nd Educational Consultant and Grandparent. The Cluster Lead testified that counseling goals were not including in the March 31, 2004 IEP because the MDT thought the Grandparent and/or parent should be involved in formulating the goals; that compensatory education was offered because the MDT thought FEPCS had not adequately addressed the student's math disability as reflected in the most recent testing and that, if

4 of 12 pages

---

[2] The law firm that the parent retained assigned an attorney and educational consultant to represent the student, and in January 2004, assigned a second attorney and educational consultant to represent the student.

subsequent testing indicated a need for further compensatory education, it would be provided. On cross-examination, the Cluster Lead testified that on February 24, 2004, the educational evaluation, the speech/ language evaluation and the clinical psychological evaluation had not been completed; that the last evaluation, the clinical psychological evaluation, was completed on March 15, 2004. The Cluster Lead testified that she did not participate in the October 2003 meeting for the student nor the December 4, 2003 MDT/SEP meeting for the student and that she scheduled the March 31, 2004 MDT/IEP meeting with the parent who accepted the date pending clearance with the grandparent; that when she spoke with the grandparent, the grandparent did not request that the March 31, 2004 MDT/IEP meeting be rescheduled.

The Special Education Teacher, FEPCS, testified via telephone that on March 30, 2004 she inquired of the Grandparent if she were going to attend the March 31, 2004 MDT/IEP meeting to which the Grandparent replied that, on the advise of her 2nd Educational Consultant and attorney, she would not. The Teacher testified that she started employment with FEPCS on January 5, 2004, attended the March 31, 2004 MDT/IEP meeting for the student, but did not remember any of the discussion on compensatory education.

The Speech/Language Pathologist, FEPCS, testified via telephone that she attended the March 31, 2004 MDT/IEP meeting; that during the meeting, based on the current speech/ language evaluation, the student no longer needed speech/language services and was existed from speech/language services.

The Director of Special Education, FEPCS, testified that he began his employment at FEPCS during April 2002; that he supervised the educational program for the student and was familiar with the June 13, 2002 IEP. The Director testified that, as a result of a psychological evaluation completed in June 2002, the student was disability coded Mental Retardation. The Director testified that the student withdrew from FEPCS in August 2003 and returned to FEPCS in October 2003; that also in October 2003, FEPCS received a request for records. The Director testified that at the December 4, 2003 MDT/SEP meeting, it was decided the "services" indicated on the June 13, 2002 IEP would continue pending results of reevaluation and that, for the period, the student was to receive 1 hour speech/language services, 30 minutes of counseling and 20 hours of specialized instruction per week. The Director testified that he attended the March 31, 2004 MDT/IEP and that, at the meeting, 30 hours of compensatory education was offered for "the lapse." On cross-examination, the Director testified that between October 2003 and December 2003, some services were delivered, some not, and that the 30-hours was proposed as the final settlement for all claims for compensatory education to date. On redirect, the Director testified that prior to the December 4, 2003 MDT/SEP meeting, all of the student's specialized instruction was inclusive while after the meeting, reading and math were delivered in a resource room.

FEPCS concluded their case.

On the request of Counsel for FEPCS and without objection, the hearing was continued to 9:00 A.M., Thursday, May 27, 2004 at which time the Grandparent would begin her case.

During the interim, the parties were encouraged to agree as to the hours of special education services not delivered to the student between September and December 2003.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Continuation convened at 9:00 A.M., Thursday, May 27, 2004.

The parties did not report any progress at resolving the number of hours of special education services not delivered to the student.

Counsel for the Grandparent reserved opening statement.

The 1st Educational Consultant for the student testified to her education/qualification and to her familiarity with the student; that she observed the student at FEPCS on November 14, 2003 and attended the December 4, 2003 MDT/SEP meeting. The 1st Consultant testified that she spoke with the student's counselor on November 14, 2003 and was informed that the student was not receiving any specialized instruction at the time because the special education teacher assigned to the student had been dismissed; that the student had not been scheduled for any special education classes. The 1st Consultant testified that she requested that the student's service logs be sent to her but that she did not receive them. The 1st Consultant testified that at the December 4, 2003 MDT/SEP meeting, it was decided that the June 13, 2002 IEP would be implemented pending results of the reevaluation and that a Vineland evaluation would be completed if warranted by the psycho-educational evaluation; that the MDT would reconvene in 45 days. The 1st Consultant testified that she ceased being the educational consultant for the student in January 2004; that she was unfamiliar with the efforts on the part of FEPCS for the student after January 2004. On redirect, the 1st Consultant testified that she considered the AAMR Adaptive Behavior Scale-School that was administered in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2, to be inferior to the Vineland she requested at the December 4, 2003 MDT/SEP meeting.

On the objection of Counsel for FEPCS, the hearing officer determined that the 1st Consultant was not familiar with the AAMR Scale, SUSTAINED the objection and disallowed further questions to the 1st Consultant on the alleged deficit in the AAMR Scale.

The 2nd Educational Consultant for the student testified to her education/qualification and to her familiarity with the student. The 2nd Consultant testified that she considered the Vineland best for the student as the Vineland had been administered to the student in the past and would allow for the comparison of results; that the participant in the adaptive behavior assessment other than the student, should be the parent or a family member that lived with the student and not a teacher. The 2nd Consultant testified that programming for a learning disabled student is different from that for a mentally retarded student. Concerning the March 31, 2004 MDT/IEP meeting, the 2nd Consultant testified that she telephoned the Cluster Lead on March 24, 2004 and told her not to precede with the MDT meeting without the Grandparent and herself present and that by facsimile on March 23, 2004 had proposed April 4th, 6th or 8th as possible meeting dates. On redirect, the 2nd Consultant testified that the March 31, 2004 IEP lacked measurable goals and did not indicate counseling as recommended in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2.

