UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANICE DICKENS,** *et alia* | : | |
| **Plaintiffs** | : | |
| v. | : | CA NO. 1:06CV01466 (EGS) |
| **FRIENDSHIP-EDISON P.C.S.** | : | |
| **Defendants** | : | |

## DEFENDANT'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Friendship-Edison Public Charter School, (FEPCS) by and through counsel and answers Plaintiff's Complaint.

1. Deny, the defendant's are not obligated to provide attorney's fees in these matters as a matter of law.

2. Admit

3. Admit

4. Admit that plaintiffs are eligible to receive special education and were residents of the District of Columbia. Deny that the plaintiffs prevailed in administrative hearings.

4.a. Admit plaintiff Te.D filed suit on or about 14 April 2006 and admit that on 16 June 2006 the District of Columbia Public Schools (DCPS) convened a due process hearing which resulted in a determination. Deny that plaintiff Te.D prevailed. In view of plaintiff Te.D's failure to prevail at the administrative hearing, Defendant does not owe attorney's fees.

4.b. Admit Plaintiff Tr.D. filed a hearing on 26 April 2004[1] and admit that DCPS convened an administrative hearing on 17 May 2004. Admit the hearing officer ordered FEPCS to provide 18 hours of speech-language services and ordered FEPCS/DCPS to convene an MDT/IEP meeting to discuss and determine an appropriate Compensatory Education Plan. Deny that plaintiff Tr.D prevailed. In view of plaintiff Tr.D.'s failure to prevail at the administrative hearing, Defendant does not owe attorney's fees.

4.c. Admit Plaintiff AM filed a hearing request on 19 November 2003[2] and admit that DCPS convened an administrative hearing on 16 January 2004. Deny Plaintiff states a claim upon which relief can be granted.

4.d. Admit Plaintiff BS filed a hearing on 14 October 2003[3] and admit that DCPS convened an administrative hearing on 12 March 2004. Admit the hearing officer ordered DCPS to convene a BLMDT/IEP/Placement Meeting at Edison to review evaluations and discuss and decide placement and decide whether a comp ed plan is warranted. Deny that

---

[1] The Plaintiffs in the Complaint included Exhibit Two as the 26 April 2004 Hearing Request. However, the Hearing Request Plaintiffs included was in fact dated six months later 01 November 2004 and was not the basis for the Hearing Determination of 04 June 2004. Defendant is currently attempting to locate the correct Hearing Request from DCPS and will submit to the court as soon as possible.

[2] The Plaintiffs in the Complaint included Exhibit Three as the 19 November 2003 Hearing Request. However, the Hearing Request Plaintiffs included was in fact dated 18 months later 06 June 2005 and was not the basis for the Hearing Determination of 16 January 2004. Defendant has included the correct Hearing Request, Exhibit 1.

[3] The Plaintiffs in the Complaint included Exhibit Four as the 28 October 2003 Hearing Request. However, the Hearing Requests Plaintiffs included were in fact dated, 01 November 2004, 19 August 2004, 04 November 2003, and 14 October 2003 and were not the basis for the Hearing Determination of 15 March 2004. Defendant has included the correct Hearing Request, Exhibit 2.

plaintiff BS prevailed against FEPCS. In view of plaintiff BS's failure to prevail at the administrative hearing, Defendant does not owe attorney's fees.

4.e. Admit Plaintiff GW filed a hearing on 13 February 2004[4] and admit that DCPS convened an administrative hearing on 27 May 2004. Deny that the invoice submitted for reimbursement of attorney's fees was reasonable.

5. Admit

6. Admit that Plaintiffs submitted claims however deny that the claims were reasonable.

7. Admit

8. Admit since Defendant is not liable for the attorney's fees and the fees are not reasonable.

9. Deny

10. Admit since Defendant is not liable for the attorney's fees and the fees are not reasonable.

11. Deny

12. Admit prevailing parties may seek reasonable attorney fees however deny the Plaintiffs in this case are prevailing parties and that the fees are reasonable.

13. Deny

14. Admit Plaintiffs who prevail may seek reasonable attorney fees however deny the Plaintiffs in this case are prevailing parties or that the fees are reasonable.

15. Admit the prevailing party may recover fees consistent with prevailing market rates, however, the invoices were not reasonable and necessary and if fact included work

---

[4] The Plaintiffs in the Complaint included Exhibit Five as the 13 February 2004 Hearing Request. However, the Hearing Request Plaintiffs included was in fact dated two months later 16 April 2004 and was not the basis for the Hearing Determination of 23 June 2004. Defendant is currently attempting to locate the correct Hearing Request from DCPS and will submit to the court as soon as possible.

performed by non-attorneys.

16. Admit that there have been cases decided in the District of Columbia on the issue of "reasonable" rates for attorneys' fees.

17. Deny

18. Statement is a legal conclusion requiring no response.

19. Deny

20. Admit prevailing parties may seek reasonable attorney fees however deny the Plaintiffs in this case are prevailing parties

21. Admit since Defendant is not liable for the attorney's fees

## AFFIRMATIVE DEFENSES

1. The Plaintiffs fail to state a claim upon which relief can be granted.

2. In the matter of TD, TD, and BS, FEPCS was the prevailing party, not Plaintiff and therefore the matter should be dismissed on that basis.

WHEREFORE, Defendant respectfully request that this Court dismiss the Complaint and award Defendants reasonable attorney's fees and cost associated with mounting the defense.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)
**Attorney for Defendant**