# DEFENDANT'S EXHIBIT 1

11/20/2003 08:43 FAX 2025475800
11/19/2003 16:59 FAX 202 742 7       Murrell Brown                                    ☒002/007

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➤ This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.

➤ This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556

*Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:*

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: Amin Marrow           DOB: August 14, 1995

Address: 1011 14th ST., SE, #11, Washington, D.C. 20003

Present School of Attendance:   Friendship-Edison Public Charter School [Chamberlain Campus]

Home School:   Ludlow-Taylor Elementary School
(Neighborhood school where child is registered)

**COMPLAINT IS MADE AGAINST:** Friendship-Edison PCS and District of Columbia Public Schools
                     DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: William Marrow & Edwina Sumpter

Address:   1011 14th ST., SE, #11, Washington, D.C. 20003

Phone: (H) 202 543-9095/345-6993   (W) n/a            (F) _____

Relationship to Student: _X_ Parent ___ Self ___ Legal Guardian ___ Parent Surrogate ___ Public Agency

### PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: Miguel A. Hull, Esq.       Phone: (W) 202 742-2015     (Fax) 202 742-2098

Address: 1220 L St. NW, #700, Washington, D.C. 20005

Form 101                                                                          02/01/2003

11/20/2003 08:43 FAX 2025475800                                    ☒04
11/19/2003 16:59 FAX 202 742 2⋯        Murrell Brown              ☒003/007

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings: __December 19, 2003__   __January 5, 2003__   __January 6, 2004__

Mediation: __Not requested__   __Not requested__   __Not requested__

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

    Interpreter
    ___ Foreign Language _____
    ___ Sign Language _____
    ___ Other _____
    ___ Special Communications _____

11/20/2003 08:43 FAX 2025475800                                          ⌀05
11/19/2003 17:00 FAX 202 742 2(           Murrell Brown              ⌀004/007

Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

- Amin Marrow is an eight-year-old student at Friendship-Edison Public Charter School [Chamberlain Campus] in the District of Columbia; his home school is Ludlow-Taylor Elementary School. On April 22, 2003, an MDT meeting took place at Friendship-Edison during which an Individualized Educational Program ("IEP") was developed classifying Amin as speech and language impaired and entitling him to one hour per week of speech and language therapy and two hours per week of specialized instruction. See IEP 4/22/03. Amin's parents now respectfully assert the following violations of their and their son Amin's rights under the Individuals with Disabilities Education Act ("IDEA"); D.C. Code; and District of Columbia Municipal Regulations ("DCMR"):
  
  o Failure to Implement IEP: failure to provide speech & language services. Amin's current IEP calls for him to receive one hour per week of speech & language therapy. However, Amin's father has confirmed, through conversations with two administrators at Friendship-Edison, that Amin has not received any of his speech & language therapy so far this school year because the school speech & language therapist has been on some sort of leave. 34 C.F.R. Sec. 300.341 (c) (SEA shall ensure that IEP is implemented); 34 C.F.R. Sec. 300.342 (b) (public agency shall ensure that IEP is implemented); 30 DCMR Sec. 3002.1

  o Failure to conduct adaptive behavior scales assessment. Amin has had two psychological-educational evaluations in recent months, one dated June 5, 2002, and the other dated March 13, 2003. Both evaluations indicate that Amin's IQ scores fall in the borderline range of intellectual functioning. Given such borderline IQ scores, the parent believes that it would have been reasonable for an adaptive behavioral assessment to have been conducted for Amin. However, it appears from a review of Amin's educational records that such an assessment has not been done for him. Accordingly, the parents respectfully assert that Amin was not comprehensively evaluated. 34 C.F.R. Sec. 300.346 (a) (1) (In developing IEP, team must consider results of most recent evaluations); 34 C.F.R. Sec. 300.532 (g) (public agency must ensure that child is evaluated in all areas of suspected disability); 34 C.F.R. Sec. 300.532 (h) (public agency must ensure that evaluations are sufficiently comprehensive to identify all of the child's special education needs); 30 DCMR Secs. 3005.9 (g) & (h); and 3007.2.

  o As the respective State Educational Agency ("SEA"), District of Columbia Public Schools is ultimately liable for the violations committed here. See 34 C.F.R. Sec. 300.341 (c) (SEA shall ensure that IEP is implemented); 34 C.F.R. Sec. 125 (a) (State must have policies in effect to ensure that all children with disabilities residing in the state are identified, located, and evaluated); 34 C.F.R. Sec. 300.600 ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); 34 C.F.R. Sec. 300.125 ("The state must have policies and procedures to ensure that all children with disabilities residing in the state, including children with disabilities

