Respectfully submitted,

Paul S. Dalton , Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

## Certificate of Service

I certify that a copy of this Answer was faxed to parent's counsel , Roberta Gambale at 202-742-2098, OGC at 202-442-5098 and the Student Hearing Office at 202-442-5556 on this 24<u>th</u> day of April, 2006.

Paul S. Dalton
Counsel for Friendship Southeast Academy

3

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9th Floor*
Washington, DC 20001
202-442-5000   Fax # 202-442-5098
*www.k12.dc.us*

April 24, 2006

Mr. Smith, Esq.
Hearing Officer
Student Hearing Office
DCPS Office of Compliance
825 North Capitol, N.E.
Washington, D.C. 20002

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### SPECIAL EDUCATION

### ADMINISTRATIVE DUE PROCESS HEARING OFFICE

| | |
|---|---|
| **In the Matter of** | * |
| **T█████ D█████** | * |
| | * |

**************************************************************************

# DCPS' ANSWER TO DUE PROCESS COMPLAINT

NOW COMES, DCPS, by and through one of its attorney advisors, Rhondalyn Primes, who upon information and belief hereby responds to the Petitioner's Due Process Complaint, as follows:

1.     DCPS denies that it violated the Individuals with Disabilities Act via its alleged failure to fulfill child find obligations. DCPS further provides that T█████ is current school of

---

DCPS Office of the General Counsel
Page 2

attendance, Friendship Southeast Academy Public Charter, ("Friendship Charter") is its own LEA

Charter.  Under both federal and state law, DCPS is not responsible for ensuring that the

requirements of Part B of the Act, are met, unless the LEA Charter has notified DCPS that it is no

longer able to provide such services.  *See* 28 U.S.C. 1413(a)(5)(2004); 30 DCMR 3019.9 (2003).

In this matter, Friendship Charter has not appealed to DCPS for assistance.  Therefore, the Due

Process Hearing Officer must look to Friendship Charter for all of the allegations in Petitioner's

Complaint.

       2.     For the reasons stated above, DCPS denies that it owes T█████ compensatory

education.

       WHEREFORE, DCPS request that Petitioner's Due Process Complaint be dismissed

against DCPS and/or their request for relief against DCPS denied.

Respectfully Submitted,

Rhondalyn Primes
Attorney Advisor

cc:  Roberta Gambale, Esq.



Office of the General Counsel
9th Floor
825 North Capitol St., NE
Washington, DC 20002
(202) 442-5000
Fax (202) 442-5098

# FACSIMILE

**Date:** 04-24-06

**TO:** Roberta Gambale          **Fax No.:** 202/742-2098

**RE:** T▬▬ D▬▬          **Tele. No.:**
Motion to Dismiss and Response to the Due Process Complaint

**FROM:**  Rhondalyn Primes, Esq.          **Tele. No.:** 202-442-5161
Attorney Advisor

**No. Pages, Including Cover Sheet:**  *6*

**COMMENTS:**

_____

***CONFIDENTIALITY NOTICE***

*The information contained in this telefacsimile has been transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.*

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| D██████, T. | | |
| Petitioner | ) | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| **DCPS** | ) | |
| **Friendship Academy SE** | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1.    A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.    The complaint notice was filed on **April 14, 2006**

3.    The deadline for the resolution meeting is **April 29, 2006** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.    ***Prior Written Notice Not Issued by the Local Educational Agency***.  If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.    An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
2.    A description of other options that the IEP Team considered and the reasons why those options were rejected;
3.    A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

155

Rev'd. 7/6/05

4.      A description of the factors that is relevant to the agency's proposal or refusal.

B.      Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **April 24, 2006**.

C.      ***Deficiency Notice***. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

The deadline for filing a deficiency notice is **April 29, 2006**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs



201? APR 14 AM 10:08

DC PUBLIC
SCHOOL SYSTEM

*Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.  INFORMATION ABOUT THE STUDENT:**

