

**OSSE**
DC Office of the
State Superintendent
of Education

# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## Office of Review & Compliance
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:      D███ T████ vs. DCPS & FEPCS – Chamberlain Campus

Case Information:     Hearing Dates: **05/17/2004**
Held at: **District of Columbia Public Schools**
**825 North Capitol Street, N.E.**
**Washington, D.C. 20003**
Student Identification Number:  **9120018**
Student's Date of Birth: ████**1997**
Attending School: **Savoy Elementary School**
Managing School: **Savoy Elementary School**
Hearing Request Date(s): **04/27/2004**

I, Shawnta Maddox, **Legal Assistant of the Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting  of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Wednesday, May 28, 2008.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| ) | **HEARING OFFICER'S DECISION** |
| T████ D████, **Student**, ) | |
| Date of Birth: ████97 ) | |
| ) | Hearing Date: May 17, 2004 |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** ) | Eighth Floor |
| Savory Elementary School ) | Washington, D.C. 20002 |
| **Respondent.** ) | |
| ) | |

| | |
|---|---|
| Parent(s): | Dorothea Dixon |
| | 2657 Stanton Road, S.E. |
| | Washington, D.C. 20020 |
| | |
| Counsel for Parent: | Christina Rose Busso, Esq. |
| | James E. Brown & Associates, PLLC |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | |
| Counsel for LEA | Paul S. Dalton, Esq. |
| | Dalton, Dalton, & Houston, P.C. |
| | 6303 Little River Turnpike, Ste.310 |
| | Alexandria, Va. 22312 |
| | |
| Counsel for SEA | Quinne Harris-Lindsey, Attorney- Advisor |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E., 9th Floor |
| | Washington, D.C. 20002 |

2

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### OFFICE OF COMPLIANCE

### Special Education Due Process Hearing

## I. INTRODUCTION

On April 27, 2004, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Christina Rose Busso, Esq. The request alleges DCPS failed to develop an appropriate IEP, failed to timely reconvene a MDT/IEP team meeting to review the student's IEP, and failed to deliver compensatory education services.

A Due Process Hearing was convened on May 17, 2004, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Quinne-Harris Lindsey, Attorney-Advisor, represented DCPS, the SEA in this matter. Paul S. Dalton, Esq., represented the LEA, Friendship-Edison Public Charter School ("FEPCS"). Christina Rose Busso, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of the parent: Disclosure Letter dated May 10, 2004: TD-1 through TD-22. On behalf of DCPS: Disclosure Letter dated May 10, 2004. On behalf of FEPCS: Disclosure Letter dated May 10, 2004: FEPCS-01 through FEPCS- 03. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for FEPCS: Matthew Carothers, Regina Worsley and Theresa Whitehead. Witnesses for the parent: Dorothea Davis and Cheron Sutton-Brock. Witness for DCPS: Bennie Johnson

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether FEPCS denied the student FAPE by failing to develop an appropriate IEP, by failing to timely reconvene meeting to review IEP, and by failing to deliver compensatory education services?

2.

3

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner, T▮▮▮ D▮▮▮ asserts and alleges that Friendship-Edison Public Charter School (hereinafter FEPCS) denied the student a free appropriate public education by failing to provide compensatory education services. The compensatory education services were agreed to by FEPCS and discussed by a HOD issued on January 28, 2004. Additionally, according to parent's counsel, it is alleged that T▮▮▮ D▮▮▮, pursuant to the Compensatory Education Plan, was due the following related services including: Speech and Language services for one (1) hour per week and counseling services for thirty (30) minutes per week. Counsel argues that a MDT team meeting concluded the student was entitled to eighteen (18) hours of Speech and Language services. Petitioner also alleges that the IEP dated April 23, 2003 was inappropriate and the IEP was not timely reviewed by FEPCS. FEPCS, through its counsel, contends and argues that the petitioner's parent voluntarily removed and transferred the student out of the jurisdiction of FEPCS. Consequently, FEPCS duties and responsibilities to provide a free appropriate public education have been extinguished by the parent's act of voluntarily removing the petitioner from FEPCS.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following finding of facts:

1.    Petitioner, T▮▮▮ D▮▮▮ is a six-year-old student presently enrolled at Savoy Elementary School. T▮▮▮D▮▮▮has attended Savoy ES since April 14, 2004. Previously, the student had been enrolled and attending FEPCS.

2.    T▮▮▮ D▮▮▮is eligible for special education and related services. According to his IEP dated April 23, 2003, his disability classification is Speech and Language impaired (S/L) and other health impairment (OHI).[1]

3.    T▮▮▮D▮▮▮has been exhibiting extreme disruptive behavioral conduct including: hitting teachers, cursing, temper tantrums, impulsivity and other oppositional behavioral conduct, which has resulted in several suspensions from FEPCS during the 2003-2004 school years.

3.

---

[1]  Exhibit: FEPCS-01

4.   A Manifestation Determination Review meeting was convened, by FEPCS officials on March 18, 2004, to determine whether T████ D████ must recent behavioral incident was as a result of his disability.  At the meeting, the team concluded that Travis' behavior was not related to his disability.[2]

5.   Ms. Dorothea Dixon, parent of T████ D████ attended the Manifestation Determination Review meeting on March 18, 2004.  According to the MDT meeting notes, Ms. Dixon agreed with the team conclusion.  Ms. Dixon declared that T████' " behavior is premeditated in this particular incident (hitting his regular education teacher) because he likes to go with her to her job." (Ms. Dixon is a Daycare employee)

6.   Officials at FEPCS had proposed to expel T████ D████ from FEPCS.[3] However, prior to the FEPCS Board's approval of the recommendation to expel petitioner, the parent voluntarily transferred Travis to Savoy ES on or April 14, 2004.

7.   Matthew Carothers, Social Worker/Clinician at FEPCS, testified that T████ D████ was a disruptive student who hit teachers, stole various items and he exhibited, in particular, disruptive conduct towards female teachers.  Mr. Carothers also testified that S/L services were being provided to the petitioner.

8.   On June 30, 2003 a HOD was issued concerning the April 23, 2003 IEP of T████ D████.  The HOD resolved all issues concerning T████ D████'s IEP.  The HOD concluded that the IEP dated April 23, 2003 was appropriate; therefore, all issues related to the April 23, 2003 IEP have been resolved and need not be adjudicated.[4]

## VI.   DECISION AND CONCLUSION OF LAW

Initially, as a preliminary matter, counsel for DCPS entered a Motion to be Dismissed as a party to this action since FEPCS is the LEA in this case.  Counsel for FEPCS did not oppose the motion, however, parent's counsel did oppose DCPS request to be dismissed as a party to this action.   Here, in this instance, DCPS is dismissed because FEPCS did not notify DCPS of any problems or concerns, which would prevent

4.

---

[2] Exhibit: FEPCS-02
[3] Exhibit: FEPCS-03
[4] Exhibit: TD-08

FEPCS from providing a free appropriate public education to the petitioner. While DCPS is ultimately responsible for ensuring FAPE and compliance with IDEA's requirements, *Gadsby v. Grasmick*, 109 F. 3d 940 (4th Cir. 1997), there is nothing in the record that indicated DCPS was notified of FEPCS' inability to provide FAPE to this petitioner. Further, a determination that FEPCS denied FAPE has not been made in this matter. Therefore, DCPS' motion to be dismissed as a party is **GRANTED.**

Upon a careful review of relevant documents and the record in this matter, FEPCS has sustained its burden of proof. On the issue of T▆▆ D▆▆'s April 23, 2003 IEP, parent's counsel had litigated this matter and a HOD issued on June 30, 2003 resolved all issues concerning the appropriateness of this IEP. Parent's counsel elected to file the Due Process Hearing request prior to the development of a new IEP, which should be developed by DCPS after the appropriate re-evaluation period has lapsed. On the issue of the compensatory education, FEPCS is responsible for services, which have been previously missed. According to testimony provided by FEPCS, the Speech and Language services were being provided to T▆▆ D▆▆, and with the parent's election to voluntary transfer the student these services were terminated. Notwithstanding, the Compensatory Plan developed by the FEPCS MDT team that required eighteen (18) hours of S/L services is the responsibility of FEPCS.

## BASE UPON THE FOREGOING, IT IS HEREBY ORDERED:

1) Petitioner request for relief is **DENIED** in part and **GRANTED** in part.

