# Exhibit 16

# THE CENTER FOR MENTAL HEALTH
# PSYCHIATRIC EVALUATION AND DIAGNOSTIC CERTIFICATION

**PATIENT:** T[redacted] D[redacted] **DATE:** 1/22/03

**DOB:** 1[redacted]97 (5.3 year old) **PSYCHIATRIST:** Alberta M. Vallis, M.D.

## I. IDENTIFYING DATA/CHIEF COMPLAINT/HISTORY OF PRESENT ILLNESS:

Mother brought T[redacted] to be evaluated today due to behavior problems at home and school. T[redacted] does not ask for help, does not accept it and has frequent tantrums i.e. he screams, hollers, jumps up and down and shows defiance.

Mother reported that this behavior had its on set when T[redacted] was one year old.

Mother is depressed and has been attending the adult program at The Center for Mental Health for three months. Dr. Biggs has her on Zoloft and two other medications.

## II. PAST PSYCHIATRIC HISTORY:

None

## III. PAST MEDICAL HISTORY:

Asthma, sickle cell trait, and eczema

## IV. SUBSTANCE USE HISTORY:

None

## V. SOCIAL HISTORY (See Initial Psychological Assessment):

T[redacted] weighed 8lbs 6oz at birth—He was delivered via c-section due to mother's small pelvic outlet.

T[redacted] is one of three children. He has two sisters eight and two years old.

T[redacted] has always lived at home with his mother—mother was not on medicine while pregnant with T[redacted]. T[redacted] attends Friendship Edison Chartered School and is being considered for E.I.P. Headstart program two hours a day.

**Family History**

**Mother's Side** – Depression—Diabetes--Hypertension

**Father's Side** –Unknown except sickle cell trait

## VI. MENTAL STATUS EXAMINATION:

***General Appearance and Behavior:***

T[redacted] was neatly dressed and groomed. He made good eye contact but preferred to look away. He had a sullen, guarded expression. He is left handed and self contained.

***Attitude toward the examiner:***

Distant but compliant

***Speech:***

Appropriate tones—He needed to have commands repeated
Some weaknesses in both expressive and receptive language skills

***Mood and Affect:***

Sullen

***Thought Process:***

In tact but not goal oriented. His process is demanding—Self oriented and aggressive.

***Thought Content and Perception:***

No psychotic content was exhibited. T[redacted] showed weak visual-motor perceptual skills. He does not perceive social situations and rules well.

***Cognitive Functioning:***

***Sensorium:***

Clear

T████ D████
Psych. Eval 1/22/03
Page 3

### *Orientation:*

Appropriate

### *Attention/Concentration:*

Both are very weak

### *Memory:*

In tact but not for social rules

### *Intellectual/Abstract Functioning:*

Slightly below

### *Insight/Judgment:*

Both of these areas are very weak—He shows little awareness of his negative behavior or means to sustain himself except through thumb sucking.

## VII.   DIAGNOSIS:

|  |  |
|---|---|
| **Axis I:** | 313.81—Oppositional defiant disorder |
|  | 312.9 –Disruptive behavior |
| **Axis II:** | None |
| **Axis III:** | Asthma—Eczema |
|  | Sickle cell trait |
| **Axis IV:** | Stressors—School and support system. |
|  | He was put out of day care at age three and pre-kindergarten when—He attended Orr Elementary School |
| **Axis V:** | **GAF = 35** |

## VIII.   TARGET PROBLEMS AND BEHAVIORS:

1. Impulse control
2. Verbalization of needs
3. Trust and postponement of instant gratification

154

T[redacted]s D[redacted]
Psych. Eval 1/22/03
Page 4

## IX. TREATMENT RECOMMENDATIONS:

1. Weekly individual therapy
2. Full time E.I.P. Headstart program
3. Speech therapy

Alberta M. Vallis, M.D.

**CERTIFIED BY:** Alberta M. Vallis, M.D.
**TITLE:** Child Psychiatrist
**DATE:**

155

# Exhibit 17

*Mtg-1/7/03

PARENT INTERVIEW/QUESTIONNAIRE

Student Name: D[redacted] (Last) J[redacted] (First) W (MI) SSN: 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

Parent/Guardian: Jemel & Dorothea Dixon

Address: 2657 Stanton Rd SE #207 Washington D.C. 20020

Date of Birth: [redacted] 1997

Chron. Age: 5

Phone: (Home) 2/889-4870 (Work) 2/5766966

Prim. Language: English

Form Completed By: Mr. Corothers (Name/Position)

Date: January 9, 2003

SECTION I: FAMILY DATA

HOUSEHOLD MEMBERS

| NAME | AGE | RELATIONSHIP | EDUCATION | OCCUPATION |
|---|---|---|---|---|
| Dorothea R Dixon | 31 | mother | H.S. | Bus Driver |
| Jazmyne N Dixon | 8 | sister | 2nd garder | |
| Danigale C Dixon | 1½ | sister | Day Care | |
| Travis W Dixon | 5 | son | K-dg | |
| Jemel R Dixon | 37 | Father | H.S. | Cook |
| | | | | |

OTHER SIGNIFICANT PERSONS

| NAME | AGE | RELATIONSHIP | EDUCATION | OCCUPATION |
|---|---|---|---|---|
| Lilian Dixon | 51 | Grandmother | | Head Teacher Daycare |
| | | | | |
| | | | | |
| | | | | |

Do you have any serious concerns about your child? ✓ Yes ___ No

If yes, please explain:

- Behavior
- Being able to express feelings.

Have any other family members experienced school-related problems? X Yes ____ No

If yes, please explain:

Behavior (talking too much)

Did the students mother experience any health problems during this pregnancy? X Yes ____ No

If yes, please explain:

shortness of breath

Student's Birth Weight: 8, 7

Mother's Age at time of Delivery: 25

Did any of the following occur during the birth process?

____ Premature ✓ Breech Birth ____ Fetal Distress

____ Transfusion ____ Prolonged Labor ____ Oxygen Problem

✓ Caesarean Section ____ Blood Incompatibility (RH Factor) ____ Jaundice

Other birth problems and/or concerns:

I dead for 5 seconds, baby possibly lost oxygen during this time.

Did your child have any difficulties in learning to eat, sleep, sit, walk or talk? ✓ Yes ____ No

If yes, please explain:

he wouldn't eat his food because the doctors said he might don't like the food, but he couldn't tell you.

Has your child experienced any traumatic events (such as death of a close relative or friend, divorce, family crisis)? ____ Yes ✓ No

If yes, please explain:

## SECTION II: MEDICAL HISTORY

Please check below any illnesses or problems your child has had:

| | | |
|---|---|---|
| ____ Physical Defect | ____ Frequent Colds | ____ Allergies |
| ____ Speech Problems | ____ Eye Problems | ____ Ear Problems |
| ____ Frequent Sore Throats | X Asthma | ____ Dietary Problems |
| ____ Headaches | ____ Epilepsy | ____ Operations |
| ____ Heart Disease | ____ Diabetes | ____ Serious Accidents or Injuries |
| ____ Temperatures Above 104 Degrees | | ____ Other ____________ |

Please describe any of problems checked above:
Uses asthma inhaler, mother currently ordering extra mask for school.

