# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## Office of Compliance & Review
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:      W███, G██ vs. DCPS & Friendship-Edison PCS

Case Information:      Hearing Dates: **04/01/2004, 04/29/2004 & 05/27/2004**
Held at: **District of Columbia Public Schools**
**825 North Capitol Street, N.E. 8ᵗʰ FL.**
**Washington, D.C. 20002**
Student Identification Number: ███████
Student's Date of Birth: ███████87
Attending School: **Friendship-Edison PCS**
Managing School:
Hearing Request Date(s): **02/13/1994**

## <u>CERTIFICATION OF RECORD</u>

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting  of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Wednesday, March 26, 2008.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

1

# District of Columbia Public Schools

## *Office of Management Services*
### ***confidential***

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | |
| | ) | |
| | ) | **IMPARTIAL** |
| G███ W███████, student | ) | **DUE PROCESS HEARING** |
| Date of Birth: ███████87 | ) | |
| Petitioner, | ) | |
| | ) | **DECISION and ORDER** |
| versus | ) | |
| | ) | Request Date:  February 13, 2004 |
| **The District of Columbia Public Schools,** | ) | Hearing Dates: April 1, 2004 |
| | ) | April 29, 2004 |
| and | ) | May 27, 2004 |
| | ) | |
| **Friendship-Edison Public Charter School,** | ) | |
| | ) | Held at:  825 North Capitol Street, NE |
| Respondents. | ) | Eighth Floor |
| | ) | Washington, D.C. 20002 |

**Parent and grandparent:**         Towanda Williams/Gloria Ward-Ravenell
201 37th Street, SE
Washington, D.C. 20019

**Counsel for the Grandparent/Student:**    Roberta L. Gambale, Esq.
**JAMES E. BROWN & Associates**
1220 L Street, NW    Suite 700
Washington, D.C. 20005

i

**Counsel for Friendship-Edison PCS:**    Paul S. Dalton, Esq.
**Dalton, Dalton & Houston, P.C.**
6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045


**District of Columbia Public Schools:**    Tiffany S. Puckett, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION  and  ORDER</u> as a public record.

# INDEX OF NAMES for G█████W█████

**Hearing Date:** April 1, 2004

Appearing on behalf of DCPS:  None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

    1. Wallace R. Henry III, Director of Special Education, FEPCS

Appearing on behalf of the grandparent/parent/student:  None.

**attending the April 29, 2004 Continuation:**

Appearing on behalf of DCPS:  None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

    1. Wallace R. Henry III, Director of Special Education, FEPCS *
    2. Nancy Opalack, Cluster Lead, Educational Support Systems, Inc. **
    3. Kelley Johnson, Special Education/Inclusion Teacher, FEPCS **
    4. Beth Wilkinson, Speech/Language Pathologist, FEPCS **

Appearing on behalf of the grandparent/parent/student:

    1. Gloria Ward-Ravenell, grandmother
    2. Michelle Moody, 2nd Educational Consultant

 * Gave testimony.
** Gave testimony via telephone.

**attending the May 27, 2004 Continuation:**

Appearing on behalf of DCPS:  None.

Appearing on behalf of Friendship-Edison Public Charter School (FEPCS):

1.  Wallace R. Henry III, Director of Special Education, FEPCS

Appearing on behalf of the grandparent/parent/student:

1.  Gloria Ward-Ravenell, grandmother *
2.  Michelle Moody, 2nd Educational Consultant *
3.  Carolyn Munford, 1st Educational Consultant *

 *  Gave testimony.
**  Gave testimony via telephone.

iv

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE

On February 13, 2004, Counsel for the Grandparent filed the herein Request for Mediation/Hearing on behalf of the grandparent, parent and student complaining that Friendship-Edison Public Charter School (FEPCS), its own LEA, and the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Grandparent alleged the following failures on the part of FEPCS:

1. to complete a reevaluation requested under 34 CFR 300.536(b);
2. to complete an annual review of the IEP as of June 2003;
3. to deliver related services between September 2003 and December 2003; and
4. to include Present Levels of Educational Performance and transitional services in the 2002-03 and 2003-04 IEPs.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Thursday, April 1, 2004 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated March 25, 2004, DCPS disclosed 5 witnesses.

By facsimile dated March 25, 2004, FEPCS disclosed 4 witnesses and 8 documents.

By facsimile dated March 25, 2004, the Grandparent disclosed 9 witnesses and 26 documents.

The documents were placed into the record and are reference herein where relevant.

The Attorney-Advisor requested that DCPS be dismissed from the hearing arguing that FEPCS and the parent were the parties in interest.

Counsel for the Grandparent objected arguing that DCPS could be necessary for a placement decision.

The hearing officer determined that FEPCS and the parent were the parties in interest and that any required participation by DCPS in any placement decision could be effectuated by an order. The objection was OVERRULED and DCPS was DISMISSED from the hearing.

Counsel for the Grandparent stated that Counsel for FEPCS had delivered supplemental disclosure to her just before the hearing convened and requested that issues therein be reserved to the Grandparent/parent for a subsequent Request for Mediation/Hearing.

Counsel for FEPCS stated that the supplemental disclosure contained the requested reevaluation along with an IEP completed March 31, 2004 as well as compensatory education. Counsel for the FEPCS represented that FEPCS had attempted to convene the MDT with the parent beginning February 24, 2004, and that on March 31, 2004, the MDT convened without the grandparent or the parent, completed a new IEP and awarded compensatory education to the

student for the non-delivery of related services between September and December 2003, allegation no 3, above, and the missing levels of educational performance in the previous IEP, allegation no 4, above. Counsel for the FEPCS moved for a DISMISSAL arguing parental abuse of the IDEA process and requested a continuance.

Counsel for the Grandparent objected to the continuance.

The Motion for DISMISSAL was taken under advisement. Here, as explained in DISCUSSION and CONCLUSIONS of LAW, below, the Motion was DENIED.

The hearing officer noted that the herein Request for Mediation/Hearing was filed on February 13, 2004 and suggested that the Grandparent was entitled to Directed Findings on allegations nos. 3 and 4, above.

Counsel for FEPCS objected to Directed Findings on equitable grounds; that the compensatory education was awarded not in response to allegations nos 3 and 4, above, but because the latest evaluations suggested that the student had a math learning disability that had not been addressed in the June 13, 2002 IEP; that the compensatory education was to address the math learning disability.

During a recess to schedule the continuation the parties STIPULATED first, that a hearing screening of the student was needed but disagreed as to who was responsible for the screening not being completed to date, and second, the first FEPCS heard of a request for an occupational therapy assessment was at the hearing. FEPCS agreed to complete the hearing screening and occupational therapy assessment.

Over the objection of Counsel for the Grandparent, the hearing officer GRANTED the Requested for a Continuance and on April 9, 2004 issued the below INTERIM ORDER.

> 1. This matter is set for hearing at
> 11:00 A.M., Thursday, April 29, 2004.
>
> 2. The parent can amend the herein Request
> for Mediation/Hearing. Disclosures can be
> supplemented within the 5-Day Rule.
>
> 3. Among the possible issues for hearing that
> will be set at the Continuation, the parent's
> refusal or non-cooperation with the
> March 31, 2004 MDT meeting will be one.

*********************************************************************************

The Continuation convened at 11:00 A.M., Thursday, April 29, 2004.

On April 16, 2004, the Grandparent amended the Request for Mediation/Hearing alleging the inappropriateness of the March 31, 2004 MDT/IEP meeting and resulting IEP.

By facsimile dated April 22, 2004, FEPCS supplemented their disclosure with 2 additional witnesses and documents 9 thru 18.

By facsimile dated April 22, 2004, the Grandparent supplemented her disclosure with documents 27 thru 31.

The documents were placed into the record and are reference herein where relevant.

Counsel for the Grandparent stated that, during the continuance, she had not received the Vineland, the vocational assessment, the hearing screening and that there was a need for an

occupational therapy assessment.

Counsel for FEPCS moved for an order collaterally estopping the Grandparent for litigating the issue of her cooperation with the March 31, 2004 MDT/IEP meeting or, in the alternative, an order to litigate the issue first.

After argument, the hearing officer DENIED the motion.

Counsel for FEPCS cited error.

The hearing officer recessed the hearing to formulate issues *in camera.*

*In camera,* the issues for hearing were determined as:

1.  whether the reevaluation requested under 34 CFR 300.536(b) was completed timely;

2.  whether the June 13, 2002 IEP was reviewed as of June 2003;

3.  whether special education services[1] were delivered between September 2003 and December 2003;

4.  whether Present Levels of Performance and transitional services were included the 2002-03 and 2003-04 IEPs; and

5.  whether the circumstances of the March 31, 2004  MDT/IEP meeting and the resulting IEP were a Denial of a FAPE?

