# District of Columbia Public Schools

## Office of Management Services
## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **DUE  PROCESS** |
| ) | **HEARING** |
| G███ W███████, student ) | |
| Date of Birth: January 30, 1987 ) | |
| Petitioner, ) | **INTERIM  ORDER** |
| ) | |
| versus ) | Request Dates: February 13, 2004 |
| ) | Hearing Date: April 1, 2004 |
| The District of Columbia Public Schools, ) | |
| ) | Held at:  825 North Capitol Street, NE |
| Respondent. ) | Eighth Floor |
| ) | Washington, D.C. 20002 |

| | |
|---|---|
| **Parent:** | Towanda Williams |
| | 201 37th Street, SE |
| | Washington, D.C. 20019 |
| | |
| **Counsel for the Parent/Student:** | Robert L. Gambale, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220 **L** Street, NW    Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **Counsel for Friendship-Edison PCS:** | Paul S. Dalton, Esq. |
| | **Dalton, Dalton & Houston, P.C.** |
| | 6303 Little River Turnpike, Suite 310 |
| | Alexandria, Virginia 22312-5045 |
| | |
| **District of Columbia Public Schools:** | Tiffany Puckett, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

101

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT OF THE CASE

On February 13, 2004, Counsel for the Parent filed the herein Request for Mediation/ Hearing on behalf of the parent and student complaining that Friendship-Edison Public Charter School (FEPCS), its own LEA, and the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent alleged the following failures on the part of FEPCS:

      1. to complete a reevaluation requested under 34 CFR 300.536(b);
      2. to complete an annual review of the IEP as of June 2003;
      3. to deliver related services between September 2003 and December 2003; and
      4. to include Present Levels of Performance and transitional services in the
         2002-03 and 2003-04 IEPs.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Thursday, April 1, 2004 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated March 25, 2004, DCPS disclosed 5 witnesses.

By facsimile dated March 25, 2004, FEPCS disclosed 4 witnesses and 8 documents.

By facsimile dated March 25, 2004, the parent disclosed 9 witnesses and 26 documents. The documents were placed into the record but are not listed here.

The Attorney-Advisor requested that DCPS be dismissed from the hearing arguing that FEPCS and the parent were the parties in interest.

Counsel for the Parent objected arguing that DCPS could be necessary for a placement decision.

The hearing officer determined that FEPCS and the parent where the parties in interest and that any required participation by DCPS in any placement decision could be effectuated by an order. The objection was OVERRULED and DCPS was DISMISSED from the hearing.

Counsel for the Parent stated that Counsel for FEPCS had delivered supplemental disclosure to her just before the hearing convened and requested that issues therein be reserved to the parent for a subsequent Request for Mediation/Hearing.

Counsel for FEPCS stated that the supplemental disclosure contained the requested reevaluation along with an IEP completed March 31, 2004 as well as compensatory education.

Counsel for the FEPCS moved for a DISMISSAL arguing parental abuse of the IDEA process and requested a Continuance. The Motion was taken under advisement.

Counsel for the Parent objected to the Continuance.

Over the objection of Counsel for the Parent, the hearing officer GRANTED the Motion for Continuance.

1 of 2 pages

During a recess to schedule the Continuation the parties stipulated first, that a hearing screening of the student was needed but disagreed as to who was responsible for the screening not being completed to date, and second, the first FEPCS heard of a request for an occupational therapy assessment was at the hearing. FEPCS agreed to complete the hearing screening and occupational therapy assessment.

In consideration of the foregoing, the hearing officer made the following

## INTERIM ORDER

1. This matter is set for hearing at 11:00 A.M., Thursday, April 29, 2004.

2. The parent can amend the herein Request for Mediation/Hearing. Disclosures can be supplemented within the 5-Day Rule.

3. Among the possible issues for hearing that will be set at the Continuation, the parent's refusal or non-cooperation with the March 31, 2004 MDT meeting will be one.

**This is an INTERIM ADMINISTRATIVE ORDER.**

_____    Date: 4-9-04 _____
H. St. Clair, Esq., Hearing Officer

Issued: _____
          Student Hearing Office, DCPS

2 of 2 pages

103

# DUE PROCESS HEARING
## SIGN-IN SHEET

**STUDENT'S NAME:** _U( ████, C ████_

**HEARING DATE:** _April 1, 2004_

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| PAUL S. DALTON | F.F.P.C.S. | ATTORNEY |
| Wallace Henry III | FEPCS | Dir. of Special Ed. |
| Roberta Gambale | Student | Attorney |
| TIFFANY Robert | DCPS | Atty Advisor |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
*SPECIAL EDUCATION STUDENT HEARING OFFICE*

**HEARING OFFICER**

104



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

***Office of the Superintendent***
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9ᵗʰ Floor*
202-442-5000  Fax # 202-442-5098
*www.k12.dc.us*

March 25, 2004

Roberta L. Gambale, Esq.
1220 L Street, NW, Suite 700
Washington, DC 20005

## DISCLOSURE STATEMENT

## VIA FACSIMILE 202/742-2098

**Subject: Due Process Hearing for G▮▮W▮▮▮▮**
**DOB:    ▮▮/87**

Dear Ms. Gambale:

At the upcoming due process hearing in the above-referenced matter, scheduled for Thursday, April 1, 2004 at 1:00 p.m., and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1]:

### Witnesses

Raymond Bryant, or his designee(s), Chief of Special Education Reform, DCPS
Pam Dishman-Owens, or her designee(s), Placement Specialist, DCPS
Tara Jackson, or her designee(s), Placement Specialist, DCPS
Dwight Thomas, or her designee(s), Placement Specialist, DCPS
Keisha Blythe, or her designee(s), Placement Specialist, DCPS

DCPS reserves the right to object to the testimony of any expert witnesses if a curriculum vitae and/or resume is not provided with the student's 5-day disclosure.

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Also, DCPS reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

---

[1] Witnesses may testify by telephone.

DCPS Office of the General Counsel
Page 2

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5173.

Sincerely,

Tiffany S. Puckett
Attorney Advisor

cc:    Student Hearing Office
       Paul Dalton, Esq. 703/642-3101

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

6303 Little River Turnpike, Suite 310
Alexandria, Virginia 22312-5045
Telephone: (703)-941-4455
Facsimile: (703)-642-3101
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton *
William E. Houston+
Talib Abdus Shahid+

*ALSO ADMITTED IN D.C. & W.VA
+ ADMITTED IN D.C. & PA

March 25, 2004

**VIA FACSIMILE ONLY:** 202-742-2098

Roberta Gambale, Esq.
Brown & Associates
1220 L Street NW
Washington, DC 20005

RE: G▮▮ W▮▮, DOB ▮-87
5 Day Disclosure Notice

Dear Ms. Gambale:

A Due Process Hearing has been scheduled for G▮▮W▮▮on April 1, 2004, at 1:00 p.m. pursuant to 34 C.F.R. 300.509(b)(1). The purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.

### WITNESSES:

1. Mr. Michael Cordell, Principal Upper School F..E. CG Woodson Sen. Aca.

2. Mr. Wallace Henry, Special Education Coordinator F.E.P.C.S.

3. Ms. Kelly Johnson, Special Education Teacher

4. Nancy Opalack, Cluster Supervisor

**Some of the above witnesses may testify by telephone or use a designee.**

### DOCUMENTS :

| 1. | F.E.P.C.S – 01 | Educational Evaluation dated | 11/13/03 |
|---|---|---|---|
| 2. | F.E.P.C.S – 02 | Psycho-educational Evaluation dated | 02/27/04 |
| 3. | F.E.P.C.S – 03 | Classroom Observation dated | 03/03/04 |

107

| 4. | F.E.P.C.S – 04 | Vision Screening dated | 03/03/04 |
| 5. | F.E.P.C.S – 05 | Speech and Language Evaluation dated | 03/04/04 |
| 6. | F.E.P.C.S – 06 | Social Work Evaluation dated | 03/04/04 |
| 7. | F.E.P.C.S – 07 | Clinical Evaluation dated | 03/15/04 |
| 8. | F.E.P.C.S – 08 | Letter to Gambale with Confirmation of Meeting Notice | 03/22/04 |

* We reserve the right to examine any witnesses disclosed by DCPS or the PARENT as if they were witnesses for our client and the right to rely on all other documents in the possession or previously filed or filed in a 5 Day Disclosure filed by the District of Columbia Public Schools (DCPS) or the PARENT or presented at the DPH.

Sincerely,

Paul S. Dalton, Esq.

cc: Student Hearing Office
    Ms. Tiffany Puckett, DCPS Attorney-Advisor

**EDUCATIONAL SUPPORT SYSTEMS, INC.**
**1745 Kalorama Road, NW**
**Suite 102**
**Washington, D.C. 20009**
*Phone: 202 797-9191*
*Fax: 202 797-7176*
Nopalack@mindspring.com

Roberta Gambale, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
By fax: 742-2098

Dear Ms. Gambale:                                    March 22, 2004

Attached please find a meeting confirmation notice for G██████ W███████s. The meeting has been scheduled for March 31 at 9:30AM at Collegiate Academy. Towanda Williams confirmed this date with me this morning and reported that Ms. Ravenell would attend as her representative with authority to sign the IEP.

The meeting scheduled for March 31 at 9:30AM will move forward as this is the fourth attempt to schedule it. I am pleased that Ms. Williams wants to move forward as well. As we discussed by phone last week, Ms. Rubenstein did not respond to the three dates offered in my letter dated 2/24/04 or the dates offered in my letter dated 3/5/04. I attempted to confirm the date of 3/24/04 in a third letter dated March 14 but, again, heard no response. Per you instructions, I left a message for Michelle Moody about scheduling a meeting but have not heard from her.

Attached is the final report for G█████ I will mail all reports to Ms. Ravenell today so she has a chance to review them before March 31. If an advocate from your office wishes to attend the meeting, he/she will need to bring authorization for representation recently signed by Ms. Williams. The authorization will need to include Ms. Williams' permission for the advocate to sign the IEP on her behalf.

Sincerely,

Nancy Opalack
Cluster Lead

Cc: Wallace Henry and Kelly Johnson
    Paul Dalton
    Ms. Williams
    Ms. Ravenell

109

Mar 22 04 06:05p

Kelly Johnson

p.3

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

CONFIRMATION OF MEETING NOTICE

Date: 3/22/04

Tonnda Williams
Parent / Guardian Name

201 37th Place SE
Street #  Street          Quad  Apt. No.

