UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JANICE DICKENS**, *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-01466(AK) |
| Friendship-Edison P.C.S. | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiffs, by and through their attorneys, Roxanne Neloms, and Domiento C.R. Hill of James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendants, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

Respectfully Submitted,
 /s/
Roxanne D. Neloms[#478157]
Domiento C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
***Attorneys for the Plaintiffs***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JANICE DICKENS,** *et al.* | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Civil Action No. 06-01466(AK) |
|  | ) |
| Friendship-Edison P.C.S. | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms and Domiento C.R. Hill, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Motion for Summary Judgment, represent unto this Honorable Court as follows:

**I. INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA), Plaintiffs sought reimbursement of reasonable attorneys' fees in five (5) claims where the Plaintiffs secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415. In each of the matters, the Plaintiffs submitted invoices to the Defendants regarding reimbursement for reasonable attorneys fees in accordance with IDEA.

Janice Dickens, parent and next friend of T.D., a minor, filed through counsel, an administrative due process hearing request on April 14, 2006, alleging that Friendship Edison Public Charter School ("hereinafter "Friendship Edison") failed to timely evaluate, convene a MDT to review evaluations, address eligibility and develop an IEP, if necessary. ***See Plaintiffs Statement***

*of Material Facts ¶ 1*.  As relief, the parent sought funding for the evaluations and a meeting to determine eligibility.  *Id.*  At the June 19, 2004 due process hearing, the hearing officer found that Friendship Edison failed to comply with the provisions of IDIEA and ordered that upon the student's eligibility, Friendship Edison to provide the student with compensatory education services from May 2006 until the implementation of his IEP.  *Id*.

Dorothea Dixon, parent and next friend of T.D., a minor, on April 26, 2004, filed an administrative due process hearing request, alleging that Friendship Edison and the District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Education Plan ("IEP"), failed to timely reconvene an MDT/IEP meeting to review the student's IEP, and failed to deliver compensatory education services.  *See Plaintiffs Statement of Material Facts ¶ 2.*  As relief, among other things, the parent sought funding of compensatory education services for speech and language services not delivered; the convening of an MDT meeting within ten calendar days of the hearing to review all evaluations, review and revise the student's IEP, discuss and determine an appropriate disability classification, develop appropriate annual goals and benchmarks, and discuss and determine an appropriate placement; and consider all placement options proposed by the parent. *Id*.  At the May 17, 2004 administrative due process hearing, the Hearing Officer, among other things, ordered Friendship Edison to provide compensatory education services in the amount of 18 hours of speech-language services, and 2) DCPS/FEPCS to convene an MDT/IEP meeting to discuss and determine an appropriate compensatory education plan to resolve issues concerning missed services prior to the voluntary removal of the student from Friendship Edison.  *Id.*

William Marrow and Edwina Sumpter, parents and next friends of A.M. filed an administrative due process hearing request on November 19, 2003, alleging Friendship Edison failed to provide speech-language services from April 22, 2003 through the time the hearing request was

filed; and failed to conduct an adaptive behavioral assessment. *See Plaintiffs Statement of Material Facts ¶ 3*. As relief, the parents requested that speech-language therapy begin within five school days of the issuance of the HOD; conduct or fund an adaptive behavior assessment within fifteen (15) business days; provide the parent's counsel with written notice within five business days as to when the adaptive behavior assessment will take place; and convene an MDT meeting within five school days of completion of the adaptive behavior assessment to review and revise the student's Individualized Education Plan ("IEP"), determine the manner of speech-language compensatory education due, and identify an appropriate placement. *Id.* As a result of the hearing held on January 16, 2004, the hearing officer ordered Friendship Edison to convene a BLMDT/IEP meeting within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD") to develop a compensatory education plan for the student's missed speech-language services during the 2002-2003 and 2003-2004 school years, and 2) to determine the amount and means of delivering and implementing his compensatory education plan. *Id.*

