UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JANICE DICKENS,** *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01466(AK) |
| | ) | |
| Friendship-Edison P.C.S. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND THE PLAINTIFFS' RESPONSE TO THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiffs, by and through their attorneys, Roxanne Neloms, and Domiento C.R. Hill of James E. Brown & Associates, PLLC and pursuant to Local Rule 7 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for an entry of summary judgment against the Defendant.

Respectfully Submitted,
  /s/_____
Roxanne D. Neloms[#478157]
Domiento C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANICE DICKENS,** *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-01466(AK) |
| **Friendship-Edison P.C.S.** | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND THE PLAINTIFFS' RESPONSE TO THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms and Domiento C.R. Hill, of James E. Brown & Associates, PLLC, in their memorandum of points and authorities submitted in support of their motion, represent unto this Honorable Court as follows:

**I. INTRODUCTION**

Under Local Rule 7 (h) and 56.1, all motions for summary judgment are to be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue and each opposition to a motion for summary judgment are to contain a separate and concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated. See LCvR. 7(h) and 56. The Defendant has failed to provide this Honorable Court and the Plaintiffs with a statement of materials facts and as such the Plaintiffs request this Court to assume the statement of material facts identified by the Plaintiffs as admitted.

## II. ARGUMENT

The Defendant argues in its motion for summary judgement that the Court should deny the Plaintiffs' motion for summary judgment and reverse each of the hearing officer's determinations. Notwithstanding the fact, there exist a separate process for seeking reversal of a hearing officer's determination, the time-line for such a appeal has more than passed. In its papers, the Defendant argues that substantively the Plaintiffs did not meet its burden and that the hearing officer erred in its decision. The determination of a prevailing party does not contain an analysis regarding this hearing officer's decision to correctly decide an issue.

As the Plaintiffs clearly articulated in their motion and to which the Defendant cited no caselaw in apposite, *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), outlines the prongs that a party must satisfy to achieve "prevailing party" status. Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

Everyone of the Plaintiffs filed administrative due process hearing requests alleging that the Defendant violated at least one provision of the IDEIA and sought relief that the hearing officer deemed fit to award. In each situation "an alteration in the legal relationship of the parties" occurred. See *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd.*

*And Care Home, Inc. V. West Virginia Dept's of Health and Human Res*., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Each time the Defendant was "ordered to undertake or refrain from some conduct consistent with [IDEIA]." See also *Abraham*, 338 F. Supp.2d 113 (D.D.C 2004); see 20 U.S.C. §1415(g). Since each of the Plaintiffs obtained some or all the relief sought in their respective administrative due process hearing requests, this Court must find that each Plaintiff prevailed and is entitled to reimbursement for reasonable attorneys fees.

The Defendant claims in Janice Dickens, parent and next friend of T.D., a minor, that the student suffered no educational loss for its failure to comply with the 120 day time-line established by law; however the hearing officer found to the contrary. The hearing officer found that Friendship Edison failed to comply with the provisions of IDIEA and ordered that upon the student's eligibility, Friendship Edison to provide the student with compensatory education services from May 2006 until the implementation of his IEP.

In Dorothea Dixon, parent and next friend of T.D., a minor, the Defendant claims that the hearing officer determined that the Defendant met its burden. This is a misstatment of the facts and the findings of the hearing officer as the hearing officer determined that no denial of FAPE occurred, but awarded T.D. compensatory education services. The hearing officer's failure to determine a denial of FAPE has not bearing on whether a party has prevailed for purposes of attorneys fees. A hearing officer's finding on an issue or lack thereof is not controlling on the issue of whether a party prevailed for purpose of reasonable attorney fees. See *T.S v. District of Columbia*, Civil Action No. 05-00861 (HHK) (finding that prevailing party status can still be achieved in circumstances where a hearing officer orders the relief sought by a plaintiff and then decides there has been no denial of FAPE) (further quoting *Medford, v. Dist of Columbia*, 691 F. Supp. at 1479 (noting that a "specific

finding by a hearing officer on which party prevailed is not a prerequisite to an award of attorneys' fees, since what is required is success on the merits- that is achievement of the Plaintiff's objectives).

In William Marrow and Edwina Sumpter, parents and next friends of A.M., the Defendant claims that the Plaintiff prevailed on one of the six issues raised in the complaint. However, by the time the hearing convened the only issue present was the Defendant's failure to provide speech and language services. The hearing officer ordered the Defendant to develop a compensatory education plan for the student's missed speech-language services during the 2002-2003 and 2003-2004 school years, and to determine the amount and means of delivering and implementing his compensatory education plan.

In Towanda Williams, parent and next friend of G.W., a minor, the Defendant admits that the Plaintiff prevailed on one of the issues presented in her administrative due process hearing request. Again, a party can still seek prevailing party status if he or she obtained some of the relief sought. In this case, the hearing officer ordered the Defendant to convene an MDT/IEP/Placement meeting within 30 days of the issuance of the Hearing Officer's Determination ("HOD") to discuss the form, amount, and delivery of compensatory education.

### III. CONCLUSION

In each of the remaining cases, the Plaintiffs prevailed and are entitled to prevailing party status. Therefore, in each matter, the Plaintiff should be reimbursed reasonable attorneys fees. Thus, the Plaintiffs respectfully request that this Court to grant the Plaintiffs Motion for Summary Judgment and find that each party prevailed. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

　/s/　　　　　　　　　　　　
Roxanne D. Neloms[#478157]
Domiento C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
***Attorneys for the Plaintiffs***