UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANICE DICKENS,** *et alia* : | | |
| : | | |
| Plaintiffs : | | |
| : | | |
| v. : | CA NO.  1:06 CV 01466 (AK) | |
| : | | |
| **FRIENDSHIP-EDISON P.C.S.** : | | |
| : | | |
| **Defendants** : | | |
| : | | |

## DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, by and through undersigned counsel, and files this Reply in Support of Defendant's Cross Motion for Summary Judgment filed on July 31, 2008.  In support of this Reply, Defendant submits herewith a Memorandum of Points and Authorities**.**

WHEREFORE, Defendant respectfully requests that this Court GRANT Defendant's Cross Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment.

Dated: September 9, 2008                         Respectfully submitted,

                                                                     /s/                      
                                                        Paul S. Dalton, Esq
                                                        D.C. Bar No. 439118
                                                        Dalton & Dalton, P.C.
                                                        1008 Pendleton Street
                                                        Alexandria, Virginia 22314
                                                        (703) 739-4300 (ph)
                                                        (703) 739-2323 (fax)
                                                        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 9th day of September, 2008.

                                                                         /s/  
                                                         Paul S. Dalton, Esq.  
                                                         Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANICE DICKENS**, *et alia* | : | |
| | : | |
|     **Plaintiffs** | : | |
| | : | |
|     v. | : | CA NO.  1:06 CV 01466 (AK) |
| | : | |
| **FRIENDSHIP-EDISON P.C.S.** | : | |
| | : | |
|     **Defendants** | : | |
| | : | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, by and through undersigned counsel and states the following in support of its Cross Motion for Summary Judgment:

**I.  Plaintiffs have failed to present facts that could support a determination that they were the prevailing parties in the underlying administrative hearings.**

The essential test for prevailing party status is "whether a party successfully obtains a material alteration of the legal relationship of the parties' with the imprimatur of an adjudication." *Artis v. District of Columbia*, 543 F. Supp. 2d 15, 22 (D.D.C. 2008); *see also Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. Of Health & Human Res*., 532 U.S. 598, 604 (2001).  In order to be considered the prevailing party, a party must obtain a judicial remedy that vindicates its claim of right.  *Artis*, 543 F. Supp. 2d at 24 (*quoting District of Columbia v. Jeppsen*, 514 F. 3d 1287 (D.C. Cir. 2008).  In cases where the administrative hearing officer did not find that the students were denied a free appropriate public education as they alleged and the relief granted to them was *de minimis*, the Plaintiffs should not be deemed the prevailing party.  *See Artis*, 543 F. Supp. 2d at 24.

In the case of Te. D., the hearing officer made no finding that Defendant's failure to conduct timely evaluations resulted in a denial of FAPE. At the time of the due process hearing, the requested evaluations had been completed and the parties had agreed to and scheduled the requested MDT meeting to determine the student's eligibility. The hearing officer's decision merely ordered that if the student is found eligible at the scheduled MDT meeting then he is entitled to compensatory education. Accordingly, the relief granted was *de minimis* when compared to the relief requested and thus, Plaintiff Te. D. was not the prevailing party in this action. Moreover, there was no material alteration of the legal relationship of the parties because Defendant voluntarily complied with Plaintiff Te. D.'s request without any administrative imprimatur.

In the case of Tr. D., the hearing officer explicitly found that Defendant sustained its burden of proof and denied Plaintiff's request to find a denial of FAPE. Accordingly, the claim did not result in a hearing-officer ordered change in the legal relationship between the parties. Defendant was merely ordered to continue providing compensatory education which it had already begun providing. As the Court found in *Artis*, a hearing officer's order that the Defendant continue on the course that it was already following does not result in prevailing party status for the Plaintiff. 543 F. Supp. 2d at 24; *see also Mata v. Elsie Whitlow Stokes Cmty. Freedom P.C.S.*, 2007 U.S. Dist. LEXIS 36621, 2007 WL 1521047, at 4 (D.D.C. May 21, 2007) (holding that plaintiff was not the prevailing party).

In the case of B.S., the hearing officer's decision did not grant Plaintiff any relief with respect to Defendant. Rather, the hearing officer's decision ordered DCPS to take action, but did not make any findings or grant any relief regarding the allegations raised against Defendant in the Due Process Complaint. Accordingly, Plaintiff B.S. did not prevail over Defendant in that

matter.

In the cases of A.M. and G.W. the Plaintiffs did not prevail on a significant issue in the litigation, and thus should not be deemed the prevailing parties. The Court in *Artis* relied on the fact that some of the plaintiffs in that matter were awarded a "significant part of the relief" that they had requested, thus surpassing the hurdle of demonstrating that their success was not "purely technical or *de minimis*." 543 F. Supp. 2d at 22-23. Plaintiff A.M. was granted only one sixth of the relief requested in the Due Process Complaint, which should not be considered significant in light of the remaining allegations and relief requested in that Complaint. Similarly, Plaintiff G.W. was only granted one fourth of the relief requested and thus should not be considered the prevailing party when compared to the plaintiffs in *Artis* who were deemed prevailing parties.

**II.    If this Court does determine that any of the Plaintiffs were the prevailing party, Defendant should be given an opportunity to examine the fees requested by those Plaintiffs and the fee award should be reduced accordingly.**

It is Defendant's position that the amount of fees requested is excessive and unreasonable and that in some cases the type of fees requested are not compensable. Therefore, if this Court finds that any of the Plaintiffs should be given prevailing party status, Defendant respectfully requests an opportunity to examine and oppose the fee requests of those Plaintiffs and asks that the Court reduce the ultimate award accordingly.

Moreover, if the Court determines that Plaintiffs A.M. and G.W. are prevailing parties, the Defendant respectfully requests that their fees be further reduced according to the number of issues that they prevailed on at the administrative level. For instance, Plaintiff A.M.'s fees should be reduced by 83% because Plaintiff A.M. was only granted only one sixth of the relief requested by the hearing officer. Plaintiff G.W.'s fees should be reduced by 75% because Plaintiff G.W. was only granted one fourth of the relief requested. Therefore, their fees should

be reduced accordingly.

### III.   Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court GRANT Defendant's Cross Motion for Summary Judgment because Plaintiffs have failed to prove sufficient facts to support a determination that they were the prevailing parties in the underlying administrative actions.  Accordingly, Defendant is entitled to judgment as a matter of law and Plaintiffs' Motion for Summary Judgment should be denied.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)
Counsel for Defendant