Counsel for the Grandparent asked if the 2nd Consultant had an opinion as to the appropriateness of the 30-hour award of compensatory education made during the March 31, 2004 MDT/IEP meeting. Counsel for FEPCS objected, pointing out that he had asked the question of the 2nd Consultant to which she replied, that she was not at the meeting and could not answer. The hearing officer took the objection under advisement and allowed the testimony in the record subject to it being subsequently struck from the record. Here, the objection was SUSTAINED, and the answer was struck from the record.

On the second cross-examination, Counsel for FEPCS asked the 2nd Consultant whether the AAMR Scales would be an appropriate instrument for the student if the AAMR manual for

the instrument provided for interviews with individuals in the life of the student other than a parent. Counsel for the Grandparent objected. The hearing officer noted that the manual was not in the record, took the objection under advisement, and allowed Counsel for FEPCS until June 2, 2004 to submit the manual. Counsel for the Grandparent cited error.

Upon being recalled by Counsel for the Grandparent, the 1st Consultant testified that she did not have any records of communication with FEPCS with her and that she did not recall any attempt on the part of FEPCS to attempt schedule an MDT meeting between December 4, 2003 and March 2004; that she did not refuse to attend any MDT meeting.

Counsel for the Grandparent stated that in January 2004, the 2nd Consultant replaced the 1st Consultant.

The Grandparent testified that, with the consent of her daughter, she attended the educational concerns of her granddaughter since the first grade; that she attended all of the MDT meetings for the student and that her written authorization to participate in MDT meeting was on file with FEPCS. Regarding the March 31, 2004 MDT/IEP meeting, the Grandparent testified that she spoke with the Cluster Lead on the telephone sometime in March, had received copies of evaluations before March 31, 2004, could not remember the dates of the conversation but told the Cluster Lead that March 31, 2004 date was acceptable if the date was acceptable with her attorney; that the Cluster Lead stated that she had tried to contact the attorney to arrange an MDT/IEP meeting but had been unsuccessful.

On redirect, the Grandparent testified that during the telephone conversation with the Cluster Lead, she made it clear that she did not want to attend the March 31, 2004 MDT/IEP meeting without representation and that the Cluster Lead replied that the meeting was going ahead with or without her because so many people were involved and that she did not want to cancel; that she asked the Cluster Lead if the meeting could be rescheduled and the Cluster Lead's reply was, "no."

The Grandparent rested.

Counsel for FEPCS renewed his motion for DISMISSAL on all issues and made argument. The motion was taken under advisement. Here, the Motion was DENIED. See DISCUSSIONS and CONCLUSIONS of LAW, below.

The record, for documentary supplementation, was held open until June 2, 2004.

Counsel for FEPCS submitted post hearing documentation.


# FINDINGS OF FACT

1. The Grandparent, parent and student were at all times represented by the same law firm; however, sometime in January 2004, the firm replaced the 1st Educational Consultant and Attorney with the 2nd Educational Consultant and Attorney.

2. The reevaluation was authorized on November 25, 2003 and was completed on March 15, 2004.

3. The first FEPCS learned of the request for a vocational assessment was in the herein February 13, 2004 Request for Mediation/Hearing.

4. The June 13, 2002 IEP, Grandparent's Document No 26, did not contain any Present Levels of Educational Performance; FEPCS did not disclose the June 13, 2002 IEP which they completed and had the burden to establish as a FAPE.

5. The only Transition Services Plan (TSP) in the disclosure was dated December 4, 2003 and was considered a part of the 2003-04 IEP. See 34 CFR 300.347(b).

6. The June 13, 2002 IEP did not contain a statement of the transition service needs of the student under the applicable components of the student's IEP that focused on the student's course of study. See 34 CFR 300.347(b).

7. As the student's math scores did not show progress between 2001 and March 2004, FEPCS offered 30 hours of math tutoring in both individual and group sessions from 8-12 P.M. on weekends as compensatory education. See page 2 of 2 pages of the March 31, 2004 MDT/IEP meeting notes.

8. The student was disability coded Mental Retardation on the June 13, 2002 IEP and disability coded Learning Disabled on the March 31, 2004 IEP. FEPCS concluded that the Mental Retardation coding was an error on the evaluator's part.

9. The decision on the part of the evaluator, a licensed clinical psychologist, to administer the AAMR Scale as opposed to Vineland did not make the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2, inappropriate.

10. The March 31, 2004 IEP did not indicate counseling as recommended in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2.

11. On March 31, 2004, FEPCS convened the MDT knowing that the law firm representing the student had changed the student's representatives.

12. On March 31, 2004, FEPCS convened the MDT without the Grandparent knowing that the Grandparent, who regularly attended MDT meetings for the student, wished to attend the MDT meeting but would do so only with her representatives.

# DISCUSSION and CONCLUSIONS OF LAW

## I

### FEPCS failed to complete the reevaluation timely.

Starting from November 25, 2003, 34 CFR 300.536(b) required FEPCS to reevaluate the student within a timely manner. At the December 4, 2003 MDT/SEP meeting, evaluations were discussed; further, it was decided that the student would receive the services indication on the June 13, 2002 IEP pending completion of the reevaluation and that the team would reconvene within 45 days. By February 13, 2004, the date of the herein Request for Mediation/Hearing, FEPCS had not completed the reevaluation nor attempted the reconvene the MDT. The Cluster Lead testified that the request for reevaluation was dated October 9, 2003 but that the reevaluation was not authorized until November 25, 2003. The Education Evaluation, FEPCS Document No 1, was dated November 13, 2003. More importantly, none of the other evaluations, FEPCS Documents Nos 2, 3, 4, 5, 6 and 7, antedated the herein February 13, 2004 Request for Mediation/Hearing. **The failure to complete the reevaluation in a timely manner amounted to the Denial of a FAPE.** The circumstances surrounding the Vineland, the vocational assessment, the occupational therapy assessment and the vision screening did not amount a Denial of a FAPE. The 1st Consultant testified that the Vineland should be administered if recommended in the psycho-educational evaluation; the psycho-educational evaluator administered the AAMR and was well within professional discretion in so doing. The vocational assessment was first requested in the herein Request for Mediation/Hearing and the parties stipulated to the occupational therapy assessment on April 1, 2004. Enough evidence was not adduced at the hearing to determine denial of a FAPE on the vision screening.