Form 101                                                                 02/01/2003

attending private schools, regardless of the severity of the disability and who are in need of special education and related services are identified, located, and evaluated."); 34 C.F.R. Sec. 300.360 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); Gadsby vs. Grasmick, 109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); St. Tammany Parish Sch. Bd. Vs. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing Gadsby in holding that State Agency could be held liable for costs of child's interim placement while decision on merits is pending); Kruelle vs. New Castle County Sch. Dist, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); and John T. and Leigh T. vs. Iowa Department of Education, 258 F.3d 860, 865 (8th Cir. 2001) ( On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level*).

- The parents further assert any additional facts or issues related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

- Has Friendship-Edison PCS inappropriately failed to provide Amin Marrow with the speech & language services to which he is entitled?
- Has Friendship-Edison PCS unreasonably failed to conduct an adaptive behavior assessment for Amin?
- Is DCPS, as the respective state agency, ultimately liable for the violations asserted here?
- Is Amin entitled to compensatory education for the violations committed here?
- The parent further asserts any additional facts or issues, related to those raised here, which may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter. For example, the parent reserves the right to contest, without further amendment to this request, the adequacy of any evaluations, eligibility decisions, IEP's, placements, or compensatory education decisions that may be made by Friendship-Edison PCS / District of Columbia Public Schools prior to the hearing for this request.
- If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.

**Describe relevant facts relating to the problem:**

Please see section under Nature of the Problem.

**State how you would like to see the problem corrected:**

The parents of Amin Marrow respectfully request:

11/20/2003 08:43 FAX 2025475800                                                               ☒ 07
11/18/2003 17:01 FAX 202 742 20            Murrell Brown                                     ☒ 006/007

1. a finding that:
   - Friendship-Edison PCS has inappropriately failed to provide Amin Marrow with the speech & language services to which he is entitled;
   - Friendship-Edison PCS has unreasonably failed to conduct an adaptive behavior assessment for Amin?
   - DCPS, as the respective state agency, ultimately liable for the violations committed here;
   - Amin is entitled to compensatory education for the weeks of speech & language therapy that was not provided to him?

2. Friendship-Edison PCS /DCPS be ordered to begin providing the speech & language therapy as specified in Amin's IEP within five school days;

3. that Friendship-Edison PCS /DCPS be ordered to conduct an adaptive behavior assessment for Amin within fifteen business days;

4. that Friendship-Edison PCS /DCPS be ordered to provide parents' counsel with written notice within five business days as to when the adaptive behavior assessment shall take place;

5. that if the written notice of the adaptive behavior assessment is not provided within the time specified, then the parents shall have the right to obtain an independent adaptive behavior assessment at Friendship-Edison PCS /DCPS expense;

6. that Friendship-Edison PCS /DCPS be ordered to convene an MDT meeting for Amin, within five school days of either completing the adaptive behavior assessment, or receiving the parents' independent assessment;

7. that the purpose of the MDT meeting shall be to review and revise Amin's IEP, determine the manner of speech & language compensatory education due, and to identify an appropriate placement with placement to be made within five school days if for a public school or within thirty calendar days if for non-public school;

8. that the MDT meeting in question be scheduled through parents' counsel;

9. that Friendship-Edison PCS/DCPS provide any other relief deemed appropriate and relating to the violations committed here;

10. that pursuant to 5 DCMR 3021.8, Friendship-Edison PCS/DCPS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously provided, at least two business days before any meeting which the student or parent is entitled to attend or participate in;

11. that DCPS provide a hearing within twenty [20] calendar days of a request on any issue arising out of the noncompliance with DCPS obligations arising here, or any disagreement

with the assessment, program, or placement that the student may have;

12. Pursuant to IDEA and its implementing regulations, 34 C.F.R. Sec. 300.1, and 5 DCMR 3000, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

_____          November 19, 2003
Signature of Applicant/Parent (Required)   Date

**MAIL, FAX, OR DELIVER APPLICATION TO:**
Student Hearing Office of the District of Columbia
828 North Capitol Street, NE, 8th Floor
Washington, DC 20002
FAX: (202) 442-5556

---

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                  Revised 02/01/2003

---

Form 101                                  02/01/2003