Name of the Student: T▓▓▓▓ D▓▓▓▓    Date of Birth: ▓▓▓▓▓95
Address: **3710 2nd Street SE Washington DC 20032**
Home School: **Friendship Southeast Elementary Academy**
Present School of Attendance: **Friendship Southeast Elementary Academy**

Is this a charter school? Yes    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Janice Dickens**
Address (if different from the student's above): same

1

157

SEID DPCN Rev'd. 7/01/05

**B.**   **Legal Representative/Attorney:**

Name: <u>Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)</u>
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>   (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?    <u>X</u> Yes         ☐ No

**C.**   **Complaint Made Against (check all that apply):**

X  Friendship Southeast Elementary Academy ( LEA)
X District of Columbia Public Schools (SEA)

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree to waive
the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at
no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session
Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please
complete the following questions (attach additional pages if needed):

**I.  Nature of the problem.**

**Background**

T█████ D█████ ( Hereinafter "T.D.")  is an 5th grade student attending  Friendship Edison
Southeast Elementary Academy ("FSEA") which is its own LEA and is located in the District of
Columbia. The MDT that convened to address this student's need for testing agreed that verbal and
written comprehension, retention skills, sequencing, processing, following directions and penmanship
were all areas of concern for this student.

2

158

**Issues**

1.  **Friendship Southeast Elementary Academy ("FSEA")  failed to timely evaluate ( 120 days)  and/or identify  as a disabled student in need of Special Education Services pursuant to its obligation under the IDEIA and DC Municipal Regulations**

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires  the Local Education Agency and/or State Education Agency to ensure that:

> All children  with  disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one.  Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003).  Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education and related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability.  Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.)  The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade."  The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a)   The severity of the disability;

(b)   Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;

(c)   Whether the child has never attended or will  never attend public school; and

(d)   Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B

DC Municipal Regulations delineates sets forth the obligations that Charter Schools who are their own LEA have with regards to the identification of students[1].  It is the obligation of the Charter School to ensure that a full and comprehensive evaluation is completed and reviewed by an appropriate IEP team and/or if eligible a program is developed within the one hundred twenty (120) day time line. Initial evaluations were requested in writing in December 2005.

---

[1] See DCMR 3005 & 3019

3

Despite the fact that an MDT convened in February 2006 and agreed that evaluations were warranted [2]evaluations have not been conducted and/or a meeting has not been held on behalf of this student. As a result, he has been denied a Free and Appropriate Public Education ("FAPE") [3]


As a result, this student has been denied a FAPE.


## II. Issues presented.

- Whether Friendship Southeast Elementary Academy failed to timely evaluate, convene an MDT to review evaluation results and address eligibility and/or if eligible develop an Individualized Educational Program ("IEP") for T.D. following the written request of the parent in December, 2005?


## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. That FSEA shall fund the following evaluations for T.D. to include but not limited to: a) psycho-educational evaluation; b) speech and language assessment; c) social history ; and d) classroom observation, e) clinical evaluation ( with Conner's Scale) f) occupational therapy evaluation, as well as, any evaluations warranted based upon the findings of these such as a functional behavioral assessment; a psychiatric evaluation and/or neuropsychological evaluation and/or audiological evaluation and/or occupational therapy evaluation;

2. That FSEA shall convene an MDT meeting within ten (10) calendars days of receipt of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement;

3. That at the afore mentioned meeting, FSEA shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

4. Should T.D. be determined to be eligible for services, parent reserves the right address compensatory education for denials of FAPE that have occurred and the student shall be entitled to receive compensatory education from April 14, 2005 to the date that the IEP is developed and implemented;

5. That FSEA agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

6. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

---

[2] The MDT specifically agreed that a psychological evaluation ( including the VMI); an educational evaluation; a speech and language evaluation, and an occupational therapy screening and Conner's Scale should be administered to and/or for T.D.
[3] It should be notes that not only was written request for evaluations submitted to FSEA but copies of said request were served upon the SEA – DCPS – Office of Special Education and/or Mediation and Compliance

4

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the agency's' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that FSEA shall fail to comply with the terms herein, the parent shall have the authority to use self help without further notice to the agency and initiate an IEP and unilateral placement in an interim school or educational program until such time the public agency can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

10. 19.. The FSEA/DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

11. That FSEA within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why FSEA proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That FSEA, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of FSEA, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That FSEA, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

14. That FSEA's failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of FSEA to make such argument at any later date and time.