2) Petitioner request to determine a denial of **FAPE** is **DENIED**

3) Petitioner request to have FEPCS to provide Compensatory Education Services in the amount of eighteen (18) hours of S/L services is **GRANTED.**

4) DCPS/FEPCS shall, within fifteen (15) calendar days of the issuance of the HOD, convene a MDT/IEP to discuss and determine an appropriate Compensatory Education Plan to resolve issues concerning missed services prior to the voluntary removal of the petitioner from FEPCS. In the event the parties failed to timely convene the meeting or failed to resolve this issue, FEPCS shall provide funding for the parent to obtain a speech therapist at an hourly rate pursuant to the Superintendents Directive on outside consultant fees.

5.

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.**

_____          Date Filed:___06-03-04___
Charles R. Jones, Esq., Hearing Officer


Date Issued: _____


6.

ATTENDANCE SHEET

| | ON BEHALF OF DCPS | |
|---|---|---|
| **STUDENT'S NAME:** | ██████ | |
| **HEARING DATE:** | MAy 17, 2006 | |
| | ON BEHALF OF DCPS OR STUDENT | TITLE |
| PRINTED NAME | | |
| PAUL S. DALTON | F.E.P.C.S. | ATTORNEY |
| Theresa Whitehead | F.E.P.C.S | Sp Ed. Coordinator |
| Regina Worsley | F.E.P.C.S | General Ed. Teacher |
| Matthew Carothers | F.E.P.C.S | Social Worker |
| Quinne Harris-Lindsay | DCPS | Attorney-Advisor |
| Cheron Sutton-Brock | Student | Educational Advocate |
| Doro Wheat Pixon | Student | Mother |
| Christina Busso | Student | Student |
| Bennie W. Johnson | DCPS | Sp. Ed Coord., Savoy ES via telephone |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Impartial Hearing Officer

8

May.10. 2004  4:21PM    Dalton, Dalton & Houston                    No.8969    P.9/25

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law
6303 Little River Turnpike  Ste. 310
Alexandria, Virginia 22312-5045
(703) 941-4455
FAX (703) 642-3101

**DATE:**    May 10, 2004

**TO:**    Jeffrey Phoenix

**AT FAX:**    202-442-5556

**FROM:**    Paul S. Dalton, Esq.

**RE:**    T▇▇ D▇▇ 5-day

**NUMBER OF PAGES INCLUDING THIS PAGE:**    25

**ADDITIONAL INFORMATION:**

**PLEASE DELIVER ASAP.**

**************************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNI-
CATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS.
**************************************************************************

May.10. 2004  4:21PM    Dalton, Dalton,& Houston                    No.6439  P.52/25

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
Telephone: (703)-941-4455
Facsimile: (703)-642-3101
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass Dalton *
William E. Houston+
Talib Abdus Shahid+

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA

May 10, 2004

**VIA FACSIMILE ONLY:** 202-742-2098

Christina Busso, Esq.
Brown & Associates
1220 L Street NW
Washington, DC 20005

RE: T█████ D█████, DOB 10-20-97
5 Day Disclosure Notice

Dear Ms. Busso:

A Due Process Hearing has been scheduled for T█████ D█████ on May 17, 2004, at 1:00 p.m. pursuant to 34 C.F.R. 300.509(b)(1). The purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.

### WITNESSES:

1. Theresa Whitehead, Special Education Coordinator F.E.P.C.S.

2. Lisa Faulkner-Jones, Speech and Language Therapist, F.E.P.C.S.

3. Matthew Carothers, Social Worker, F.E.P.C.S.

4. Regina Worsley, Classroom teacher F.E.P.C.S.

5. Nancy Opalack, Cluster Supervisor

6. Dorothea Dixon, Mother

7. Jamel Dixon, Father

**Some of the above witnesses may testify by telephone or use a designee.**

10

## DOCUMENTS:

| | | |
|---|---|---|
| F.E.P.C.S. – 01 | IEP and meeting notes dated | 4/23/03 |
| F.E.P.C.S. – 02 | Manifestation meeting notes dated | 3/18/04 |
| F.E.P.C.S. – 03 | Letter for Dr. Pannell dated | 3/29/04 |

* We reserve the right to examine any witnesses disclosed by DCPS or the PARENT as if they were witnesses for our client and the right to rely on all other documents in the possession or previously filed or filed in a 5 Day Disclosure filed by the District of Columbia Public Schools (DCPS) or the PARENT or presented at the DPH.

Sincerely,

Paul S. Dalton, Esq.

cc: Student Hearing Office
    Ms. Quinne Harris-Lindsey, DCPS Attorney-Advisor

May.10. 2004 4:21PM    Dalton, Dalton & Houston                    No.8439   P. 4/25

*Level I*

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

| DCPS - IEP Page 1 of 4 |
| Additional Comments: ☐ |

## I. IDENTIFICATION INFORMATION

Student Name: Last **D**          First **D**          MI

Student ID          Soc. Sec. No. 578-295763   Age: 5   Grade K

Gender ☒ M ☐ F   Date of Birth __97   Ethnic Group African American

Address 2657 Stanton Rd. S.E.
_House No.___ ___Street Name___ ___Quadrant___ ___Apartment #___
Washington D.C. 20000
___City___ ___State___ ___Zip Code___

☐ Non-attending

Attending School Chamberlain   Home School

☒ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

Parent Mrs. Dorthea Dixon

Address of (if different from student):   ☐ Parent ☐ Guardian ☐ Surrogate

_House No.___ ___Street Name___ ___Quad.___ ___Apt. No.___ ___City___ ___State___ ___Zip Code___

Telephone: Home 202-869-4879   Work Cell 202-246-1812

### II. CURRENT INFORMATION

Date of IEP Meeting: 4-23-03
Date of Last IEP Meeting:
Date of Most Recent Eligibility Decision: 4-23-63

Purpose of IEP Conference:
☒ Initial IEP   ☐ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval

Indicate Level of Standardized Assessment: **II**

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | ☒ TRANSPORTATION |
| ESY | TRANSITION |

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | | | Oral |
| Parent | English | | English | | Rdg./Writing |
| Home | English | | | | Instrument N/A |
| | | | | | Date: |

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./Min D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|
| Speech Language | 1.0 | 1.0 | 1 hr. | WK | Speech Therapist | 4-24-03 | 10 mos |
| Counseling | .5 | .5 | hr. | WK | School Counselor | 4-24-03 | 10 mos |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| TOTAL | 1.5 | 1.5 | Hours Per Week | | | | |

**V. Disability(ies)**   Speech Language Impairment
Other Health Impairment
☐ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☒ 0-20% ☐ 21-60% ☐ 61-100%
Percent of time NOT in a Regular Education Setting 5%

### VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Tammy Roseville, MacWill SEP        Judith Dorvil, Judith Dorvil School Counselor
Audrey Campbell                     Audrey Campbell
Carlton L. Qvarols                  Carlton L. Qvarols
Sharon Smith Brock, Advocate        Sharon Smith Brock
Dorthea Dixon                       Dorthea Dixon, Mother
Theresa Whitehead                   Theresa Whitehead Sp. Ed. Teacher

I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature _Dorthea Dixon_   Date 4-23-03

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

12

| Student Name | ██████████ | Managing School | FEPCS | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | ██████████ DOB ██ | Attending School | Charleston | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

**Additional Comments:**

**Academic Areas: (Evaluator)** Carlton L. Quarells, Psy.D.

**Math Strengths:** Numerical operation, ability to identify and write numbers, count and solve math problems

**Impact of disability on educational performance in general education curriculum:** may have difficulty solving grade level addition and subtraction problems in general ed. class.