Has your child ever been hospitalized? X Yes ____ No

If yes: Age at the time 4 months How Long? 4 days

Reason: cold but the doctors told me that it was asthma.

Is your child currently under treatment or receiving medication? ____ Yes ✓ No

If yes, please explain:

How would you rate your child's general health? ____ Excellent ____ Good X Fair ____ Poor

Most current physical: August '02 Where: Children's Clinic - Naylor Rd. SE

Vision Screening: August '02 Hearing Screening: August '02

Psychiatric Referrals: X Yes ____ No If yes, please explain:

Found that T[redacted] had difficulty with coordination. Recomended evaluation for ADHD. (Gave reports to Principal)

## SECTION III: SOCIAL/BEHAVIORAL CHARACTERISTICS

Please check any of the following behaviors which describe your child:

- ___ Flexible
- ___ Outgoing
- ___ Consistently short attention span
- ___ Daydreams
- ___ Cooperative
- ✓ Nightmares
- ___ Temper tantrums
- ___ Unreasonable fears
- ___ Gets ideas quickly
- ___ Fantasies
- ___ Artistic
- ✓ Frequently tells lies
- ___ Frequently late
- ___ Frequently talks to self
- ✓ Lacks motivation
- ___ Creative
- ✓ Bedwetting
- ✓ Thumb sucking
- ✓ Nail biting
- ___ Mechanical
- ___ Overactive
- ___ Athletic
- ___ Musical
- ___ Rocking
- ___ Under active
- ___ Self-confident
- ___ Enjoys reading
- ___ Uncooperative
- ___ Sleepwalking
- ___ Difficulty using numbers
- ✓ Lacks self-control
- ✓ Frequent sudden changes in mood
- ✓ Excessive inconsistency in behavior
- ✓ Needs constant approval or reassurance
- ___ Unusually aggressive towards others
- ___ Unusually shy or withdrawn
- ___ Difficulty with changes in routine
- ___ Difficulty with organization
- ___ Avoids reading
- ___ Difficulty telling time
- ✓ Avoids homework Sametime
- ✓ Doesn't seem to understand questions or directions
- ___ Difficulty making and keeping friends
- ✓ Short attention span

Please comment on any behaviors that particularly concern you:

Extremely talkative at inappropriate times.

Has your child had any evaluations that the school may be unaware of?

___ Educational ✓ Psychological ___ Medical ___ Other

Please explain (what, when, by whom, etc.):

ChilDRENS Hospital - Begin: Oct. '2002, Completed: November '2002

What are your child's interests?

Likes water, watch movies, likes to look at/read books.

What does your child do well?

Very affectionate w/family members.

Vee's Daycare (2½-3 yrs.) - moved due to behavior

School History (Schools attended, retentions, learning or behavioral problems)

Woodridge Day Care (4 yrs. old)

Orr Elementary (2-3 yrs.) - expelled due to behavior.

Chamberlain

How do you think the school can help your child?

Assist him with dealing with frustration, behavior skills.

Is there any additional information which you feel will help the school understand your child better?

Recently started wetting cloths. Does not like to sleep in bed, sleeps on the floor.

**I understand that this information will be used to help determine whether my child has a disability and will be used by school professionals only. This material will be kept in my child's confidential folder.**

Information obtained from: Dorothea Dixon Mother
*Name* *Relationship*

Dorothea Dixon Jan 9,03
*Signature* *Date*

Interviewer: [signature] MSW 1/9/03
*Signature* *Date*

# REFERRAL TO DETERMINE NEED FOR SPECIAL EDUCATION

Date: 1/9/03

Name of Student: [redacted] [redacted]

Age: 5

School Attending: EEPCS-Chamberlain E.S.

Name of Person Making Referral: Mrs. Dorthea Dixon

[✓] Parent
[ ] Regular education teacher
[ ] Other. ______________ (Title)

I am referring this student for an initial evaluation to determine his/her need for special education and related services. I believe the student may need special educational services because:

Behavior, self control, learn how to Talk to teacher when a problem.

Dorthea R Dixon
Signature

# Exhibit 18

**Friendship-Edison Public Charter School**
**Chamberlain Campus**
**1345 Potomac Avenue, SE**
**Washington, D.C. 20003**
202-547-5800

Speech/Language Report

**Student's Name: T[redacted] D[redacted]**
**Date of Birth: 10/20/97**

**Date of Evaluation: 04/22/03**
**Examiner: Michele Morrissey**
**Title: CCC-SLP**

**Reason for Evaluation:**

Speech/Language testing was conducted as a part of an initial evaluation to determine current speech/language levels of functioning.

**Background:**

T[redacted]s birth history is significant for prolonged labor and Cesarean birth because he was breached. There was a possible loss of oxygen. His birthweight was 8 pounds, 7 ounces. Travis's medical history includes asthma and he is currently using an inhaler.

Dr. Carlton Quarrels conducted a psycho-educational evaluation. Word reading, numerical operations, math reasoning, spelling and listening comprehension were found to be within the average range. Verbal and nonverbal functioning were commensurate.

Mrs. Campbell, T[redacted]'s teacher, described T[redacted] as one who lacks self-control, but is able to be redirected.

**Testing Climate:**

T[redacted] was pleasant and cooperative. Testing was conducted across two sessions in a well-lit room where the temperature was comfortable and there were minimal distractions.

**Tests Administered and Observations:**

Informal articulation, voice, and fluency observation
Expressive One-Word Picture Vocabulary Test (EOWPVT)
Test of Auditory Reasoning and Processing Skills (TARPS)
Test of Language Development-Primary (TOLD-P:3)

**Description of Tests Administered and Observations:**

An informal evaluation was conducted to determine whether formal assessments were needed for articulation, voice and fluency.

The TOLD-P:3 reveals current levels of functioning in regard to language development.

The EOWPVT assesses the examinee's expression of vocabulary. The student is asked to provide a word that matched a picture or group of pictures.

The TARPS provides insight regarding the student's ability to reason, develop ideas, draw inferences, solve problems and acquire knowledge.

**Results:**

Articulation, voice volume, pitch, and resonance appear appropriate for age and gender. Fluency also appears to be within normal limits.

Scores are reported in terms of standard scores, age equivalents and percentile ranks. Standard scores provide a means by which a student's performance can be described in terms of severity ratings. Age equivalents indicate the age group for which the score is considered average. Percentiles allow the student to be compared to students within their age group.