## SUMMARY OF THE EVIDENCE

The Cluster Lead, Educational Support Systems, Inc., testified via telephone that her familiarity with the student resulted from her responsibility for facilitating the evaluations and scheduling for the March 31, 2004 MDT/IEP meeting; that a vocational assessment was not in the December 4, 2003 Student Evaluation Plan (SEP) and was first requested in the herein February 13, 2004 Request for Mediation/Hearing. The Cluster Lead testified that transition services were discussed at the March 31, 2004 MDT/IEP meeting but were not commented upon in the meeting notes because the MDT thought transition services would be better discussed at a placement meeting. In response to a question concerning the period between June 14, 2003 and December 4, 2003 when the student did not have a current IEP, the Cluster Lead testified that she joined FEPCS "in January of last year (January 2003);" that concerning a question about the period between December 4, 2003 and March 31, 2004, she responded that the question would be better addressed by the Director of Special Education, FEPCS.

As the Cluster Lead began to testify on the Present Levels of Educational Performance as indicated on page 2 of the June 13, 2002 IEP, it was pointed out that the Grandparent had disclosed the only copy of the June 13, 2002 IEP in the record and that the copy did not contain a

---

[1] The April 9, 2004 INTERIM ORDER mentioned related services only; at the April 29, 2004 Continuation, Counsel for the Grandparent pointed out that in both Requests for Mediation/Hearing compensatory services were sought for missed special education  and related services.

page 2. Counsel for FEPCS requested permission to submit the missing page as rebuttal evidence. Counsel for the Grandparent objected stating that the disclosed copy had been provided by FEPCS. The hearing officer noted that FEPCS had the burden of proof on appropriateness of the June 13, 2002 IEP; that FEPCS had not disclosed a copy of the IEP; that, on March 25, 2004, the Grandparent had disclosed the only copy of the IEP in the record and that the INTERIM ORDER issued in this matter April 9, 2004 permitted supplemental disclosure. The hearing officer SUSTAINED the objection. Counsel for FEPCS cited error.

The Cluster Lead testified that, while the student made progress otherwise between 2001 and March 2004, the student's math scores had not shown progress and that, as compensatory education, FEPCS offered 30 hours of math tutoring. The Cluster Lead testified that the student left FEPCS from August 2003, attended Oxon Hill Senior High School in Prince George's County, Maryland and returned to FEPCS in either October or November 2003. Concerning the March 31, 2004 MDT/IEP meeting, the Cluster Lead testified that the first attorney[2] requested new evaluations on October 9, 2003; that, after clearing some mistakes on the attorney's part, FEPCS received authorization for the reevaluation from the attorney on November 25, 2003 and that the Grandmother attended the December 4, 2003 MDT/SEP meeting. The Cluster Lead did not attend the December 4, 2003 MDT/SEP meeting. The Cluster Lead testified that, because of District of Columbia residency questions and timeline pressure to complete the reevaluation within 60 days of November 25, 2003, on February 24, 2004, she sent the first Letter of Invitation for an MDT/IEP meeting to the 1st attorney offering March 15th, 17th or 18th as possible meeting dates and stating that evaluations would be completed by February 27, 2004. She sent a second Letter of Invitation to the 1st attorney on March 5, 2004 offering March 23rd, 24th or 25th. Not receiving a response to the either Letter of Invitation, the Cluster Lead testified that she telephoned the parent directly on either March 21st or 22nd, complained that she had not heard anything from the attorney and scheduled the MDT/IEP meeting for March 31, 2004; that she telephoned the Grandparent on March 23, 2004 who said she would attend the meeting. Referring to her notes, the Cluster Lead testified that on March 22, 2004 when she telephoned the law firm to speak with the 1st attorney she was told that the 2nd attorney had been assigned to represent the student; she could not remember whether she spoke with the 2nd attorney on March 22, 2004. She further testified that she received a telephone call from the 2nd Educational Consultant on March 24, 2004, who, thinking that the meeting had been scheduled for March 30, 2004, stated that she and the Grandparent could not attend only to state that they would attend the MDT/IEP meeting when informed that the meeting had been scheduled for March 31, 2004, not March 30th. The Cluster Lead testified that when the 2nd Educational Consultant called back on the same day, March 24, 2004, and requested a continuance, she replied that the March 31, 2004 MDT/IEP meeting was the fourth attempt to arrange an MDT meeting and that she "was not going to cancel all these people one more time;" that the meeting would go forward without the 2nd Educational Consultant and Grandparent. The Cluster Lead testified that counseling goals were not including in the March 31, 2004 IEP because the MDT thought the Grandparent and/or parent should be involved in formulating the goals; that compensatory education was offered because the MDT thought FEPCS had not adequately addressed the student's math disability as reflected in the most recent testing and that, if

---

[2] The law firm that the parent retained assigned an attorney and educational consultant to represent the student, and in January 2004, assigned a second attorney and educational consultant to represent the student.

subsequent testing indicated a need for further compensatory education, it would be provided. On cross-examination, the Cluster Lead testified that on February 24, 2004, the educational evaluation, the speech/ language evaluation and the clinical psychological evaluation had not been completed; that the last evaluation, the clinical psychological evaluation, was completed on March 15, 2004. The Cluster Lead testified that she did not participate in the October 2003 meeting for the student nor the December 4, 2003 MDT/SEP meeting for the student and that she scheduled the March 31, 2004 MDT/IEP meeting with the parent who accepted the date pending clearance with the grandparent; that when she spoke with the grandparent, the grandparent did not request that the March 31, 2004 MDT/IEP meeting be rescheduled.

The Special Education Teacher, FEPCS, testified via telephone that on March 30, 2004 she inquired of the Grandparent if she were going to attend the March 31, 2004 MDT/IEP meeting to which the Grandparent replied that, on the advise of her 2nd Educational Consultant and attorney, she would not. The Teacher testified that she started employment with FEPCS on January 5, 2004, attended the March 31, 2004 MDT/IEP meeting for the student, but did not remember any of the discussion on compensatory education.

The Speech/Language Pathologist, FEPCS, testified via telephone that she attended the March 31, 2004 MDT/IEP meeting; that during the meeting, based on the current speech/ language evaluation, the student no longer needed speech/language services and was existed from speech/language services.

The Director of Special Education, FEPCS, testified that he began his employment at FEPCS during April 2002; that he supervised the educational program for the student and was familiar with the June 13, 2002 IEP. The Director testified that, as a result of a psychological evaluation completed in June 2002, the student was disability coded Mental Retardation. The Director testified that the student withdrew from FEPCS in August 2003 and returned to FEPCS in October 2003; that also in October 2003, FEPCS received a request for records. The Director testified that at the December 4, 2003 MDT/SEP meeting, it was decided the "services" indicated on the June 13, 2002 IEP would continue pending results of reevaluation and that, for the period, the student was to receive 1 hour speech/language services, 30 minutes of counseling and 20 hours of specialized instruction per week. The Director testified that he attended the March 31, 2004 MDT/IEP and that, at the meeting, 30 hours of compensatory education was offered for "the lapse." On cross-examination, the Director testified that between October 2003 and December 2003, some services were delivered, some not, and that the 30-hours was proposed as the final settlement for all claims for compensatory education to date. On redirect, the Director testified that prior to the December 4, 2003 MDT/SEP meeting, all of the student's specialized instruction was inclusive while after the meeting, reading and math were delivered in a resource room.

FEPCS concluded their case.

On the request of Counsel for FEPCS and without objection, the hearing was continued to 9:00 A.M., Thursday, May 27, 2004 at which time the Grandparent would begin her case.

During the interim, the parties were encouraged to agree as to the hours of special education services not delivered to the student between September and December 2003.

*******************************************************************************

The Continuation convened at 9:00 A.M., Thursday, May 27, 2004.

5 of 12 pages

The parties did not report any progress at resolving the number of hours of special education services not delivered to the student.

Counsel for the Grandparent reserved opening statement.

The 1st Educational Consultant for the student testified to her education/qualification and to her familiarity with the student; that she observed the student at FEPCS on November 14, 2003 and attended the December 4, 2003 MDT/SEP meeting. The 1st Consultant testified that she spoke with the student's counselor on November 14, 2003 and was informed that the student was not receiving any specialized instruction at the time because the special education teacher assigned to the student had been dismissed; that the student had not been scheduled for any special education classes. The 1st Consultant testified that she requested that the student's service logs be sent to her but that she did not receive them. The 1st Consultant testified that at the December 4, 2003 MDT/SEP meeting, it was decided that the June 13, 2002 IEP would be implemented pending results of the reevaluation and that a Vineland evaluation would be completed if warranted by the psycho-educational evaluation; that the MDT would reconvene in 45 days. The 1st Consultant testified that she ceased being the educational consultant for the student in January 2004; that she was unfamiliar with the efforts on the part of FEPCS for the student after January 2004. On redirect, the 1st Consultant testified that she considered the AAMR Adaptive Behavior Scale-School that was administered in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2, to be inferior to the Vineland she requested at the December 4, 2003 MDT/SEP meeting.

On the objection of Counsel for FEPCS, the hearing officer determined that the 1st Consultant was not familiar with the AAMR Scale, SUSTAINED the objection and disallowed further questions to the 1st Consultant on the alleged deficit in the AAMR Scale.