DC         20019
City          State  Zip Code

RE: _____ W _____

SCHOOL: Collegiate Academy

ID NO.: _____

DOB: _____ / 87

Dear Ms. Williams

A multidisciplinary team (MDT) meeting is scheduled to discuss the status of your child's educational needs. Your participation is essential, and we look forward to your valuable input. Your child's meeting is scheduled as follows:

Date: March 31    Time: 9:30    Place/Location: Collegiate Academy Main office

The purpose and details of the meeting are printed below. You and the school may have additional individuals attend the meeting who have knowledge or special expertise regarding your child. Invited participants are listed under MDT members.

*The purpose of this meeting is to:

- [x] **develop/review IEP (including consideration of extended school year (ESY) services
- [x] **review evaluation or reevaluation information
- [ ] develop the student evaluation plan (SEP)
- [ ] discuss documented levels of service
- [x] discuss placement
- [ ] determine manifestation
- [x] discuss eligibility
- [x] **discuss CompEd
- [x] *consider transition services needs
- [ ] discuss quarterly review
- [ ] behavior plan review

- [ ] **review records to support the completion of services as follows:
  - [ ] Graduated
  - [ ] Completed Services
  - [ ] Aged Out
  - [ ] Transferred Out of District
  - [ ] Dropped Out
  - [ ] Other:

**Placement will be discussed.

MDT Members:
- [x] Principal or Designee
- [x] Parent
- [x] LEA Representative
- [x] Student
- [x] General Education Teacher
- [x] Special Education Teacher
- [x] Speech and Language
- [ ] Social Worker
- [x] Psychologist
- [x] Other: parent representative

If the purpose of the meeting includes consideration of a transition plan, your child is invited to attend and a representative of the following agency(ies) may be invited, if appropriate

*_____    *_____

Any questions you may have concerning your child's program will be discussed at the above meeting. A copy of the Procedural Safeguards for parents is enclosed for your information. If the school can be of assistance to you, please contact Nancy Opulski _____ at 797-9191 _____ (school telephone number).

Sincerely,

Nancy Opulski
District of Columbia Public Schools

07-02-2001          Division of Special Education          Confirmation of Meeting Notice

110

CYNTHIA S. SPARROW, PH.D.
LICENSED CLINICAL PSYCHOLOGIST
650 PENNSYLVANIA AVENUE, SE
SUITE 330
WASHINGTON, DC 20003
(202) 543-6021

CONFIDENTIAL PSYCHOLOGICAL REPORT

CLINICAL EVALUATION

NAME            G▮▮▮▮ W▮▮▮▮▮▮

D.O.B.:         ▮▮▮▮▮/87

C.A.:           17 YEARS, 1 MONTHS

EDUCATION:      SPECIAL EDUCATION

D.O.E.:         03/15/04

## INTRODUCTION AND REASON FOR REFERRAL

G▮▮▮▮ WAS REFERRED FOR A CLINICAL EVALUATION TO ASSESS HER CURRENT LEVEL OF SOCIAL EMOTIONAL FUNCTIONING. THIS EVALUATION WILL BE USED TO HELP DEVELOP G▮▮▮▮'S EDUCATIONAL PLAN AND AID IN SCHOOL PLACEMENT.

## BACKGROUND HISTORY

G▮▮▮▮ IS CURRENTLY ENROLLED AT FRIENDSHIP-EDISON COLLEGIATE PUBLIC CHARTER SCHOOL WHERE SHE RECEIVES SPECIAL EDUCATION SERVICES AS A MILDLY MENTALLY RETARDED STUDENT. TESTING WAS ATTEMPTED IN 2002; HOWEVER, G▮▮▮▮ WAS UNCOOPERATIVE AND REFUSED TO PARTICIPATE. ACCORDING TO SCHOOL RECORDS, G▮▮▮▮ WAS LAST EVALUATED IN NOVEMBER 2001. REPORTEDLY, G▮▮▮▮ WAS FUNCTIONING IN THE MILDLY RETARDED RANGE (WISC-III VERBAL IQ=59, PERFORMANCE IQ=54, FULL SCALE IQ=53). HER READING AND SPELLING SKILLS WERE AT THE FOURTH GRADE LEVEL AND MATHEMATICS SKILLS WERE AT THE FIFTH GRADE LEVEL, AS MEASURED BY THE WRAT. THE VINELAND WAS CONDUCTED WITH G▮▮▮▮'S MOTHER AS RESPONDENT. REPORTEDLY, SHE FUNCTIONED WITHIN THE ADEQUATE RANGE (STANDARD SCORE 89) ON THE DAILY LIVING DOMAIN, BUT SHE WAS DEFICIENT IN THE COMMUNICATION DOMAIN (STANDARD SCORE 34) AND THE SOCIALIZATION DOMAIN STANDARD SCORE 54).

## BEHAVIORAL OBSERVATION

G▮▮▮▮ WAS ASSESSED AT FRIENDSHIP-EDISON. WHEN GREETED BY THIS EXAMINER IN THE TESTING ROOM, SHE PRESENTED AS A QUIET ATTRACTIVE YOUNG WOMAN. SHE WAS APPROPRIATELY DRESSED IN THE SCHOOL UNIFORM AND LOOKED HER STATED AGE. SHE WAS SOMEWHAT RELUCTANT TO ENGAGE IN ADDITIONAL TESTING, BUT BECAME COOPERATIVE AND COMPLIANT.

F.E.P.C.S-07

TESTS ADMINISTERED/RESULTS

REVIEW OF RECORDS

CLINICAL INTERVIEW WITH G████

KOVACS' CHILDREN'S DEPRESSION INVENTORY

DRAW A PERSON

DEVEREUX SCALE OF MENTAL DISORDERS

WECHSLER ADULT INTELLIGENCE SCALE-THIRD EDITION

| VERBAL | SCALED SCORE | PERFORMANCE | SCALED SCORE |
|---|---|---|---|
| VOCABULARY | 6 | PICTURE COMPLETION | 4 |
| SIMILARITIES | 6 | DIGIT SYMBOL | 9 |
| ARITHMETIC | 5 | BLOCK DESIGN | 6 |
| DIGIT SPAN | 7 | MATRIX REASONING | 4 |
| INFORMATION | 5 | PICTURE ARRANGEMENT | 3 |
| COMPREHENSION | 5 | | |

| | |
|---|---|
| VERBAL IQ | 74 |
| PERFORMANCE IQ | 70 |
| FULL SCALE IQ | 70 |

TEST INTERPRETATION

DATA FROM THE WAISIII INDICATES THAT G████ FUNCTIONS IN THE BORDERLINE RANGE OF INTELLIGENCE (FULL SCALE IQ=70). SHE SCORED IN THE BORDERLINE RANGE ON BOTH THE VERBAL SCALE (VIQ=74) AND THE PERFORMANCE SCALE (PIQ=70). THERE IS NOT A SIGNIFICANT DISCREPANCY BETWEEN HER VERBAL AND PERFORMANCE TEST SCORES, SUGGESTING THAT BOTH VERBAL AND NON-VERBAL COGNITIVE SKILLS ARE EQUALLY DEVELOPED. G████ SCORED SOLIDLY IN THE BORDERLINE RANGE ON THE VERBAL SCALE. ON THE PERFORMANCE SCALE, SHE SCORED AT THE LOW END OF BORDERLINE. HER SUBTEST SCALED SCORES RANGED FROM INTELLECTUALLY DEFICIENT TO AVERAGE. G████ DEMONSTRATES A SIGNIFICANT STRENGTH, AVERAGE ABILITY, ON THE DIGIT SYMBOL SUBTEST. THIS SUBTEST REQUIRES VISUAL ENCODING AND VISUAL PERCEPTUAL MOTOR SKILLS. G████ SCORED IN THE INTELLECTUALLY DEFICIENT RANGE ON THE SUBTESTS THAT REQUIRE ATTENTION TO VISUAL DETAIL, NON-VERBAL REASONING AND KNOWLEDGE OF SOCIAL CONVENTION AND VISUAL SEQUENCING.

THE CHILDREN'S DEPRESSION INVENTORY WAS CONDUCTED TO RULE OUT A MOOD DISORDER. G████'S RESPONSES WERE NOT INDICATIVE OF DEPRESSION.

MS. K. JOHNSON, STAFF PERSON AT FRIENDSHIP-EDISON, WAS RESPONDENT FOR THE DEVEREUX DSMD. HER RESPONSES WERE ALL WITHIN THE AVERAGE RANGE AND NOT INDICATIVE OF A MENTAL DISORDER (E.G., DEPRESSION, ANXIETY, CONDUCT DISORDER).

PROJECTIVE TEST DATA SUGGESTS THAT G████ IS AN EMOTIONALLY IMMATURE ADOLESCENT WHO IS DEPENDENT ON THE MATERNAL FIGURES IN HER LIFE. WHILE SHE TENDS TO REPRESS HER AGGRESSIVE FEELINGS, SHE MAY PERIODICALLY DEMONSTRATE FURTIVE OUTBURSTS OF AGGRESSION. SHE SEEKS AFFECTION AND SOCIAL INTERACTION, BUT LACKS CONFIDENCE IN HER SOCIAL CONTACTS AND ACHIEVEMENTS. SHE IS ANXIOUS TO PLEASE AND BE CONGENIAL, THOUGH SHE TENDS TO SHUN NEW EXPERIENCE AND SEEK SATISFACTION IN FANTASY OR DAYDREAMS.

2

SUMMARY

   G█████ W███████ IS A SEVENTEEN-YEAR-OLD FEMALE WHO IS ENROLLED AT FRIENDSHIP-EDISON PUBLIC CHARTER SCHOOL. SHE HAS BEEN RECEIVING PART-TIME SPECIAL EDUCATION SERVICES AS MILDLY MENTALLY RETARDED STUDENT. COGNITIVE TESTING CONDUCTED WITH THE WAIS.III REVEALS THAT SHE FUNCTIONS IN THE INTELLECTUALLY DEFICIENT/BORDERLINE RANGE. CLINICAL MEASURES WERE NOT INDICATIVE OF A MOOD DISORDER OR PSYCHOPATHOLOGY.

CYNTHIA S. SPARROW, PH.D.
LICENSED CLINICAL PSYCHOLOGIST

3

# Social Work Evaluation Report
## (Addendum)

**Student:** G███ W██████
**Date of Birth:** ████████, ██87
**Date of Report:** March 4, 2004

On March 4, 2004, this writer made a final attempt to interview G███ for this report. Despite previous information that suggested that G███ did not want to participate in this evaluation, she came willingly from class. G███ was pleasant and polite, and agreed to answer a few questions.