Towanda Willliams, parent and next friend of G.W., a minor, filed an administrative due process hearing request alleging that, among other things, Friendship Edison failed to complete a requested reevaluation, complete an annual review of the IEP, failure to provide related services. *See Plaintiffs Statement of Material Facts ¶ 4.* As relief, the parent requested that Friendship Edison re-evaluated the student and convene a meeting on the student's behalf. *Id.* On April 1 and 29, 2004, and May 27, 2004, the parent appeared before an Administrative Hearing Officer, who ordered Friendship Edison to convene an MDT/IEP/Placement meeting within 30 days of the issuance of the Hearing Officer's Determination ("HOD") to discuss the form, amount, and delivery of compensatory education. *Id.*

On March 9, 2007, counsels for the Plaintiffs via praecipe withdrew, Nina Spencer, parent and next friend of B.S., a minor. To date, the Defendants have not reimbursed the Plaintiffs for reasonable attorneys fees. Based on the foregoing, the Plaintiffs request this Honorable Court to grant its Motion for Summary Judgment.

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts.

*Matsushita Elec. Indus. Co.* 475 U.S. at 586. Consequently, when neither party seeks to supplement the administrative record with additional evidence, a motion for summary judgment will operate as a motion for judgment based on the evidence of record. 20 U.S.C. § 1415(i)(2)(B); *Id*. at *Ramirez*, 355 F.Supp. 2d. 63 (D.D.C 2005). As there are no genuine issues of material fact, this Court should grant the Plaintiffs' motion for summary judgment.

### III. ARGUMENT

### PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

This Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C. §1415(i)(3)[1] of the IDEA. Under the IDEIA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. The IDEIA states that "[t]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party" status. Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

6

relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

In each of the aforementioned matters, each Plaintiff alleged that the Defendant had violated one or more provisions of the IDEIA and each plaintiff obtained some or all the relief requested in his/her administrative due process hearing request. In order to qualify as a prevailing party, it is not necessary for parents to obtain all the relief that they initially sought. All that is required is "an 'alteration in the legal relationship of the parties' that has been given some judicial *imprimatur*…" in order for a court to award attorneys' fees. See *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Each of the HODs "ordered the [Defendant] to undertake or refrain from some conduct consistent with [IDEIA]." See also *Abraham*, 338 F. Supp.2d 113 (D.D.C 2004); see 20 U.S.C. §1415(g). As a result of the foregoing, "prevailing party" status is conferred upon each of the Plaintiffs because a change in the legal relationship occurred between the Plaintiffs and the Defendant. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001); *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see

*A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).

In its answers, the Defendant alleges that the hearing officer did not make a finding that a denial of access to a free and appropriate education occurred. However, a hearing officer's finding on an issue or lack thereof is not controlling on the issue of whether a party prevailed for purpose of reasonable attorney fees. See *T.S v. District of Columbia*, Civil Action No. 05-00861 (HHK) (finding that prevailing party status can still be achieved in circumstances where a hearing officer orders the relief sought by a plaintiff and then decides there has been no denial of FAPE) (further quoting *Medford, v. Dist of Columbia*, 691 F. Supp. at 1479(noting that a "specific finding by a hearing officer on which party prevailed is not a prerequisite to an award of attorneys' fees, since what is required is success on the merits- that is achievement of the Plaintiff's objectives).

Again for the purposes of awarding attorney fees, the focus of the "prevailing party inquiry" is whether the relief obtained by the Plaintiff materially altered the legal relationship of the parties by modifying the defendant's behavior in a way the directly benefits the plaintiff. See *Bridgeforth v. Dist of Columbia*, 933 F. Supp. In the remaining four claims, the Defendant was ordered to undertake a position it had otherwise refused to do that benefitted the student. See *P.N., an infant, individually and by its parent and legal guardian; M.W., Appellants v. Clementon Board of Education*, 45 IDELR 148, (3rd Cir. 2006). Based on the foregoing, the Court should find that the Plaintiffs prevailed in each matter and accordingly award the parents reasonable attorneys fees.

## IV. CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to grant the Plaintiffs Motion for Summary Judgment and award the reimbursement of reasonable attorney fees. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

  /s/
Roxanne D. Neloms[#478157]
Domeinto C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorneys for the Plaintiffs*