## II

### While the June 13, 2002 IEP was not reviewed within a year, the failure did not amount to a Denial of a FAPE.

The June 13, 2002 IEP did not indicate ESY; consequently, FEPCS had the entire summer of 2003 to review the IEP. Sometime in August of 2003, the student left FEPCS and enrolled in a public school in Prince George's County, Maryland. In October 2003, the student returned to FEPCS along with a parental request for reevaluation. The failure to review the June 13, 2002 IEP as of June 2003 was not a Denial of a FAPE.

## III

### From October 2003 thru December 2003, FEPCS failed to deliver to the student all the special education services indicated on the June 13, 2002 IEP.

The student left FEPCS in August 2003 and returned in October 2003. At the December 4, 2003 MDT/SEP meeting, it was decided to deliver services as indicated on the

June 13, 2002 IEP pending completion of the reevaluation. The Director of Special Education, FEPCS, testified that, that during the period in question, some services were not delivered and that the 30 hours of compensatory education offered at the March 31, 2004 MDT/IEP meeting was to settle all claims, to date, for non-delivered special education services. The Cluster Lead testified that the 30 hours was to address a math learning disability. Because the March 31, 2004 MDT/IEP meeting was a Denial of a FAPE, the 30 hours of tutoring as compensatory education was set aside. See DISCUSSION V, below. If the student needs the tutoring to make educational progress it must be included in the specialized instruction on the new IEP and cannot be delivered as compensatory education.

## IVa

### The June 13, 2002 IEP did not included Present Levels of Educational Performance.

The June 13, 2002 IEP did not include the student's present levels of educational performance as required at 34 CFR 300.347(a)(1). The IEP is intended to be a self-contained and portable document. The present levels of educational performance give meaning to the goals and benchmarks and without them, the IEP is incomplete. The IEP in the record that the Grandparent disclosed on March 25, 2004 was provide to the Grandparent by FEPCS and did not contain the levels. FEPCS had the burden of establishing the June 13, 2002 IEP as a FAPE and did not meet it. The June 13, 2002 IEP was a Denial of a FAPE.

## IVb

### Neither the June 13, 2002 IEP nor the March 31, 2004 IEP included a Transition Services Plan

The student was 14 years old on January 30, 2001. The June 13, 2002 IEP should have contained a statement of the student's transition service needs and the March 31, 2004 IEP should have contained a statement of the student's needed transition services. The March 31, 2004 IEP had a Transition Services Plan (TSP) attached that was dated December 4, 2003. The plan was inappropriate because it postdated six of the seven latest evaluations of the student. Second but no less importantly, when the TSP was written the student was disability coded Mentally Retarded; at the March 31, 2004 MDT/IEP meeting the student was disability coded Learning Disabled. Clearly, a TSP for a mentally retarded student would differ from a plan for a learning disabled student. The March 31, 2003 IEP was a Denial of a FAPE.

## V

### The March 31, 2004 MDT/IEP meeting did not include the Grandparent nor her representative and amounted to a Denial of a FAPE.

FEPCS did nothing in furtherance of the student's special education between December 4, 2003 and February 13, 2004. The Cluster Lead testified that she had canceled

three-scheduled MDT meetings and was not going to cancel a fourth; the evidence showed that FEPCS scheduled two MDT meetings, March 25, 2004, FEPCS Document No 14, and March 31, 2004, FEPCS Document No 8, and canceled the meeting scheduled for March 25, 2004.

Before the last evaluation was completed, the Cluster Lead, by letter dated February 24, 2004, FEPCS Document No 12, attempted to convene an MDT meeting on March 16th, 17th or 18th and stated that the evaluations would be completed by February 27, 2004; no meeting was scheduled. By letter dated March 5, 2004, FEPCS Document No 13, the Cluster Lead attempted to convene an MDT meeting on March 23rd, 24th or 25th and stated that additional testing would be administered the student on March 15, 2004; no meeting was scheduled. As it happened, the last evaluation, FEPCS Document No 7, was dated March 15, 2004.

At this point it should be noted that a failure of interoffice communication had developed within the law firm representing the student: a 2nd educational consultant and attorney had been assigned to represent the student sometime in January 2004, and communication at the law firm had failed beginning sometime in January 2004 and ending about March 22, 2004.

On March 14, 2004, the Cluster Lead sent a third letter that scheduled an MDT meeting for 10:00 A.M., March 24, 2004; the letter gave the close of business on March 15, 2004 as a deadline for rescheduling. While the less than one-day allowance for rescheduling could have caused a problem, had the student's representatives not responded and the MDT meeting convened, the likelihood is that an appropriate IEP could have been completed, at least as far as parental participation was concerned. However, on March 22, 2004, two days before the scheduled meeting, the Cluster Lead telephoned the parent and scheduled the MDT/IEP meeting for 9:30 A.M., March 31, 2004; by then, the Cluster Lead knew that the student had a new educational consultant and attorney but did not attempt to schedule the meeting through them. The Cluster Lead testified that the parent said the March 31st date was acceptable but that it had to be cleared with the Grandparent, as the latter would attend the MDT/IEP meeting; that she telephoned the Grandparent on the March 23rd and that the Grandparent did not ask that the MDT/IEP meeting be rescheduled. The parent did not appear at the hearing. The Grandparent testified that she made it clear to the Cluster Lead during the telephone conversation that she would not attend the MDT/IEP meeting without her representative(s). The hearing officer credited the version given by the Grandparent. The Cluster Lead decided on March 22, 2004 to convene the meeting on March 31, 2004 regardless of the Grandparent's wishes. On March 22, 2004, the Cluster Lead sent a letter, FEPCS Document No 8, to the new attorney with a copy of the Confirmation of Meeting Notice to the parent also dated March 22, 2004; the notice indicated the meeting for 9:30 A.M., March 31, 2004. The telephone conversation between the Cluster Lead and the Grandparent took place on March 23, 2004 but the Grandparent was present with a *fait accompli*. The second sentence of the first paragraph in the March 22, 2004 letter, FEPCS Document No 8, comports with this conclusion.