15. That FSEA pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That FSEA pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the

5

facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

17. That FSEA failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

G.  **Accommodations and Assistance Needed:**

- N/A

Dated this 14th Day of April, 2006

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. 7/01/05

162

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

-----------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:   Ms. Sharon Newsome- DCPS Student Hearing Coordinator

FROM: Roberta L. Gambale, Esq.

DATE:  April 14 , 2006

FAX NO: 202-442-5556

**SUBJECT:**   Due Process Hearing Request- T██████ D██████

NUMBER OF PAGES, INCLUDING FAX COVER SHEET:

COMMENTS:

DC PUBLIC SCHOOL SYSTEM
2006 APR 14  AM 10: 08

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ *Admitted Only in Maryland. Practicing Pursuant to Rule 49(c) (8); Supervision by Miguel Hull and Christopher West, Members of the D.C. Bar.*

* *Admitted Only in Virginia. Practicing Pursuant to Rule 49(c) (8); Supervision by Tilman L. Gerald and John Straus, Members of the D.C. Bar.*

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5693

**DISTRICT OF COLUMBIA PUCLIC SCHOOLS**
**State Enforcement & Investigation Division**
**For Special Education Programs**

# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
                    **Special Education Coordinator**

Telephone Number: **(202) 562-1980**
        Fax Number: **(202) 562-0726**

Pages: **10**
Date: April 14, 2006

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: T█████ D█████

School:  **Friendship Academy SE**

**The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office.  If you have questions about the attached Notice, please contact the Complaint Intake Unit at (202) 442-5253.  Otherwise, if you have questions about the content of the compliant you should contact your legal counsel for further advice.**

                                            **Thank You**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.          DISTRICT OF COLUMBIA PUCLIC SCHOOLS
Washington, DC 20002                          State Enforcement & Investigation Division
(202) 442-5693                                    For Special Education Programs

# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Attorney: Roberta Gamble, Esq.**
**Parent: Janice Dickens**

Telephone Number: **(202) 742-2000**          Pages: **3**
Fax Number: **(202) 742-2098**               Date: **April 14, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: T██████ D██████
School:  **Friendship Academy SE**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 442-5253.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.
                                                  **Thank You**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally
privileged.  The information is intended only for use of the individual or entity named Above, if you are not the
intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in
reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please
immediately notify us by telephone For return of the original document to us.

```
                 ┌─────────────────────────────────────┐
                 │  TRANSMISSION VERIFICATION REPORT   │
                 └─────────────────────────────────────┘
                                        TIME  : 04/18/2006 10:39
                                        NAME  : SEID OMPC
                                        FAX   : 2025353215
                                        TEL   : 2024425493
                                        SER.# : BROG5J311077


    DATE,TIME                    04/18  10:36
    FAX NO./NAME                 95620726
    DURATION                     00:03:13
    PAGE(S)                      10
    RESULT                       OK
    MODE                         STANDARD
                                 ECM
```

**Complaint Intake Unit**
**825 North Capitol Street, NE- 8th Fl.**
**Washington, DC 20002**
**(202) 442-5693**

DISTRICT OF COLUMBIA PUCLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator**
                    **Special Education Coordinator**

Telephone Number: **(202) 562-1980**           Pages: **10**
        Fax Number: **(202) 562-0726**          Date: April 14, 2006

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due Process Complaint Notice regarding:**