**Reading Strengths:** Identifying letters, sounds, and rhyming words.

**Impact of disability on educational performance in general education curriculum:** Due to inattentiveness and impulsivity traits may have difficulty with comprehension in regular classroom.

| Score(s) When Available | | | |
|---|---|---|---|
| Math Cal. | PreK:5 | 61 | 104 |
| Math Rea. | PreK:5 | 50 | 100 |
| See goal page: | | | |
| Date: | 3-14-03 | | |
| Rdg. Com. | | | |
| Rdg. Basic | K:1 | 58 | 103 |
| Written Ex. | | | |
| See goal page: | | | |
| Date: | 3-14-03 | | |

(CE 8:12   55 at top of score box)

**Communication (Speech & Language) (Evaluator)** Michelle Morrissey (CC-SLP)

**Strengths:** Reasoning Processing Skills, and Expressive vocabulary.

**Impact of disability on educational performance in general education curriculum:** Difficulties w/ understanding vocabulary impacts ability to understand how words are related, below average and vocab. deficits his ability to communicate impacts w/ speech/lang. Language functioning below c.h.

| Score(s) When Available | |
|---|---|
| Exp. Lang. | 76 |
| Rec. Lang | 74 |
| Artic | WNL |
| Voice | WNL |
| Fluency | WNL |
| Exp. Voc. | 84 |
| Rec. Voc. | |
| See goal page: | |
| Date: | 04/02/03 |

**Motor/Health (Evaluator)**
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

| Score(s) /Results When Available | |
|---|---|
| See goal page: | |
| Date: | |

**Social Emotional Behavioral Areas: (Evaluator)** Carlton L. Quarells, Psy.D.

**Strengths:** Energetic, inquisitive, and sociable.

**Impact of disability on educational performance in general education curriculum:** "___" difficulty with inattentiveness, distractibility, and poor impulse control impact his educational performance.

| Score(s) When Available | |
|---|---|
| Devereux - 137 (Anxiety Significant) | |
| Conner's - 89 (ADHD Index) | |
| See goal page: | |
| Date: | 3/14/03 |

**Cognitive/Adaptive Behavior: (Evaluator)** Carlton L. Quarells, Psy.D.

**Strengths:** Nonverbal reasoning abilities, abstract reasoning skills.

**Impact of disability on educational performance in general education curriculum:** "___" cognitive ability does not impact his current educational progress.

| Score(s) When Available | |
|---|---|
| KBIT - 83 (Vocabulary) | |
| " - 94 (Matrices) | |
| " - 87 (Composite) | |
| See goal page: | |
| Date: | 3/14/03 |

**Prevocational Skills: (Evaluator)**
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

| Score(s) When Available | |
|---|---|
| See goal page: | |
| Date: | |

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix – A    IEP Page 2 of 4

13

| Student Name: _____ Managing School: _Friendship-Edison Public Charter School, Chamberlain_ |
|---|
| Student ID Number_____ DOB:_____ Attending School: Same as managing school |

Additional Comments:

Goal #
[ ]

**VIII. Specialized Services**

Area addressed by goal: Communication: Language Processing

**ANNUAL GOAL:** (including mastery criteria.)
To increase use of language processing strategies 15 % above baseline measures

**Provider(s):Speech/Language Pathologist**

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| T____ will name an item associated with a given item with at least 80% accuracy. | | Monthly |
| T____ will name three items that are members of a given category with at least 80% accuracy. | | Monthly |
| T____ will provide one similarity between two items with at least 80% accuracy | | Monthly |
| T____ will provide one difference between two items with at least 80 % accuracy. | | Monthly |
| T____ will provide three attributes for a given item with at least 80% accuracy. | | Monthly |
| | | |

**EVALUATION PROCEDURE(S)**
___Portfolio ___Log ___Chart ___Test ___Documented Observation ___Report Other: Therapy data

14

May.10. 2004  4:22PM   Dalton, Dalton, & Houston                          No.8435  P.17/25

| Student Name | ___ D___ | Managing School | FEPCS | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | ___ | DOB | 97 | Attending School | Chamberlain | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | | Goal Number: ___ |
|---|---|---|---|

Area addressed by goal: Social Emotional

**ANNUAL GOAL: (including mastery criteria.)**

Demonstrate mark improvement with impulsivity, hyperactivity and distractability 80% of the time.

Provider(s): Counselor, Social Worker, and teacher.

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| I ___ will... | | |
| • Reduce the frequency and severity of temper out burst, acting out and aggressive behaviors. | | Monthly |
| • Discuss the meaning of self control. | | Monthly |
| • Identify and describe situation in which self control is lacking. | | Monthly |
| • Demonstrate knowledge of techniques to regain Maintain and decrease impulsivity. | | Monthly |
| • Identify and verbalize how annoying or impulsive behaviors impact others. | | Monthly |
| • Develop effective coping behaviors in response to change and transition. | | Monthly |

**EVALUATION PROCEDURE(S)**

| Portfolio | Log | Chart | (Test) | (Documented Observation) | Report | Other |
|---|---|---|---|---|---|---|

May.10. 2004  4:22PM   Dalton, Dalton,& Houston          No.8439  P. 8/25

| Student Name | | Managing School FEPCS | DCPS - IEP |
| Student ID Number | DOB | Attending School Chamberlain | Page 4 of 4 |

Additional Comments:

**IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION**
**SERVICE ALTERNATIVES**

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education?  Yes  No

Explanation for removal out of regular education classroom.

Based on current testing ___ requires
pull-out services for related services

**X. Supplementary Aids and Services**

| Classroom Needs (Do not name products or companies.) | SETTING | | | FREQUENCY | | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | GenEd | SpEd | Total | Hr./ Min | D/W/M. | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:     None needed

Timing/Scheduling: Extended time
Setting:
Presentation:
Response:
Equipment:

**XI. STATE AND DISTRICT ASSESSMENTS:**

Level I   Tested with non-disabled peers under standard conditions without accommodations.

Level III  (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

Level V  Portfolio:

(Level II) (Describe accommodations for level II) Tested under standard conditions with special accommodations.

Level IV  (Describe the alternative assessment)

**XII. Areas Requiring Specialized Instruction and Related Services:**

| | | Modifications: |
|---|---|---|
| Reading | Physical/Sensory | Language Arts/English |
| Mathematics | Social Emotional | Social Sciences |
| Written Expression | Physical Development | Biological & Physical Sciences |
| Other: | Speech/Language | Fine Arts |
| None | Transition | |
| | Vocational | |
| | Independent Living | |

Apply annual goal(s), objective and/or modifications to address barriers in each area checked above.

**XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION**

| DESCRIBE CONSIDERATIONS. | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| General Ed | rejected - does not meet needs | |
| General Ed / Resource Room | rejected - does not meet needs | |
| Out of Regular Ed setting | accepted - meets student needs | |

Modification(s)/Accommodation(s) to address the harmful effects:

Extended Time

Location for Services: FEPCS Chamberlain Campus

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 4 of 4

May.10. 2004  4:22PM    Dalton, Dalton,& Houston                    No.0409  P. 9/25

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON  D.C

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

| MDT |
|-----|

MEETING DATE: 4-23-03

MDT REFERRAL DATE: _____

STUDENT: ~~J____ D____~~                    SCHOOL: Chamberlain/ FEPCS

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Judith M. Daniel | Judith M. Daniel | School Counselor |
| Xonhney Venerville | J. Venille | Speech Pathologist |
| Audrey Campbell | Audrey Campbell | Teacher / Kindergarten |
| Carlton A. Charette | Carlton Charette | Psychologist |
| Cheron Sutton-Brock | Cheron Sutton-Brock | Educational Advocate |
| ~~Dena~~ Thea R. Dean | Kiesha R. Dean | Mother |
| Theresa Whitehead | Theresa Whitehead | Sp. Ed. Teacher |

Mrs. Dixon was given a copy of the Procedural
Manual for Parent and she signed the
Parents Right Receipt.
The purpose of this meeting is to review
and discuss J____ initial evaluations.

THE PARENT ☒ IS PRESENT ☐ IS NOT PRESENT  AT THE MEETING ~~J____ D____~~ - initial .

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION    Speech and Language Impairment

☐ IS TO BE EXITED FROM  SPECIAL EDUCATION    Other Health Impairment

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

MDT REFERRAL DATE: _____

Page: _2_ of _8_

MEETING TYPE: Initial

STUDENT: T___ D___    SCHOOL Chamberlain    DATE: 4-23-03

Psychological Evaluation: As per report dated 3-14-03
by Dr. Carlton S. Quavells

T___ had lower scores in areas assessing
his verbal reasoning skills, while his nonverbal
abstract reasoning was assessed at the average
level of ability. These findings are established
by the Kaufman Brief Intelligence Test (K-BIT)
administered to Travis by Dr. Quavells on
3-14-03. T___ obtained a Vocabulary subtest
score of 82 (Below Average); a Matrices subtest
score of 94 (Average), and a K-BIT Composite
I Q score of 87 (Below Average) This Composite
I Q score of 87 places Travis in the below
average range of cognitive ability as measured
by the K-BIT.