**Assessment Results:**

| Areas of Concern/ Subtests: Skill Assessed | Assessment Instrument | Standard Score | Age Equivalent Years-Months | Percentile Ranks |
|---|---|---|---|---|
| Picture Vocabulary: Evaluates the student's ability to comprehend the meanings of words. | TOLD-P:3 | 7 Below average | 4-3 | 16 |
| Relational Vocabulary: Evaluates the student's ability to organize language input into categories in order that relationships could be perceived. | TOLD-P:3 | 5 Poor range | 3-3 | 5 |
| Oral Vocabulary: Evaluates the student's ability to define words. | TOLD-P:3 | 6 Below average | 3-9 | 9 |
| Grammatic Understanding: Evaluates the student's ability to understand sentences with varying grammatical structures. | TOLD-P:3 | 7 Below average | 4-0 | 16 |
| Sentence Imitation: Evaluates the student's ability to repeat complex sentences. | TOLD-P:3 | 7 Below average | 4-0 | 16 |
| Grammatic Completion: Evaluates the student's ability to complete a sentence using correct morphological endings. | TOLD-P:3 | 6 Below average | 3-6 | 9 |
| Spoken Language Quotient Expressive | TOLD-P:3 | 75 Poor range | NA | NA |
| Listening Quotient Receptive | TOLD-P:3 | 82 Below range | NA | NA |
| Organizing Quotient | TOLD-P:3 | 76 Poor range | NA | NA |

| | | | | |
|---|---|---|---|---|
| Speaking Quotient | **TOLD-P:3** | 76 Poor range | NA | NA |
| Semantics Quotient | **TOLD-P:3** | 74 Poor range | NA | NA |
| Syntax Quotient | **TOLD-P:3** | 79 Poor range | NA | NA |
| Expressive Vocabulary: Picture naming | **EOWPVT** | 87 Average range | 4-3 | 19 |
| Drawing conclusions, making inferences, applying and using judgments from what is perceived auditorily. | **Test of Auditory Reasoning and Processing Skills** | 88 Average range | 5-1 | 21 |

**Strengths and Weaknesses:**

Areas of relative strength included reasoning and processing skills and expressive vocabulary. T[redacted]'s difficulties with understanding vocabulary is likely to adversely impact his ability to understand how words are related. Understanding of word relationships is necessary for learning new vocabulary through context, paraphrasing information, making predictions, creating meaning, making inferences, and using analogical reasoning for problem solving. His below average oral vocabulary skills affect his ability to communicate his thoughts with specificity. Weaknesses in grammatic understanding reflect his ability to comprehend at the sentence level. His performance indicated difficulty in attending to details, which could be associated to his Attention Deficit Hyperactivity Activity. Below average functioning in sentence imitation reveals difficulty in recall. His responses rarely changed the meaning of the stimulus. Travis's performance on the Grammatic Completion subtest indicated he has difficulty taking cues.

**Statement of Diagnosis and Qualification for Services**

Based on a comparison of chronological age to age equivalents and standard scores using standardized tests and performance analysis it is determined that T[redacted] demonstrates a moderate expressive and ~~expressive~~ receptive language disorder and qualifies for 1 hour of intervention weekly. The parent should be given enrichment exercises for home practice.

- Interpreting complex oral directions
- Successfully completing written assignments without review of directions because of his difficulty attending to details
- Performing well in lab oriented environments without the benefit of a co-teacher or peer tutor
- Taking and relaying notes and messages without the benefit of repetition

- Formulating stories without feedback multiple drafts
- Verbal reasoning
- Making inferences without active discussion and participation
- Remembering instructions and information exactly as communicated without repetition and check for understanding
- Reciting directions without review and repetition
- Writing to dictation of extended input
- Analyzing and producing sentences without the benefit of a co-teacher or peer tutor
- Interpreting idiomatic language without preteaching and active discussion and participation
- Recalling facts given orally without adequate review and discussion and participation
- Connecting ideas within a paragraph without active discussion and participation
- Webbing/use of graphic organizers without the benefit of a co-teacher or peer tutor
- Word finding without cueing
- Using appropriate vocabulary

*The following suggestions are offered:*

- Adapt length and complexity of oral and written directions
- Train the student on how to simplify complex directions
- Model desired responses often
- Teach categorizing and semantics using graphic organizers, outlines, diagrams and visuals
- Have T[redacted] tell you his understanding of what he is expected to perform
- Provide extra response time for language formulation
- Integrate speaking and writing
- Require comparing and contrasting often (in formal and in informal situations)
- Use verbal analogies on T[redacted]'s level of comprehension in conversation or during teachable moments
- Preteach skills in problem solving and making inferences
- Increase experiences that would allow T[redacted]'s to understand comparisons, sequencing, space and time in speaking and writing
- Relate new information to previous knowledge
- Model your thinking process for him, especially when determining prediction of cause-effect outcomes
- Provide a peer tutor whenever appropriate and feasible
- Establish a process of pre-writing that works well for T[redacted]. For example, while he may do reasonably well with a co-teacher or peer tutor using a graphic organizer, he may work best with listing as a form of pre-writing when working independently.
- Provide guided practice until the targeted concept is grasped before requiring independent assignments.

4

Teach T[redacted] to:

- Request additional time when he believes it can make a positive difference in his performance.
- Ask for cue, prompts and related information. For example, he might ask, "What letter does it begin with?" He could also ask that it be stated another way or request more information.
- Ask specific questions.
- Communicate the confusing parts.
- State what is understood.
- Befriend a study buddy to check information.
- Check for understanding by reflecting on whether he understands information presented.

*Home Activities:*

- ◊ Have T[redacted] identify the main idea of commercials
- ◊ Have T[redacted] to communicate details communicated in weather forecasts, news reports, announcements
- ◊ Discuss and analyze riddles and fables
- ◊ Analyze a speaker's point of view, communicative intent, opinions
- ◊ Break stories into parts
- ◊ Before a story is read, identify key elements (theme, motive, events, setting, characters, feelings inferred) to be asked about at a later time

____________________________

Michele Morrissey, CCC-SLP

# Exhibit 19

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C

MDT
SEP

MULTIDISCIPLINARY TEAM
(MDT)
STUDENT EVALUATION PLAN
(SEP)

Pg #1

MEETING DATE 1/9/03

MDT REFERRAL DATE ______

STUDENT T[redacted] D[redacted] DOB [redacted]/97 AGE 5 GRADE ___ SCHOOL FEPCS-Chamberlain

STUDENT IDENTIFICATION NUMBER [redacted] TEACHER HOMEROOM Ms Campbell - Rm 127

ADDRESS 2657 Stanton Rd, S.E. Wash. D.C.
Street # Street Name Quadrant Apartment # City State Zip Code

PARENT(S)/GUARDIAN Mrs. Dorthea Dixon TELEPHONE (H) 202/889-2529 (W) ______

**Summarize Area(s) of Concern:**

T[redacted]'s impulse control and behavior is causing him to lose focus, although his academics have not been totally affected.