The 2nd Educational Consultant for the student testified to her education/qualification and to her familiarity with the student. The 2nd Consultant testified that she considered the Vineland best for the student as the Vineland had been administered to the student in the past and would allow for the comparison of results; that the participant in the adaptive behavior assessment other than the student, should be the parent or a family member that lived with the student and not a teacher. The 2nd Consultant testified that programming for a learning disabled student is different from that for a mentally retarded student. Concerning the March 31, 2004 MDT/IEP meeting, the 2nd Consultant testified that she telephoned the Cluster Lead on March 24, 2004 and told her not to precede with the MDT meeting without the Grandparent and herself present and that by facsimile on March 23, 2004 had proposed April 4th, 6th or 8th as possible meeting dates. On redirect, the 2nd Consultant testified that the March 31, 2004 IEP lacked measurable goals and did not indicate counseling as recommended in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2.

Counsel for the Grandparent asked if the 2nd Consultant had an opinion as to the appropriateness of the 30-hour award of compensatory education made during the March 31, 2004 MDT/IEP meeting. Counsel for FEPCS objected, pointing out that he had asked the question of the 2nd Consultant to which she replied, that she was not at the meeting and could not answer. The hearing officer took the objection under advisement and allowed the testimony in the record subject to it being subsequently struck from the record. Here, the objection was SUSTAINED, and the answer was struck from the record.

On the second cross-examination, Counsel for FEPCS asked the 2nd Consultant whether the AAMR Scales would be an appropriate instrument for the student if the AAMR manual for

6 of 12 pages

the instrument provided for interviews with individuals in the life of the student other than a parent. Counsel for the Grandparent objected. The hearing officer noted that the manual was not in the record, took the objection under advisement, and allowed Counsel for FEPCS until June 2, 2004 to submit the manual. Counsel for the Grandparent cited error.

Upon being recalled by Counsel for the Grandparent, the 1st Consultant testified that she did not have any records of communication with FEPCS with her and that she did not recall any attempt on the part of FEPCS to attempt schedule an MDT meeting between December 4, 2003 and March 2004; that she did not refuse to attend any MDT meeting.

Counsel for the Grandparent stated that in January 2004, the 2nd Consultant replaced the 1st Consultant.

The Grandparent testified that, with the consent of her daughter, she attended the educational concerns of her granddaughter since the first grade; that she attended all of the MDT meetings for the student and that her written authorization to participate in MDT meeting was on file with FEPCS. Regarding the March 31, 2004 MDT/IEP meeting, the Grandparent testified that she spoke with the Cluster Lead on the telephone sometime in March, had received copies of evaluations before March 31, 2004, could not remember the dates of the conversation but told the Cluster Lead that March 31, 2004 date was acceptable if the date was acceptable with her attorney; that the Cluster Lead stated that she had tried to contact the attorney to arrange an MDT/IEP meeting but had been unsuccessful.

On redirect, the Grandparent testified that during the telephone conversation with the Cluster Lead, she made it clear that she did not want to attend the March 31, 2004 MDT/IEP meeting without representation and that the Cluster Lead replied that the meeting was going ahead with or without her because so many people were involved and that she did not want to cancel; that she asked the Cluster Lead if the meeting could be rescheduled and the Cluster Lead's reply was, "no."

The Grandparent rested.

Counsel for FEPCS renewed his motion for DISMISSAL on all issues and made argument. The motion was taken under advisement. Here, the Motion was DENIED. See DISCUSSIONS and CONCLUSIONS of LAW, below.

The record, for documentary supplementation, was held open until June 2, 2004.

Counsel for FEPCS submitted post hearing documentation.


# FINDINGS OF FACT

1. The Grandparent, parent and student were at all times represented by the same law firm; however, sometime in January 2004, the firm replaced the 1st Educational Consultant and Attorney with the 2nd Educational Consultant and Attorney.

2. The reevaluation was authorized on November 25, 2003 and was completed on March 15, 2004.

3. The first FEPCS learned of the request for a vocational assessment was in the herein February 13, 2004 Request for Mediation/Hearing.

4. The June 13, 2002 IEP, Grandparent's Document No 26, did not contain any Present Levels of Educational Performance; FEPCS did not disclose the June 13, 2002 IEP which they completed and had the burden to establish as a FAPE.

5. The only Transition Services Plan (TSP) in the disclosure was dated December 4, 2003 and was considered a part of the 2003-04 IEP. See 34 CFR 300.347(b).

6. The June 13, 2002 IEP did not contain a statement of the transition service needs of the student under the applicable components of the student's IEP that focused on the student's course of study. See 34 CFR 300.347(b).

7. As the student's math scores did not show progress between 2001 and March 2004, FEPCS offered 30 hours of math tutoring in both individual and group sessions from 8-12 P.M. on weekends as compensatory education. See page 2 of 2 pages of the March 31, 2004 MDT/IEP meeting notes.

8. The student was disability coded Mental Retardation on the June 13, 2002 IEP and disability coded Learning Disabled on the March 31, 2004 IEP. FEPCS concluded that the Mental Retardation coding was an error on the evaluator's part.

9. The decision on the part of the evaluator, a licensed clinical psychologist, to administer the AAMR Scale as opposed to Vineland did not make the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2, inappropriate.

10. The March 31, 2004 IEP did not indicate counseling as recommended in the February 27, 2004 Psycho-educational Evaluation, FEPCS Document No 2.

11. On March 31, 2004, FEPCS convened the MDT knowing that the law firm representing the student had changed the student's representatives.

12. On March 31, 2004, FEPCS convened the MDT without the Grandparent knowing that the Grandparent, who regularly attended MDT meetings for the student, wished to attend the MDT meeting but would do so only with her representatives.

8 of 12 pages

## DISCUSSION and CONCLUSIONS OF LAW

### I

### FEPCS failed to complete the reevaluation timely.

Starting from November 25, 2003, 34 CFR 300.536(b) required FEPCS to reevaluate the student within a timely manner. At the December 4, 2003 MDT/SEP meeting, evaluations were discussed; further, it was decided that the student would receive the services indication on the June 13, 2002 IEP pending completion of the reevaluation and that the team would reconvene within 45 days. By February 13, 2004, the date of the herein Request for Mediation/Hearing, FEPCS had not completed the reevaluation nor attempted the reconvene the MDT. The Cluster Lead testified that the request for reevaluation was dated October 9, 2003 but that the reevaluation was not authorized until November 25, 2003. The Education Evaluation, FEPCS Document No 1, was dated November 13, 2003. More importantly, none of the other evaluations, FEPCS Documents Nos 2, 3, 4, 5, 6 and 7, antedated the herein February 13, 2004 Request for Mediation/Hearing. **The failure to complete the reevaluation in a timely manner amounted to the Denial of a FAPE.** The circumstances surrounding the Vineland, the vocational assessment, the occupational therapy assessment and the vision screening did not amount a Denial of a FAPE. The 1st Consultant testified that the Vineland should be administered if recommended in the psycho-educational evaluation; the psycho-educational evaluator administered the AAMR and was well within professional discretion in so doing. The vocational assessment was first requested in the herein Request for Mediation/Hearing and the parties stipulated to the occupational therapy assessment on April 1, 2004. Enough evidence was not adduced at the hearing to determine denial of a FAPE on the vision screening.

### II

### While the June 13, 2002 IEP was not reviewed within a year, the failure did not amount to a Denial of a FAPE.

The June 13, 2002 IEP did not indicate ESY; consequently, FEPCS had the entire summer of 2003 to review the IEP. Sometime in August of 2003, the student left FEPCS and enrolled in a public school in Prince George's County, Maryland. In October 2003, the student returned to FEPCS along with a parental request for reevaluation. The failure to review the June 13, 2002 IEP as of June 2003 was not a Denial of a FAPE.

### III

### From October 2003 thru December 2003, FEPCS failed to deliver to the student all the special education services indicated on the June 13, 2002 IEP.

The student left FEPCS in August 2003 and returned in October 2003. At the December 4, 2003 MDT/SEP meeting, it was decided to deliver services as indicated on the

June 13, 2002 IEP pending completion of the reevaluation. The Director of Special Education, FEPCS, testified that, that during the period in question, some services were not delivered and that the 30 hours of compensatory education offered at the March 31, 2004 MDT/IEP meeting was to settle all claims, to date, for non-delivered special education services. The Cluster Lead testified that the 30 hours was to address a math learning disability. Because the March 31, 2004 MDT/IEP meeting was a Denial of a FAPE, the 30 hours of tutoring as compensatory education was set aside. See DISCUSSION V, below. If the student needs the tutoring to make educational progress it must be included in the specialized instruction on the new IEP and cannot be delivered as compensatory education.