G███ reported that she likes school and her attendance is good. She stated that her last report card was "mostly Cs" and that her favorite subject is U.S. History. G███ reported that she gets "extra help" with her class work and that has enabled her to improve her grades. G███ denied any behavior problems at school and reported that she gets along well with peers and teachers. According to G███, she does not have a boyfriend, but does have a "friend" who she talks to on the phone. She likes to dance and is involved in a dance group at church. After high school graduation, she has plans to go to seminary school and become a minister.

G███ reported that she lives with her grandmother, G███ Ward-Ravenell. She stated that her relationship with her grandmother is "good" and that they get along well. She denied any major problems in the home and that she enjoys living there. According to G███, she does not live with or have contact with her mother. She reported that they do not see each other or even talk on the phone. G███ acknowledged that her relationship with her mother is "conflictual", they used to fight a lot, and that is why she no longer lives with her. G███ denied interest in repairing her relationship with her mother. G███ reported that she continues to have contact with her 2 year old sister, and that their relationship is "good".

G███ receives weekly counseling at Friendship Edison Public Charter School with Ms. Kia Lewis. She denied any feelings of depression or anxiety and stated that she is "happy most of the time".

A-T-D Electronically Submitted
**Angela Tanner-Dean, LCPC**
**Evaluator**

F.E.P.C.S -06

# SOCIAL WORK EVALUATION REPORT

**Student's Name:** Gloria R. Williams    **DOB:** ████████87    **AGE:** 17

**Student ID Number:** ███████

**Grade:** 11th                **DOE:** January 19, 2004

**Current School:** Friendship Edison Collegiate Campus

**Primary Language:** English

**Parent/Guardian:** Towanda Williams

**Address:** 201 37th Place, SE Washington, DC 20019

**Home Phone:** 202-581-9558

**Referral Source:** End to End Solutions

**Person(s) Interviewed:** Towanda Williams, Gloria Ward-Ravenell, and Gloria Williams

**Relationship to Student:** Mother, Paternal Grandmother, and Student

**Evaluator:** Angela Tanner-Dean, LCPC

**Reason for Referral:** Gloria Williams, age 16, was referred for an evaluation to further determine her eligibility for special education services. Based on WISC-III scores obtained in her most recent psychological (June 2002), Gloria is classified as mildly mentally retarded. She is currently receiving specialized academic instruction, speech and language therapy, and psychological counseling as part of her education program. Gloria's parent and educational advocate are concerned about her academic progress and the consistency of her services. They would like to explore alternative placement options for Gloria.

Name: Gloria Williams
DOB: January 1987
Evaluator: A. Tanner-Dean

## FAMILY DATA
### Household Composition

| Name | Age | Relationship | Occupation |
|------|-----|--------------|------------|
| John Williams | | Grandfather | |
| Virginia Williams | | Grandmother | |
| Towanda Williams | 41 | Mother | Porter |
| Deanna Williams | | Aunt | |
| Timothy Williams | 21 | Cousin | |
| William Williams | 20 | Cousin | |
| Sherri Williams | 18 | Cousin | |
| Mercedes Williams | 3 | Half sister | |

### Family Members/Significant Others not in Household

| Name | Age | Relationship |
|------|-----|--------------|
| Gloria Ward-Ravenell | | Paternal Grandmother |

### Family Relationship and Living Situation:

Gloria lives with her biological mother, Towanda Williams, as well as her younger half sister, maternal grandparents, aunt, and three older cousins. Gloria has always lived with her biological mother except for a brief period a couple of years ago when she temporarily resided with her paternal grandmother, Gloria Ward-Ravenell. During this time, Gloria and her mother were experiencing significant conflict around her mom's relationship with a boyfriend. Ms. Williams reported that when she moved out of her parent's home and in with her boyfriend, Gloria did not want to join her. Additionally, the birth of Gloria's half sister, Mercedes, was a source of stress. Ms. Williams states that Gloria "does not accept" her sister and their relationship has been more tenuous since her birth. Ms. Williams describes their current relationship as "up and down".

Gloria does not have a relationship with her biological father. He and her mother were never married. According to Ms. Ward-Ravenell he is currently unemployed and does not provide any financial support to Gloria.

Although Gloria is currently back at home with her mother, she still spends a significant amount of time, and frequently stays with, Ms. Ward-Ravenell. Ms. Ward-Ravenell reported that she has tried to be supportive of Gloria and has taken an active role in her education. She is aware of the conflicts between Gloria and her mother and has suggested counseling to try to repair the relationship. According to Ms. Williams and Ms. Ward-Ravenell, Gloria gets along well with other family members and the conflicts are typically only between Gloria and her mom.

Mar 24 04 02:36p

Mar 14 04 01:48p                                                                p.7

Name: Gloria Williams
DOB: January 30, 1987
Evaluator: A. Tanner-Dean

## Developmental and Medical History

Ms. Williams reports a normal full term pregnancy. Labor and delivery were uncomplicated, and Gloria was 6lbs. 13oz. at birth. Gloria reached all developmental milestones within age appropriate limits. She has never been hospitalized, but had medical treatment when she was younger after she fell and broke her arm. Last year, Gloria was seen in the emergency room on several occasions for severe headaches. Ms. Ward-Ravenell believes the headaches were stress related. Gloria did not receive any specific treatment, and the headaches have since subsided. Gloria is not currently taking any medication.

There are indications in the school record that Gloria may suffer from some depression and anxiety. Ms. Williams and Ms. Ward-Ravenell deny any family history of mental illness or substance abuse.

## Educational History and School Performance

Gloria attended Our Lady Queen of Peace for Kindergarten through 4th grade. During her 4th grade year, Gloria began to struggle academically. She needed a lot of extra help in class to complete her work, but even still, she had failing grades. She was disruptive in class and teachers reported out of control behavior. Ms. Williams is unsure what happened to cause Gloria to have such difficulties in school, but speculates that perhaps Gloria had a hard time "fitting in" because she is not Catholic.

Gloria attended Adams Elementary School for her 5th grade year and Ms. Williams reports that she had a more successful year. However, by the 6th grade, she began to have problems again. According to Ms. Williams, Gloria found it hard to keep up with the work and was easily frustrated. Similar difficulties continued through her middle school years at Frances Middle School.

Since attending Friendship Edison, records indicate that Gloria has struggled with frustration and anxiety related to her academic performance. She has earned failing grades in many subjects and had significant attendance issues. Gloria had a total of 24 unexcused absences as of November, 2003

Ms. Ward-Ravenell reports that Gloria does have aspirations to attend college and is interested in the Ministry. She has "lots of friends" at school and in the community and is very active in her church. She also has a mentor.

117

Name: Gl____ Wi_____
DOB: J_____87
Evaluator: A. Tanner-Dean

## Psychosocial Summary and Education Implications

Gl____ is a 17 year old African American eleventh grade student at Friendship Edison Public Charter School, Collegiate Campus. Gl____ has been classified as mildly mentally retarded. She is significantly below grade level and is receiving specialized instruction in Reading and Math. Additionally, Gl____ is receiving Speech and Language therapy and Psychological Counseling.

The Multidisciplinary Team recommended that Gl____ receive a Social History as part of her reevaluation for special education services. It is this writer's impression that intensive specialized instruction to address Gl____'s math and reading deficits continues to be warranted. Also, she should continue to receive speech and language services. Increased Psychosocial counseling may be helpful in raising Gl____'s awareness of her strengths and weaknesses, and educating her about her learning challenges.

Initially, this writer was unable to interview Gl____ for this report. Gl____'s grandmother felt that it would be too difficult and upsetting for Gl____ to participate in this process. However, a second attempt was made to meet with Gl____ and she did participate willingly (see Social Work Evaluation Addendum dated March 4, 2004). Gl____ does demonstrate some reluctance to be an active participant in her education (as evidenced by her refusal to cooperate with previous testing). It is unclear whether this behavior is related to possible feelings of anxiety and depression or due to her cognitive limitations. Regardless of the source, Gl____'s feelings should be explored in counseling so she can learn more appropriate coping and problem solving skills, as well as more appropriate ways to communicate and express herself. Vocational counseling is recommended as well to help Gl____ plan for life after high school.

It is unclear how significantly Gl____'s estranged relationship with her mother impacts her functioning. Although she does not seem to want to fully "reunite" with her mother, it may be beneficial for Gl____ and her mom to reestablish some level of communication. This possibility should be further explored in counseling.

Another area needing clarification is Gl____'s living situation. Gl____ja reports that she resides with her grandmother, however her grandmother and mother report that she lives with her mom. Based on the information Gl____ provided regarding her relationship with her mother and their lack of contact, it seems unlikely that she spends anytime in her mother's home. If Gl____ does, in fact, reside with her grandmother, Gl____'s placement at Friendship Edison Public Charter School would be impacted.

ATD - Electronically    Nancy Palacl
**Angela Tanner-Dean, LCPC**    submitted
**Evaluator**

**Patricia M. Smith, M.A.,CCC-SLP**
**Speech-Language Pathologist**
**1647 Hunting Creek Drive**
**Alexandria, VA 22314**

## SPEECH THERAPY EVALUATION

### Identifying Information:

Name: G████ Wi██████          Referred by: ETES
Date Of Birth: ██████87        School: Collegiate Academy
Date Of Evaluation: 3/4/04     Grade: 11
Age: 17.1 yrs.

**Reason for Referral/Assessment:** G████ was referred for a speech and language evaluation to determine current levels of language functioning and make recommendations for the 2003-2004 school year. This evaluation is part of the triennial review process.

**Background:** G████ has a current disability classification of Mental Retardation. She receives specialized instruction in the areas of reading, written expression, and math. She also receives counseling for 30 minutes per week and speech therapy for 60 minutes per week. G████'s last speech and language evaluation done in 10/01 indicated average expressive language skills (SS=90), severely deficient receptive language skills (SS=53), and mild to moderately deficient vocabulary skills. Services were recommended at that time on a 60-minute weekly basis. By teacher report, G████ is frequently absent and frequently does not complete assignments, labs, and projects.

   Today's evaluation was conducted in G████'s school environment in a quiet, 1:1 setting. The results of today's evaluation are felt to be an accurate reflection of her speech and language skills as determined by a battery of formal and informal evaluation procedures.

**Clinical Observations:** G████ was initially resistant to testing but did cooperate appropriately after the evaluation began. She was responsive and engaged for all tasks. G████ did not initiate or expand any topics of conversation with the examiner but was appropriate in her responses to questions. Gloria expressed frustration at having been tested several times in recent weeks and indicated that she had just said anything to get it over with. In contrast, she demonstrated good attention and effort during today's evaluation.