On March 24, 2004, the 2nd Education Consultant made it clear that she and the Grandparent wanted to attend the MDT/Meeting and that March 30th and 31st were inconvenient. The MDT/IEP meeting should have been rescheduled. **The March 31, 2004 MDT/IEP meeting violated 34 CFR 300.345(a) and (d) and amounted to a Denial of a FAPE.**

In consideration of the foregoing, the hearing officer made the following

11 of 12 pages

# ORDER

1. Within 30 days hereof, FEPCS shall convene a MDT/ IEP/Placement meeting. DCPS shall be invited to attend if either party anticipates an LEA that FEPCS can not provide.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. No compensatory services will be awarded for the non-delivery of speech/language services. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Grandparent except that, for everyday of unavailability of Grandparent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on FEPCS, documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.**

Date: June 23, 2004

H. St. Clair, Esq., Hearing Officer

Issued: 6-23-04

Student Hearing Office, DCPS

12 of 12 pages

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Christina R. Busso◆◊ |
| Brenda McAllister*◊ | Suite 700 | Tilman L. Gerald |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | John A. Straus*◊ |
| Christopher L. West◆◊ | Facsimile: (202) 742-2098 | |

* Admitted in Maryland Only          e-mail: Admin@Jeblaw.biz          ! Admitted in Bolivia Only
◆ Admitted in New York Only                                            Δ Member of the DC Federal Bar

October 6, 2004

Ms. Janet Guzman
**FRIENDSHIP EDISON**
**c/o EDISON SCHOOL, INC.**
11ᵗʰ Floor
521 Fifth Avenue
New York, New York 10175

> **RE:    Our client: Ms. Towanda Williams**
> **Name of Student: Gloria Williams**
> **Date of Birth: January 30, 1987**
> **Date of Settlement: May 27, 2004**

Dear Ms. Guzman:

We are enclosing herewith, for your review and favorable consideration, a copy of an invoice that was originally submitted for payment on July 7, 2004 in the amount of $23,077.74. As of the date hereof, the subject invoice remains unpaid. Therefore, we are hereby kindly requesting that you remit the full amount of this invoice upon receipt hereof. If you are without the authority necessary to make the remittance required, kindly forward this letter to the person having such authority so that we can conclude this matter without any further delay. If you should have any questions concerning this matter, you should direct your inquiries to the undersigned. Please note, however, that if payment is not received in full or if alternative satisfactory payment arrangements are not made within fourteen (14) days from the date hereof, we will construe that to mean that you have no intention of resolving this matter amicably and quickly, and we will advise our client accordingly. We close by thanking you in advance for your anticipated prompt remittance and cooperation.

Very truly yours,

**JAMES E. BROWN & ASSOCIATES, PLLC**

Tilman L. Gerald

Enclosure
TLG:JGuzman.FEdisonPCS.TWilliamsltr.100604

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Gloria Williams |
| Date of Birth | 1/30/87 |
| Date of Request for Hearing | 2/13/04 |
| | Month / Day / Year |
| Parent/Guardian | Towanda Williams |
| Address | 201 37th Place, SE |
| | Washington, DC 20019 |
| Current School | Friendship Edison Public Charter School |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-013C |
| Date of Payment Request | 7/20/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 9/22/03 - 7/16/04 |
| Current Payment Request | $23,077.74 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $23,077.74

*Mary K. Eajar    July 20, 2004    11:10 am*

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Christina R. Busso◆◊ |
| Brenda McAllister*◊Δ | Suite 700 | Tilman L. GeraldΔ |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | John A. Straus*◊ |
| Christopher L. West◆◊ | Facsimile: (202) 742-2098 | |

| | | |
|---|---|---|
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |
| ◆ Admitted in New York Only | | Δ Member of the DC Federal Bar |

July 20, 2004

Mr. Michael Cordell, Principal
Friendship-Edison PCS
Woodson Campus
4095 Minnesota Avenue, N. E.
Washington, D.C. 20019

RE: Gloria Williams

Dear Mr. Cordell:

We are enclosing herewith the invoice in the amount of $23,077.74 for attorney fees and costs related to this firm's representation of Ms. Tawanda Williams, parent of Gloria Williams, in the Administrative Due Process hearing before DCPS Office of Compliance, Student Hearing Office. We kindly request that you process this invoice in a timely fashion and remit the amount therefore payable to James E. Brown & Associates, PLLC, without delay. If you should have any questions concerning this matter, please advise the undersigned at your earliest convenience. We close by thanking you in advance for your anticipated cooperation and prompt remittance.

Very truly yours,

James E. Brown

Cc: Paul S. Dalton, Esq.