Student: **T⬛⬛⬛ D⬛⬛⬛**

School:  **Friendship Academy SE**

166

**The Complaint Intake Unit is responsible for providing parties with information**

```
┌─────────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT             │
└─────────────────────────────────────────────┘
```

```
                              TIME  : 04/18/2006 10:35
                              NAME  : SEID OMPC
                              FAX   : 2025353215
                              TEL   : 2024425493
                              SER.# : BROG5J311077
```

```
┌──────────────────────────────────────────────────────────────────────────┐
│                                                                            │
│   DATE,TIME              04/18  10:34                                       │
│   FAX NO./NAME           97422098                                          │
│   DURATION               00:00:54                                          │
│   PAGE(S)                03                                                │
│   RESULT                 OK                                                │
│   MODE                   STANDARD                                          │
│                          ECM                                              │
│                                                                            │
└──────────────────────────────────────────────────────────────────────────┘
```

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5693

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
State Enforcement & Investigation Division
For Special Education Programs

# Fax

## Time Sensitive Materials Attached

### Prompt Attention: Attorney: Roberta Gamble, Esq.
### Parent: Janice Dickens

Telephone Number: **(202) 742-2000**
Fax Number: **(202) 742-2098**

Pages: **3**
Date: **April 14, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: T██████ D██████
School:  **Friendship Academy SE**

The Complaint Intake Unit is responsible for providing parties with information notice that a Due Process Complaint has been filed with the Student Hearing Office. If you have questions about the attached Notice, please contact the Complaint Intake Unit at (202) 442-5253. Otherwise, if you have questions about the content of the compliant you should contact your legal counsel for further advice.

167

**Thank You**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
STUDENT HEARING OFFICE

IN THE MATTER OF
T█████ D█████
Date of Birth:  April 28, 1995

HEARING DATE:  June 16, 2006

TRANSCRIBED BY
LEGAL PERSONNEL, INC.  (301) 277-5711

## APPEARANCES

| | |
|---|---|
| HEARING OFFICER: | SY DUBOW |
| COUNSEL FOR FRIENDSHIP SE PUBLIC CHARTER SCHOOL | MARGE GIOSK SP? |
| DIRECTOR OF SPECIAL EDUCATION FOR FRIENDSHIP PUBLIC CHARTER SCHOOL | CHARLENE GLENT |
| ATTORNEY FOR PARENT | AMBER BERDIGAN |
| PARENT | JANICE DICKENS |

2                                                                                                    169

1    HEARING OFFICER: Today is June 16th, 2006. And this is the Administrative Hearing

2    for T█████ D█████ born on█████95. I'll ask the parties to introduce themselves for the

3    record at this time.

4    MARGE GIOSK: I'm Marge Giosk, counsel for Friendship SE

5    HEARING OFFICER: You have to repeat that again, with the microphone close to you.

6    And speak up.

7    MARGE GIOSK: I'm Marge GIOSK Counsel for Friendship SE Public Charter School.

8    CHARLENE GLENT: Charlene Glent, Director of Special Education for Friendship

9    Public Charter School.

10    AMBER BERDIGAN: I'm Roberta Berdigan, attorney for the parent.

11    HEARING OFFICER: This Hearing is being conducted pursuant to IDEA 97

12    Amendment, 97 Amendment IDEA, 2004 Improvement Act and DCPS regulations to determine

13    whether or not DCPS acted in accordance with these applicable special education regulations

14    with regard to T█████ D█████. I'm Sy DuBow, an Impartial Partial Hearing Officer and not

15    an employee of DCPS nor am I related to or close acquaintance of the student. Other than

16    through the Hearing Process, I'll hear both sides and act only on the evidence presented. Is the

17    formal reading of the rights waived?

18    AMBER BERDIGAN: We waive the formal reading of the rights.

19    HEARING OFFICER: The formal reading of the rights is waived and my determination

20    will be submitted within ten working days, if not sooner. On a preliminary matter. I have

21    documents from Friendship Edison labeled 1 through 10. I have documents labeled from the

22    parent 1-16. Unless there is objection, they are entered into the record at this time.