Visual-Motor Integration Assessment Results:
Findings suggest he is performing at the
Borderline range of ability, with five errors of
rotation and two errors of distortion in his
reproductions. T___ obtained an age equivalent
score of 4-0 to 4-6.

T___ has no problem learning, he tends to
learn better when nonverbal tasks are
involved. He may enjoy things such as working
on puzzles

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: Initial

Page 3 of 8

STUDENT: ▓▓▓▓    SCHOOL: Vanderbilt    DATE: 4-23-03

As indicated by his word reading score ▓ performed in the average range on tasks that required him to name alphabet letters, sounds, and rhyming words. (Standard score 103) Testing does not indicated any reading difficulties at the present.

▓▓▓ performed in the average range, as indicated by his overall mathematics skills. He obtained a mathematics composite score of 101.7 standard score. Testing does not indict any math difficulties at present.

▓▓▓ obtained a listening comprehension standard score of (101). This score places him in the average range. There are no overall problems with reasoning skills or academic skills.

▓▓▓ performed in the average range on tasks that required him to write his name and print letters for corresponding sounds and words. He obtained a standard score of 96.

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: ~Initial~

Page: 4 of 8

STUDENT: ▉▉▉      SCHOOL: Chamberlain      DATE: 4-23-03

Personality assessment Results:

Y▉▉▉'s Personality assessment results reveal that his behaviors are consistent with a child with Attention Deficit, Hyperactivity Disorder. Findings from the Devereux Behavior Rating Scale (DBRS-SF) Y▉▉▉ obtained a standard score of 127 suggesting his behaviors are consistent with other students receiving special education services as an Emotionally and Behaviorally Disordered student (EBD). Travis inability to focus and attend interfers with his ability to learn. Y▉▉▉ does need assistance with impulsivity. Dr Quarrells recomment counseling.

Diagnostic Impression:
Axis I: 314.01 Attention Deficit, Hyperactivity Disorder, Combined Type
Axis II: V 71.09 No Diagnosis on Axis II
Axis III: Asthma
Axis IV: School Problems
Axis V: 70

May.10. 2004  4:22PM   Dalton, Dalton,& Houston

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: Initial

Page: 5 of 8

MDT REFERRAL DATE: _____

STUDENT: Y___ D___   SCHOOL: Chamberlain   DATE: 4-23-03

Y___'s skills were at the average level in most subject areas academically. The personality test findings suggest Y___ has significant issues related to inattentiveness and impulsivity. Y___ receives outside counseling services. As stated by mother the counselor uses water to help him open up. Mother desires to help Y___ keep his anger under control when his surrounding or people may change. Y___ has difficulty with changes and transitions. Y___ is currently on medication to help him control his behavior. Mrs. Campbell didn't have behavior problems until the end of the second quarter. Y___ started to act out negative behavior during the third quarter when he could not get his way. Since he has been on medication he is able to focus more in class. Y___ is much more calmer on medication. He gets along better with peers. Y___ finishes his classwork. Mother stated before medicine Mrs. Campbell had to stand over Y___ to help him stay on

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

MDT REFERRAL DATE _____     MEETING TYPE: Initial _____     Page: 6 of 8

STUDENT: ▮ D ▮     SCHOOL: Chamberlain     DATE: 4-22-03

task. As stated by Mrs. Dixon she feels that the dosage of his medication is to high. She is setting up an appointment to have the Detrostat lowered from 10 mg to 7 mg. Therefore, instead of having to give him 2 doses daily, he would receive one dosage per day. ▮ has been taking this medication since 4-2-03. He goes to Center for Mental Health

His mother stated that she wants to help ▮ to learn how to express himself in a respectful manner when he speaks to adults. She also stated that ▮ is the only boy, a middle child who is spoiled. But she wants him to become a productive man in this world. ▮ receives outside counseling at the Center for Mental Health once per week for one hour. He sees Dr. Creekmore.

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: Initial

Page 7 of 8

STUDENT: ▓▓▓▓▓    SCHOOL: Chamberlain    DATE: 4-23-03

Speech Language: as per Mrs. Morrissey report
dated 4-22-03. Finding presented
by Mrs. Deneville.

Areas of relative strength included reasoning
and processing skills and expressive vocabulary.
▓▓▓▓ difficulties with understanding vocab-
ulary is likely to adversely impact his ability
to understand how words are related. His below
average oral vocabulary skills affect his ability
to communicate his thoughts with specificity.
Weaknesses in grammatic understanding reflect
his ability to comprehend at the sentence level.
His performance indicated difficulty in attending
to details, which could be associated to his
Attention Deficit Hyperactivity. Based on a
comparison of chronological age to age equivalents
and standard scores using standardized test
and performance analysis it is determined that
▓▓▓▓ demonstrates a moderate receptive and
expressive language disorder and qualifies for 1 hour
of intervention weekly to target areas of
difficulties. This will present future problems
especially with reading. Mrs. Deneville made
suggestion for the mother to help Travis at
home. (see report dated 4-22-03

MDT REFERRAL DATE: _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: Initial

Page 8 of 8

STUDENT: ▮▮ D▮▮    SCHOOL: Chamberlain    DATE: 4-23-03

Mother presented a copy of a pshchiatric evalution dated 1-22-03. The diagnosis were Oppositional Defiant disorder and Disruptive behavior.

Mother will give school a copy of the recent psychiatric evaluation completed by the Center for Mental Health. This report will include a diagnosis of Attention Deficit Hyperactivity Disorder. Mrs. Dixon raised the question regarding psychiatric report from the Center for Mental Health that diagnosed Oppositional Defiant Disorder and Disruptive Behavior. The team discussed the issue and agreed that the goals and counseling will address the Oppositional Defiant Disorder and Disruptive Behavior. Mrs. Campbell reports that she does not have that high level of oppositional behavior at present. The team determined that ▮▮ is eligible as a special education student as a student with Speech and Language Impairment and Other Health Impairments for ADHD and asthma. This concludes the MDT portion of the meeting. The IEP immediately followed.



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT ▓▓▓▓ ▓▓▓▓▓    SCHOOL Chamberlay  DATE: 4-23-03

| PARTICIPANTS: | PARTICIPANTS: (Sign Name) | DISCIPLINE |
|---|---|---|
| Judith M. Dorvil | Judith M. Dorvil | School Counselor |
| Raphnel Venerville | Raphnel Venerville | Speech pathologist |
| Audrey Campbell | Audrey Campbell | Teacher/ Kindergarten |
| Carlton L. Gravells | Carlton L. Gravells | Psychologist |
| Cheron Sutton-Brock | Cheron Brock | Educational Advocate |
| Dorothea R. Dixon | Dorothea R. Dixon | Mother |

It was determined at the MDT meeting that ▓▓▓▓ is eligible for special education services as a student with Speech and Language Impairment and Other Health Impairment for ADHD and asthma.
Services: Speech Language: 1 hour per week
            Counseling: 30 minutes per week
                         group session
Setting: General Ed / Resource Room
Modifications / Accomodation - Extended time

MDT REFERRAL DATE _____

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: _Initial_____

Page _2_ of _2_

STUDENT: ██████████  SCHOOL _Chamberlain___  DATE: _4-23-03_

██████ will receive bus transportation. Mrs.
Dixon stated that she was pleased and
satisfied with the MDT portion and the IEP
portion of the meeting. This concludes the
IEP portion of the meeting

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON  D.C

pasy 1 of 6

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: 3-12-04

MEETING DATE: 3-18-04

STUDENT: ▮▮▮▮

SCHOOL: Chamberlain

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Jamie Pittman | Jamie Pittman | special educ. teacher |
| Lisa Faulkner-Jones | Faulkner-Jones | Speech/language path |
| Matthew Carothers | Carothers | Social Worker |
| Theresa Whitehead | Theresa Whitehead | S.E.C. |
| Judith M. Dorvil | Judith M. Dorvil | School Counselor |
| Manjot K. Shepard | Shepard | Prin: ACAD. DIRECTOR |
| Regina Warsley | Regina Warsley | Gen Ed. Teacher |
| Andrew Jeffers David Greenfield | | CMH Counselors |
| Ed. analyst Dorothea Dixon | Dorothea Dixon | mother |
| Cl. Psychologist | | |
| Advocates | | |
| Teacher Atty | | |

Introductions were made. The Procedural Manual for Parents was issued to the parents, and a receipt was signed.

The purpose of this meeting is a Manifestation Determination Review.