**Team Recommendations:**

The team recommends that T[redacted] be evaluated to see if he needs services to help his behavior management and impulse control

EVALUATION(S) IN AREA(S) OF LEARNING CONCERN(S)

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TIMELINE ASSIGNED | DUE DATE |
|---|---|---|---|---|
| ☑ Clinical ~~Psychological~~ | Dr. S. Smelter | TBA | | |
| ☑ Speech/Language | | | | |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☑ Psycho-Educational | Dr. S. Smelter | TBA | | |
| ☐ Hearing Screening | | | | |
| ☐ Other | Other: | Other: | | |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| Dorthea R Dixon | Parent | Audrey Campbell | Teacher |
| Jamie Pittman | SES Teacher | S R [illegible] | SES Coordinator |
| A Shepard | Pri. Acad. Director | | |
| M. Carothers | Social Worker | | |

The MDT meeting to discuss the evaluation results is scheduled on a future date Chamberlain room

Place completed form in MDT folder.

Page 2 of 5

MDT REFERRAL DATE: ________

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: SEP review

STUDENT: T[redacted] D[redacted] SCHOOL: Chamberlain DATE: 1/9/03

Ms. Campbell – went through T[redacted]'s folder of work to show the group what he has done in class.

T[redacted] lacks self control, but can be re-directed. Behavior management has been used in class. The techniques used have had some success.

Written expression needs work – he is given a longer time. Handwriting has improved. He did not like to write at first (His mother said – it is because he likes to suck his thumb. At home he has trouble doing homework and sucking his thumb at the same time. It is a daily struggle to get him to comply.)

Reading comprehension is average in class. Math skills in class are average.

MDT REFERRAL DATE: ________

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

Page: 3 of 5

MEETING TYPE: ____________

STUDENT: T[redacted] SCHOOL: Chamberlain DATE: 1/9/03

Ms. Shepard did a classroom observation
"Letter investigation" - was the lesson.
She went over the classroom observation
form and shared what she
observed of T[redacted] in class as the
lesson proceeded. She described the
environment and the teacher's role
in the lesson.

T[redacted] was being appropriate
for the lesson, but was tracking
backwards - not forward - on
almost all of his pages.

T[redacted] was called on to participate
in class and he responded with
a knowledge of the lesson.

He was able to be redirected when
he lost focus during the lesson.

MDT REFERRAL DATE: ______

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: ______

STUDENT: T[redacted] D[redacted] SCHOOL: Chamberlain DATE: 1/9/03

I asked the Mom 2 things she wants for T[redacted] —

1. You would like for T[redacted] to work or behavior at home & school.

2. Express to his peers — how he feels. He does not seem to express in school what he says at home about his classmates. She and his father are trying interventions to help him express himself. She wants him to learn to go to his teacher.

His Mom said he was doing much better here than in the other school he was in. He seems to have behavior problems at home to a greater degree and more of the time. He has a hard time sharing and they have a hard time controlling him at home and in public.

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

MDT REFERRAL DATE: ________

MEETING TYPE: SEP/MDT

STUDENT: T[redacted] D[redacted] SCHOOL: Chamberlain DATE: 1/9/03

Ms. Pittman gave some suggestions about helping him cope with his siblings getting attention and his having to share their parents' time.

The team read 2 letters from our Elementary school describing his behavior and termination from the program – 11/1/01.

Friendship/Edison Public Charter School
Chamberlain Campus

### CONFIRMATION OF MEETING NOTICE

Date: _1/6/03_

_Ms Dixon_
Parent / Guardian Name

_2657 - Stanton Rd SE #207_
Street #   Street                    Quad   Apt. No.

_Wash   D.C.   20020_
City                    State  Zip Code

RE: ▓▓▓▓▓▓▓ ▓▓▓▓▓▓

SCHOOL: _Chamberlain_

ID NO. _____

DOB: _Oct /20, 1997_

Dear _Ms Dixon_

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. Your child's meeting is scheduled as follows:

Date: _1/9/03_  Time: _10ᵈᵗ AM_    Place/Location: _Chamberlain_

The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members.

**\*The purpose of this meeting is to:**

- [ ] **develop/review IEP(including consideration of extended school year (ESY) services
- [ ] **review evaluation or reevaluation information
- [x] develop the student evaluation plan (SEP)
- [ ] discuss documented levels of service
- [ ] **review records to support the completion of services as follows:

- [ ] discuss placement
- [ ] determine manifestation
- [ ] discuss eligibility

- [ ] **discuss CompEd
- [ ] *consider transition services needs
- [ ] discuss quarterly review
- [ ] behavior plan review

    - [ ] Graduated  [ ] Completed Services  [ ] Aged Out  [ ] Transferred Out of District  [ ] Dropped Out
    - [ ] Other: _____

**\*\*Placement will be discussed.**

MDT Members:
- [ ] Principal or Designee
- [x] Parent
- [x] LEA Representative
- [ ] Student

- [x] General Education Teacher
- [x] Special Education Teacher
- [x] Speech and Language
- [ ] Social Worker

- [ ] Psychologist
- [ ] Other: _____
  _____
  _____

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

- • _____
- • _____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please/ contact _Ms/Robinson - Warszek_   at _547-5800 Ext /149_  (school telephone number).

Friendship Edison Public Charter School
Chamberlain Campus
Special Edison Support (SES)

Student Name: [redacted] D.O.B: 10/20/03

BLMDT MEETING NOTES

PARENT RIGHTS RECEIPT

I, Ms. Dixon received a copy of the Parent Rights document from Ms Hudson-Klasson at Chamberlain E.S on 1/6/03

Parent Signature: Dorothea R Dixon

# Exhibit 20



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

**Orr Elementary School**
**2200 Minnesota Avenue, SE**
**Washington, DC 20020**
**Telephone (202) 645-3288 – FAX: 645-3292**

Nov. 1, 2001

Dear Mr. and Mrs. Dixon,

As you know, there have been concerns about T[redacted]s' disruptive and very aggressive behavior that occurs at various times during any given time throughout the school day. Because Ms. Morgan is unable to give T[redacted] her undivided attention during an entire day, and because we fear that T[redacted]s is going toeither hurt himself, another student or possibly an adult, Mrs. Morgan, Ms. Wells and I have decided at this time that since Travis is not of mandatory school age that he be removed from the Orr School pre-kindergarten program.

As you know, T[redacted] began attending Orr School on a half day starting Oct. 12, after several staff members, including Ms. Wells and Officer Sturgis witnessed T[redacted] being extremely uncooperative. I also witnessed T[redacted]' behavior on this day when he was brought to my office. The decision to exclude T[redacted] today was made after he became very defiant in Mrs. Morgan's class, was escorted to my office, spit on the carpet, and then proceeded to attempt to pull over a table. Once he was returned to his classroom, he continued exhibiting similar behaviors.

Please feel free to contact me or Ms. Wells if there are any questions regarding this matter. We can be reached on 202-645-3288.

Thank you very much.