<h3 style="text-align:center">IVa</h3>

<h3 style="text-align:center">The June 13, 2002 IEP did not included Present Levels of Educational Performance.</h3>

The June 13, 2002 IEP did not include the student's present levels of educational performance as required at 34 CFR 300.347(a)(1). The IEP is intended to be a self-contained and portable document. The present levels of educational performance give meaning to the goals and benchmarks and without them, the IEP is incomplete. The IEP in the record that the Grandparent disclosed on March 25, 2004 was provide to the Grandparent by FEPCS and did not contain the levels. FEPCS had the burden of establishing the June 13, 2002 IEP as a FAPE and did not meet it. **The June 13, 2002 IEP was a Denial of a FAPE.**

<h3 style="text-align:center">IVb</h3>

<h3 style="text-align:center">Neither the June 13, 2002 IEP nor the March 31, 2004 IEP included a<br>Transition Services Plan</h3>

The student was 14 years old on January 30, 2001. The June 13, 2002 IEP should have contained a statement of the student's transition service needs and the March 31, 2004 IEP should have contained a statement of the student's needed transition services. The March 31, 2004 IEP had a Transition Services Plan (TSP) attached that was dated December 4, 2003. The plan was inappropriate because it postdated six of the seven latest evaluations of the student. Second but no less importantly, when the TSP was written the student was disability coded Mentally Retarded; at the March 31, 2004 MDT/IEP meeting the student was disability coded Learning Disabled. Clearly, a TSP for a mentally retarded student would differ from a plan for a learning disabled student. **The March 31, 2003 IEP was a Denial of a FAPE.**

<h3 style="text-align:center">V</h3>

<h3 style="text-align:center">The March 31, 2004 MDT/IEP meeting did not include the Grandparent nor her<br>representative and amounted to a Denial of a FAPE.</h3>

FEPCS did nothing in furtherance of the student's special education between December 4, 2003 and February 13, 2004. The Cluster Lead testified that she had canceled

10 of 12 pages

three-scheduled MDT meetings and was not going to cancel a fourth; the evidence showed that FEPCS scheduled two MDT meetings, March 25, 2004, FEPCS Document No 14, and March 31, 2004, FEPCS Document No 8, and canceled the meeting scheduled for March 25, 2004.

Before the last evaluation was completed, the Cluster Lead, by letter dated February 24, 2004, FEPCS Document No 12, attempted to convene an MDT meeting on March 16th, 17th or 18th and stated that the evaluations would be completed by February 27, 2004; no meeting was scheduled. By letter dated March 5, 2004, FEPCS Document No 13, the Cluster Lead attempted to convene an MDT meeting on March 23rd, 24th or 25th and stated that additional testing would be administered the student on March 15, 2004; no meeting was scheduled. As it happened, the last evaluation, FEPCS Document No 7, was dated March 15, 2004.

At this point it should be noted that a failure of interoffice communication had developed within the law firm representing the student: a 2nd educational consultant and attorney had been assigned to represent the student sometime in January 2004, and communication at the law firm had failed beginning sometime in January 2004 and ending about March 22, 2004.

On March 14, 2004, the Cluster Lead sent a third letter that scheduled an MDT meeting for 10:00 A.M., March 24, 2004; the letter gave the close of business on March 15, 2004 as a deadline for rescheduling. While the less than one-day allowance for rescheduling could have caused a problem, had the student's representatives not responded and the MDT meeting convened, the likelihood is that an appropriate IEP could have been completed, at least as far as parental participation was concerned. However, on March 22, 2004, two days before the scheduled meeting, the Cluster Lead telephoned the parent and scheduled the MDT/IEP meeting for 9:30 A.M., March 31, 2004; by then, the Cluster Lead knew that the student had a new educational consultant and attorney but did not attempt to schedule the meeting through them. The Cluster Lead testified that the parent said the March 31st date was acceptable but that it had to be cleared with the Grandparent, as the latter would attend the MDT/IEP meeting; that she telephoned the Grandparent on the March 23rd and that the Grandparent did not ask that the MDT/IEP meeting be rescheduled. The parent did not appear at the hearing. The Grandparent testified that she made it clear to the Cluster Lead during the telephone conversation that she would not attend the MDT/IEP meeting without her representative(s). The hearing officer credited the version given by the Grandparent. The Cluster Lead decided on March 22, 2004 to convene the meeting on March 31, 2004 regardless of the Grandparent's wishes. On March 22, 2004, the Cluster Lead sent a letter, FEPCS Document No 8, to the new attorney with a copy of the Confirmation of Meeting Notice to the parent also dated March 22, 2004; the notice indicated the meeting for 9:30 A.M., March 31, 2004. The telephone conversation between the Cluster Lead and the Grandparent took place on March 23, 2004 but the Grandparent was present with a *fait accompli*. The second sentence of the first paragraph in the March 22, 2004 letter, FEPCS Document No 8, comports with this conclusion.

On March 24, 2004, the 2nd Education Consultant made it clear that she and the Grandparent wanted to attend the MDT/Meeting and that March 30th and 31st were inconvenient. The MDT/IEP meeting should have been rescheduled. **The March 31, 2004 MDT/IEP meeting violated 34 CFR 300.345(a) and (d) and amounted to a Denial of a FAPE.**

In consideration of the foregoing, the hearing officer made the following

# ORDER

1. Within 30 days hereof, FEPCS shall convene a MDT/IEP/Placement meeting. DCPS shall be invited to attend if either party anticipates an LEA that FEPCS can not provide.

2. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. No compensatory services will be awarded for the non-delivery of speech/language services. For disputes under this paragraph, either party may request a hearing.

3. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Grandparent except that, for everyday of unavailability of Grandparent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on FEPCS, documentation of the parties will be relied upon to determine the good faith of each party.

This is **THE FINAL ADMINISTRATIVE DECISION**. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.

Date: June 23, 2004

H. St. Clair, Esq., Hearing Officer

Issued: _____

Student Hearing Office, DCPS

12 of 12 pages

*Ga*

# DUE PROCESS HEARING
## SIGN-IN SHEET

**STUDENT'S NAME:** In██████, C██

**HEARING DATE:** May 27, 2004

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| PAUL S. DALTON | F.E.P.C.S | ATTORNEY |
| Wallace R. Henry III | FEPCS | Dir. of Special Ed. |
| CAROLYN MONFORD | Student | Advocate |
| Michelle Moody | student | Advocate |
| Gloria Ward-Ravenell | student | Grandmother |
| Roberta Gambale | ~~Student Attorney~~ | Attorney |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
*SPECIAL EDUCATION STUDENT HEARING OFFICE*

**HEARING OFFICER**

18

# District of Columbia Public Schools

## *Office of Management Services*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE   8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556



**In the Matter of**                    )
                                        )
G██████ W██████████, student            )        **DUE  PROCESS**
Date of Birth: January 30, 1987         )        **HEARING**
                    Petitioner,         )
                                        )        **INTERIM  ORDER**
          versus                        )
                                        )        Request Date:  February 13, 2004
                                        )        Hearing Dates:  April 1, 2004
**The District of Columbia Public Schools,** )                 April 29, 2004
**Friendship–Edison Public Charter School,** )
                    Respondents.        )        Held at:  825 North Capitol Street, NE
_____ )              Eighth Floor
                                                       Washington, D.C. 20002

| | |
|---|---|
| **Parent:** | Towanda Williams |
| | 201  37th  Street, SE |
| | Washington, D.C. 20019 |
| | |
| **Counsel for the Parent/Student:** | Robert L. Gambale, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  L  Street, NW     Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for Friendship-Edison PCS:** | Paul S. Dalton, Esq. |
| | **Dalton, Dalton & Houston, P.C.** |
| | 6303 Little River Turnpike, Suite 310 |
| | Alexandria, Virginia 22312-5045 |
| | |
| **District of Columbia Public Schools:** | Tiffany Puckett, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

i

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE

On February 13, 2004, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining that Friendship-Edison Public Charter School (FEPCS), its own LEA, and the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Thursday, April 1, 2004 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled and was continued to 11:00 A.M., Thursday, April 29, 2004.

The hearing reconvened at 11:00 A.M., Thursday, April 29, 2004.

At the conclusion of the case for Friendship-Edison Public Charter School, Counsel for Friendship-Edison requested a continuance.

Counsel for the Parent did not object.

In consideration of the foregoing, the hearing officer made the following

### INTERIM ORDER

The hearing was continued to 9:00 A.M.,
Thursday, May 27, 2004.

This is an **INTERIM ADMINISTRATIVE ORDER.**

_____   Date: _May 11, 2004_____
H. St. Clair, Esq., Hearing Officer

Issued: _____
Student Hearing Office, DCPS

*-end-*

20

# DUE PROCESS HEARING
## SIGN-IN SHEET

11 a

**STUDENT'S NAME:** 

**HEARING DATE:** _April 29, 2001_

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Gloria Ward-Ravenell | Gloria Wilburn | Grand Mother |
| Michelle Moody | Student | Advocate |
| Wallace Henry III | FEPC | Dir. of Special Ed. |
| PAUL S. DALTON | F.E.P.C.S. | ATTORNEY |
| Roberta L. Gambale | Student | Attorney |
| Nancy Opalack | FEPPCS | Cluster leader T.L. including teacher |
| Kelly Johnson | FEPCS | Special Ed teacher Case manager |
| Beth Wilkinson | FEPCS | S/L Pathol |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*SPECIAL EDUCATION STUDENT HEARING OFFICE*

**HEARING OFFICER**

21

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
Telephone: (703) 941-4455
Facsimile: (703) 642-3101
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston^+○
Talib S. Abdus-Shahid^+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
^ ADMITTED IN PA.
~ ADMITTED IN MD.
○ ADMITTED TO THE U.S. SUPREME COURT

April 22, 2004

**VIA FACSIMILE ONLY:** 202-742-2098

Roberta Gambale, Esq.
Brown & Associates
1220 L Street NW
Washington, DC 20005

RE: G███ W█████, DOB ███-87
Supplemental 5 Day Disclosure Notice

Dear Ms. Gambale:

A Due Process Hearing has been continued for G███ W█████ to April 29, 2004, at 11:00 a.m. pursuant to 34 C.F.R. 300.509(b)(1). The purpose of this letter is to provide you with additional documents and witnesses we may rely on in the hearing. This 5-day also incorporates the previous disclosure listing documents 1-8 which was filed on March 25, 2004.