### Evaluation Tools:

1. Expressive One-Word Picture Vocabulary Test
2. Receptive One-Word Picture Vocabulary Test
3. Clinical Evaluation of Language Fundamentals-3

F.E.P.CS.-05

Williams, Gloria
SLE
Page 2

4.  Test of Written Language -1, selected subtests, deferred
5.  Test of Word Reading Efficiency, deferred
6.  Clinical observations
7.  Records review

Receptive Language Skills: Receptively, Gloria demonstrated
single word vocabulary at the 10.6 year level (SS=80) indicating
skills to be mild-moderately below average. Overall receptive
language testing yielded subtest scores in the poor to average
range as evaluated by the CELF-3.
     Gloria demonstrated average ability in the area of
recalling, interpreting, and executing spoken directions of
increasing length and complexity, and understanding basic
linguistic concepts (Concepts and Directions, SS=9). These are
important skills for classroom success across the curriculum.
She also scored in the average range for her ability to perceive
relationships in the meaning of words and form word associations,
essential for classroom listening and reading comprehension (Word
Classes, SS=9). These skills are important for making
predictions, creating meaning, making inferences, and using
reasoning for problem solving. In contrast, Gloria had
difficulty in her ability to interpret different semantic
relationships presented in sentence form (Semantic Relationships,
SS=5). Additionally, the student must retain information in
short-term memory while determining the best two responses from a
total of four choices. Deficits in this area indicate that the
student has difficulty understanding sentences that make
comparisons, identify location or direction, include time
relationships, serial order, or are expressed in passive voice.
These are critical skills for classroom success across the
curriculum. Gloria's greatest area of difficulty was in the area
of interpreting information presented in spoken form (Listening
to Paragraphs, SS=5). Specifically, the information is presented
in paragraph form and assesses the student's listening
comprehension skills at the factual and inferential levels.
Deficits in this area effect making inferences, understanding
implied reasoning, and problem solving based on context. Gloria
indicated that this kind of activity was very difficult for her
by stating, "It goes in one ear and out the other.".
     Taken together, Gloria is demonstrating overall receptive
language skills in the low average range with specific deficits
in processing, integrating, and retaining auditory information
presented with and without visual (text) cues. Auditory memory
deficits are suspect at this time. However, it is important to
note that Gloria's performance on these subtests represents a
significant area of improvement since the time of her last
evaluation.



SLE
Page 3

**Expressive Language Skills:** Expressively, G_____ demonstrated single word vocabulary at the 9.0 year level (SS=73) indicating skills to be moderately below average. A 7 point difference exists between expressive and receptive vocabulary skills indicating that G_____'s ability to identify target words and concepts in pictures is somewhat better developed than her ability to name on confrontation. Overall expressive language testing yielded subtest scores ranging from poor to high average as evaluated by the CELF-3.

G_____ scored in the poor range for her ability to plan and formulate descriptive sentences related to a picture and targeting specific vocabulary (Formulated Sentences, SS=5). Deficits in this area affect the generative aspects of language related to planning and producing sentences for conversation, classroom discourse, academic interactions, and written language. In contrast, G_____ scored in the average range for her ability to recall sentences of increasing length and complexity (Recalling Sentences, SS=11). This is an important skill as it relates to associated classroom tasks, such as writing to dictation, taking notes, remembering the teacher's instructions, and copying from the chalkboard. G_____ scored in the high average range for her ability to manipulate and transform syntactic structures within the constraints imposed by content words and grammatical markers (Sentence Assembly, SS=12). These are important skills as they relate to the student's ability to formulate descriptions, questions, responses, or conversation.

Taken together, G_____ is demonstrating overall expressive language skills solidly in the average range with a specific deficit in the area of oral formulation and organization. A deficit in this area can impact the student's ability to give oral presentations, formulate answers that require explanation, participate effectively in academic discourse (group discussions, debate), and write effectively in an essay format.

**Articulation:** Within normal limits.

**Fluency:** Within normal limits.

**Voice:** Within normal limits.

**Hearing:** Hearing appears to be within normal limits at this time.

**Conclusions:** Impression is of a 17 year old demonstrating low average expressive language skills, average receptive language skills, and mild to moderately deficient vocabulary skills. Although specific deficit areas continue to be evident, G_____ has demonstrated significant improvement in her abilities, particularly in receptive language skills, since her last

W_____, G_____
SLE
Page 4

evaluation.  Information from all team members should be
considered as G_____'s educational plan is being developed.

Recommendations:

1.  Direct speech and language services are not recommended at
this time.

2.  G_____'s vocabulary, formulation, and organizational deficits
should be addressed as part of her specialized instruction in the
language arts.

3.  Updated psychoeducational evaluation to reassess cognitive
and academic skills.

It was a pleasure evaluating G_____.  If I can be of further
assistance, please call me at (703)862-5001.

Patricia M. Smith, M.A.,CCC-SLP
Speech Language Pathologist

*score report attached*

Mar 24 04 02:39p                                                                    p.20

Mar 14 04 01:53p                                                          P.20
    03/04/2004 21:27      7035198988           PATTY SMITH MACCCSLP        PAGE  06/06

## SCORE REPORT FORM

NAME: Glenn W███████        Examiner: Patricia M. Smith, M.A.,CCC-SLP
DOB: ███/87
DOE: 3/4/04

Expressive One-Word Picture Vocabulary Test (EOWPVT)
(Mean=100; SD=+/-10)
SS=71 ; %= 4 ; AE=9.0  yrs.

Receptive One-Word Picture Vocabulary Test(ROWPVT)
(Mean=100; SD=+/-10)
SS=80 ; %= 9 ; AE= 10.6  yrs.

Clinical Evaluation of Language Fundamentals-3 (CELF-3)
(Mean=100; SD=+/-10)
Concepts and Directions: SS=9 ; PR=37
Word Classes: SS=9  ; PR=37
Semantic Relationships: SS= 5 ; PR=5
Listening to Paragraphs: SS=5  ; PR=5
RECEPTIVE LANGUAGE SCORE: SS=86   ; PR=18
Formulated Sentences: SS=5 ; PR=5
Recalling Sentences: SS= 11  ; PR=63
Sentence Assembly: SS= 12  ; PR=75
EXPRESSIVE LANGUAGE SCORE: SS= 96 ; PR=39
TOTAL LANGUAGE SCORE: SS= 90  ; PR=25

Mar 14 04 01:53p    p.21

FROM :    FAX NO. :    Feb. 19 2003 12:56PM  PS



SCHOOL HEA___ ___OGRAM
"HEALTH SCREENING WORKSHEET

| NAME | Health record | Height(inches) | Weight(lbs.) | B/P | P.E. Date | Dental Date | Immunizations needed(Y/N) | Lead level | PPD Date/Result | Special needs: Y/N | Treatment:Y/N | Medication: Y/N | Vision | | | Hearing (P/F) | Scoliosis (P/F) | Remarks |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

School: F.E.C.A

Mar 24 04 02:39p

FEPCS-03

# Classroom Observation

Student Name: _____ _____  Grade: 11th

Case manager: _Kellie Johnson_  Teacher: _Mr. Robinson_
observation
Source and reason for referral: _Preparation for MDT-IEP Meeting_

Subject Area/Class Observed: _American Government_

Teacher: _Derrick Robinson_  Teacher/Pupil Ratio: _1:21_

**Learning Environment**

Student is seated . . .
- ✓ at front of room  ___ at back of room  ___ at center of room
- ___ by traffic area  ___ by door  ___ by window
- ___ alone  ___ other _____

Teacher presented lessons . . .
- ___ from front of room  ___ from back of room  ✓ while walking around

Comments on presentation style _____

Lessons were Presented via . . .
- ✓ lecture  ___ oral reading  ___ independent seat work
- ___ film/TV/slides  ___ overhead  ___ experience-based approach
- ✓ chalkboard  ___ other _text on tape_

Classroom atmosphere is . . .
- ✓ relaxed  ___ hurried  ___ moderate
- ___ noisy  ___ quiet  ___ mixed
- ✓ organized  ___ disorganized  ___ messy
- ___ other _____

Describe the Task/Lesson Taking Place: _Warm Up_
Reading material was on tape. Students were required to identify the question. Teacher assisted students who were unable to identify the questions. Teacher modeled concepts and engage students in discussions.

Obj: Today we will Explore and reason discontent for the British Colonial experience • Propose and Defend
Propose
• Analyze the Defect of

Mar 24 04 02:39p

Rate the students with a check on the most appropriate line for each of the areas listed.

| | Behavior Not Observed | Significant Problem | Some Problems | No Problem | Strength |
|---|---|---|---|---|---|
| Listening comprehension | ✓ | | | | |
| Oral expression | ✓ | | | | |
| Basic reading skills | ✓ | | | | |
| Reading Comprehension | ✓ | | | | |
| Written Expression | ✓ | | | | |
| Math Calculation (_____) Operation | ✓ | | | | |
| Math reasoning | ✓ | | | | |
| Discrimination (visual/auditory) | ✓ | | | | |
| Visual motor coordination | | | | ✓ | |
| Attention | | | | ✓ | |
| Organization | | | | ✓ | |
| Activity level | | | ✓ | | |
| Social interaction | | | | ✓ | |
| Work habits | ✓ | | | | |
| Task completion | ✓ | | | | |
| Motivation | | | | ✓ | |
| Speech | ✓ | | | | |

Describe the student's performance during the observation: Student was quiet during oral presentation. She appeared to underline the necessary information. She made no comments during open discussion of key vocabulary. Two students frequently commented on information reviewed. Gloria observed but did not take part in discussions. ~~[student]~~ drew picture prompts and notes. After 45 minutes students moved into groups. For 15 minutes she observed but did not discuss topic.

Does the classroom teacher agree that the behavior reported here is representative of the usual behavior for this student?

_____ Yes    _____ No    Explanation if No:

She did ask why was I there?

Signature: Charlene C. Glymph    Date: 3/3/04    126

CYNTHIA S. SPARROW, PH.D.
LICENSED CLINICAL PSYCHOLOGIST
650 PENNSYLVANIA AVENUE, SE
SUITE 330
WASHINGTON, DC 20003
(202) 543-6021

CONFIDENTIAL PSYCHOLOGICAL REPORT

PSYCHO-EDUCATIONAL EVALUATION

NAME            G███ W██████

D.O.B.:         ██████/87

C.A.:           17 YEARS, 1 MONTHS

EDUCATION:      SPECIAL EDUCATION

D.O.E.:         02/27/04

## INTRODUCTION AND REASON FOR REFERRAL

G████ WAS REFERRED FOR A PSYCHO-EDUCATIONAL RE-EVALUATION TO ASSESS HER CURRENT LEVELS OF COGNITIVE, EDUCATIONAL AND ADAPTIVE FUNCTIONING. THIS EVALUATION WILL BE USED TO HELP DEVELOP G█████'S EDUCATIONAL PLAN AND AID IN SCHOOL PLACEMENT.