*Original*

# Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Gloria Williams |
| Date of Birth | 1/30/87 |
| Date of Request for Hearing | 2/13/04 |
| | Month / Day / Year |
| Parent/Guardian | Towanda Williams |
| Address | 201 37th Place, SE |
| | Washington, DC 20019 |
| Current School | Friendship Edison Public Charter School |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 04-013C |
| Date of Payment Request | 7/20/04 |
| Payment Request No. | 1 |
| Date Services Rendered | 9/22/03 - 7/16/04 |
| Current Payment Request | $23,077.74 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $23,077.74

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 6-23-04

TO: R. Gambale

FROM: STUDENT HEARING OFFICE

RE: HOD G. Williams

TOTAL NUMBER OF PAGES, INCLUDING COVER: ____16____


COMMENTS:


transmittal


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| MID | Mary I. DuVall, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. (effective 3/19/03) |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |

## PARALEGALS/ LAW CLERKS/ADVOCATES

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| AJ | Alternese Johnson |
| BDL | Blanca De La Sancha |
| SB | Sara Beñkharafa |
| EG | Edward Garcia |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| NF | Nuvia Flores |
| HR | Heidi Romero |
| DM | Daniel Myers |
| KD | Kelly Dau |
| LM | Lorraine Mejia |
| LD | Laura Dau |
| DP | Delmis Pineda |
| MT | Michele Torry, BA, L. Cert. |
| MM | Michelle Moody, MA |
| NP | Nadjai Plowden, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| MB | Margo Beeken, MA |
| SM | Sharon Millis, M. Ed. |
| GR | Glenda Richmond, MA |
| MJB | Michael J. Byers, MA |
| JD | Jennifer Dugger, MS Ed. |
| CM | Carolyn Monford, MA |
| GH | Garfield Mark Holman, MA |
| MAB | Marlinda Boxley, MA, JD |
| RB | C. Robin Boucher, Ph.D. |
| EB | Earl Brown |
| TJ | Tomeka Jack, M. Ed. |

James E. Brown, Esq.
James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Gloria Williams

July 19, 2004

In Reference To:  Gloria Williams

Invoice #14461

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/22/2003 | JEB | Consultation with parent and legal assistant, reaserch and case preparation. | 1.50<br>350.00/hr | 525.00 |
| | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.50<br>95.00/hr | 142.50 |
| 9/30/2003 | AAG | Conference with parent | 0.33<br>95.00/hr | 31.35 |
| 10/3/2003 | AAG | Prepared documents for child's attorney | 0.63<br>95.00/hr | 59.85 |
| | AAG | Drafted letter to parent re: team assignment | 0.50<br>95.00/hr | 47.50 |
| | AAG | Prepared documents for child's advocate | 0.63<br>95.00/hr | 59.85 |
| | AAG | Conference with parent regarding school meeting and more issues | 0.58<br>95.00/hr | 55.10 |
| 10/8/2003 | RR | Phone call from grandmother re: her educational concerns. | 0.33<br>300.00/hr | 99.00 |
| | RR | Draft memo to legal assistant re: requesting records and re-evaluations. | 0.33<br>300.00/hr | 99.00 |
| 10/9/2003 | HR | Reviewed memo from attorney regarding new case file and requesting educational records/evaluations. | 0.25<br>95.00/hr | 23.75 |

Gloria Williams                                                                                    Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/9/2003 | HR | Reviewed case file in preparation to request educational records/evaluations. | 0.50 95.00/hr | 47.50 |
| | HR | Phone call to Friendship Edison regarding records/evaluation req. | 0.25 95.00/hr | 23.75 |
| | HR | Drafted letter requesting records to Friendship Edison Collegiate Public Charter School | 0.83 95.00/hr | 78.85 |
| | HR | Draft letter requesting evaluations to Friendship Edison Collegiate Public Charter School | 0.75 95.00/hr | 71.25 |
| | HR | Draft letter to parent regarding records and reevaluations requested | 0.75 95.00/hr | 71.25 |
| | HR | Draft letter to grandmother regarding copies of the records and reevaluations requested per her request. | 0.33 95.00/hr | 31.35 |
| | HR | Sent copies of records/evaluations req. to Veleter and Anne Gay | 0.33 95.00/hr | 31.35 |
| 10/14/2003 | HR | Draft memo to attorney and advocate regarding records/evaluation deadline | 0.17 95.00/hr | 16.15 |
| 10/28/2003 | CM | Conference with parent re case status | 0.67 150.00/hr | 100.50 |
| 10/29/2003 | RR | Draft memo to legal assistant re: receipt of records. | 0.33 300.00/hr | 99.00 |
| 10/30/2003 | CM | Reviewed school records | 0.75 150.00/hr | 112.50 |
| | CM | Reviewed psychological report by D. Kim | 0.50 150.00/hr | 75.00 |
| | CM | Reviewed speech and language report by B. Wilkinson | 0.50 150.00/hr | 75.00 |
| | CM | Reviewed psychological report by Q. Graham | 0.50 150.00/hr | 75.00 |
| | CM | Reviewed 6/13/02 IEP | 0.50 150.00/hr | 75.00 |
| 11/3/2003 | HR | Updated students master file with educational records and evaluations received from DCPS. | 0.58 95.00/hr | 55.10 |
| 11/5/2003 | RR | Draft team update report re: records received. | 0.25 300.00/hr | 75.00 |