23    AMBER BERDIGAN: There is no objections.

1    HEARING OFFICER: So Entered. Any other preliminary matter? If not, opening

2    statement.

3    MS. BERDIGAN: Basically we are here because the charter school failed conduct an

4    initial evaluation of the student in a timely manner. The evidence will show that the parent

5    submitted a written request for evaluations and consent form on December 20th. The

6    confirmation, the fax confirmation is in evidence. And attached to -- there was follow-up

7    correspondence that was sent in January – there are two letters January 6th and January 10th.

8    DCPS didn't convene until February 24, 2006. At the time the school agreed that they would do

9    the evaluations. At the present time we do have all the evaluations. We are waiting for speech

10   and language, which the team specifically agreed – we are also waiting for an FBA to. We are

11   also waiting for an FBA that was recommended in the psycho-educational at this time. And a

12   meeting still needs to be held to address his eligibility. Basically, that is why were' here.

13   MS. GIOSK: It is Friendships' Southeast position that the 120 days have not yet run as

14   Ms. Berdigan says that letter was faxed to the school on December 20th. However, that letter

15   was sent to the Business Manager at the school and was not forwarded to the appropriate person.

16   It was also right at the Christmas break. As soon as we received the secondary correspondence

17   from Ms. Berdigan, a letter of invitation was sent on January 10th for an ICP meeting on that

18   Friendship Exhibit 4. A response we received from the advocate couldn't convene on any of

19   those dates, that's Exhibit number 5. A meeting was scheduled February 2nd – and as stated and

20   is Exhibit number 5. And the parent cancelled that meeting. The advocate also then proposed

21       Janice Dickens: I apologize.

22   HEARING OFFICER: Have a seat. Please sign in. Please identify yourself for the

23   records.

1    JANICE DICKENS: Janice Dickens. T██████D█████' mother.

2    HEARING OFFICER: Have a seat. What have you decided? Please identify yourself

3    for the record.

4    Janice Dickens: Janice Dickens. T█████ D█████ mother.

5    HEARING OFFICER: Thank you very much. Go ahead.

6    MS. GEIOSK: The response we received now are those additional dates, the 24th of

7    February being one of them. At the meeting, the team discussed the evaluations. They were not

8    the same evaluations requested from the parent. Someone determined that they were not used as

9    psychiatric and neuro-psych. Others that the parent the wanted to wait to have done, the team

10   determined were actually needed at that point, such as a MT. So we went ahead – gone ahead

11   and did those evaluations. So the team believed that the 120 days ran at that point, once the

12   parent had given them informed written consent of the evaluations, all parties agreed to do. To

13   this point, all evaluations have been completed. The speech was completed the day the report

14   was written, it was not completed in time for the 5-day write and I do not have copies. It was

15   completed. We have tentatively agreed on any date pending mother's availability for next

16   Tuesday. We still believe that we are within the 120 days, even if you don't find in our favor, it

17   does run 120 days, the only pending issue is at this point (inaudible) and that is premature.

18   Given, we haven't determined eligibility at this point. But it is still our position that we are

19   within the 120 days and that we did not have informed written consent until the (Inaudible)

20   HEARING OFFICER: Alright.

21   BERDIGAN: And our only witnesses is Ms. Glent, who is the Director of Special

22   Education, for Friendship Charter Schools.

1    HEARING OFFICER: Well, I haven't had a chance to review the documents. I only

2    have two points, first point, in the request for evaluation, which you acknowledge was 12/20/05,

3    the school was put on notice --when it first came to school. So the school was put on notice on

4    12/20/05.

5    MS. GEIOSK: It wasn't.

6    HEARING OFFICER: Okay. Even if --en if that wasn't the right person, she sent

7    another one.

8    MS. GEIOSK: Correct.

9    HEARING OFFICER: 1/10/06. Today is June 16th and we still haven't had a meeting.

10   You haven't completed the process, so how can you say you have completed within 120 days.

11   MS. GEIOSK: Because the 120 days did not start running until we had -- As soon we got

12   that second correspondence.