THE PARENT ☑ IS PRESENT ☐ IS NOT PRESENT  AT THE MEETING        ▮▮▮▮

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT_____

☐ CONTINUES TO BE ELIGIBLE  FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM  SPECIAL EDUCATION



- FFPCS-02

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Page 2 of 6

MDT REFERRAL DATE: 3-12-04

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: MDT

STUDENT: T___ D___    SCHOOL: Chamberlain    DATE: 3-18-04

Dr. Stewart reviewed Dr. Quarrell's psychological evaluation. T___ has a. His overall IQ was in the low average range. T___ academic achievement were stronger non verbal ability. T___ academic achievement were in the average range. Personality assessments revealed temper tantrums, distractibility, impulsivity, etc. (behaviors associated with ADHD. The Conners rating revealed that T___' behavior is difficult to manage at home (completed by parents and teacher). The evaluator felt that T___ internalized his negative behaviors of feeling sad, powerless, impulsive, and other feelings. He noted that T___ was able to differentiate between right and wrong; and sometimes experienced feelings of guilt. Dr. Quarrells recommended counseling and specialized instruction and classroom accommodations. A psychiatric evaluation, conducted in January 2003 found T___ to have disruptive behaviors and ODD - Oppositional defiant Disorder. This includes behaviors of defiance and non-compliance. In April 2003 - Dr. Panaga from the Center of Mental Health- was given prescriptions for ADHD. The parent notes that the medication was changed to Ritalin - 3 times a day- last month (February 2004). The parent states that she has not noticed any changes in his behavior since the new medication. Ms. Dixon stated that when T___ is told "no" he has difficulties appropriately responding / cooperating. She further states that his medication makes him calm at first, but after some time it is apparent that it "wears off". She states that his behavior at this time is "off the wall" with yelling, screaming, and bothering his siblings (touching, taking toys, picking fights, etc..). The father states that for the most part he does not have many problems disciplining T___ T___' current disability is MD: SLI + OHI. The parent, mother, states that she is very upset Travis hitting his teacher, and is concerned that his classroom teacher has not called / communicated every time that T___ has been defiant. She states that his behavior is premeditated" and that he

REFERRAL MDT MEETING NOTES    APPENDIX A

28

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Page: __3__ of __6__

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

MDT REFERRAL DATE: 3-12-04    MEETING TYPE: MDT

SCHOOL: Chamberlain    DATE: 3/18/04

STUDENT: ▓▓▓▓

is aware of his behaviors and he knows the difference between right and wrong current suspension.
Ms. Worsley reported on the event that caused his ▓▓▓▓
She stated that T▓▓ took candy out of his pocket, and when she attempted to
requested that he give them to her he hit her. When she attempted to
take, T▓▓ to Ms. Reddix, he hollered and screamed, and kicked and
tried to bite Ms. Reddix. Ms. Shepard reported that the Parent stated
calm him down in order to contact his mother. The Parent stated
that she felt Mr. Carothers or Ms Grymes should have been contacted.
Ms. Worsley, in reporting his behavior, states that he refuses to stop
distracting behaviors, and that his behaviors are becoming more
frequent and the acting out now lasts for longer periods of time
His discipline reports are as follows: (Ms. Worsley)
1-21-03 - called teacher an ugly b--ch (expletive) because he
was shaking his pencil box and refused to give his pencil box to her
1-22-04 - T▓▓ took money off of teacher's desk - when she asked
for it, he hit and kicked her
2-25-04 - told teacher to shut up and spit on her when asked
to clear his desk.
        - hit students with yardstick
3-10-04 - when asked to put away materials, told teacher
to shut up and told her that she doesn't "tell him what to do"
        - came to school with his father & returned teachers cell phone
3-10-04 - refused to do work; refused to put away a toy and hit
Mr. Johnson.

Ms. Whitehead reviewed his IEP developed in April 2003; which
includes speech language and counseling. Ms Faulkner-Jones, the
speech language pathologist, confirmed that he does receive
services, and reported on his progress. expressive language
is a strength

REFERRAL MDT MEETING NOTES    APPENDIX A

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Page: 4 of 6

MDT REFERRAL DATE: 3-12-04

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: MDT        DATE: 3-18-04

STUDENT: [redacted]    SCHOOL: Chamberlain

She reviewed his goals for speech language therapy.
Mr. Carothers reported on the 30 minute weekly sessions. He stated
that goals include coping with daily situations, his feelings, and
appropriate response strategies. He finds that [redacted] is able to articulate
behavior has regressed. He finds that [redacted] is able to
what he has done wrong in a particular incident, and is able to
express how he should have appropriately responded. Ms. Dorvil
confirmed that she is available on days when Mr. Carothers is un-
available. Ms. Dixon feels that if Mr. Carothers is not available someone
that Travis has a good rapport with should be available. Mr. Carothers
said that a process will be introduced to [redacted] so that he realizes
that Ms. Dorvil is also available during a crisis situation. Ms.
Worsley reported that at the beginning of the year [redacted] had
few outbursts and was reasonably cooperative. Since January,
(possibly his medication was changed), his behavior has become
more disruptive with refusing to do work, talking back, etc...
Mrs. Shepard stated that on Friday, when the incident occurred
with hitting his teacher, that [redacted] said that he had not taken
his medication. His mother said that that was not true, he had
received his medication. Mr. Greenfield reported on their sessions
with [redacted], which is 5 hours a week (individual therapy and group
therapy). They have noticed problems with him since the end of January.
He has had a chair kicking tantrum, when he refused to cooperate.
He had another incident in February. They noticed that trying to negotiate
with [redacted] is not effective. They agreed with the parent, as they have
seen [redacted] lie with a "straight face". Mr. Jeffers states that it takes
Travis a while to de-escalate after a temper tantrum. The parent
states that [redacted] is self-conscious about his small size and
height. Mr. Carothers states that playing with dinosaurs helps
to calm him down, and the parent states that he enjoys playing

REFERRAL MDT MEETING NOTES    APPENDIX 30

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Page: 5 of 6

MDT REFERRAL DATE: 3-12-04

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: MDT

STUDENT: ████████    SCHOOL: Chamberlain    DATE: 3-18-04

With Mr. Greenfield explained ████ program CISP- Children
With Intensive Services Plan- which is 3 hours a day/ every day
(from 4:00 - 7:00)-and the focus is behavior modification.
Strategies include helping students to modify their behaviors
and be aware of limitations and goals in home, school, and
other settings. The team agreed that an updated rating
scale (maybe Conners) will be conducted. His counselors from
the center for Mental Health find that his progress has been
inconsistent lately, possibly due to a change in his medication
Ms. Dixon states that a recent vision report indicated that ████
needs to "try harder", she will be taking him to an eye specialist
at Howard University Hospital (his vision is 25/20). The team
discussed whether this specific incident is related to his
disability. The team agreed that his behavior is not related
to his disability. ████ came in, and was asked how we can
help him when he gets upset. He was told that in addition to his
classroom teacher, the social worker and counselor are available to
support him when he needs it. It was determined that he understands
what he has done, and knows the difference between "right and wrong"
Ms. Dixon feels that ████ acts out to get suspended, and stated that
his behavior is "premeditated". She states that he enjoys going to work with
her (at her day care center) when he is suspended (he bosses the children
around). The MDT counselors agree that ████ aware of his limitations,
and tries to "push the envelope" with certain adults and not others. Dr.
Stewart recommends that Travis acknowledge his behavior and apologize
to the adult(s). Ms. Dixon states that her attorney is seeking another
placement for ████, and has applied to Rock Creek Academy and
High Roads Academy. The team agreed that his behavior is not related
to his disability; given that the evaluators + counselors all agree that
he knows the difference between right and wrong and the consequences
of his actions. Ms. Dixon states that this particular incident was
"premeditated" because he likes to go with her to her job.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

Page: __1 or 6__

MDT REFERRAL DATE: 3-12-04

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: __MDT__    DATE: __3-18-04__

STUDENT: ▮▮▮    SCHOOL: __Chamberlain__

Ms. Dixon states that T▮▮▮ needs to be in another
setting. Dr. Stewart suggested that in further situations;
T▮▮▮ needs to discuss what was inappropriate about his
behavior with his classroom teacher and apologize at that
time (of incident). Ms. Whitehead stated that Chamberlain
school is seeking expulsion at this time. Ms. Shepard
stated that all relevant information will be provided
to them (the parents) immediately following this
meeting.