Phyllis W. Barts
*Phyllis W. Barts*
Guidance Counselor

# Exhibit 21



DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

**Orr Elementary School**
**2200 Minnesota Avenue, SE**
**Washington, DC 20020**
**Telephone (202) 645-3288 FAX: 645-3292**

October 11, 2004

Dear Mr. and Mrs. Dixon,

After much careful consideration, the Administration and I have come to a decision. It is our opinion that T[redacted] should be limited to a half-day program. We try to give children the opportunity to adjust to the school environment with its rules and regulations. These rules are quite liberal in pre-kindergarten. T[redacted] has been unable to adjust to a whole day of activity. His behaviors have included tantrums, fighting, scratching, spitting and blatant disrespect of adult authority.

Perhaps with a half-day program now and the opportunity to mature for a period of time, he will be able to better adjust to a full day program.

Yours truly,

Julie A. Morgan
Teacher

Bessie E. Wells
Principal

Phyllis W. Barts
Counselor

# Exhibit 22

**JAMES E. BROWN & ASSOCIATES, PLLC**

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull
Christopher L. West♦◊

Juan J. Fernandez!◊
Christina Busso♦◊
Ann E. FordΔ
Tilman L. GeraldΔ
Roxanne D. Neloms
John A. Straus*◊

* Admitted in Maryland Only
♦ Admitted in New York Only
! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

March 15, 2004

High Roads School of Washington
ATTN: Lula Adams
1230 Taylor Street, NW
Washington, DC 20011

Dear Ms. Adams,

I am Cheron Sutton-Brock, an Educational Advocate working with the family of T[redacted] D[redacted]. T[redacted]'s is a 6 year-old student. He currently attends Friendship Edison Chamberlain Campus PCS. Team members working on T[redacted]'s case all agree to the urgent need for immediate placement Enclosed, please find the most current information regarding the programming needs of this student. The following documents are included:

- IEP 4/23/03
- Psychological Evaluation 3/6/033
- Speech and Language 4/22/03
- Psychiatric Evaluation 1/22/03

Please review documents for placement consideration in your program. If you require further information, please feel free to contact me. Thank you in advance for considering T[redacted]'s for your program.

Sincerely,

Cheron Sutton-Brock

Cheron Sutton-Brock, MA
Educational Advocate

**cc: Student Attorney, Christina Busso, Esq.**

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

**JAMES E. BROWN & ASSOCIATES, PLLC**
*A Professional Limited Liability Company*
Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull
Christopher L. West♦◊

Juan J. Fernandez!◊
Christina Busso♦◊
Ann E. FordΔ
Tilman L. GeraldΔ
Roxanne D. Neloms
John A. Straus*◊

* Admitted in Maryland Only
♦ Admitted in New York Only
! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

March 12, 2004

Rock Creek Academy
ATTN: Keren Plowden
4401 Connecticut Ave., NW
3rd Floor
Washington, DC 20008

Dear Mrs. Plowden,

I am Cheron Sutton-Brock, an Educational Advocate working with the family of T[redacted] D[redacted] T[redacted]'s is a 6 year-old student. He currently attends Friendship Edison Chamberlain Campus PCS. Team members working on Travis's case all agree to the urgent need for immediate placement Enclosed, please find the most current information regarding the programming needs of this student. The following documents are included:

- IEP 4/23/03
- Psychological Evaluation 3/6/033
- Speech and Language 4/22/03
- Psychiatric Evaluation 1/22/03

Please review documents for placement consideration in your program. If you require further information, please feel free to contact me. Thank you in advance for considering T[redacted]'s for your program.

Sincerely,

Cheron Sutton-Brock

Cheron Sutton-Brock, MA
Educational Advocate

**cc: Student Attorney, Christina Busso, Esq.**

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia*

TRANSMISSION VERIFICATION REPORT

TIME : 04/30/2004 14:38
NAME : STUDENT HEARINGS OFF
FAX : 2024425556
TEL : 2024425432
SER.# : BROH3J608601

| | |
|---|---|
| DATE,TIME | 04/30 14:38 |
| FAX NO./NAME | 97422098 |
| DURATION | 00:00:24 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD ECM |

RECEIVED
APR 30 PM 3:48

**District of Columbia Public Schools**

**OFFICE OF COMPLIANCE**
*Special Education Student Hearing Office*
*825 North Capitol Street NE, 8th Floor*
*Washington, DC 20002-1994*
*Phone - 202-442-5432, Fax – 202-442-5556*

**HEARING NOTICE**

**MEMORANDUM via ☐ FACSIMILE ☐ MAIL ☐ HAND DELIVERY**

TO: *Parent (or Representative)*: C. BUSSO (202) 742-2098 / P. DALTON (703) 642-3101

*LEA Legal Counsel*: Q. HARRIS-LINDSEY

RE: D[redacted], T[redacted] [redacted]/97 and [LEA]
Student's Name

FROM: JEFFREY PHOENIX
Special Education Student Hearing Office Coordinator

DATE SENT: 4/30/04

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above-named student on 4/27/04. Please be advised that the hearing has been scheduled for:

DATE: 5/17/04
TIME: 1:00 PM
AT: 825 North Capitol Street NE, Washington, DC, 8th Floor.
ASSIGNED HEARING OFFICER: SMITH

184

☒ THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must

TRANSMISSION VERIFICATION REPORT

TIME : 04/30/2004 14:50
NAME : STUDENT HEARINGS OFF
FAX : 2024425556
TEL : 2024425432
SER.# : BROH3J608601

| | |
|---|---|
| DATE,TIME | 04/30 14:49 |
| FAX NO./NAME | 97036423101 |
| DURATION | 00:00:27 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD ECM |

# District of Columbia Public Schools

**OFFICE OF COMPLIANCE**
*Special Education Student Hearing Office*
*825 North Capitol Street NE, 8th Floor*
*Washington, DC 20002-1994*
*Phone - 202-442-5432, Fax - 202-442-5556*

**HEARING NOTICE**

**MEMORANDUM via ☐ FACSIMILE ☐ MAIL ☐ HAND DELIVERY**

TO: *Parent (or Representative):* C. BUSSO (202) 742-2098 / P. DALTON (703) 642-3101

*LEA Legal Counsel:* Q. HARRIS-LINDSEY

RE: D[redacted], T[redacted] [redacted]/97 and [LEA]
Student's Name

FROM: JEFFREY PHOENIX
Special Education Student Hearing Office Coordinator

DATE SENT: 4/30/04

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above-named student on 4/27/04. Please be advised that the hearing has been scheduled for:

DATE: 5/17/04
TIME: 1:00 PM
AT: 825 North Capitol Street NE, Washington, DC, 8th Floor.
ASSIGNED HEARING OFFICER: SMITH

185

☒ **THIS IS A FINAL NOTICE OF HEARING:** If you wish to request a continuance of this hearing, you must



## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

- **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**
- **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION ___ I REQUEST MEDIATION AND A HEARING _X_ I REQUEST A HEARING

**STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED**

Student Name: T[redacted] Di[redacted] DOB: [redacted]97

Address: 2657 Stanton Road, SE, Washington, DC 20020

Present School of Attendance: Savoy Elementary School

Home School: (Neighborhood school where child is registered) Savoy Elementary School