### WITNESSES:

1.    Mr. Michael Cordell, Principal Upper School F..E. CG Woodson Sen. Aca.

2.    Mr. Wallace Henry, Special Education Coordinator F.E.P.C.S.

3.    Ms. Kelly Johnson, Special Education Teacher

4.    Nancy Opalack, Cluster Supervisor

5.    Kia Lewis, Counselor

6.    Beth Wilkinson, Speech and Language therapist

**\*Some of the above witnesses may testify by telephone or use a designee.**

22

## DOCUMENTS :

| | | |
|---|---|---|
| F.E.P.C.S – 09 | Instruction contact sheets dated | 10/03-03/04 |
| F.E.P.C.S – 10 | Counseling contact sheets dated | 11/03-04/04 |
| F.E.P.C.S – 11 | Letter to Rubenstein dated | 12/07/03 |
| F.E.P.C.S – 12 | Letter of Invitation dated | 2/24/04 |
| F.E.P.C.S – 13 | Letter of Invitation dated | 3/05/04 |
| F.E.P.C.S – 14 | Letter of confirmation dated | 3/14/04 |
| F.E.P.C.S – 15 | Memo from Nancy Opalack dated | 3/31/04 |
| F.E.P.C.S – 16 | IEP and meeting notes dated | 3/31/04 |
| F.E.P.C.S – 17 | Hearing screening dated | 04/20/04 |
| F.E.P.C.S – 18 | Vocational Assessment dated | 04/22/04 |

* We reserve the right to examine any witnesses disclosed by DCPS or the PARENT as if they were witnesses for our client and the right to rely on all other documents in the possession or previously filed or filed in a 5 Day Disclosure filed by the District of Columbia Public Schools (DCPS) or the PARENT or presented at the DPH.

Sincerely,

Paul S. Dalton, Esq.

cc: Student Hearing Office
    Ms. Tiffany Puckett, DCPS Attorney-Advisor

Weekly ... Contact Sheet

Week of October 21 - 23, 2003

Teacher Lelia Fletcher-Butler
(Substitute)

House

| Names | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
|-------|--------|---------|-----------|----------|--------|-------|---------------|
| W████ G██ | | | 1.5 | | | | |
| | | | 1.5 | | | | |
| | | | 1.5 | | | | |
| | | | 1.5 | | | | |
| | | | 1.5 | 1.5 | | | |
| | | | 1.5 | 4.5 | | | |
| | | | 1.5 | 4.5 | | | |
| | | | 1.5 | 1.5 | | | |
| | | | 1.5 | | | | |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R – resource
Keep original in file. Submit a copy to the SEC weekly. SEC submits weekly to principal.

F.E.R.C.S. 09

**Weekly IEP Contact Sheet**

Teacher _Lelia Fletcher Butler_    House _A_    Week of _Nov. 3-7_

| Names | T-H | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
|---|---|---|---|---|---|---|---|---|
| | | | B | A | B | A | | Reading Lang. Arts |
| | | A | | | | | | Math Written Expression |
| W___ G | | A 1.5 | 1.5 | A 1.5 | 1.5 | A 1.0 | 4.0 | Reading Lang. Arts Reading Written Expression Math |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R – resource
Keep original in file. Submit a copy to the SEC weekly. SEC submits weekly to principal.

Weekly IEP Contact Sheet

Teacher _Leila Fletcher-Butler_   House _B_   Week of _Nov. 10-14_

| Names | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
|---|---|---|---|---|---|---|---|
| | B | A | B | A | B | | |
| ~~G~~ | H | H | | A | | A | Reading Lang Arts |
| | O | O | | A | | A | Reading Lang Arts |
| | L | L | 1.5 | 1.5 | 1.5 | 1.5 | Reading Written Expression |
| | I | I | 1.5 | | | 3.0 | Math |
| | | | | | 1.5 | 1.5 | Reading |
| | D | D | | A | A/E | A | Reading |
| | A | A | | 1.5 | | 1.5 | Reading |
| | Y | Y | | 1.5 | | 1.5 | Reading |
| | | | | 1.5 | | 1.5 | Reading |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R – resource
Keep original in file. Submit a copy to the SEC weekly. SEC submits weekly to principal.

Weekly IEP Contact Sheet

Teacher _Lelia Fletcher-Butler_    House    Week of _Nov. 17-21_

| Names | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
| | A / B | A / B | A | B | A | | |
|---|---|---|---|---|---|---|---|
| 1 TH | T | 1.5 | T | 1.5 | T | 3.0 | Math |
| | e | | e | | e | | Reading Written Expression |
| 2 | a | 1.5 | a | 1.5 | a | 3.0 | Lang. Arts Written Expression |
| x | c | A | c | A | c | A | Math |
| | h | | h | | h | | Reading |
| | e | | e | | e | | Reading English Lang. Arts Reading |
| | r | | r | | r | | Reading Lang. Arts Reading Written Expression |
| | A | 1.5 | A | 1.5 | A | 3.0 | Math |
| | b | | b | | b | | Written Expression Reading |
| | S | | S | | S | | Written Expression Reading |
| | e | | e | | e | | |
| | n | | n | | n | | |
| | t | | t | | t | | |
| W[...] G | | | | | | | |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R - resource
Keep original in file.  Submit a copy to the SEC weekly.  SEC submits weekly to principal.

27

Weekl, IEP Contact Sheet

Teacher Lelia Fletcher-Butler    House ___A___ ___B___    Week of Dec 1-5

| Names | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
|---|---|---|---|---|---|---|---|
| | 3.0 | S | 3.0 | 1.5 | 3.0 | 9.0 | Math / Reading / Written Exp. |
| | | u | | 1.5 | | 1.5 | Lang. Arts / Written Exp. |
| | | b | | 1.5 | | 1.5 | Math |
| | 1.5 | s | A | | A | 1.5 | Reading |
| | | t | 1.5 | | 1.5 | 3.0 | Reading / Lang Arts |
| | | i | | | | ISS | Reading / Lang Arts |
| | A | t | A | | A | A | Reading |
| | 1.5 | u | 1.5 | | A | 3.0 | Reading / Lang Arts |
| | | t | A | P resource | | 0 | Reading |
| | 1.5 | e | 1.5 | | 1.5 | 4.5 | Reading |
| | 1.5 | d | 1.5 | | 1.5 | | Reading |
| | A | for | A | | A | A | Reading |
| | | Reading | | | | | |
| | | Resource | | | | | |

Codes for days of the week: **A** – absent, **I** – inclusion, **P** – pull aside, **R** – resource. Submit a copy to the SEC weekly. SEC submits weekly to principal.
Keep original in file.

## Weekly IEP Contact Sheet

Teacher: Lelia Fletcher-Butler    House: _____    Week of Dec. 8 – 12

| Names | T# | Monday | Tuesday (A) | Wednesday (B) | Thursday (A) | Friday (B) | Total | Goals Covered |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 1.5 | 1.5 | Math |
| | | | A | | 1.5 | 1.5 | 1.5 | Reading / Written Exp. |
| | | | | 1.5  P Mr. Wills | | 1.5 | 3.0 | Lang Arts / Written Exp. |
| | | | | | 1.5 | 1.5 | 1.5 | Math |
| G' | | 1.5 Bnch mark | 1.5 | | 1.5 | | 3.0 | Reading |
| | | | 1.5 | 1.5 | 1.5 | | 4.5 | Reading / Lang Arts |
| | | | 1.5 | 1.5 | A | | 3.0 | Reading / Lang Arts |
| | | | 1.5 | | 1.5 | | 1.5 | Reading / Reading Lang Arts |
| | | | | | | | 3.0 | |
| | | | | 1.5 | | 1.5 | 3.0 | Math |
| | | | | 1.5 | | 1.5 | 3.0 | Reading |
| | | | | 1.5 | | 1.5 | 3.0 | Reading |
| | | | 1.5 | | 1.5 | | 3.0 | Reading |
| | | | A | | 1.5 | | 1.5 | Reading |
| | | | | | | | | Reading |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R – resource
Keep original in file. Submit a copy to the SEC weekly. SEC submits weekly to principal.