## BACKGROUND HISTORY

G█████ IS CURRENTLY ENROLLED AT FRIENDSHIP-EDISON COLLEGIATE PUBLIC CHARTER SCHOOL WHERE SHE RECEIVES SPECIAL EDUCATION SERVICES AS A MILDLY MENTALLY RETARDED STUDENT. TESTING WAS ATTEMPTED IN 2002; HOWEVER, G█████ WAS UNCOOPERATIVE AND REFUSED TO PARTICIPATE. ACCORDING TO SCHOOL RECORDS, G█████ WAS LAST EVALUATED IN NOVEMBER 2001. REPORTEDLY, G█████ WAS FUNCTIONING IN THE MILDLY RETARDED RANGE (WISC-III VERBAL IQ=59, PERFORMANCE IQ=54, FULL SCALE IQ=53). HER READING AND SPELLING SKILLS WERE AT THE FOURTH GRADE LEVEL AND MATHEMATICS SKILLS WERE AT THE FIFTH GRADE LEVEL, AS MEASURED BY THE WRAT. THE VINELAND WAS CONDUCTED WITH G█████'S MOTHER AS RESPONDENT. REPORTEDLY, SHE FUNCTIONED WITHIN THE ADEQUATE RANGE (STANDARD SCORE 89) ON THE DAILY LIVING DOMAIN, BUT SHE WAS DEFICIENT IN THE COMMUNICATION DOMAIN (STANDARD SCORE 34) AND THE SOCIALIZATION DOMAIN STANDARD SCORE 54).

## BEHAVIORAL OBSERVATION

G████ WAS ASSESSED AT FRIENDSHIP-EDISON. WHEN GREETED BY THIS EXAMINER IN THE TESTING ROOM, SHE PRESENTED AS A QUIET ATTRACTIVE YOUNG WOMAN. SHE WAS APPROPRIATELY DRESSED IN THE SCHOOL UNIFORM AND LOOKED HER STATED AGE. SHE WAS COOPERATIVE AND COMPLIANT AND ENGAGED EASILY IN SPONTANEOUS CONVERSATION.

2

F.E.P.C.S-02

## TESTS ADMINISTERED/RESULTS

Review of Records

Clinical Interview with G█████

### Wechsler Abbreviated Scale of Intelligence (WASI)

| Subtest | T-Score | Scaled Score |
|---|---|---|
| Vocabulary | 26 | 3 |
| Block Design | 24 | 2 |
| Similarities | 35 | 6 |
| Matrix Reasoning | 20 | 1 |
| | | |
| Verbal IQ | 73 | |
| Performance IQ | 57 | |
| Full IQ | 63 | |

### Wechsler Individual Achievement Test III (WIAT-III)

| Subtest | Standard Score | Grade Equivalent |
|---|---|---|
| Basic Reading | 66 | 4:5 |
| Mathematics Reasoning | 55 | 2:7 |
| Spelling | 73 | 5:4 |
| Reading Comprehension | 81 | 5:2 |
| Numerical Operations | 49 | 3:1 |
| | | |
| Broad Reading | 66 | 4:9 |
| Broad Mathematics | 51 | 2:9 |

### AAMR Adaptive Behavior Scale-School

| Part One Factors | Standard Score |
|---|---|
| Personal Self-Sufficiency | 137 |
| Community Self-Sufficiency | 102 |
| Personal –Social Responsibility | 99 |

| Part Two Factors | |
|---|---|
| Social Adjustment | 72 |
| Personal Adjustment | 110 |

## TEST INTERPRETATION

Data from WASI suggests that G█████ functions in the intellectually deficient range of intelligence (Full Scale IQ=63). She scored in the borderline range on the Verbal Scale (VIQ=73) and in the intellectually deficient range on the Performance Scale (PIQ=57). There is a significant (16 point) discrepancy between her verbal and performance test scores, suggesting that her verbal cognitive skills are better developed than her non-verbal abilities. These current cognitive scores are an accurate estimation of Gloria's abilities.

The AAMR Adaptive Behavior Scale was conduct with Ms. K. Johnson, a Friendship-Edison staff person, as respondent. All of G█████ adaptive living skills scores fell in the average to very superior range. She scored poorly on the Social Adjustment Factor. Reportedly, she sometimes lies, she teases or gossips about others, she sometimes uses angry language, ignores regulations and resists following instructions.

Data from achievement testing reveals that G█████'s reading skills are at the beginning fifth grade level while her mathematics skills are at the beginning third grade level. Her mathematics skills are significantly below that which would be expected given her level of cognitive functioning.

2

128

SUMMARY

Gloria W███████ IS A SEVENTEEN-YEAR-OLD FEMALE WHO IS ENROLLED AT FRIENSHIP-EDISON PUBLIC CHARTER SCHOOL. SHE HAS BEEN RECEIVING PART-TIME SPECIAL EDUCATION SERVICES AS MILDLY MENTALLY RETARDED STUDENT. Gloria'S COGNITIVE SCORES APPEAR TO HAVE INCREASED SIGNIFICANTLY. IN PARTICULAR HER VERBAL COGNITIVE ABILITIES. HOWEVER, SHE CONTINUES TO FUNCTION IN THE INTELLECTUALLY DEFICIENT RANGE. GIVEN HER AT LEAST AVERAGE ADAPTIVE LIVING SKILLS, SHE CANNOT BE IDENTIFIED A MENTALLY RETARDED. RATHER HER PROFILE SUGGESTS THE PRESENCE OF A MATHEMATICAL LEARNING DISABILITY.

RECOMMENDATIONS

1. THE MULTIDISCIPLINARY TEAM SHOULD MEET TO DISCUSS A POSSIBLE CHANGE IN HANDICAPPING CONDITION AND WHAT KIND OF EDUCATIONAL PROGRAM WOULD BEST MEET Gloria'S NEEDS.

2. Gloria CONTINUES TO BE IN NEED OF SPECIAL EDUCATION SERVICES.

3. Gloria SHOULD RECEIVE INDIVIDUAL COUNSELING TO ADDRESS MALADAPTIVE SCHOOL BEHAVIORS.

Cynthia Sparrow PhD
CYNTHIA S. SPARROW, Ph.D.
LICENSED CLINICAL PSYCHOLOGIST

3

## EDUCATIONAL EVALUATION

Name: William, Glen                     School: F.E.C.A
Date of Birth: 1987                     Teacher: Special Edison
Age: 16 years, 9 months                 Grade: 11.2
Sex: Female                             Examiner: Kya E. Lewis
Date of Testing: 11/13/2003

### TESTS ADMINISTERED

*WJ III Tests of Achievement*

These tests provide measures of Glen's academic achievement. A description of each ability is provided. Her performance in each broad category is compared to grade peers using a standard score range. Glen's proficiency is described categorically, ranging from very limited to limited; her test performance can be generalized to similar, non-test, grade-level tasks. Additional interpretation of academic task performance is provided.

### ACHIEVEMENT

Basic Reading Skills includes sight vocabulary, phonics, and structural analysis skills. Although Glen's overall basic reading skills standard score is within the low average range when compared to others in her grade, her performance varied on two different types of tasks measuring reading skills. Glen's performance is limited to average on tasks requiring the ability to induce grapheme-phoneme relationships from unfamiliar multi-letter units, given only grapheme information about the relationship. Her performance is very limited on tasks requiring reading decoding and the ability to identify words.

Broad Written Language includes production of written text, including spelling ability, writing fluency, and quality of written expression. Glen's written language standard score is within the low range (percentile rank range of 3 to 8; standard score range of 72 to 79) for her grade. Her overall written language ability is limited; tasks measuring effective expression in written language above the grade 7.3 level will be quite difficult for her.

Broad Reading includes reading decoding, reading speed, and the ability to comprehend connected discourse while reading. Glen's reading standard score is within the low range (percentile rank range of 3 to 5; standard score range of 73 to 76) for her grade. Her overall reading ability is very limited; reading tasks above the grade 6.2 level will be quite difficult for her.

Written Expression measures Glen's fluency of production and quality of expression in writing. Glen's written expression standard score is within the low range (percentile rank range of 2 to 7; standard score range of 70 to 78) for her grade. Her overall ability to express herself in writing is limited; writing fluency tasks above the grade 6.7 level will be quite difficult for her.

Academic Knowledge includes science knowledge, social studies knowledge, and cultural knowledge. Glen's academic knowledge standard score is within the very low to low range (percentile rank range of 1 to 2; standard score range of 62 to 70) for her grade. Her academic knowledge is very limited: she will probably find grade-level tasks requiring knowledge in the sciences, history, geography, government, economics, art, music, and literature extremely difficult.

Math Calculation Skills measures Glen's computational skills and automaticity with basic math facts. Glen's mathematics calculation skills standard score is within the very low range (percentile rank range

F.E.P.C.S - 01

Educational Evaluation                                         Page 2
Williams, G
November 13, 2003

of <1 to 1; standard score range of 60 to 67) for her grade. Her mathematics calculation skills are limited;
math calculation tasks above the grade 5.7 level will be quite difficult for her.

Broad Math includes mathematics reasoning and problem solving, number facility, and automaticity.
G's mathematics standard score is within the very low range (percentile rank range of <1 to 1;
standard score range of 57 to 63) for her grade. Her overall mathematics ability is very limited; math
tasks above the grade 5.0 level will be quite difficult for her.

<u>Academic Processing</u>

Academic Skills. G's spelling is limited. Her sight reading ability and math calculation skill are very
limited.

The fluency with which G performs academic tasks is very limited. Specifically, her fluency with
mathematics problems is limited. Her writing fluency is very limited. G's fluency with reading tasks is
negligible.

Academic Applications. G's writing ability is limited to average. Her passage comprehension ability
is limited. Her quantitative reasoning is negligible.

SUMMARY

When compared to others at her grade level, G's fluency with academic tasks and her ability to apply
academic skills are both within the low range. Her academic knowledge and skills are both within the
very low range.

When compared to others at her grade level, G's performance is low average in basic reading skills;
low in broad reading, written language, and written expression; and very low in mathematics and math
calculation skills.