Gloria Williams                                                                                          Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/12/2003 | CM | Conference with parent re child's school progress | 0.58<br>150.00/hr | 87.00 |
|  | CM | phone call to Larry Davis at Friendship Edison Charter School to set up observation | 0.33<br>150.00/hr | 49.50 |
|  | CM | memo to attorney re case status | 0.83<br>150.00/hr | 124.50 |
| 11/13/2003 | CM | Conference with parent re evaluations and report card for thsi advisory | 0.42<br>150.00/hr | 63.00 |
| 11/14/2003 | CM | School visit; classroom observation at Friendship-Edison | 4.00<br>150.00/hr | 600.00 |
| 11/17/2003 | HR | Discussion with advocate regarding records received | 0.33<br>95.00/hr | 31.35 |
|  | CM | Discussion with paralegal re records received | 0.33<br>150.00/hr | 49.50 |
|  | CM | report to attorney on recent classroom observation | 0.75<br>150.00/hr | 112.50 |
| 11/24/2003 | CM | Conference with parent re scheduling MDT/IEP meeting | 0.33<br>150.00/hr | 49.50 |
|  | CM | letter to Mr. Henr at FriendshipEdison Academy responding to letter of invitation | 0.67<br>150.00/hr | 100.50 |
| 11/25/2003 | HR | Reviewed memo from advocate regarding the MDT/IEP meeting notes | 0.25<br>95.00/hr | 23.75 |
|  | HR | Phone call from Ms. Nancy Opalack from Friendship Edison concerning authorization forms and time line | 0.33<br>95.00/hr | 31.35 |
|  | HR | Draft memo to attorney and advocate regarding phone call from Ms. Nancy Opalack from Friendship Edison concerning authorization forms and time line. | 0.25<br>95.00/hr | 23.75 |
|  | CM | Discussion with DCPS staff Ms. Opalack at Friendship Edison regarding evaluations (2 times) | 0.42<br>150.00/hr | 63.00 |
| 12/1/2003 | CM | Discussion with the child's attorney re evaluations and upcoming MDT meeting | 0.25<br>150.00/hr | 37.50 |
|  | RR | Discussion with advocate re: upcoming meeting. | 0.25<br>300.00/hr | 75.00 |
|  | RR | Pone call from and return call to special education manager re: authorizations. | 0.20<br>300.00/hr | 60.00 |

Gloria Williams                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2003 | CM | phone call to parent to remind her of MDT meeting at FriendshipEdison Charter School (2 times) | 0.42 150.00/hr | 63.00 |
|  | CM | phone call to parent to remind her of IEP meeting for 12/4/03 (2 times) | 0.42 150.00/hr | 63.00 |
| 12/3/2003 | CM | Reviewed file correspondence and prepared fo rupcoming IEP | 1.00 150.00/hr | 150.00 |
| 12/4/2003 | CM | Attended MDT/IEP @ FriendshipEdison Charter School | 5.50 150.00/hr | 825.00 |
| 12/5/2003 | HR | Discussion with advocate reagrding preparing and sending placement packages. | 0.33 95.00/hr | 31.35 |
|  | AAG | Reviewed advocate's report, file review and discussion with attoney Brown | 0.47 95.00/hr | 44.65 |
|  | JEB | Reviewed advocate's report, file review and discussion with paralegal | 0.47 350.00/hr | 164.50 |
|  | CM | Discussion with paralegal re placement packages | 0.33 150.00/hr | 49.50 |
| 12/9/2003 | HR | Researched master file for documents to prepare placement package | 0.50 95.00/hr | 47.50 |
| 12/10/2003 | CM | conference with the child's attorney re case status | 0.42 150.00/hr | 63.00 |
|  | HR | Draft letter to parent regarding placement | 0.67 95.00/hr | 63.65 |
|  | HR | Phone call to Kennedy Institute in preparation to send placement package | 0.25 95.00/hr | 23.75 |
|  | RR | conference with advocate re: 12/4 meeting at school. | 0.42 300.00/hr | 126.00 |
|  | JEB | File Review and sent letter to parent/student | 0.25 350.00/hr | 87.50 |
|  | HR | Prepared and sent placement packages to the Leary School of Virginia | 1.00 95.00/hr | 95.00 |
|  | HR | Phone call to Ivymont School in preparation to send placement package | 0.25 95.00/hr | 23.75 |
|  | HR | Phone call to Leary School in preparation to send placement package | 0.25 95.00/hr | 23.75 |

Gloria Williams                                                                                    Page      5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/10/2003 | HR | Phone call to Accotink Academy in preparation to send placement package | 0.25 95.00/hr | 23.75 |
|  | HR | Prepared and sent placement packages to Ivymont School | 1.00 95.00/hr | 95.00 |
|  | HR | Prepared and sent placement packages to Accotink Academy | 1.00 95.00/hr | 95.00 |
|  | HR | Prepared and sent placement packages to the kennedy Institue | 1.00 95.00/hr | 95.00 |
| 12/11/2003 | CM | Prepared and sent placement packages to Leary School, Accotink, Kennedy Institute and Ivy Mount | 1.33 150.00/hr | 199.50 |
| 12/16/2003 | CM | Discussion with Brenda at Leary School re schedulling interview | 0.42 150.00/hr | 63.00 |
| 12/18/2003 | RR | discussion with legal assistant Y. Amaya re: contacting grandparent. | 0.25 300.00/hr | 75.00 |
|  | RR | Draft letters to grandparent and parent re: evaluations. | 0.33 300.00/hr | 99.00 |
|  | RR | Draft letter to grandparent re: needed authorizations. | 0.50 300.00/hr | 150.00 |
|  | RR | Draft letter to school re: evaluations. | 1.00 300.00/hr | 300.00 |
|  | RR | Phone call to grandmother re: representation (left message) | 0.13 300.00/hr | 39.00 |
|  | RR | Reviewed letter from school and phone message from evaluation manager | 0.33 300.00/hr | 99.00 |
|  | YA | Discussion with the child's attorney | 0.25 95.00/hr | 23.75 |
| 12/22/2003 | RR | Phone call from guardian re: authorizations and evaluations. | 0.33 300.00/hr | 99.00 |
| 12/29/2003 | RR | Phone call from Dr. Ito of Pines Residential and return call re: student's disability (messages left by both) | 0.20 300.00/hr | 60.00 |
| 1/16/2004 | CM | Conference with parent re case status | 0.33 150.00/hr | 49.50 |
| 2/13/2004 | RG | Prepared and file due process hearing request to DCPS and instructed paralegal about follow up and advised advocate | 2.50 300.00/hr | 750.00 |