13   HEARING OFFICER: No 120 days to complete the whole Special Ed process.

14   MS. GEIOSK: We didn't have informed consent. We couldn't test the child. All we got

15   was a blank signed consent that had nothing filled in. And the team did not agree on certain

16   evaluations.

17   HEARING OFFICER: You did get attached to the request for evaluations, was a consent

18   to evaluate form. Correct?

19   MS. GEIOSK: Yes.

20   HEARING OFFICER: Signed by the parent?

21   MS. GEIOSK: Which predates the actual request for an evaluation.

22   HEARING OFFICER: Which predates what?

6                                                                                    173

1    MS. GIOSK:  That actual request for the evaluation.  It was signed before the request was

2    even sent.  So how could she have consented, when she didn't know what she was consenting to?

3    HEARING OFFICER:  Alright, let's look at that document.  What document is that?

4    MS. GIOSK:  That's document number three.

5    HEARING OFFICER:  It says 12/14/05.  Okay.  Well.  A client comes into a lawyer's

6    office, signs a consent to evaluate, the lawyer then presents the letter, and gets it out and includes

7    that form in the back of it.  What's wrong with that?

8    GIOSK:  The problem with this case is that all these evaluations were requested -- are if

9    you look at those 6 – or 7 evaluations requested.   And so unless we are going to sit down with

10    all these evaluations.

11    HEARING OFFICER:  No that is not.  You don't have to  -- you even held a SEP

12    meeting and you determined that certain evaluations were beyond the (inaudible)  Right, and you

13    went ahead and did those, that you could.  Correct.

14    GIOSK:  The parent agreed to.

15    HEARING OFFICER:  But you still haven't completed all of them have you?

16    GIOSK:  No we haven't completed all of them.

17    HEARING OFFICER:  Well, I read – that is my second point.  I read the psycho-Ed.

18    Psycho-Ed.  If you go to the back

19    GIOSK:  The educational evaluation is complete as well.

20    HEARING OFFICER:  Excuse me?

21    GELASK:  The educational evaluation, which is a portion of what was missing in the

22    psycho-ed.

23    HEARING OFFICER:  Yes.

7                                                   174

1    GIOSK: It's been completed.

2    HEARING OFFICER: Work with that, that wasn't available, that is not in the document.

3    GIOSK: It wasn't available – that's not in the document. But if you look at the Exhibit

4    No. 10, it documents the attempts and why --

5    HEARING OFFICER: You have to slow down speaking -- and enunciate your words. I

6    cannot pick you up on the tape recorder if you are going to speak that way. So try to slow down

7    okay.

8    HEARING OFFICER: Alright. Where is the educational evaluation? In the record.

9    GIOSK: It wasn't completed in time for the record.

10   HEARING OFFICER: It wasn't completed within 5 days of disclosure time you're

11   telling me – for this hearing?

12   GIOSK: No. Southeast Academy Exhibit No. 10 is the Evaluator's attempts to schedule

13   the testing and complete testing. It was incompleted --.

14   HEARING OFFICER: Wait a minute. Alright. Basically -- You wish to call on any

15   evidence, you wish to put on any evidence? I mean I have to documentation here. Do you wish

16   to put on any evidence?

17   GIOSK: Evidence to discuss the she needs a consent for testing.

18   HEARING OFFICER: Why she does what?

19   GELASK: Why she actually needs the consent to evaluate. And why she needs to have

20   the SEP named before she can begin testing. That was what she was going to testify to.

21   HEARING OFFICER: You received on December 20th a copy of the mother's signature

22   on a consent to evaluate form. What more do you need?

1    GIOSK: We need an informed consent for the parents understanding exactly what

2   evaluations we are doing. If we are going to do evaluations, sometimes the team meets to

3   determine the evaluation.

4    HEARING OFFICER: But that doesn't -- the law doesn't say that. It says time of

5   referral. Referral is a parent refers --or a teacher refers. It is not from the time they sign a

6   consent to evaluate form. It's from time there's made a written request or its made orally and

7   corroborated a request for evaluation. That's when the time runs. Not from the time they sign a

8   form.