May.10. 2004 4:24PM    Dalton, Dalton,& Houston                No.8439   P. 25/25
03/29/2004 16:14 FAX 2025475800                                                    ⊠02



**Friendship Edison**
**Public Charter School**

1345 Potomac Ave., S.E.
Washington, D.C. 20003
Tel 202.547.5800
Fax 202-547.4554

Mr. & Mrs. Jemel Dixon
2657 Stanton Road, SE #407
Washington, DC  20020

RE:  T███ D███
d.o.b.:   October 20, 1997

March 29, 2004

This is notification that the Friendship Edison Public Charter School, Chamberlain Campus is
proposing to the Board that your son, T███ D███, d.o.b. October 20, 1997, be **expelled** from
the school effective, Tuesday, April 13, 2004, following the spring break.

T███ D███'s behavior at school has caused substantial disruption to the lawful mission and
function of the school and produced physical violence to staff and students.  As a result of these
acts, we are recommending to the Board, under section C-13 (copy enclosed) ["commits a third
(3rd) offense within the same school year, resulting in at least 3 days of suspension"] that T███
D███ be expelled from the Friendship Edison Public Charter School, Chamberlain Campus due
to the seriousness of his offenses and for the repeated nature of the offenses.

While we are aware that he is a special education student, his behavior is **not** a manifestation of
his disability.

You have the right to contest this disciplinary action, and must do so within 5 school days by
calling the Board on **(202) 675-9060** (Chathan Smoot) to schedule a hearing.  **All decisions
made by the board are final.**

Sincerely,

John C. Pannell,
Principal

Enclosure:

33
- FEPCS -03 -



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9th Floor*
202-442-5000  Fax # 202-442-5098
*www.k12.dc.us*

STUDENT HEARING

OFFICE

May 10, 2004
~~December 30, 2003~~

Christina Busso, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C.  20005

**DISCLOSURE STATEMENT**

**VIA FACSIMILE 202-742-2098**

**Subject: Due Process Hearing for T▉▉ Di▉▉**
**DOB:**    ▉▉▉1997

Dear Ms. Busso:

　　At the upcoming due process hearing in the above-referenced matter, scheduled for Monday, May 17, 2004, at 1:00 p.m., and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1]:

**Witnesses**

　　Raymond Bryant, Chief, Special Education Reform, and/or his designee(s);
　　Ruth Blake, Executive Director, Non-Public Day and Charter Schools, and/or her designee(s);
　　Dwight Thomas, Placement Specialist/Monitor, Non-Public Day and Charter Schools, and/or designee(s);
　　Elva Gloster, Assistant Director, Technical Support, School Support, DCPS, and/or her designee(s);
　　Christina Johnson, Special Education Specialist, DCPS/OSE, and/or designee(s);
　　Principal, Savoy Elementary School, and/or her designee(s);
　　Bennie Johnson, Special Education Coordinator, Savoy Elementary School, and/or designee(s);
　　Special Education Teacher, Savoy Elementary School, and/or designee(s);
　　General Education Teacher, Savoy Elementary School, and/or designee(s);
　　School Social Worker, Savoy Elementary School, and/or designee(s);
　　School Psychologist, Savoy Elementary School, and/or designee(s)

---

[1] Witnesses may testify by telephone.

DCPS Office of the General Counsel
Page 2

        DCPS reserves the right to examine any witness called or identified as a potential witness by the representative of Travis Dixon, as if such witness was called by DCPS. Also, DCPS reserves the right to rely upon and/or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Lastly, DCPS reserves the right to call rebuttal witnesses in this matter.

        If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5169.

Sincerely,

Quinne Harris-Lindsey
Attorney Advisor

cc:    Student Hearing Office

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull
Christopher L. West◆◊

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!◊
Christina R. Busso◆◊
Ann E. FordΔ
Tilman L. GeraldΔ
Roxanne D. Neloms
John A. Straus*◊

---

* Admitted in Maryland Only
◆ Admitted in New York Only

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

May 10, 2004

**VIA Hand Delivery**
Jeffrey Phoenix, Hearing Coordinator
Student Hearing Office
District of Columbia Public Schools
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002

Re: Disclosures for T▆▆ D▆▆ DOB: ▆▆97

Dear Mr. Phoenix

For the upcoming hearing scheduled for May 17, 2004 at 1:00 pm and pursuant to 34 C.F.R. 300.509 (a)(3), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

**Documents**

TD-01 Hearing Request 4/26/04
TD-02 Hearing Notice
TD-03 Letter to Friendship-Edison PCS from C. Busso 3/12/04
TD-04 Letter from Friendship-Edison PCS to Mrs. Sutton-Brock 4/1/04
TD-05 Letter to Friendship-Edison PCS from C. Busso 3/24/04
TD-06 Letter to Friendship-Edison PCS from C. Busso 4/14/04
TD-07 HOD 1/28/04
TD-08 HOD 6/30/03
TD-09 IEP with MDT meeting notes 4/23/03
TD-10 MDT meeting notes 3/18/04
TD-11 MDT/SEP 3/12/04
TD-12 MDT meeting notes 2/12/04
TD-13 Progressive Discipline Policy
TD-14 IEP report from The Center for Mental Health 6/13/03
TD-15 Psychological Evaluation 3/6/03
TD-16 Psychiatric Evaluation and Diagnostic Certification 1/22/03
TD-17 Parent Interview/Questionnaire 1/9/03
TD-18 Speech and Language 4/22/03
TD-19 MDT/SEP 1/9/03

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

36

**Disclosures for-Travis Dixon**
**Page 2**

TD-20 Letter to Ms. Dixon from Orr Elementary School 11/1/01
TD-21 Letter to Ms. Dixon from Orr Elementary School 10/11/04
TD-22 Placement letter send to schools 3/15/04

## **Witnesses**

1. Ms. Dorothea Dixon, mother
2. Mr. Jamel Dixon, father
3. Travis Dixon, student
4. Dr. Creekmore, Center for Mental Health
5. Cheron Sutton-Brock, Educational Advocate, or designee
6. Claudia Martinez, Legal Assistant, or designee
7. Ms. Laura Duos, Esq., Dalton , Dalton and Houston

The parent reserves the right to rely on any documents presented by DCPS it deems relevant in this case. The parent also reserves the right to have witnesses testify by telephone. If there is some objection to this, please contact me as soon as possible. If you should have any questions or wish to discuss any aspect of this case before the hearing, please contact me at (202) 742-2018.

Respectfully,

Christina Busso, Esq.

cc: Office of General Counsel, Quinne Harris-Lindsey, Esq.

37

# Exhibit 1

# STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➤ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**
➤ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

---

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING _X_ I REQUEST A HEARING

---

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _T▪▪▪ Di▪▪▪_____ DOB: _▪▪▪▪/97_____

Address: _2657 Stanton Road, SE, Washington, DC 20020_____
Present School of Attendance:            Home School:
                                         (Neighborhood school where child is registered)
Savoy Elementary School                  Savoy Elementary School

**COMPLAINT IS MADE AGAINST:** ___DCPS and Friendship Edison FCS – Chamberlain Campus____
                                DCPS and/or D.C. Public Charter School-specify charter school

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: _Ms. Dorothea Dixon_____

Address:_ 2657 Stanton Road, SE, Washington, DC 20020_____

Phone:  (H) _(202) 889-4879_____(Cell) _(202) 246-1812_____  (Fax) _____

Relationship to Student: _X_ Parent ___ Self ___Legal Guardian ___ Parent Surrogate ___ Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: _Christina Rose Busso, Esq._____ Phone: (W) _(202) 742-2000_____ (Fax) _(202) 742-2098_

Address: _1220 L Street, NW, Suite 700, Washington, DC 20005_____

---

Form 101

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  ___ May 18, 2004 AM/PM ___   ___ May 19, 2004 AM/PM ___   ___ May 20, 2004 AM/PM ___

Mediation: _____   _____   _____

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

               Interpreter
       ___ Foreign Language _____
       ___ Sign Language _____
       ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

1. **FEPCS failure to deliver compensatory education services.** In providing a Free
   Appropriate Public Education (FAPE) to students, the public agency must ensure that services
   are provide in conformity with an IEP. 34 C.F.R. Sec. 300.13. Further, the IEP for each
   student with a disability must be implemented as soon as possible following the IEP meeting.
   34 C.F.R. Sec. 300.342. On April 23, 2003, an IEP meeting was convened at FEPCS-
   Chamberlain and an IEP developed. The IEP included related services for T██████in the
   following areas: 1) Speech and Language services for 1 hr/week, and 2) Counseling services
   for 30 min/week. T██████' IEP indicates that services in these areas was to begin April 24,
   2003. Since the time of the IEP meeting, speech and language services were not delivered to
   T██████ consistently and as written. An MDT meeting was convened at FEPCS on February 12,
   2004 to address the issue of missed services and to develop a plan to deliver compensatory
   education services as needed. The team determined that the student was entitled to 18 hours of
   compensatory education services for speech and language service missed. The team specified
   that this compensatory education time included two (2) hours of missed service time during the
   2002-2003 school year and sixteen (16) hours of missed service during the 2003-2004 school
   year. The team members noted that the service providers at FEPCS would keep a log of
   services and provide T██████ with speech and language services at a rate of 1.5 hours per week
   until all service time had been made up. Shortly after the MDT meeting, T██████ was subject to
   a series of suspensions and finally an expulsion from FEPCS. Despite having been removed
   from FEPCS, T██████ is still entitled to the speech and language compensatory services as
   determined by the MDT team. The parent and parent's counsel made repeated attempts to
   have this issue addressed by the MDT members at FEPCS, however requests for meetings and
   assistance were ignored.