**COMPLAINT IS MADE AGAINST:** **DCPS and Friendship Edison PCS – Chamberlain Campus**
DCPS and/or D.C. Public Charter School-specify charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name: Ms. Dorothea Dixon

Address: 2657 Stanton Road, SE, Washington, DC 20020

Phone: (H) (202) 889-4879 (Cell) (202) 246-1812 (Fax) ______

Relationship to Student: _X_ Parent ___ Self ___ Legal Guardian ___ Parent Surrogate ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: Christina Rose Busso, Esq. Phone: (W) (202) 742-2000 (Fax) (202) 742-2098

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings: May 18, 2004 AM/PM May 19, 2004 AM/PM May 20, 2004 AM/PM

Mediation: ______ ______ ______

**FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).**

**FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.**

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

Interpreter
___ Foreign Language ______
___ Sign Language ______
___ Other ______

Special Communications ______________________
Special Accommodation for Disability ______________________
Other ______________________

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below: (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

1. **FEPCS failure to deliver compensatory education services.** In providing a Free Appropriate Public Education (FAPE) to students, the public agency must ensure that services are provide in conformity with an IEP. 34 C.F.R. Sec. 300.13. Further, the IEP for each student with a disability must be implemented as soon as possible following the IEP meeting. 34 C.F.R. Sec. 300.342. On April 23, 2003, an IEP meeting was convened at FEPCS-Chamberlain and an IEP developed. The IEP included related services for T[redacted] in the following areas: 1) Speech and Language services for 1 hr/week, and 2) Counseling services for 30 min/week. T[redacted]' IEP indicates that services in these areas was to begin April 24, 2003. Since the time of the IEP meeting, speech and language services were not delivered to T[redacted] consistently and as written. An MDT meeting was convened at FEPCS on February 12, 2004 to address the issue of missed services and to develop a plan to deliver compensatory education services as needed. The team determined that the student was entitled to 18 hours of compensatory education services for speech and language service missed. The team specified that this compensatory education time included two (2) hours of missed service time during the 2002-2003 school year and sixteen (16) hours of missed service during the 2003-2004 school year. The team members noted that the service providers at FEPCS would keep a log of services and provide T[redacted] with speech and language services at a rate of 1.5 hours per week until all service time had been made up. Shortly after the MDT meeting, T[redacted] was subject to a series of suspensions and finally an expulsion from FEPCS. Despite having been removed from FEPCS, Travis is still entitled to the speech and language compensatory services as determined by the MDT team. The parent and parent's counsel made repeated attempts to have this issue addressed by the MDT members at FEPCS, however requests for meetings and assistance were ignored.

2. **DCPS/FEPCS failure to timely reconvene meeting to review Individualized Educational Program (IEP).** DCPS and FEPCS as the responsible public agencies have the duty to ensure that the IEP for each student with a disability is reviewed periodically but in no case less than annually. 34 C.F.R. Sec. 300.343 (c) and 346 (b). In addition, upon completing the administration of tests and other evaluation materials, a group of qualified professionals and the parent of the child must review the evaluation materials and determine whether the child is a child with a disability. 34 C.F.R. Sec. 300.534. In the case at hand, T[redacted]' last IEP was developed on April 23, 2004. Since that time, further evaluation materials have been made available to FEPCS and though a team of personnel reviewed new and old testing and agreed mores supports were required, no action was taken to assist T[redacted]. While T[redacted] attended FEPCS, the parent and parent's counsel had scheduled and confirmed a meeting to review and revise T[redacted]' IEP on April 14, 2004 and made changes to T[redacted]' IEP. This review and revision was necessary for several reasons. First, the student was in need of an annual review

and scheduling an MDT/IEP meeting for April 14, 2004 would ensure that the student's IEP was revised in accordance with the requirements of IDEA. Second, T[redacted] displayed a series of serious behaviors that indicate his IEP was no longer meeting his needs. As a result of aggressive behaviors, T[redacted] was subject to a series of suspensions that ultimately resulted in FEPCS ordering that T[redacted] be expelled from the school. Based on evaluation materials now available to FEPCS including reports from the Center for Mental Health, it was apparent to school staff as well as counsel for FEPCS and counsel for the parent that Travis' IEP no longer reflected his needs and no longer provided support for his level of disability. Despite this agreement, staff members at FEPCS refused to allow T[redacted] to return to the school and refused to convene the scheduled IEP meeting. As a result, T[redacted]' mother moved him to his neighborhood school, Savoy ES, beginning April 14, 2004. Ms. Dixon attempted to minimize the impact on Travis of FEPCS' refusal to provide assistance. Ms. Dixon explained to school staff at Savoy ES her concerns and noted T[redacted]' recent history of serious behavioral problems. She was informed that an MDT/IEP meeting would be scheduled promptly. Despite repeatedly checking on the status of T[redacted]s' performance and his IEP meeting, and despite T[redacted] continuing to display disruptive behaviors, no meeting has been scheduled. In order to assist Tr[redacted] in avoiding disruptive behaviors, Ms. Dixon has been requested by the school to sit with T[redacted] during his classes. She has done so when requested. It is clear that Travis' IEP is not adequate to meet his needs. It does not include any behavior component nor does it include specialized instruction in academic areas. These are both areas where T[redacted] requires assistance.

3. **<u>DCPS/FEPCS failure to develop an appropriate Individualized Educational Program (IEP) on April 23, 2003.</u>** T[redacted] is a DCPS student eligible for special education services. During T[redacted]s' last IEP meeting, the parent objected to the limited level of service provided to T[redacted]. Since the last IEP meeting, the parent continued to raise objections, yet no modifications were ever made to T[redacted]' IEP. Based on a review of T[redacted]' poor performance and increasingly disruptive behaviors, it has become apparent that T[redacted]s' IEP is inadequate in ways including but not limited to the following:

   a) **DCPS/FEPCS failure to properly identify and classify the student's disability:** FECPS/DCPS has a duty to classify the students within its jurisdiction according to the standards of disability described in IDEA. 34 C.F.R. 300. The child in this case was evaluated by a range of evaluators and noted to exhibit a range of disabilities. FEPCS/DCPS classified this student in the April 23, 2003 IEP with multiple disabilities: Speech and Language Impairment and Other Health Impaired. This disability classification however fails to address all of the student's needs. Specifically, the IEP fails to identify the student's needs as an emotionally disturbed student based on the criteria of IDEA in 34 C.F.R. 300.7. The Psychological Evaluation conducted by on March 6, 2003 following a referral by Friendship Edison Public Charter School (FEPCS) specifically stated in the report that T[redacted]' pattern of behaviors is consistent with the special education classification as "an Emotionally and Behaviorally Disordered student." Additionally, since T[redacted] began attending FEPCS in Fall 2001, T[redacted] has been displaying oppositional behaviors that have negatively impacted his academic performance and participation. T[redacted] was excluded from the pre-Kindergarten program at Orr Elementary School as a result of his disruptive and aggressive behaviors. T[redacted]'