## Weekly IEP Contact Sheet

Teacher: _Lelia Fletcher-Butler_    House: _A_ _B_    Week of _Dec. 15 - 19_

| Names | TH | Monday | Tuesday | Wednesday | Thursday | Friday | Total | Goals Covered |
|---|---|---|---|---|---|---|---|---|
| | | 1.5 | A | 1.5 | 1.5 | A | 3.0 | Lang. Arts / Reading |
| | | 1.5 | 1.5 | 1.5 | | A | 3.0 | Reading |
| | | | 1.5 | PD | A | | 3.0 | Math |
| | | 3.0 | A | | 1.5 | A | 1.5 | R Written Exp. |
| | | ● | 1.5 | 1.5 | 1.5 | | 1.5 | Reading / Written |
| | | A | | A | 1.5 | A | 3.0 | Reading / Written Exp. |
| | | A | 1.5 | 1.5 | | A | 3.0 | Lang. Arts / Written Exp. |
| | | 1.5 | | A | | | 1.5 | Math |
| | | A | 1.5 | A | 1.5 | A | A | Reading |
| | | 1.5 | | 1.5 | | | 3.0 | Reading / Lang. Arts |
| | | 1.5 | 1.5 | 1.5 | 1.5 | A | A | Reading / Lang. Arts |
| | | | | | | | | Reading / Lang. Arts |
| | | | 1.5 | | | A | 3.0 | Reading |
| | | | 1.6 | | 1.5 | | 3.0 | Reading |
| | | | | | | | 3.0 | Reading |

Codes for days of the week: A – absent, I – inclusion, P – pull aside, R – resource
Keep original in file. Submit a copy to the SEC weekly. SEC submits weekly to principal.

# WEEKLY "IEP" CONTACT SHEET

**Teacher:** Ms. Johnson         **Week of** February 17-20

| Names | Mon | Tues | Wed | Thurs | Fri | Total | Goals Covered | Class |
|-------|-----|------|-----|-------|-----|-------|---------------|-------|
| | | | | | | | Math, Reading, Written Expression | |
| | | | Suspended | | | | Math, Reading, Written Expression | |
| | | (A) | (A) | (P) 1hr | (P) | | Reading, Written Expression | |
| | | (P) | (P) | (P) 1hr | (P)45 (P) | 2.45 | Math | |
| A | | ✓1.00 (P) | (P) | (A) | (A) | 1.00 | Reading, Written Expression | |
| | | | | .30 | | | Written Expression, Math, Reading | |
| | | (A) | (A) | (P) | (A) | .30 | Written Expression, Math, Reading | |
| | | | | (P) 1.00 | (P) | 1.00 | Written Expression | |
| | | (P) | (P) | (P) | (P) | 3hrs | Math, reading, written expression | |
| | | (A) | (A) | (A) | (A) | | Reading, math, written expression | |
| | | | Suspended | | | | Math, Reading, Written Language | |
| | | | Suspended | | | | Reading, Math, written expression | |
| | | (P) | (P) | (P) | (P) | | Math, Written Language | |
| | | (P) | | | | | Math, reading, written expression | |
| G_____ W_____ | | (P) | 1.30 (P) Po | 1.00 (P) Po | (P) | 2.30 | Math, Reading, Written Expression | |
| | | | (P) | | | | Reading, Math, Written Expression | |
| | | | Suspended | | | | Reading, Math, Written Expression | |
| | (A) | (A) | A | 4.00 | (P) | 1.00 | Reading, written | |

31

## WEEKLY "IEP" CONTACT SHEET

**Teacher:** Ms. Johnson          Week of ~~February~~ March 8-12

| Names | Mon | Tues | Wed | Thurs | Fri | Total | Goals Covered | Class |
|---|---|---|---|---|---|---|---|---|
| | P | P | P | P | P | | Math, Reading, Written Expression | |
| | P | P | P | 1.30 P | P 1.30 | 1.30 | Math, Reading, Written Expression | |
| | A | A | L | P | 1.30 | 1.30 | Reading, Written Expression Math | |
| | P 30 | P 30 | A | P 30 | 3.30 | Reading, Written Expression | |
| | P | A | A | L | A | | Written Expression, Math, Reading | |
| | 1.30 P | P | P | P | 1.30 P | 3 hrs | Written Expression, Math, Reading | |
| | Pullout P | P | P | Pullout P | A | 3 hrs Pullout | Written Expression Math, reading, written expression | |
| | | | | P | A | | Reading, math, written expression | |
| | Suspend | | | | | | Math, Reading, Written Language | |
| | Suspend | | | | | | Reading, Math, written expression | |
| | P | | | | A | | Math, Written Language | |
| | Suspend | | | | | | Math, reading, written expression | |
| G W | Pullout P | P | P | Pullout P | P | 4 hrs Pullout | Math, Reading, Written Expression | |
| | P 1.30 | P 45 | A | P 1.30 | 1.30 P | 5.15 | Reading, Math, Written Expression | |
| | Sus | | | | | | Reading, Math, Written Expression | |
| | P 1.30 | P 30 | | P 1 hr | 3 hrs | | Reading, written | |

Eric James 1.30          P 1.30          3 Hrs

## WEEKLY "IEP" CONTACT SHEET

**Teacher:** Ms. Johnson          Week of March 15-19, 2004

| Names | Mon 15 | Tues 16 | Wed 17 | Thurs 18 | Fri 19 | Total | Goals Covered | Class |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Math, Reading, Written Expression | |
| | Left early P nine | P Left early | P | P | P | 2 hrs | Math, Reading, Written Expression | |
| | | P | | | | | Reading, Written Expression | |
| | | | | | | | Math | |
| | | A | P | P 1.30 | A | | Reading, Written Expression | |
| | P (L) | P | A | A | A | | Written Expression, Math, Reading | |
| | P | A | P | P | P | | Written Expression, Math, Reading | |
| | | | P | | | | Written Expression | |
| | A | A | A | A | A | | Math, reading, written expression | tried to connect |
| | | | | | | | Reading, math, written expression | |
| | Suspended | | | | | | Math, Reading, Written Language | |
| | Suspended | | | | | | Reading, Math, written expression | |
| | | P | P | | P | | Math, Written Language | |
| | A | A | P 1hr | A | P 1hr | | Math, reading, written expression | |
| G W | P | P | P 1hr | P | P | 2 hrs | Math, Reading, Written Expression | |
| | P | A | P | P 1.30 | P | 2.30 | Reading, Math, Written Expression | |
| | | Suspended | | | | | Reading, Math, Written Expression | |
| | | P 1hr | P ½ | P side | P | 2 hrs | Reading, written | |
| | A | A | P | P 1.30 | P | 1.30 | | |

P. 6

APR 22 04 12:02P

### Edison-Friendship Collegiate Academy
### Related Services Special Edison Sign in/Log

Week of 11/12 - 11/14



| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|----------------------|---------|----------|
| / / | | | | |
| 11-13-03 | | | | |

F.E.P.CS., 10

Apr 22 04 12:07p

### Edison-Friendship Collegiate Academy
### Related Services Special Edison Sign in/Log

1/20 - 1/24

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|---|---|---|---|---|
| | | | 9:00 | |
| | | | 10:00 | 10:15 |
| 1/2 | | | | |
| 1/20 | | | 12:12 | |
| 1/20 | | | 12:12 | |
| 1/20 | | | 12:15 | |
| 1/2 | | | 12:18 | |
| 1/2 | | Dup | 12:00 | 1:30 |
| 1/2 | | | 1:45 | |
| 1/2 | | | 1:45 | |
| 1/20 | | Session | 1:00 | |
| 1/2 | | | | |
| 1/2 | | | | |
| 1/21/03 | Gr | | | |
| 1/ | | Group | | 11:30 |
| 1/ | | Group | | 11:30 |
| 1/ | | Group | | 11:30 |
| 1/ | | Group | | 11:30 |
| 1/ | | Group | | 11:30 |
| | | Group | 12:30 | |
| | | Session | 12:50 | 1:14 |
| | | Group | | |
| 1/4/04 | | Group | 12:50 | 1:20 |

35

Edison-Friendship Collegiate Academy
Related Services Special Edison Sign in/Log

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|-----------------------|---------|----------|
| 11/2 | | sting | | |
| 11/2 | | esting | 9:55 | |
| 11/2 | | | 1:50 | |
| | | nsueiors | 12:20 | 12:50 |
| | | sualeing | 12:20 | 12:50 |
| | | STHING | 12:20 | 1:50 |
| 12/3 | | oleing | 9:45 | 10:45 |
| 12/3 | | | | |
| 12/3 | | iteing | 11:30 | 12:00 |
| 12/31 | | counseling | 11:30 | |
| 12/31 | | | | |
| 12/31 | | Consuleing | 12:00 | |
| 12/4 | | Consuleing | 2:45 | |
| 12/4 | | Consueing | 2:45 | |
| 12/4 | | Counseling | 2:40 | 3:15 |
| 12/5 | | iting | 8:43 | |
| 12/5 | | ting | 8:45 | |
| 12/5/03 | E██ w██ | Crisis - Sp Ed Class | | |
| 12/5/03 | lline | 1:30 | | |

36

Apr 22 04 12:07p

## Edison-Friendship Collegiate Academy
### Related Services Special Edison Sign in/Log

1/20 - 1/24

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|------------------------|---------|----------|
| | | | 9:00 | |
| 1/20/04 | | | 10:00 | 10:25 |
| 1/20/04 | | | 12:17 | |
| 1/20/04 | | | 12:12 | |
| 1/20/04 | | | 12:15 | |
| 1/20/04 | | | 12:15 | |
| 1/20/04 | | Group | 12:00 | 12:30 |
| 1/20/04 | | | 1:45 | |
| 1/20/04 | | | 1:45 | |
| 1/20/04 | | Session | 2:00 | |
| 1/20/04 | | | | |
| 1/20 | | | | |
| 1/21/03 | | | | |
| 1/21/05 | | Group | 11:30 | |
| 1/21/04 | | Group | 11:30 | |
| 1/21/04 | | Group | 11:30 | |
| 1/21/04 | | Group | 11:30 | |
| 1/21 | | Group | 11:30 | |
| 1/21 | | Session | 12:35 | |
| 1/24 | | Group | 12:50 | 1:20 |
| 1/24 | | Group | 12:50 | 1:20 |