Mar 24 04 02:38p                                                          p.14

Mar 14 04 01:51p                                                     p.15

Educational Evaluation                                         Page 3
W████ G████
November 13, 2003

TABLE OF SCORES: *Woodcock-Johnson III Tests of Achievement*
Report Writer for the WJ III, Version 1.1
Norms based on grade 11.2

| CLUSTER/Test | Raw | GE | EASY to DIFF | | RPI | PR | SS(68% BAND) | AE |
|---|---|---|---|---|---|---|---|---|
| BROAD READING | – | 4.9 | 4.0 | 6.2 | 8/90 | 4 | 74 (73-76) | 10-4 |
| BROAD MATH | – | 3.8 | 2.9 | 5.0 | 13/90 | 0.4 | 60 (57-63) | 9-4 |
| BROAD WRITTEN LANG | – | 5.2 | 3.8 | 7.3 | 48/90 | 5 | 76 (72-79) | 10-6 |
| | | | | | | | | |
| BASIC READING SKILLS | – | 5.6 | 4.4 | 7.3 | 40/90 | 12 | 83 (80-85) | 11-3 |
| MATH CALC SKILLS | – | 4.1 | 3.0 | 5.7 | 24/90 | 1 | 63 (60-67) | 9-8 |
| WRITTEN EXPRESSION | – | 4.7 | 3.2 | 6.7 | 45/90 | 4 | 74 (70-78) | 10-1 |
| | | | | | | | | |
| ACADEMIC SKILLS | – | 4.8 | 3.9 | 6.0 | 20/90 | 1 | 66 (63-69) | 10-2 |
| ACADEMIC FLUENCY | – | 4.8 | 3.8 | 6.1 | 9/90 | 3 | 72 (71-74) | 10-3 |
| ACADEMIC APPS | – | 4.1 | 3.0 | 5.8 | 34/90 | 2 | 70 (67-74) | 9-7 |
| ACADEMIC KNOWLEDGE | – | 3.4 | 2.1 | 4.8 | 8/90 | 1 | 66 (62-70) | 8-6 |

Form A of the following achievement tests was administered:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Letter-Word Identification | 53 | 4.8 | 4.1 | 5.8 | 11/90 | 5 | 75 (72-78) | 10-4 |
| Reading Fluency | 44 | 5.0 | 4.2 | 5.9 | 0/90 | 7 | 77 (76-79) | 10-5 |
| Calculation | 15 | 3.8 | 3.1 | 4.8 | 9/90 | 1 | 64 (59-69) | 9-4 |
| Math Fluency | 63 | 4.9 | 2.8 | 7.5 | 51/90 | 3 | 72 (70-74) | 10-4 |
| Spelling | 37 | 6.2 | 4.8 | 8.2 | 54/90 | 15 | 84 (80-88) | 11-10 |
| Writing Fluency | 15 | 4.6 | 3.6 | 5.7 | 16/90 | 5 | 75 (71-79) | 10-0 |
| Passage Comprehension | 31 | 5.1 | 3.5 | 8.0 | 54/90 | 12 | 82 (77-87) | 10-3 |
| Applied Problems | 30 | 3.5 | 2.8 | 4.2 | 3/90 | 2 | 66 (62-70) | 9-0 |
| Writing Samples | 14-C | 5.1 | 2.3 | 12.2 | 77/90 | 9 | 80 (70-89) | 10-6 |
| Word Attack | 26 | 7.5 | 5.3 | 12.1 | 78/90 | 36 | 94 (91-98) | 13-5 |
| Academic Knowledge | – | 3.4 | 2.1 | 4.8 | 8/90 | 1 | 66 (62-70) | 8-6 |

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊∆
Brenda McAllister*◊∆
Roberta Gambale
Miguel A. Hull
Christopher L. West◆◊

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, D.C. 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!◊
Christina Busso◆◊
Ann E. Ford∆
Tilman L. Gerald∆
Roxanne D. Neloms
John A. Straus*◊

------------------------------------
\* Admitted in Maryland Only
◆ Admitted in New York Only

! Admitted in Bolivia Only
∆ Member of the DC-Federal Bar

March 25, 2004

**Hand Delivered**
Tiffany Puckett, Esq.
Office of General Counsel
District of Columbia Public Schools
825 North Capitol Street, NE, 9ᵗʰ Floor
Washington, DC 20002

Re: **Five-Day Disclosure for G█████ W██████ / DOB: █████-87**

Dear Ms. Puckett:

For the upcoming hearing scheduled for April 01, 2004 at 1:00 p.m. or any subsequent hearing regarding this student and pursuant to 34 C.F.R. 300.509 (a)(3), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

## Documents

| | |
|---|---|
| GW-1 | DCPS Hearing Notice dated 3/09/04; |
| GW-2 | Correspondence to Educational Support Systems, Inc with fax confirmation dated 2/25/04; |
| GW-3 | Due Process Hearing Request dated 2/13/04; |
| GW-4 | Correspondence from Educational Support Systems, Inc dated 12/19/03; |
| GW-5 | Report Card dated 7/03/01; |
| GW-6 | Report Card dated 7/20/01; |
| GW-7 | Stanford Report dated 09/00; |
| GW-8 | Quartely Deficiency /Progress Report; |
| GW-9 | Quartely Learning Contract SY 2001-2002; |
| GW-10 | Stanford Report dated 4/01; |
| GW-11 | Fourth Quarter Grade Report dated 4/22/03-6/27/03; |
| GW-12 | Progress/Deficiency Report dated 2002-03; |
| GW-13 | Stanford Report dated 4/02; |
| GW-14 | Stanford Report dated 4/03; |
| GW-15 | Student Schedule of Classes dated 9/16/03; |
| GW-16 | Initial Placement dated 6/13/02; |

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

133

GW-17  Social Work Evaluation Report dated 1/19/04;
GW-18  Psycho-Educational Evaluation dated 2/27/04;
GW-19  Educational Evaluation dated 11/13/03;
GW-20  Speech Therapy Evaluation dated 3/04/04;
GW-21  New Addendum Meeting Page dated 12/04/03;
GW-22  MDT Continuation Meeting Notes dated 1/30/87;
GW-23  Individualized Education Program dated 6/13/02;
GW-24  Psychological Evaluation dated 5/6,13, & 6/13/02;
GW-25  Speech & Language Evaluation dated 10/5, & 6, 01;
GW-26  Individualized Educational Program dated 6/13/02.

### Witnesses

1.   Towanda Williams, Parent;
2.   Gloria Ward, Grandmother;
3.   G██ W█████, Student;
3.   Michelle Moody, Educational Advocate, James Brown & Associates,  PLLC or
4.   designee;
5.   Carolyn Monford, Educational Advocate, James Brown & Associates,  PLLC or
6.   designee;
7.   Dr. Robin Boucher, Educational Expert, James Brown & Associates, PLLC or
     designee;
8.   Heidi Romero, Legal Assistant or designee;
9.   Yamileth Amaya, Legal Assistant or designee.


        Parent reserves the right to have witnesses to testify via telephone. Please contact me at
(202) 742-2000 (ext. 2021) should you wish to discuss the case at more length.



Sincerely,

Roberta Gambale Esq.

Attachments
cc:  Student Hearing Office

03/09/2004  10:24    2024425556    STUDENT HEARINGS OFF    PAGE 01/01

EXHIBIT

GW-1

ALL-STATE LEGAL®



## District of Columbia Public Schools

**OFFICE OF COMPLIANCE**
*Special Education Student Hearing Office*
*825 North Capitol Street NE, 8th Floor*
*Washington, DC 20002-1994*
*Phone - 202-442-5432, Fax – 202-442-5556*

### HEARING NOTICE

| MEMORANDUM via ☒ FACSIMILE ☐ MAIL ☐ HAND DELIVERY |
|---|

TO:  Parent (or Representative): R. GAMBALE (202) 742-2098 / P. DALTON (703) 642-3101

LEA Legal Counsel: T. PUCKETT (1-30-87)

RE: W_____ G_____ and [LEA]
Student's Name

FROM: JEFFREY PHOENIX
Special Education Student Hearing Office Coordinator

DATE SENT: 3 – 9 – 04

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above-named student on _____. Please be advised that the hearing has been scheduled for: *AMENDED DATE or TIME*

RESCHEDULED
@/3-23-04   DATE: 4-1-04
TIME: 1:00 PM
AT: 825 North Capitol Street NE, Washington, DC, 8th Floor.
ASSIGNED HEARING OFFICER: _____

☒ **THIS IS A FINAL NOTICE OF HEARING:** If you wish to request a continuance of this hearing, you must submit your request, *in writing, on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202-442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

☐ **THIS IS A PROVISIONAL NOTICE OF HEARING:** The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter, telefax, or email) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with a hearing officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only with a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

135

**James E. Brown & Associates, PLLC**
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Christopher L. West♦◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Juan J. Fernandez! |
| Brenda McAllister*◊Δ | Suite 700 | Christina R. Busso♦◊ |
| Roberta Gambale | Washington, DC 20005 | Ann E. Ford |
| Miguel A. Hull | Telephone: (202) 742-2000 | Tilman L. GeraldΔ |
| | Facsimile: (202) 742-2098 | |

---------------------------------

\* Admitted in Maryland Only
♦ Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
Δ Member of the DC Federal Bar

---------------------------------

EXHIBIT
GW-2

February 25, 2004

**Via Facsimile Only**
Ms. Nancy Opalack
Educational Support Systems, Inc.
1745 Kalorama Road, N.W.
Washington, DC 20009

### Re: Gloria Williams, DOB:2/24/04

Dear Ms. Opalack:

    I am in receipt of February 24, 2004 correspondence. I have advised the parent that testing will be conducted on Friday, however I would request more information regarding the evaluations that will be completed on that date and the test instruments that will be administered.

    There is no one, other than the mother, Towanda Williams, who has legal custody of G▮ at this time. This was confirmed back in December 2003. This child was properly registered at the start of the school year. Parent has provided the school the requisite registration information such as a copy of the birth certificate, a driver's license and/or a utility bill. Ms. Ward-Ravinell does not claim G▮ as a dependent on her tax returns.

    I may be reached at (202) 742-2000 (ext. 2021) should you have any questions or concerns. I look forward to hearing from you.

Sincerely,

Roberta L. Gambale, Esq.