Gloria Williams

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/13/2004 | YA | Assisted attorney in preparation of request for hearing | 0.58<br>95.00/hr | 55.10 |
| | RG | Reviewed IEP and meeting notes; prior evaluations and school records | 1.00<br>300.00/hr | 300.00 |
| 2/17/2004 | YA | File review and developed monthly case status report to parent re: Hearing Request Notice | 0.75<br>95.00/hr | 71.25 |
| 2/25/2004 | RG | Conference with parent and grandmother; letter to school and letter to parent re: testing; residency and municipal regulations | 1.25<br>300.00/hr | 375.00 |
| 2/27/2004 | MM | File review and developed monthly case status report | 0.58<br>150.00/hr | 87.00 |
| 3/1/2004 | YA | Draft letter to Friendship PCS re: hearing request | 0.42<br>95.00/hr | 39.90 |
| 3/11/2004 | YA | File review and developed monthly case status report to parent re: Hearing Notice | 0.75<br>95.00/hr | 71.25 |
| | YA | Reviewed hearing notice and tickled calendar | 0.17<br>95.00/hr | 16.15 |
| | RG | Reviewed settlement proposal and upcoming dates and deadlines | 0.42<br>300.00/hr | 126.00 |
| 3/16/2004 | MM | File review and developed monthly case status report | 0.75<br>150.00/hr | 112.50 |
| 3/17/2004 | MM | Conference with parent | 0.33<br>150.00/hr | 49.50 |
| 3/23/2004 | MM | Conference with parent | 0.50<br>150.00/hr | 75.00 |
| 3/24/2004 | RG | Prepare disclosure to DCPS | 2.00<br>300.00/hr | 600.00 |
| 3/25/2004 | RG | Discussion with advocate | 0.25<br>300.00/hr | 75.00 |
| | MM | File review and developed monthly case status report | 0.58<br>150.00/hr | 87.00 |
| | YA | Assisted attorney to prepare disclosure to DCPS & Paul Dalton, Esq. | 2.00<br>95.00/hr | 190.00 |
| | MM | Conference with parent | 0.33<br>150.00/hr | 49.50 |

Gloria Williams                                                              Page    7

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/25/2004 | YA | Prepare trial jacket to attorney for hearing | 0.58 95.00/hr | 55.10 |
| 3/29/2004 | MM | Drafted letter to school | 0.50 150.00/hr | 75.00 |
| 3/31/2004 | RG | Pre-hearing conference with witnesses and experts re: testing | 1.00 300.00/hr | 300.00 |
| | CM | Pre-hearing conference with attorney | 0.42 150.00/hr | 63.00 |
| | CM | Prepared for Due Process Hearing | 1.25 150.00/hr | 187.50 |
| | MM | File review and developed monthly case status report | 0.58 150.00/hr | 87.00 |
| 4/1/2004 | RG | Prepared for Due Process Hearing | 2.00 300.00/hr | 600.00 |
| | RG | Appearance to 825 North Capital for due process hearing and pre-post hg conference | 2.00 300.00/hr | 600.00 |
| | MM | Prepared for Due Process Hearing | 1.50 150.00/hr | 225.00 |
| 4/2/2004 | JEB | Contact with parent: Reported Advocate's assessment re: meeting at Friendship | 0.08 350.00/hr | 28.00 |
| 4/9/2004 | RG | Discussion with paralegal | 0.25 300.00/hr | 75.00 |
| | YA | Discussion with the child's attorney | 0.25 95.00/hr | 23.75 |
| 4/13/2004 | MM | Conference with parent | 0.33 150.00/hr | 49.50 |
| | YA | Discussion with the child's attorney | 0.25 95.00/hr | 23.75 |
| | RG | Reviewed interim HOD; reviewed file to ascertain status; call to school re: evals and IEP; letter to attorney and school; instructions to paralegal; discussion with advocate re: upcoming dates and deadlines; | 2.00 300.00/hr | 600.00 |
| | RG | Conference with parent | 0.50 300.00/hr | 150.00 |
| 4/15/2004 | YA | Reviewed HOD and tickle calendar | 0.42 95.00/hr | 39.90 |

Gloria Williams                                                                    Page     8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/15/2004 | YA | File review and developed  monthly case status report to parent re: Hearing Officer's Determination | 0.75 95.00/hr | 71.25 |
|  | RG | Prepared amended due process hearing request | 2.50 300.00/hr | 750.00 |
|  | MM | File review and developed  monthly case status report | 1.00 150.00/hr | 150.00 |
| 4/16/2004 | RG | Drafted letter to DCPS / Attorney and revised amended HR | 0.67 300.00/hr | 201.00 |
| 4/22/2004 | MT | Contact with parent: Reported Advocate's assessment dated 4/15/04 re: inappropriate placement and IEP | 0.58 120.00/hr | 69.60 |
|  | YA | Assisted attorney to prepare Amended disclosure to DCPS | 1.00 95.00/hr | 95.00 |
|  | RG | Prepare disclosure to DCPS ( amended disclosures; instruction to paralegal and discussion with advocate | 2.00 300.00/hr | 600.00 |
| 4/28/2004 | YA | Assist attorney with preparation for hearing | 2.00 95.00/hr | 190.00 |
|  | MM | Prepared for Due Process Hearing | 1.50 150.00/hr | 225.00 |
| 4/29/2004 | RG | Prepared for Due Process Hearing | 1.50 300.00/hr | 450.00 |
|  | RG | Appearance to 825 North Capital for due process hearing; pre and post hearing confernece with witnesses and advocates | 4.50 300.00/hr | 1,350.00 |
|  | MM | Appearance to 825 North Capital for due process hearing | 3.00 150.00/hr | 450.00 |
| 5/5/2004 | RG | Conference with parent | 0.33 300.00/hr | 99.00 |
|  | CM | Prepared for Due Process Hearing | 2.00 150.00/hr | 300.00 |
| 5/10/2004 | RG | Telephone call to DCPS school staff | 0.33 300.00/hr | 99.00 |
|  | JEB | Contact with parent: Reported Advocate's assessment(hearing outcome) | 0.08 350.00/hr | 28.00 |
| 5/21/2004 | MM | School visit; classroom observation | 2.00 150.00/hr | 300.00 |