9    GIOSK: In this case we feel that --.

10    HEARING OFFICER: No. Where in the law does it say you have to sign a consent to

11   evaluate form? It says from the time of referral. Doesn't it?

12    GIOSK: It says -- what it says that you can't evaluate a student without the initial of

13   consent. So how are we supposed to proceed with the evaluation process?

14    HEARING OFFICER: But you had it with the December 20th letter, signed December

15   14th as a consent to evaluate form.

16    GELASK: No. It's a blank form. We could have done anything we wanted to.

17    HEARING OFFICER: No that is why you have the SEP meetings to determine what

18   evaluations to do. Which you did in February. But the time starts to run from the time there is a

19   letter of referral. And that was December 20th. You admit to getting it. It went to the Business

20   Manager. But you got it. And it was sent again and here we are-- and here we are in June and

21   you haven't held a meeting. My concern is that the child may not be eligible. If he is not

22   ineligible, then there is no -- there's no – there's no. There's nothing to. And the psycho-ed that

9                                                                    176

1    is in the record indicates that the child is not eligible. I don't know what the educational

2    (inaudible) violation.

3        GIOSK: Right.

4        HEARING OFFICER: But you'll have to determine it. But based on what I have before

5    me, it's no question that you have violated the 120 days. But -- You know, you are going to

6    have to hold a meeting to determine whether he is eligible. Since the information I have in the

7    file indicates that he is not eligible. Based just on Psycho-ed. But it's not complete. Just

8    because it's contingent on the educational. I have no idea what that says. And I can't let it end

9    because it is not within the five days. So, in that sense, it's 120-day violation, but you are going

10   to have to make --- you are going to have a MET meeting within when?

11       GIOSK: Tuesday. If it is available.

12       BERDIGAN: At this time, we are waiting for the rest of the evaluations; I don't have a

13   copy of the rest of evaluation. I don't have a copy of the speech and language. I don't have a

14   copy of evaluations.

15       GIOSK: I actually don't think they are not sitting right in front of me.

16       BERDIGAN: I don't know what is sitting in front of you.

17       GIOSK: I told you that earlier.

18       BERDIGAN: Also there is an FBA, which is to be done. And then the meeting to be

19   held.

20       GIOSK: An FBA isn't needed for that eligibility determination. It's needed for

21       HEARING OFFICER: An FBA assessment is not necessary for eligibility determination,

22   that is correct. So we have psycho-ed, we have an occupational therapy; we have a speech and

10                                                                              177

1   language therapy and you have and educational evaluation all completed.  So you really don't

2   have a meeting.

3        BERDIGAN:  Tuesday in the day.

4        HEARING OFFICER:  So you really don't a meeting, so you'll have to make a

5   determination of whether the child's eligible.  Alright.  But there is a 120-day violation.  Alright,

6   anything you wish to say Ms. Berdigan?

7        BERDIGAN: No, that's everything.  The parents indicating that they can be available.

8        HEARING OFFICER:  What is the date?

9        BERDIGAN:  Tuesday, June 20th at 2 p.m.

10       HEARING OFFICER:  We have June 20th to convene an MPT meeting to determine

11  eligibility and if eligible, develop an IEP, and discussion to determine Comp-ed and discussion

12  to determine (inaudible).  Okay.  That is what is going to happen at that meeting, besides

13  reviewing all the evaluations.  Okay.  That meeting is to determine eligibility okay?

14       BERDIGAN:  Yes.

15       HEARING OFFICER:  Okay.  While there is an 120 violation, there is no denial of faith

16  until there is a determination of eligibility.  If the child is not eligible – the record before me

17  shows the child is not eligible.  That is all I add.  Alright.  There may be other evaluations.  So

18  after the team has reviewed everything, they will make a determination, it is not for me do.

19  Alright.  Thank you very much.

20

21

22

23