2. **DCPS/FEPCS failure to timely reconvene meeting to review Individualized Educational
   Program (IEP).** DCPS and FEPCS as the responsible public agencies have the duty to ensure
   that the IEP for each student with a disability is reviewed periodically but in no case less than
   annually. 34 C.F.R. Sec. 300.343 (c) and 346 (b). In addition, upon completing the
   administration of tests and other evaluation materials, a group of qualified professionals and
   the parent of the child must review the evaluation materials and determine whether the child is
   a child with a disability. 34 C.F.R. Sec. 300.534. In the case at hand, T██████' last IEP was
   developed on April 23, 2004. Since that time, further evaluation materials have been made
   available to FEPCS and though a team of personnel reviewed new and old testing and agreed
   mores supports were required, no action was taken to assist Travis. While T██████ attended
   FEPCS, the parent and parent's counsel had scheduled and confirmed a meeting to review and
   revise Travis' IEP on April 14, 2004 and made changes to Travis' IEP. This review and
   revision was necessary for several reasons. First, the student was in need of an annual review

Form 101

and scheduling an MDT/IEP meeting for April 14, 2004 would ensure that the student's IEP was revised in accordance with the requirements of IDEA. Second, T████ displayed a series of serious behaviors that indicate his IEP was no longer meeting his needs. As a result of aggressive behaviors, T████ was subject to a series of suspensions that ultimately resulted in FEPCS ordering that T████ be expelled from the school. Based on evaluation materials now available to FEPCS including reports from the Center for Mental Health, it was apparent to school staff as well as counsel for FEPCS and counsel for the parent that T████' IEP no longer reflected his needs and no longer provided support for his level of disability. Despite this agreement, staff members at FEPCS refused to allow T████ to return to the school and refused to convene the scheduled IEP meeting. As a result, T████' mother moved him to his neighborhood school, Savoy ES, beginning April 14, 2004. Ms. Dixon attempted to minimize the impact on T████ of FEPCS' refusal to provide assistance. Ms. Dixon explained to school staff at Savoy ES her concerns and noted T████ recent history of serious behavioral problems. She was informed that an MDT/IEP meeting would be scheduled promptly. Despite repeatedly checking on the status of T████' performance and his IEP meeting, and despite T████ continuing to display disruptive behaviors, no meeting has been scheduled. In order to assist T████ in avoiding disruptive behaviors, Ms. Dixon has been requested by the school to sit with T████ during his classes. She has done so when requested. It is clear that T████' IEP is not adequate to meet his needs. It does not include any behavior component nor does it include specialized instruction in academic areas. These are both areas where T████ requires assistance.

3. **DCPS/FEPCS failure to develop an appropriate Individualized Educational Program (IEP) on April 23, 2003.** T████ is a DCPS student eligible for special education services. During T████' last IEP meeting, the parent objected to the limited level of service provided to Travis. Since the last IEP meeting, the parent continued to raise objections, yet no modifications were ever made to T████' IEP. Based on a review of T████ poor performance and increasingly disruptive behaviors, it has become apparent that T████' IEP is inadequate in ways including but not limited to the following:

a) **DCPS/FEPCS failure to properly identify and classify the student's disability:**
FECPS/DCPS has a duty to classify the students within its jurisdiction according to the standards of disability described in IDEA. 34 C.F.R. 300. The child in this case was evaluated by a range of evaluators and noted to exhibit a range of disabilities. FEPCS/DCPS classified this student in the April 23, 2003 IEP with multiple disabilities: Speech and Language Impairment and Other Health Impaired. This disability classification however fails to address all of the student's needs. Specifically, the IEP fails to identify the student's needs as an emotionally disturbed student based on the criteria of IDEA in 34 C.F.R. 300.7. The Psychological Evaluation conducted by on March 6, 2003 following a referral by Friendship Edison Public Charter School (FEPCS) specifically stated in the report that T████' pattern of behaviors is consistent with the special education classification as "an Emotionally and Behaviorally Disordered student." Additionally, since T████ began attending FEPCS in Fall 2001, Travis has been displaying oppositional behaviors that have negatively impacted his academic performance and participation. T████ was excluded from the pre-Kindergarten program at Orr Elementary School as a result of his disruptive and aggressive behaviors. T████'

2002-2003 and 2003-2004 teachers at FEPCS have also noted that T████' behaviors impede his academic success and progress. Most recently, T████ was subject to a series of suspensions and finally expulsion from FEPCS, yet neither FEPCS nor DCPS took steps to honor the parent's request for T████' IEP to be revised. FECPS/DCPS failed to appropriately classify all of this student's disabilities when it failed to include the disability classification of Emotionally Disturbed (ED) and failed to program accordingly. According to 34 C.F.R. Sec. 300.7, emotional disturbance is a classification that includes a child whose educational performance is adversely affected by various types of manifested inappropriate behavior. Here, the evaluators and teachers familiar with the student all noted the presence of behaviors suggestive of ED. The clinical psychologist retained by FEPCS made this formal diagnosis in the clinical evaluation from March 2003. T████' treating therapist at the Center for Mental Health made similar recommendations in a report dated June 13, 2003 that was shared with the team at FEPCS. Despite these concurring diagnoses and behavioral outbursts, the ED classification was not included on the IEP. As a result, the IEP programming is inadequate as it does not identify or address ED needs. To date, this student's IEP has not been amended to include the proper classification and provide proper educational support and programming for this disability.

b) **DCPS/FEPCS failure to include a behavior plan:** In developing each child's IEP, that IEP shall consider appropriate factors, including those special factors in the case of a child whose behavior impedes his or her learning or that of others. 34 C.F.R. Sec. 300.346. Prior to April 23, 2003, T████ teachers, evaluators, and parent had all noted serious behavior problems that had a detrimental impact on T████' progress at school. Subsequent to April 23, 2003, T████' disruptive behaviors have continued and worsened, ultimately resulting in his expulsion from FEPCS. Despite agreement by school staff and Travis' family that Travis' behavior required greater attention, no behavior plan was ever developed to address her needs in this area.

c) **DCPS/FEPCS failure to develop appropriate goals in academic subject areas:** The IEP for each child with a disability must include an appropriate statement of specific and measurable goals as appropriate to address all of the child's identified special education and related service needs based on the child's unique needs. 34 C.F.R. Sec. 300.347 and 34 C.F.R. Sec. 300.300. In this case, the evaluations completed for this student note academic difficulties where T████ is performing below grade level and the IEP specifically speaks to this concern. On page 2 of the IEP, it states that this student "may have difficulty solving grade level addition and subtraction problems in general ed class" and that "due to inattentiveness and impulsivity T████ may have difficulty with comprehension in regular ed classroom." At the April 23, 2003 IEP meeting, the parent and advocate raised concerns about the team not including academic goals where the team had already agreed that T████' education was being impacted negatively. FEPCS responded to this concern by stating that FEPCS was not a part of DCPS and therefore did not have to follow that standard. In addition to the academic difficulties noted at the time of the last IEP, T████ has continued to display difficulties making progress academically. Despite continued problems in academic areas, no subsequent meeting was convened to add academic instruction to T████' IEP goals.