2002-2003 and 2003-2004 teachers at FEPCS have also noted that T■■■s' behaviors impede his academic success and progress. Most recently, T■■■■ was subject to a series of suspensions and finally expulsion from FEPCS, yet neither FEPCS nor DCPS took steps to honor the parent's request for T■■■■' IEP to be revised. FECPS/DCPS failed to appropriately classify all of this student's disabilities when it failed to include the disability classification of Emotionally Disturbed (ED) and failed to program accordingly. According to 34 C.F.R. Sec. 300.7, emotional disturbance is a classification that includes a child whose educational performance is adversely affected by various types of manifested inappropriate behavior. Here, the evaluators and teachers familiar with the student all noted the presence of behaviors suggestive of ED. The clinical psychologist retained by FEPCS made this formal diagnosis in the clinical evaluation from March 2003. T■■■s' treating therapist at the Center for Mental Health made similar recommendations in a report dated June 13, 2003 that was shared with the team at FEPCS. Despite these concurring diagnoses and behavioral outbursts, the ED classification was not included on the IEP. As a result, the IEP programming is inadequate as it does not identify or address ED needs. To date, this student's IEP has not been amended to include the proper classification and provide proper educational support and programming for this disability.

b) **DCPS/FEPCS failure to include a behavior plan:** In developing each child's IEP, that IEP shall consider appropriate factors, including those special factors in the case of a child whose behavior impedes his or her learning or that of others. 34 C.F.R. Sec. 300.346. Prior to April 23, 2003, T■■■■' teachers, evaluators, and parent had all noted serious behavior problems that had a detrimental impact on T■■■■' progress at school. Subsequent to April 23, 2003, T■■■■ disruptive behaviors have continued and worsened, ultimately resulting in his expulsion from FEPCS. Despite agreement by school staff and T■■■■' family that T■■■■' behavior required greater attention, no behavior plan was ever developed to address her needs in this area.

c) **DCPS/FEPCS failure to develop appropriate goals in academic subject areas:** The IEP for each child with a disability must include an appropriate statement of specific and measurable goals as appropriate to address all of the child's identified special education and related service needs based on the child's unique needs. 34 C.F.R. Sec. 300.347 and 34 C.F.R. Sec. 300.300. In this case, the evaluations completed for this student note academic difficulties where T■■■■ is performing below grade level and the IEP specifically speaks to this concern. On page 2 of the IEP, it states that this student "may have difficulty solving grade level addition and subtraction problems in general ed class" and that "due to inattentiveness and impulsivity T■■■■ may have difficulty with comprehension in regular ed classroom." At the April 23, 2003 IEP meeting, the parent and advocate raised concerns about the team not including academic goals where the team had already agreed that T■■■■' education was being impacted negatively. FEPCS responded to this concern by stating that FEPCS was not a part of DCPS and therefore did not have to follow that standard. In addition to the academic difficulties noted at the time of the last IEP, T■■■■ has continued to display difficulties making progress academically. Despite continued problems in academic areas, no subsequent meeting was convened to add academic instruction to T■■■■' IEP goals.

d) **DCPS/FEPCS failure to provide the student with the appropriate level of services:** Each student with a disability is entitled to free and appropriate public education (FAPE) where the services provided to the child address all of the child's identified special education and related service needs. 34 C.F.R. Sec. 300.300. Here, T[redacted]' April 23, 2003 IEP does not provide him with an adequate amount of special education services. Specifically, T[redacted] has extreme difficulties managing his behavior in a regular education setting. The IEP notes in section XIII that T[redacted] is to be placed in a setting "out of regular ed setting" however the IEP indicates that T[redacted] only receives 1.5 hours of special education services. Based on T[redacted]' levels of performance and his current needs, T[redacted]' IEP should be adjusted to increase his level of service and remove him from the general education setting.

4. **Time of hearing on this request.** 34 C. F. R. 300.511 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. If the hearing in this matter is not set within the required time frame, such issue will be raised at the hearing with or without an amended hearing request.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

Whether or not the District of Columbia Public Schools (DCPS) and Friendship Edison Public Charter School (FEPCS) failed to provide the student with a free and appropriate public education (FAPE) by:

1) Failing to provide compensatory education services;

2) Failing to provide timely IEP review; and

3) Failing to provide an IEP that is adequate to meet the student's needs.

**Describe relevant facts relating to the problem:**

T[redacted] is a six-year-old first grade student who currently attends Savoy Elementary School. T[redacted] has attended Savoy since April 14, 2004 following an expulsion from FEPCS – Chamberlain Campus where he was in attendance during the 2002-2003 and 2003-2004 school years. FEPCS and DCPS have failed in their duties to T[redacted] and his family by not providing Travis with an appropriate level of support in his IEP to meet his needs. Further, even after noting that T[redacted]' behaviors led to continued school failures and to school ordered suspensions and finally an expulsion from FEPCS, neither FECPS nor DCPS took steps to provide T[redacted] with assistance. Through objections raised by T[redacted]' mother as well as Travis' behaviors leading to his suspensions, FEPCS cannot claim that they were providing an environment with sufficient support to meet his needs.

T███ has exhibited oppositional and aggressive behaviors since at least the time he entered school in Fall 2001. As a result of these behaviors T████ was excluded from participating in the pre-Kindergarten program at Orr Elementary School. T███ has continued to display behaviors that are negatively impacting his ability to participate and progress in academic programs. Since T███' IEP was developed on April 23, 2003, T██'s's behaviors only worsened. After T███ was expelled and his mother was forced to enroll him at his neighborhood school, still no steps have been taken to convene an IEP meeting or provide more support to T███. When T███ began attending Savoy ES on April 14, 2004, the school was put on notice that T███ behaviors as a 6-year-old were so severe that he had been expelled already. In addition, Ms. Dixon provided the school with a copy of T███' last IEP that was to expire in just over one (1) week.

In addition to the issue of the appropriateness of T███' IEP, it has been established previously that T██ did not receive all of his IEP-ordered speech and language services. To remedy that prior failure, FEPCS developed a compensatory education plan to provide T███ with additional speech and language services for at least six (6) months until all 18 hours of missed services were made up. During T███' suspensions and also now that T███ has been expelled, FEPCS has taken no steps to provide T███ with the compensatory education services that are owed to him, despite repeated written requests for this made by parent's counsel. While T███ no longer attends FEPCS, that school is still responsible for making arrangements for T███ to receive all services owed to him.

By failing to provide T███ with his compensatory education services and an appropriate and current IEP, DCPS and FEPCS have denied T███ the free and appropriate public education (FAPE) to which he is entitled. Additionally, while T███ has been attending FEPCS, he is entitled to FAPE by FEPCS and by DCPS. Here, while FEPCS acts in this case as its own Local Educational Agency (LEA), DCPS continues to be liable as the State Educational Agency (SEA). In this way, both parties bear the responsibility of providing FAPE to T███. This point is made clear in *Gadsby v. Grasmick*, 109 F. 3d 940 (4th Cir. 1997) where the Fourth Circuit Court of Appeal concluded that the "SEA is ultimately responsible for the provision of a free appropriate public education to all its students and may be held liable for the failure to assure compliance with IDEA." 109 F.3d at 952-53.