37

Edison-Friendship Collegiate Academy
Related Services Special Edison Sign in/Log

1-20 – 1/24

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|------------------------|---------|----------|
|  |  |  | 2:00 | 3:15 |
| 1/21/0 |  |  | 2:15 | 3:15 |
| 1/21/0 |  |  | 2:15 | 3:15 |
| 1/21/0 |  |  | 2:15 | 3:16 |
| 1/21/0 |  |  | 2:15 | 3:15 |
| 1/21/0 |  | d | 1:30 |  |
| 1/22/0 |  | nd. | 12:30 |  |
| 1/22/0 |  |  | 12:10 |  |
| 1-23-0 |  | Fraf | 1:48 | 2:30 |
| 1/23/0 |  |  | 1:49 | 2:30 |
| 1/23/04 | ████ w/ ████ | Oruf |  |  |
|  |  | Days |  |  |
| 1/ |  | tals no students |  |  |
| 1/2 |  |  |  |  |
| 1/3 |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Edison-Friendship Collegiate Academy
Related Services Special Edison Sign in/Log

Week of 2/2 - 2/6

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|------------------------|---------|----------|
| 2/2 | | Crisis Int. | 8:12 | |
| 2/ | | Testing | 12:30 | |
| 2/9 | | IEP meeting | 9:30 | |
| 2/9 | | IEP meeting | 1:32 | |
| 2/10 | | IEP meeting | 9:30 | |
| 2/10 | | IEP Meeting | 11:00 | |
| 2/20/04 | G___ W___ | | | |
| 2/20 | | Meeting | 1:37 | |
| 2/20 | | Meeting | 1:37 | |
| 2/20 | | Meeting | 1:40 | |
| 2/20 | | meeting | | |
| 2/ | | | | |
| 2/2 | | | | |
| 2/2 | | | | |
| 2/ | | | | |
| 2/ | | | | |
| | | | | |
| | | | | |

Edison-Friendship Collegiate Academy
Related Services Special Edison Sign in/Log

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|----------------------|---------|----------|
| 2-27 | | | 8.20 | |
| 2/24 | | reeting | 1 45 | |
| 2/27/14 ▉ w) ▉ | | Meeting | 1.45 | |
| 2/2 | | eeting | 1.45 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Apr 22 04 12:08p

## Edison-Friendship Collegiate Academy
## Related Services Special Edison Sign in/Log

| Date | Student Signature | Description of Service | Time IN | Time OUT |
|------|-------------------|------------------------|---------|----------|
| 4-27 | | Session | 10:00 | 11:05 |
| | | session | 11:00 | |
| | ███████ | | 1:45 | |
| | | | 2:30 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Dec 19 03 04:56p

**EDUCATIONAL SUPPORT SYSTEMS, INC.**
1745 Kalorama Road, NW
Suite 102
Washington, D.C. 20009
*Phone: 202 797-9191*
*Fax: 202 797-7176*

Rachel Rubenstein, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW
Suite 700
Washington, D.C. 20005

Dear Ms. Rubenstein,                                    December 7, 2003

Per our discussion on Friday, Collegiate sped staff and I are confused about the evaluations your client, Towanda Williams, would like to have conducted to determine G███ W██████' special education needs. To make this situation even more complicated, we need confirmation of who the legal guardian is for G███. Although Towanda Williams signed G███'s current IEP as the parent/guardian on 6/13/02, Ms. Gloria Ward-Ravinell (sp) signed the IEP Meeting Notes dated 1/16/02 as the grandmother and the Student Evaluation Plan and PTE as the parent on 12/4/03.

On 10/9/03 your office faxed a letter from you requesting a re-evaluation of G███ including psycho-ed, clinical, sp/l, and career assessments and a social history, a formal classroom observation, and vision/hearing screenings. Unfortunately, the attached PTE and General Authorization form belonged to a student who is not attending Collegiate. After several phone calls to you, Heidi Romero, and Carolyn Monford (sp), we finally received by fax the PTE and General Authorization form signed by Towanda Williams on November 25. On November 25, I called Heidi Romero and informed her that we were in receipt of the fax and would consider November 25th the beginning of the evaluation time line.

On December 4, Carolyn Monford and Ms. Ward - Ravinell attended a meeting at Collegiate and demanded that Collegiate conduct psycho-ed and adaptive assessments, per the attached PTE and SEP.

We are ready to assign G███'s case to our clinical team for re-evaluation, but cannot move forward until you confirm in writing the name and address

F.E.P.C.S ¼

Dec 19 03 04:56p

of the legal guardian and the evaluations the legal guardian would like us to conduct. If the legal guardian wants the re-evaluation to include the assessments listed in your 10/9/03 letter, then we will honor the November 25 date and tentatively project to complete the evaluations and convene the MDT by the third week in January. Please also confirm in writing if the legal guardian would like us to communicate **with her or with you** regarding meeting dates.

Friendship officials, administrators, and sped staff are committed to meeting the needs of special education students. We have worked hard during the past 18 months to put a progressive service delivery model in place, bring Collegiate's program into compliance, and ensure that our students achieve academic success. The legal guardian is welcome to bring anyone she wants to participate in the MDT/IEP meetings. We welcome all participants who are as committed as we are to thoughtful and positive collaboration.

We look forward to working together on behalf of G████

Sincerely,

Nancy Opalack

cc: Charlene Glymph, Assistant Special Education Coordinator
    Michael Cordell, Principal

**EDUCATIONAL SUPPORT SYSTEMS, INC.**
**1745 Kalorama Road, NW**
**Suite 102**
**Washington, D.C. 20009**
*Phone: 202 797-9191*
*Fax: 202 797-7176*
Nopalack@mindspring.com

Rachel Rubenstein, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005

Dear Ms. Rubenstein:                                    February 24, 2004

We are ready to schedule G███ W██████' conference at Collegiate and are proposing one of the following three dates: March 16th, 17th, or 18th at a time convenient for you and Ms. Williams. We will need confirmation of date and time by the end of this week in order to ensure the availability of the clinical team members.

G███ will be tested this Friday. All reports will be forwarded to you by the end of next week for your review prior to the meeting.

Since G███ lives with her grandmother, we will be sure to invite her as well. Per my previous request, Collegiate officials will need proof that G███ is a resident of D.C. prior to the meeting date. Please fax me a copy of Ms. Williams tax return so we can verify that G███ is a dependent claimed on her tax returns for the past two years. As I am sure you are aware, if Ms. Ward-Ravinell has claimed G███ as a dependent, then G███ would not be considered a resident of the District of Columbia and ineligible to attend Collegiate Academy.

I look forward to hearing from you.

Sincerely,

Nancy Opalack

cc: Wallace Henry
    Ms. Johnson
    Dr. Cynthia Sparrow
    Angela Tanner-Dean
    Madlyn Anglin
    Michael Cordell
    Paul Dalton

F.E.P.C.S 44 12

**EDUCATIONAL SUPPORT SYSTEMS, INC.**
**1745 Kalorama Road, NW**
**Suite 102**
**Washington, D.C. 20009**
*Phone: 202 797-9191*
*Fax: 202 797-7176*
Nopalack@mindspring.com

Rachel Rubenstein, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
By fax: 742-2098

Dear Ms. Rubenstein:                                    March 5, 2004

Since we did not hear back from you regarding the proposed dates for G███ W███████ meeting, we are offering three new dates including the mornings of March 23rd, 24th, or 25th. We will need confirmation of date and time as soon as possible in order to ensure the availability of the clinical team members.

Attached for your review are the Psycho-Educational Evaluation, the Woodcock Johnson, the Speech/Language Evaluation, Social History, the classroom observation, and the vision screening. Based on the results of the Psycho-Educational Evaluation, Adaptive Scale, and the Woodcock Johnson academic scores, G████s eligibility determination will most likely change after MDT review and discussion.

Dr. Sparrow will be conducting additional testing on March 15th to include a complete WAIS III (in light of the likely eligibility change) as well as the Deveraux Rating Scale. G██████ Adaptive functioning indicates some maladaptive behaviors, but Dr. Sparrow does not see any emotional concerns of clinical significance. The hearing screening will be completed by the MDT date. I will fax the rest of Dr. Sparrow's evaluation results in plenty of time for you to review them prior to the MDT date you select.

I look forward to hearing from you.