Cc: parent
    Advocate

---

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c) (5)."*

02/25/2004 15:21 FAX 202 742 2098        Murrell Brown        ☒001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4173
CONNECTION TEL                    97977176
CONNECTION ID
ST. TIME              02/25 15:21
USAGE T               00'23
PGS. SENT             2
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Christopher L. West♦◊ |
| Domiento C.R. Hill*◊△ | 1220 L Street, NW | Juan J. Fernandez! ◊ |
| Brenda McAllister*◊△ | Suite 700 | Christina Busso♦◊ |
| Roberta Gambale | Washington, DC 20005 | Ann E. Ford |
| Miguel A. Hull | Telephone: (202) 742-2000 | Tilman L. Gerald△ |
| | Facsimile: (202) 742-2098 | |

---

\* Admitted in Maryland Only                    ● Admitted in Mass. Only
♦ Admitted in New York Only                     △ Member of the DC Federal Bar
! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      2/25/04

TO:        Ms. Nancy Opalack

PHONE:     (202) 797-9191

FAX NO:    (202) 797-7176

FROM:      Roberta L. Gambale, Esq. (202) 742-2000 (ext. 2021)

SUBJECT:   G███ W███████

NUMBER OF PAGES INCLUDING COVER SHEET:  2

COMMENTS:

137

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊∆
Brenda McAllister*◊∆
Roberta Gambale
Miguel A. Hull

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Christopher L. West◊◊
Juan J. Fernandez! ◊
Christina Busso◊◊
Ann E. Ford
Tilman L. Gerald∆

------------------------------------

* Admitted in Maryland Only
◊ Admitted in New York Only
! Admitted in Bolivia Only

------------------------------------

● Admitted in Mass.  Only
∆ Member of the DC Federal Bar

# *FAX COVER SHEET*

DATE:        2/25/04

TO:          Ms. Nancy Opalack

PHONE:       (202) 797-9191

FAX NO:       (202) 797-7176

FROM:        Roberta L. Gambale, Esq. (202) 742-2000 (ext. 2021)

SUBJECT:     G▮▮ W▮▮▮▮▮

NUMBER OF PAGES INCLUDING COVER SHEET:  2

COMMENTS:

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c) (5)."*

**EXHIBIT**

GW-3

# STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➢ **This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.**

➢ **This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556**

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION  ___ I REQUEST MEDIATION AND A HEARING  _X_ I REQUEST A HEARING

## STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: G███ W█████          DOB: ███████, 1987

Address: __201 37th Place S.E.,  Washington D.C. 20019

Present School of Attendance:          Home School:
                                       (Neighborhood school where child is registered)

Friendship Edison Collegiate Academy          N/A

**COMPLAINT IS MADE AGAINST:**  DCPS/Friendship Edison Public Charter  School
                                DCPS and/or D.C. Public Charter School-specify  charter school

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

_Towanda Williams_

Address: _201 37th Place S.E.,  Washington D.C. 20019

Phone:  (H) (202)581-9558 (W) _____  (Fax) _____

Relationship to Student: _X_ Parent  ___ Self  __ Legal Guardian  ___ Parent Surrogate  ___ Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):

Name: ___Roberta L. Gambale Esq.  _( James Brown & Associates, PLLC)

(Phone) _202-742-2000 (ext 2021)_____  (Fax) _202-742-2098_____

139

Address: ___1220 L Street, Suite 700, Washington, DC 20005_____

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:  March 26, 2004        March 27, 2004        March 28, 2004

Mediation: _____    _____    _____

FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).

FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):
    Interpreter:
    ___  Foreign Language
    ___  Sign Language _____
    ___  Other _____

140

Special Communications _____

Special Accommodation for Disability _____

Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem**:

     1.    *Failure to Conduct Re- Evaluations in a Timely Manner Pursuant to Parent Request and/or Agreement of the Multidisciplinary Team.*

On or about October 29, 2003, Ms. Towanda Williams, parent of Gloria Williams, (hereinafter referred to as "parent"), through counsel, requested that her child, Gloria Williams, DOB: 1/30/87, be comprehensively re-evaluated. The request for re-evaluations was submitted in writing to Friendship Edison Collegiate Academy ("Charter School"). A copy of the request was submitted to District of Columbia Public Schools' ("DCPS") Office of Mediation and Compliance. The request included an evaluation authorization form signed by the parent. The request was made pursuant to the Individuals with Disabilities Education Act, 34 C.F.R. Section 300.536(b) which requires the public agency to conduct re-evaluations "*if conditions warrant a reevaluation, or if the child's parent or teacher requests a reevaluation, but at least once every three years*".

Not only did the Charter School and/or DCPS fail to fully respond to the parent's request for reevaluations, but they also failed to follow through on the decision made by the Multidisciplinary team that convened on or about December 4, 2004 to re-evaluate the student and reconvene a meeting within a forty-five day time period.    To date counsel for parent has yet to receive copies of completed evaluations and/or proposed dates for a meeting. Based upon lack of progress, parent strongly suspects that the current placement may not be appropriate for Gloria and/or that all of her educational needs have not been identified.  As a result the student has been denied a Free and Appropriate Public Education ("FAPE").

     2.    *Failure to Conduct an Annual Review of the Student's Individualized Educational Program ("IEP") and/or to Have a Current IEP in Effect at the Start of the 2003/2004 School Year.*

Pursuant to 34 C.F.R. Section 300. 342 of the <u>Individuals with Disabilities Education Act</u> ("<u>IDEA</u>")  the public agency is required to have an IEP in effect for each student with a disability "at the beginning of the school year". Furthermore 34 C.F.R. Section 300.343 requires that the student's educational program be reviewed "*not less than annually*".  To the best of the parent's knowledge, both DCPS and/or the Charter School failed to review the student's IEP program dated June 2002 on or before June 2003 and/or prior to the commencement of the 2003/2004 school year.  The IEP was not reviewed until December

2003. At the December 2003 meeting- it was determined that further testing was needed or this student by the MDT. If meeting had been convened as required, testing could have been conducted during the summer months and the student's needs could have been more fully addressed prior to the commencement of the school year rather than prior to the conclusion of the school year. In addition, at the December 2003 meeting significant changes were made to this student's program. Prior to the review, the student was receiving all of her specialized instruction in an inclusion setting, subsequent to the meeting Gloria was supposed to be placed in a resource class to receive the majority of her instructional services. As a result the child has been denied FAPE and should be awarded compensatory education.

3.    *Failure to Provide Related Services Pursuant to the Requirement of the Student's Individualized Educational Program in violation of 34 C.F.R. Section 300.401 during the 2002/2003 school year to date.*

District of Columbia Public Schools ("DCPS") and/or Friendship Edison Public Charter School ("FEPCS") have failed to provide Gloria Williams, DOB: 1/30/87, with the full extent of specialized instruction and/or related services pursuant to the requirements of her Individualized Educational Program ("IEP"). According to Gloria's IEP she is and was supposed to receive .5 hours of psychological, 1 hour of speech and language therapy, and 20 hours of specialized instruction per week. This student has not received the full extent of services required by her program. As a result, DCPS and/or FEPCS are in violation of 34 C.F.R. Section 300.401 which requires that the public agency ensures that each disabled child "is provided special education and related services in conformance with an IEP that meets the requirements of Secs. 300.340-300.350. By failing to provide these services they have failed to provide this student with a Free and Appropriate Public Education as required by 34 C.F.R Section 300.121; 125 of the Individuals with Disabilities Education Act (IDEA) as a remedy the student should be entitled to an award of Compensatory Education.

4.    *Failure to Develop an Appropriate Individualized Educational Program ("IEP") for the Student During the 2002/2003 and a Portion of the 2003/2004 School Year and/or Denial of FAPE.*

34 C.F.R. Section 300.347 requires that the Individualized Educational Program ("IEP") for each disabled child contain information regarding the student's present levels of performance and/or transition services for students age 14 or older. District of Columbia Public Schools ("DCPS") and/or Friendship Edison Public Charter School ("FEPCS") failed to meet the standards set forth in this section and failed to develop an appropriate program for Gloria Williams during the 2002/2003 and 2003/2004 school years by failing to include sufficient information regarding present levels of performance and transition service needs in Gloria's IEP. As a result she has been denied a Free and Appropriate Public Education ("FAPE") as required by the Individuals with Disabilities Education Act ("IDEA") and should be entitled to compensatory relief.

142

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

1.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to conduct re-evaluations for the student?

2.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to convene an annual IEP review meeting?

3.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to provide the student with services pursuant to the requirements of her IEP?

4.  Whether or not District of Columbia Public Schools ("DCPS") and/or the Charter School failed to provide the student with an appropriate IEP for the 2002/2003 and 2003/2004 school years?

**Describe relevant facts relating to the problem:**

Gloria Williams is currently an Eleventh Grade Student at Friendship Edison Collegiate Academy. She is classified as a Mentally Retarded student. Prior to the modification of her IEP in December 2003 she was placed in an inclusion setting at FEPCS.

**State how you would like to see the problem corrected:**

1.  DCPS/Charter School shall conduct/supplement the following re- evaluations for the student, to include but not limited to: 1) Psycho-educational; 2) Social History; 3) Vineland and 5) Occupational Therapy and/or Physical Therapy if warranted and 6) Level III Vocational Assessment and provide copies of all completed evaluations to the parent's counsel within 30 calendar days of the issuance of the HOD;

2.  In the event that DCPS/Charter School fails to conduct reevaluations for the student, DCPS/Charter School shall fund the parent's Independent Educational Evaluations;

3.  The MDT shall be convened within 10 calendar days of the completion/receipt of the evaluation reports to review reevaluations, revise the IEP, discuss placement and develop a compensatory education plan for denials of FAPE over the past 3 years;

4.    All meetings shall be scheduled through counsel for the parent;

5.    The hearing officer should order any and all other relief that is deemed to be appropriate.

_____    <u>February 13, 2004</u>
Signature of Applicant/Parent (Required)                 Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002          FAX:  (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                    Revised 02/01/2003

144

Dec 19 03 04:09p                                                                                      p.2



**EDUCATIONAL SUPPORT SYSTEMS, INC.**
**1745 Kalorama Road, NW**
**Suite 102**
**Washington, D.C. 20009**
*Phone: 202 797-9191*
*Fax: 202 797-7176*

Rachel Rubenstein, Attorney
James E. Brown and Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005

Dear Ms. Rubenstein:                              December 19, 2003

Thank you for responding to my December 7 letter and phone call yesterday. We will conduct the evaluations requested in your October 9 letter. Please remember that we did not receive Ms. Williams' authorization or consent to evaluate until November 25, which we consider the start of the 120 day time line.

Thank you for confirming that Towanda Williams is the legal guardian for G█████ especially since G█████ has lived with her grandmother in Oxon Hill, Maryland for at least two years. In confirming that Ms. Williams is the legal guardian, please fax me a copy of the first page of her tax return so we can verify that G████ is a dependent claimed on her tax returns for the past two years. As I am sure you are aware, if Ms. Ward-Ravinell has claimed G████ as a dependent, then G████ would not be considered a resident of the District of Columbia and ineligible to attend Collegiate Academy.

We will communicate all dates of meetings with you and Ms. Williams. We will not be contacting Ms. Monford, who has been unnecessarily adversarial and antagonistic at Collegiate. Again as stated in my letter to you on December 7, Ms. Williams is welcome to bring anyone she wants to meetings as long as participation in the MDT/IEP process is collaborative and professional.