Gloria Williams                                                                                    Page     9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/26/2004 | RG | Prepared for Due Process Hearing | 2.00<br>300.00/hr | 600.00 |
|  | CM | Pre-hearing conference with attorney | 0.50<br>150.00/hr | 75.00 |
|  | RG | Conference with parent | 0.33<br>300.00/hr | 99.00 |
|  | RG | Pre-hearing conference | 0.50<br>300.00/hr | 150.00 |
|  | MM | Discussion with school | 0.25<br>150.00/hr | 37.50 |
| 5/27/2004 | RG | Appearance to 825 North Capital for due process hearing and pre/post<br>hrg conference with  team and aprent | 3.00<br>300.00/hr | 900.00 |
|  | CM | Appearance to 825 North Capital for due process hearing | 3.00<br>150.00/hr | 450.00 |
|  | MM | Prepared for Due Process Hearing | 1.50<br>150.00/hr | 225.00 |
|  | MM | Appearance to 825 North Capital for due process hearing | 3.00<br>150.00/hr | 450.00 |
| 6/24/2004 | RG | Reviewed HOD | 0.50<br>300.00/hr | 150.00 |
| 6/25/2004 | YA | File review and developed  monthly case status report to parent re:<br>Hearing Officer's Determination | 0.58<br>95.00/hr | 55.10 |
|  | YA | Reviewed Hearing Officer's Determination tickled calendar | 0.25<br>95.00/hr | 23.75 |
| 6/29/2004 | RG | Conference with parent | 0.33<br>300.00/hr | 99.00 |
| 7/6/2004 | MM | Reviewed 6/23/04 hod and documented timelines | 0.58<br>150.00/hr | 87.00 |

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| For professional services rendered | | 118.32 | $22,490.40 |

Additional Charges :

| 9/22/2003 | Copied documents; initial intake | 9.25 |
|---|---|---|
| 10/3/2003 | Postage; letter to parent | 0.37 |

Gloria Williams                                                                  Page    10

                                                                              Amount

| Date | Description | Amount |
|---|---|---|
| 10/3/2003 | Copied documents | 7.50 |
| 10/9/2003 | Facsimile to Friendship Edison, Veleter, Gay; records and reevals. request | 22.00 |
| | Postage; letter to parent and grandmother re: record/re-evals. | 0.74 |
| | Copied documents; records/reevals request/ letter to parent | 3.75 |
| 10/30/2003 | Copied documents; records | 27.50 |
| | Postage; Records from edison | 2.67 |
| | Copied documents- Letter to parent re: records | 0.75 |
| 11/25/2003 | Facsimile | 4.00 |
| 12/8/2003 | Facsimile Received | 3.00 |
| 12/10/2003 | Copied documents | 0.50 |
| | Postage; letter to parent | 0.37 |
| 12/11/2003 | Postage; Placement Packets (3) | 5.94 |
| | Postage; letter to parent | 0.37 |
| 12/12/2003 | Postage; letter to parent | 0.60 |
| 12/19/2003 | Postage; letter to parent, grandmother: response from school | 0.37 |
| | Postage; letter to parent, response from school | 0.37 |
| 2/13/2004 | Facsimile; HR | 7.00 |
| | Copied documents; HR | 1.75 |
| 2/17/2004 | Copied documents; HRN to parent | 0.25 |
| 2/18/2004 | Postage; letter to parent (HRN) | 0.60 |
| 2/25/2004 | Postage; letter to parent | 0.37 |
| 3/1/2004 | Facsimile  (DCPS /OGC)  (HR) | 2.00 |
| 3/3/2004 | Postage; letter to parent (HON to parent) | 0.37 |
| 3/9/2004 | Facsimile Received | 1.00 |
| 3/11/2004 | Copied documents; HDN | 0.50 |
| | Postage; letter to parent (HDN to parent) | 0.37 |

Gloria Williams                                                                      Page    11

                                                                                        Amount

| Date | Description | Amount |
|---|---|---|
| 3/15/2004 | Facsimile Received | 2.00 |
| 3/25/2004 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied documents 5 day disclosure. | 137.50 |
| 3/30/2004 | Facsimile Received | 26.00 |
| 4/1/2004 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 4/9/2004 | Facsimile Received | 4.00 |
| 4/14/2004 | Facsimile(Parent-HOD-letter) | 1.00 |
| 4/15/2004 | Facsimile(parent-letter w/HOD) | 1.00 |
| | Postage; letter to parent with HOD. | 0.37 |
| 4/16/2004 | Fax documentsSHO-HR) | 9.00 |
| | Faxdocuments(OGC-HR) | 9.00 |
| | Fax documents(Charter school-HR) | 9.00 |
| 4/22/2004 | Facsimile Received (Dalton Disclosures) | 61.00 |
| | Copy(DCPS-5-DAY Supplemental) | 15.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 4/28/2004 | Facsimile Received | 2.00 |
| 4/29/2004 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 5/3/2004 | Facsimile Received | 2.00 |
| 5/11/2004 | Facsimile Received (Interim Order) | 3.00 |
| 5/18/2004 | Facsimile Received | 2.00 |
| 5/19/2004 | Facsimile Received | 2.00 |
| 5/27/2004 | Sedan taxi service to   DCPS for hearing | 7.00 |
| 6/23/2004 | Facsimile Received (HOD) | 10.00 |
| 6/25/2004 | Copied documents(letter) | 0.25 |
| | Copied documents(HOD) | 10.25 |
| | Postage; letter to parent (status letter with HOD) | 0.83 |

ᴖria Williams

Page    12

| | | Amount |
|---|---|---|
| 6/30/2004 | Copied documents(Adv/HOD) | 4.00 |
| 7/16/2004 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $587.34 |
| | Total amount of this bill | $23,077.74 |