Form 101

**d) DCPS/FEPCS failure to provide the student with the appropriate level of services:**
Each student with a disability is entitled to free and appropriate public education (FAPE) where the services provided to the child address all of the child's identified special education and related service needs. 34 C.F.R. Sec. 300.300. Here, T████' April 23, 2003 IEP does not provide him with an adequate amount of special education services. Specifically, T████ has extreme difficulties managing his behavior in a regular education setting. The IEP notes in section XIII that T████ is to be placed in a setting "out of regular ed setting" however the IEP indicates that T████ only receives 1.5 hours of special education services. Based on T████ levels of performance and his current needs, T████ IEP should be adjusted to increase his level of service and remove him from the general education setting.

4. **Time of hearing on this request.** 34 C. F. R. 300.511 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. If the hearing in this matter is not set within the required time frame, such issue will be raised at the hearing with or without an amended hearing request.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

Whether or not the District of Columbia Public Schools (DCPS) and Friendship Edison Public Charter School (FEPCS) failed to provide the student with a free and appropriate public education (FAPE) by:

1) Failing to provide compensatory education services;

2) Failing to provide timely IEP review; and

3) Failing to provide an IEP that is adequate to meet the student's needs.

**Describe relevant facts relating to the problem:**

T████ is a six-year-old first grade student who currently attends Savoy Elementary School. T████ has attended Savoy since April 14, 2004 following an expulsion from FEPCS – Chamberlain Campus where he was in attendance during the 2002-2003 and 2003-2004 school years. FEPCS and DCPS have failed in their duties to T████ and his family by not providing T████ with an appropriate level of support in his IEP to meet his needs. Further, even after noting that T████ behaviors led to continued school failures and to school ordered suspensions and finally an expulsion from FEPCS, neither FECPS nor DCPS took steps to provide T████ with assistance. Through objections raised by T████' mother as well as T████' behaviors leading to his suspensions, FEPCS cannot claim that they were providing an environment with sufficient support to meet his needs.

02/01/2003

Form 101

T█████ has exhibited oppositional and aggressive behaviors since at least the time he entered school in Fall 2001. As a result of these behaviors T█████ was excluded from participating in the pre-Kindergarten program at Orr Elementary School. T█████ has continued to display behaviors that are negatively impacting his ability to participate and progress in academic programs. Since Travis' IEP was developed on April 23, 2003, T█████'s behaviors only worsened. After T█████ was expelled and his mother was forced to enroll him at his neighborhood school, still no steps have been taken to convene an IEP meeting or provide more support to T█████. When Travis began attending Savoy ES on April 14, 2004, the school was put on notice that Travis' behaviors as a 6-year-old were so severe that he had been expelled already. In addition, Ms. Dixon provided the school with a copy of T█████ last IEP that was to expire in just over one (1) week.

In addition to the issue of the appropriateness of T█████' IEP, it has been established previously that T█████ did not receive all of his IEP-ordered speech and language services. To remedy that prior failure, FEPCS developed a compensatory education plan to provide T█████ with additional speech and language services for at least six (6) months until all 18 hours of missed services were made up. During T█████' suspensions and also now that T█████ has been expelled, FEPCS has taken no steps to provide T█████ with the compensatory education services that are owed to him, despite repeated written requests for this made by parent's counsel. While T█████ no longer attends FEPCS, that school is still responsible for making arrangements for T█████ to receive all services owed to him.

By failing to provide T█████ with his compensatory education services and an appropriate and current IEP, DCPS and FEPCS have denied T█████ the free and appropriate public education (FAPE) to which he is entitled. Additionally, while T█████ has been attending FEPCS, he is entitled to FAPE by FEPCS and by DCPS. Here, while FEPCS acts in this case as its own Local Educational Agency (LEA), DCPS continues to be liable as the State Educational Agency (SEA). In this way, both parties bear the responsibility of providing FAPE to T█████. This point is made clear in *Gadsby v. Grasmick*, 109 F. 3d 940 (4th Cir. 1997) where the Fourth Circuit Court of Appeal concluded that the "SEA is ultimately responsible for the provision of a free appropriate public education to all its students and may be held liable for the failure to assure compliance with IDEA." 109 F.3d at 952-53.

## State how you would like to see the problem corrected:

1.  DCPS/FEPCS shall provide T█████ with all hours of speech and language compensatory education services not delivered before being expelled from FEPCS. FEPCS shall work together with DCPS and the parent to determine a service provider for the student and determine a time for delivery of services. If no agreement can be reached during the next MDT/IEP meeting to be held within ten (10) calendar days, FEPCS shall provide funding for the parent to obtain a speech therapist at an hourly rate.

2.  DCPS/FEPCS shall convene an MDT meeting within 10 calendar days of the hearing to review and revise T█████' IEP including a review of all evaluations, discuss and determine an appropriate disability classification, develop appropriate annual goals and benchmarks for performance, and discuss and determine an appropriate placement.

Form 101

3.    DCPS/FEPCS shall consider all placement options proposed by the parent, including but not limited to High Road Academy and Rock Creek Academy.  At the time of the filing of this hearing request, Travis has been accepted to attend High Road Academy.

4.    DCPS/FEPCS shall issue a notice of placement to a location agreed to by all parties within five business days if the location is a public school, or within 30 calendar days if the location is a non-public placement.

5.    All additional issues related to compensatory education are reserved.

6.    DCPS shall send all notices, evaluations, or other information related to this student through counsel for the parent, Christina Busso, via facsimile at (202) 742-2098 with copies of evaluations to be reviewed at any MDT/IEP meetings to the parent no later than 48-hours prior to convening any meetings.

◊ _____          ____4/26/04____
Signature of Applicant/Parent (Required)                     Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX:  (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

                                          Revised 02/01/2003
Form 101

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

TRANSMISSION OK

TX/RX NO              3643
CONNECTION TEL                  94425556
SUBADDRESS
CONNECTION ID
ST. TIME             04/26 18:50
USAGE T              01'45
PGS. SENT               9
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Christina R. Busso◆◊ |
| Brenda McAllister*◊Δ | Suite 700 | Ann E. FordΔ |
| Roberta Gambale | Washington, D.C. 20005 | Tilman L. GeraldΔ |
| Miguel A. Hull | Telephone: (202) 742-2000 | Roxanne D. Neloms |
| Christopher L. West◆◊ | Facsimile: (202) 742-2098 | John A. Straus*◊ |

* Admitted in Maryland Only                                  ! Admitted in Bolivia Only
◆ Admitted in New York Only                                  Δ Member of the DC Federal Bar

---

# FAX COVER SHEET

DATE:          April 26, 2004

TO:            Student Hearing Office

FAX NO.:       202-442-5556

FROM:          Christina Busso, Esq.

SUBJECT:       T███ D███, DOB ██/██/97

NUMBER OF PAGES INCLUDING COVER SHEET:  **9**

COMMENTS:      Request for Due Process Hearing

# Exhibit 2

04/30/2004  14:38    2024425556    STUDENT HEARINGS OFF    PAGE 01/01



# District of Columbia Public Schools

**OFFICE OF COMPLIANCE**
*Special Education Student Hearing Office*
*825 North Capitol Street NE, 8th Floor*
*Washington, DC 20002-1994*
*Phone - 202-442-5432, Fax – 202-442-5556*

## HEARING NOTICE

MEMORANDUM via ☐ FACSIMILE ☐ MAIL ☐ HAND DELIVERY

| | |
|---|---|
| TO: | Parent (or Representative): C. RUSSO   (202) 942-2098 / A. DALTON (703) 642-3101 |
| | LEA Legal Counsel: Q. HARRIS - LINDSEY  10/20/97 |
| RE: | D____ T____ and [LEA] |
| | Student's Name |
| FROM: | JEFFREY PHOENIX |
| | Special Education Student Hearing Office Coordinator |
| DATE SENT: | 3 3 1/04 |

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above-named student on 4/27/04. Please be advised that the hearing has been scheduled for:

DATE: 5/17/04
TIME: 1:00 PM
AT: 825 North Capitol Street NE, Washington, DC, 8th Floor.
ASSIGNED HEARING OFFICER: Smith

☒ **THIS IS A FINAL NOTICE OF HEARING:** If you wish to request a continuance of this hearing, you must submit your request, *in writing, on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202-442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

☐ **THIS IS A PROVISIONAL NOTICE OF HEARING:** The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter, telefax, or email) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with a hearing officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only with a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

# Exhibit 3