**State how you would like to see the problem corrected:**

1.    DCPS/FEPCS shall provide T███ with all hours of speech and language compensatory education services not delivered before being expelled from FEPCS. FEPCS shall work together with DCPS and the parent to determine a service provider for the student and determine a time for delivery of services. If no agreement can be reached during the next MDT/IEP meeting to be held within ten (10) calendar days, FEPCS shall provide funding for the parent to obtain a speech therapist at an hourly rate.

2.    DCPS/FEPCS shall convene an MDT meeting within 10 calendar days of the hearing to review and revise T███' IEP including a review of all evaluations, discuss and determine an appropriate disability classification, develop appropriate annual goals and benchmarks for performance, and discuss and determine an appropriate placement.

3. DCPS/FEPCS shall consider all placement options proposed by the parent, including but not limited to High Road Academy and Rock Creek Academy. At the time of the filing of this hearing request, Travis has been accepted to attend High Road Academy.

4. DCPS/FEPCS shall issue a notice of placement to a location agreed to by all parties within five business days if the location is a public school, or within 30 calendar days if the location is a non-public placement.

5. All additional issues related to compensatory education are reserved.

6. DCPS shall send all notices, evaluations, or other information related to this student through counsel for the parent, Christina Busso, via facsimile at (202) 742-2098 with copies of evaluations to be reviewed at any MDT/IEP meetings to the parent no later than 48-hours prior to convening any meetings.

◊ ______________________________ 4/26/04
Signature of Applicant/Parent (Required) Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002 FAX: (202) 442-5556**

***FOR OFFICE USE ONLY:***
Case Number: ______________
Student ID#: ______________

Form 101 Revised 02/01/2003

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION
STUDENT HEARING OFFICE

---------------------------x

T[redacted] D[redacted], :

Petitioner, :

v. :

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS, :

Defendant. :

---------------------------x

825 North Capitol Street, N.E.
8th Floor
Washington, D.C. 20003

Monday, MAY 17, 2004

The HEARING in this matter began pursuant to notice.

BEFORE:

CHARLES R. JONES
Hearing Officer

APPEARANCES:

On behalf of Petitioner:

CHRISTINA BRUCEVILLE, ESQUIRE

On behalf of Defendant:

QUINNE HARRIS-LINDSEY, ESQUIRE
Attorney Advisor
Office of the General Counsel
District of Columbia Public Schools
825 North Capitol Street, Northeast, 9th floor
Washington, D.C. 20002
(202) 442-5000

ALSO PRESENT:

PAUL DALTON, ESQUIRE
Counsel, Friendship-Edison Public Charter Schools

* * * * *

C O N T E N T S

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Benny Johnson | 27 | 35 | | |
| Mathew Carothers | 49 | 52 | 59 | |
| Regina Worsley | 62 | 65 | | |
| Teresa Whitehead | 68 | 73 | 80 | |
| Sharon Suttonrock | 84 | 94 | | |

* * * * *

P R O C E E D I N G S

MR. JONES: -- on May the 17, 2004. My name is Charles Jones. I'm the hearing officer and I'm convening an administrative due process hearing on behalf of T[redacted] D[redacted]. This hearing is being conducted in accordance with the guidelines and rights established by IDEA, the rules of the Board of Education for the District of Columbia and the D.C. Appropriations Act.

This hearing is to determine whether or not the D.C. Public Schools have acted in accordance with the law applicable special education regulations in regard to T[redacted] D[redacted].

As an independent hearing officer, I'm not an employee of D.C. Public Schools. I'm not related to or a close acquaintance of the parent or the student other than through this hearing process.

I am prepared to hear both parties and will act only on the evidence presented to in the course of this hearing, in accordance with applicable laws, rules, and regulations. This hearing is closed to the public. The matters discussed here today are confidential and must be

treated as such even after the hearing is completed.

The hearing is being tape recorded, and either party may request a copy of the tape by writing to the Student Hearing Office, 825 North Capitol Street, 8th Floor, Northeast, Washington, D.C., zip is 20002.

Now, for the purposes of the record, I'd like everyone to introduce themselves. Counsel for DCPS?

MS. HARRIS-LINDSEY: Quinne Harris-Lindsey the attorney advisor on behalf of D.C. Public Schools in the capacity as the SEA.

MR. JONES: Okay.

MR. DALTON: Paul Dalton, on behalf of Friendship-Edison Public Charter School, as the counsel.

MS. WHITEHEAD: Teresa Whitehead (phonetic) on behalf of Friendship-Edison Public Charter School, special education coordinator.

MS. WORSLEY: Regina Worsley on behalf of Friendship-Edison Public Charter School, general education teacher.

MR. CAROTHERS: Matthew Carothers on behalf of Friendship-Edison Public Charter School, school-based social worker.

MS. SUTTONROCK: Sharon Suttonrock (phonetic) the educational advocate of Travis Dixon.

MS. DIXON: Dorothea Dixon (phonetic), the mother.

MS. BRUCEVILLE: Christina Bruceville (phonetic), attorney for the student and the parent.

MR. JONES: Ms. Bruceville, do you waive the formal reading of due process rights?

MS. BRUCEVILLE: I do, thank you.

MR. JONES: At the conclusion of the hearing within 10 calendar days or within the 45-day limit I will prepare an order. That order is appealable by either party to a court of law.

Now, as it relates to disclosures, I have a disclosure document from the office of James E. Brown and Associates dated May 10, 2004. Mr. Dalton, do you have any problems of admissibility?

MR. DALTON: No, I don't.

MR. JONES: Ms. Lindsey, do you have any problems of admissibility?

MS. HARRIS-LINDSEY: No.

MR. JONES: Okay. And from the office of Mr.

Dalton, I have a document dated May 10, 2004. Ms. Bruceville, do you have any problems of admissibility?

MS. BRUCEVILLE: No, sir.

MR. JONES: All right. Does DCPS have anything to enter in to the record, Ms. Lindsey?

MS. HARRIS-LINDSEY: Well, D.C. did a witness disclosure, but D.C. would ask that they be dismissed from this action at this time. The allegations that are made are against Friendship-Edison Public Charter School which is his own LEA.

And in that capacity, under IDEA they are responsible for (inaudible) IDEA. DCPS has -- they only have monitoring authority under IDEA. So we're not a party to this action, and no allegations made against DCPS or indication that DCPS has put a notice prior to this due process hearing that there was an issue of providing services to the child.

MR. DALTON: I would agree with the statements made by counsel?

MS. BRUCEVILLE: I do need to disagree and I will point that the only allegation as it pertained to DCPS is allegation noted in the hearing request number 2.