Nancy Opalack
Cluster Lead

Cc: Wallace Henry SEC at Collegiate
    Paul Dalton, Attorney

F.E.P.C.S-13

Mar 30 04 05:35p

**EDUCATIONAL SUPPORT SYSTEMS, INC.**
1745 ██████ Road, NW
Suite 102
**Washington, D.C. 20009**
*Phone: 202 797-9191*
*Fax: 202 797-7176*
Nopalack@mindspring.com

Rachel Rubenstein, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
By fax: 742-2098

March 14, 2004

Dear Ms. Rubenstein:

Since we did not hear back from you regarding the two sets of proposed dates for G██ Williams' meeting, we are confirming the meeting date for March 24th at 10:00 at Collegiate Academy. Please check in the front office upon arrival and ask for Mr. Henry. We will need to hear from you by close of business on March 15 if the 25th is not convenient for the parent. We welcome anyone the parent wishes to bring with her. **If the parent does not attend, then anyone intending to represent the parent must have a recently signed statement from the parent authorizing the representative to sign the MDT Notes and the IEP or the meeting will not proceed.**

Attached for your review are an addendum to the Social History and a revised Social History. As reported to you previously, we are still confused about residency issues as underscored by the fact that G██ is reporting something very different than Ms. Williams and her mother. Hopefully, Ms. Williams and G██ will be able to clear up the confusion at the MDT meeting.

Nancy Opalack

*Nancy Opalack*

Cluster Lead

Cc: Wallace Henry SEC at Collegiate
    Paul Dalton, Attorney
    Madlyn Anglin, Sp/l therapist
    Dr. Sparrow, Clinical Psychologist
    Angela Tanner-Dean, SW

F.E.P.C.S. 14

46

Mar 31 04 03:47p                                                                    p.1

Friendship Schools
Collegiate campus

Memo

To: Paul Dalton
From: Nancy Opalack

3/31/04

We had an extremely positive meeting on G██ W████ this morning as I think the attached notes will reflect. It would have been good for G██ and her mother to hear from 11 professionals that G██ is making good progress at Collegiate this year. Her grades and test scores have improved; she is connected to Ms. Johnson, her special education teacher.

The MDT determined G██ eligible for sped as a LD student in math areas. Because Collegiate has not focused specifically on math areas, the MDT prescribed 30 hours of compensatory math tutoring at the Saturday School for the rest of this school year.

As you are aware, I tried to schedule this meeting three times with Ms. William's attorney(s), who were non-responsive. On March 24th, the second advocate, Ms. Moody, called to say she could not make a meeting scheduled for March 30th. When I told her the meeting was on the 31st, she confirmed that she could attend. By the time she called me on March 24th to report that she and the parent could not attend on the 31st, everyone involved had received final confirmation. Normally, we would respect the parent's wishes, but, in this case, we wanted to adhere to the 120 day timeline as best we could and did not want to wait until after the Easter break. It is difficult to keep rescheduling with 11 folks as we did in this case.

Ms. Johnson will be glad to meet with the parent to discuss the findings and secure her signature on the sp/l exit form and the IEP. We have also left the counseling frequency blank until Ms., Lewis and G██ decide what they think will work best. Tutoring will begin as soon as Ms. Williams signs the IEP.

Please do not hesitate to call with any questions.

Nancy Opalack
Cluster Lead

Cc: Weallae Henruy
    Kelly johnson
    Kia Lewis
    Chasrlene Gllymph

F.E.P.C.S  15
47

Mar 31 04 03:56p

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP Page 1 of 4
Additional Comments: ☐

**II. CURRENT INFORMATION**

Date of IEP Meeting: 3/31/04
Date of Last IEP Meeting: 6-13-02
Date of Most Recent Eligibility Decision: 3/31/04

Purpose of IEP Conference:
☐ Initial IEP   ☑ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment:

**I. IDENTIFICATION INFORMATION**

Student Name: Last ▮▮▮   First ▮▮   MI R
Student ID ▮▮▮   Soc. Sec. No.
Gender ☐ M ☑ F   Date of Birth ▮▮▮   Ethnic Group African-American   Age: 16   Grade 11
Address 7306 Riverhill Rd.
0x60 17711   Washington, D.C.   SMD.
☐ Non-attending   City   State   Zip Code
Attending School F.E.C.A.   Home School F.E.C.A.
☐ Elem. ☐ Mid/JHS ☑ SHS ☐ CWS?
Parent Towanda Williams   ☑ Parent ☐ Guardian ☐ Surrogate
Address of (if different from student):

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | | TRANSPORTATION |
| ESY | ☑ | TRANSITION |

Telephone: Home   Work

To be completed by Office of Bilingual Education
English and Math Proficiency Assessment

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | |
|---|---|---|---|---|---|
| Student | English | English | English | — | Oral |
| Parent | English | English | English | | Reg./Written |
| Home | English | English | | — | Instrument: |
| | | | | | Date: |

**IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY**

| SERVICES | SETTING Gen/Ed SpEd Total | FREQUENCY Hr./Min D/W/M | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks/mos |
|---|---|---|---|---|---|
| Specialized Instruction | 2  8.5  6.5 | 5   5 | Special Education General Education | 4/1/04  4/1/04 | 10 mos 10 mos |
| Transition | | | Speech Pathology | | |
| Speech and Language Therapy | | | | | 10 mos |
| Psychological Counseling | | | | | |
| TOTAL | | Hours Per Week | | | |

Percent of time in Specialized Instruction and Related Services
☐ 0-20%   ☐ 21-80%   ☐ 81-100%

**V. Disability (ies)** LD
☐ (Check if setting is general Ed.)   Percent of time NOT in a Regular Education Setting

**VI. IEP TEAM (Participants in the development of the IEP)**

Print and sign your name below:

School Psychologist ___ Lori Levin
Transition Coor. ___
parent ___   Sp. Ed. Teacher ___
student ___   Gen. Ed. Teacher ___
Psychologist Cynthia Sparrow ___   Principal/Designee ___
Speech Pathologist ___ SLP   Shertonne Whiting ___ Sped Teacher ___

I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature   Date

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

F.E.P.C.S. 16

48

FROM :

DCPS - IEP
Page 2 of 4

Student Name: G___ W___    Managing School: F.S.C.A
Student ID Number: ___    DOB ___ /87    Attending School: F.S.C.A

Additional Comments: ☐

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Score(s) When Available
Math Cal. 2.9 G.E. WIAT III
Math Rea. 2.7 G.E. WIAT III
See goal page: ___
Date: ___

**Academic Areas: (Evaluator)** D. Johnson

Math Strengths:
G___ has relative math skills at a grade level ch 2.9.

Impact of disability on educational performance in general education curriculum:
___ needs assistance with mathematic problems and word problems above a 2.9 level.

Rdg. Com. 5.2 G.E. WIAT III
Rdg. Basic 4.5 G.E. WIAT III
Written Ex. 6.7 G.E. WNJ
See goal page: ___
Date: ___

Reading Strengths:
___ has relative reading skills at a grade level reading of 5.2.

Impact of disability on educational performance in general education curriculum:
___ has difficulty with reading task above a 5.2 grade level.

Score(s) When Available
Exp. Lang.  96  39
Rec. Lang.  86  18
Artic       WNL
Voice       ↓
Fluency     ↓
Exp. Voc.   73   4
Rec. Voc.   80   9
See goal page: ___
Date: 3/4/04

**Communication (Speech & Language) (Evaluator)** M Smith, MA, CCC-SLP

Strengths:
Overall expressive and receptive language skills were in the average range (SS=90)

Impact of disability on educational performance in general education curriculum:
Mild-moderate deficits in vocabulary. Weaknesses in oral articulation & organization and possible auditory memory deficits.

Score(s) /Results
When Available

**Motor/Health (Evaluator)** ___

Strengths:

Impact of disability on educational performance in general education curriculum:

See goal page: ___
Date: ___
Score(s) When Available

**Social Emotional Behavioral Areas: (Evaluator)** ___

Strengths:

Impact of disability on educational performance in general education curriculum:

See goal page: ___
Date: ___
Score(s) When Available

**Cognitive/Adaptive Behavior: (Evaluator)** Dr. Cynthia Sparrow

Strengths: avg. adaptive living skills

Impact of disability on educational performance in general education curriculum:

VIQ   73
PIQ   57
FSIQ  63
See goal page: ___
Date: 2/27/04
Score(s) When Available

**Prevocational Skills: (Evaluator)** ___

Strengths:

Impact of disability on educational performance in general education curriculum:

See goal page: ___
Date: ___

p.38

Mar 31 04 03:57p

Student Name G____ W_____  DOB ____ [8]    Managing School F.E.C.A
Student ID Number _____              Attending School F.E.C.A

IEP
Page 3 of 4

Goal Number: [ ]

### VII. SPECIALIZED SERVICES

Additional Comments:
Area addressed by goal: _Academics_

Gloria will demonstrate a basic understanding of the rules of the English language in written and oral works by mastering the following short-term objectives with 80% accuracy.

Provider(s): _Special Education teacher / General Ed._

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Gloria will write sentences with correct subject and verb agreement with 8 out of 10 sentences presented. | | Quarterly |
| Gloria will write a essay using main ideas and supporting details with 4 out 5 trials presented. | | Quarterly |
| Gloria will edit, revise written work, proofreads for capital, commas, punctuation, and spelling for 4 out 5 trials presented. | | Quartely |
| | | |
| | | |

### EVALUATION PROCEDURE(S)

(Portfolio)    Log    Chart    Test    Documented Observation    (Report)    Other _____

50