The Collegiate special education team and I are committed to ensuring that we do everything possible to evaluate and address G████'s special needs. We look forward to working with you and Ms. Williams.

Sincerely,

Nancy Opalack

cc: Wallace Henry
    Michael Cordell
    Paul Dalton

145

Dec 19 03 04:09p                                                                                          p.3

**DISTRICT
OF
COLUMBIA
PUBLIC
SCHOOLS**

INTENT Page 1

### NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

Date: _Dec 19 03_

To _Rachel Marie Rubenstein_                          Ref _9███ W█████_
   _1220 L ST NW Suite 700_                          DOB _███/87_
   _DC. 20005_                                        ID # _____
Telephone: (H) _742-2000_                             (W) _____

Dear _Ms. Rubenstein_

The District of Columbia Public Schools is requesting that _9█ W███_ be available for
testing for the following tests, on the indicated date, at the school.

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TEST DATE | |
|---|---|---|---|---|
| | | | ASSIGNED | ADMINISTERED |
| ☑ Psychological | Maria Cohn | TBD | | |
| ☑ Speech/Language | MACS | See next page | | |
| ☑ Social History | Angela Tanner-Dean | interview/Vineland | | |
| ☐ Neurological | nurse screening | | | |
| ☑ Vision Screening | nurse screening | | | |
| ☐ Medical | | | | |
| ☑ Educational | Maria Cohn | TBD | | |
| ☑ Hearing Screening | | | | |
| ☑ Other | Other: clinical/Maria Cohn | Other: To be determined | Other: | |

_final decision discussion and transition plan - collegiate sped staff_

### LIST OF TESTS WITH DESCRIPTIONS

☐ **Bayley Scales of Infant Development-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.

☐ **Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.

☐ **Children's Apperception Test** - a projective story-telling technique for personality evaluation in ages 5 to 10 years.

☐ **Clinical Evaluation of Language Functions - III** - assesses the child's language functioning including processing and production.

☐ **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate caregiver.

☐ **Developmental Test of Visual Motor Integration (VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.

☐ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.

☐ **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.

☐ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS          07-02-2001          DIVISION OF SPECIAL EDUCATION          APPENDIX-A

146

Dec 19 03 04:09p                                                                 p.4

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

| INTENT Page 2 |
| --- |

Student ██████████ DOB ██████/87 Age _16_ Grade _10_ ID _____

- [ ] **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15. 11 years.
- [ ] **House-Tree-Person** - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents.
- [ ] **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas: Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement.
- [ ] **Kaufman Test of Educational Achievement (KTEA)** - an individually administered instrument measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.
- [ ] **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
- [x] **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
- [ ] **Peabody Individual Achievement Test-Revised (PIAT-R)** - an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.
- [ ] **Peabody Picture Vocabulary Test-Revised** - individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
- [ ] **Preschool Language Scale** - measures auditory comprehension and verbal ability skills.
- [x] **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.
- [ ] **Rorschach Psychodiagnostic Test** - a projective measure y which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.
- [ ] **Test of Language Development Primary - Revised (TOLD-P)** - measures primary language proficiency and specific strengths and weaknesses in language skills.
- [x] **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills.
- [ ] **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.
- [ ] **Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.
- [ ] **Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.
- [ ] **Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.
- [ ] **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.
- [ ] **Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.
- [ ] **Classroom Observation** - assesses present functioning of the student within the classroom environment.
- [ ] **List other tests with descriptions:**

Lindamood Bell Auditory Conceptualization Test (possible)
Test of Word Reading Efficiency (possible)

**Other factors that are relevant to be included:**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS          07-02-2001          DIVISION OF SPECIAL EDUCATION          APPENDIX-A

Dec 19 03 04:50p                                              p.2

**DISTRICT
OF
COLUMBIA
PUBLIC
SCHOOLS**

### NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

Date: _Dec 19 03_

To _Rachel Marks Rubenstein_    Ref ⬛ W ⬛
_1220 L St NW Suite 700_    DOB ⬛/87
_D.C. 20005_    ID # _____
Telephone: (H) _742-2000_    (W) _____

Dear _Ms. Rubenstein_

The District of Columbia Public Schools is requesting that ___ ⬛ W ⬛ ___ be available for
testing for the following tests, on the indicated date, at the school.

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TEST DATE ASSIGNED | ADMINISTERED |
|---|---|---|---|---|
| ☑ Psychological | Maria Cohn | TBD | 12/19/03 | |
| ☑ Speech/Language | MACS | See next page | | |
| ☑ Social History | Angela Tanner-Dean | Interview/Vineland | 12/19/03 | |
| ☐ ...eological | nurse screening | | (12/19/03 | |
| ☑ Vision Screening | nurse screening | | | |
| ☐ Medical | | | | |
| ☑ Educational | Maria Cohn | TBD | P/19/03 | |
| ☑ Hearing Screening | | | | |
| ☑ Other | | | | |
| Other: clinical/ Maria Cohn | | Other: To be determined | Other: 12/19/03 | |

_final decision discussion and trans. plan - collegiate sped staff_

### LIST OF TESTS WITH DESCRIPTIONS

☐ **Bayley Scales of Infant Development-II** - an individually administered instrument that measures motor, mental and social development in infants and children from 1 month to 42 months of age.

☐ **Bender Visual Motor Gestalt Test** - measures perceptual motor skills to determine visual-motor gestalt functioning and neurological soft-signs in ages 4 to 12 years using the Koppitz Scoring System.

☐ **Children's Apperception Test** - a projective story-telling technique for personality evaluation in ages 5 to 10 years.

☐ **Clinical Evaluation of Language Functions - III** - assesses the child's language functioning including processing and production.

☐ **Conner's Parent and Teacher Rating Scales** - a paper-and-pencil instrument measuring problem behaviors of children and adolescents as reported by the child's teacher, parents, or alternate caregiver.

☐ **Developmental Test of Visual Motor Integration (VMI)** - assesses visual perception and motor coordination in ages 3 years and up using a more structured booklet format.

☐ **Expressive One Word Picture Vocabulary Test** - assesses the child's single word expressive vocabulary.

☐ **Fisher-Logemann Test of Articulation Competence** - assesses articulation proficiency with single sounds, consonant blends, and vowel production.

☐ **Goldman-Fristoe Test of Articulation** - assesses the production of consonants in simple and complex contexts.

## NOTICE TO PARENT OF INTENT TO EVALUATE/REEVALUATE

INTENT Page 2

Student _____  DOB ____/____/_____  Age _16_  Grade _10_  ID _____

- [ ] **Goodenough-Harris Drawing Test** - a projective drawing procedure measuring intellectual perceptual-motor maturity and personality through the use of drawings of self and a member of the opposite sex in ages 3 to 15. 11 years.
- [ ] **House-Tree-Person** - a projective drawing technique providing insight into personality structure, physical concerns, and social-emotional adjustment in children and adolescents.
- [ ] **Kaufman Assessment Battery for Children** - assesses the ability to solve problems using simultaneous and sequential metal processes in four global areas: Sequential Processing, Simultaneous Processing, Mental Processing, and Achievement.
- [ ] **Kaufman Test of Educational Achievement (KTEA) -** an individually administered instrument measuring achievement skills in reading decoding, mathematics applications, spelling, reading comprehension, and mathematics computation.
- [ ] **Kinetic Family Drawing** - a projective drawing technique measuring one's perception of her family and her role within the family.
- [x] **Oral Peripheral Speech Examination** - a procedure to determine whether the examinee can appropriately use the lips, tongue, mouth, etc.
- [ ] **Peabody Individual Achievement Test-Revised (PIAT-R) -** an individually administered test measuring achievement in areas of general information, reading recognition, reading comprehension, spelling, written expression, and mathematics.
- [ ] **Peabody Picture Vocabulary Test-Revised -** individually administered, multiple choice test measuring nonverbal, receptive vocabulary.
- [ ] **Preschool Language Scale** - measures auditory comprehension and verbal ability skills.
- [x] **Receptive One Word Picture Vocabulary Test** - assesses the child's single word receptive vocabulary.
- [ ] **Rorschach Psychodiagnostic Test** - a projective measure y which one's responses to inkblots reveal personality structure, ego strengths and reality testing in ages 3 and older.
- [ ] **Test of Language Development Primary - Revised (TOLD-P) -** measures primary language proficiency and specific strengths and weaknesses in language skills.
- [x] **The Vineland Adaptive Behavior Scales** - assesses adaptive and social competency skills.
- [ ] **Thematic Apperception Test** - a projective story-telling technique for personality evaluation in older children and adolescents.
- [ ] **Wechsler Adult Intelligence Scale-III (WIAS III)** - an individually administered test designed to measure the intelligence of individuals ages 16 and over.
- [ ] **Wechsler Individual Achievement Test (WIAT)** - a commonly used individually administered instrument designed assess the educational achievement of children and adolescents in areas of basic reading, mathematics reasoning, spelling, reading comprehension, numerical operations, listening comprehension, oral expression, and written expression.
- [ ] **Wechsler Intelligence Scale for Children-III (WISC III)** - commonly employed individually administered test designed to measure the intelligence of individuals ages 6 1/2 to 16 1/2 years.
- [ ] **Wechsler Preschool and Primary Scale of Intelligence-Revised (WPPSI-R)** - measures specific mental abilities and processes in ages 4 1/2 to 6 1/2 years.
- [ ] **Woodcock-Johnson Psycho-Educational Battery** - a diagnostic and evaluation instrument composed of twenty-seven tests divided into three major parts: tests of cognitive ability, tests of achievement, and tests of interests.
- [ ] **Classroom Observation** - assesses present functioning of the student within the classroom environment.
- [ ] **List other tests with descriptions:**

Lindamood Bell auditory Conceptualizers Test (possible)
Test of Word Reading Efficiency (possible)

**Other factors that are relevant to be included:**

Dec 15 03 04:50p                                                                                          p.1



*End-to-End Solutions* **for Special Education**

1745 Kalorama Road, NW ♦ Suite 102 ♦ Washington, DC 20009
Phone (202) 797-7665 ♦ Fax (202) 797-7176

## FAX TRANSMITTAL

**TO:** Rachel Rubenstein          **PHONE:** _____

**FAX:** 742-2098 _____

**FROM:** Cpalack          **PHONE:** _____

**DATE:** 12/17/03 _____

**RE:** ⬛⬛⬛ ⬛⬛⬛ _____

_____

**COMMENTS:**

*Intent writ dates assigned.*

**NUMBER OF PAGES:** _____ **(Including cover sheet)**

**ALL INFORMATION INCLUDED WITH THIS TRANSMITTAL IS CONFIDENTIAL.**