# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JANICE DICKENS, et al.**,

    Plaintiffs,

    v.

**FRIENDSHIP-EDISON P.C.S.**,

    Defendant.

Civil Action No. 06-cv-1466 (AK)

## MEMORANDUM OPINION[1]

Pending before the Court are Plaintiffs' Motion for Summary Judgment [16], Defendant's Reply to Plaintiffs' Motion for Summary Judgment[2] and Defendant's Motion for Summary Judgment [17], Plaintiffs' Opposition to Defendant's Motion for Summary Judgment [19], and Defendant's Reply in Support of Defendant's Cross Motion for Summary Judgment [21].

Plaintiffs, on behalf of their minor children, brought this action against Friendship-Edison Public Charter School ("FEPCS") to obtain reimbursement for attorneys' fees incurred in administrative hearings conducted pursuant to the Individuals with Disabilities Education Act ("IDEA") as amended. 20 U.S.C. §§ 1400-1444 (2006). Plaintiffs now seek summary judgment regarding the reimbursement of their attorneys' fees. (Pls.' Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. ("Pls.' Mem. of P. & A.") at 2.) Defendant opposes Plaintiffs' motion for

---

[1] The parties consented to proceed before the undersigned Magistrate Judge for all purposes on March 21, 2007. (*See* Consent Order [11] dated 03/21/07.)

[2] It appears that Defendant inadvertently titled its reply to Plaintiffs' motion for summary judgment "Plaintiff's Reply to Defendant, Dickens Motion for Summary Judgment [*sic*]." The Court assumes Defendant meant to title its filing "Defendant's Reply to Plaintiffs' Motion for Summary Judgment."

summary judgment and has filed its own motion for summary judgment on the issue of attorneys' fees. (Def.'s Mot. for Summ. J. at 1.)

## I.  Statutory Background

The core purpose of the IDEA is to "to ensure that all children with disabilities have available to them a free appropriate public education . . . ." 20 U.S.C. § 1400(d)(1)(A). In furtherance of that goal, the IDEA provides "guaranteed procedural safeguards with respect to the provision of a free appropriate public education" for children with disabilities and their parents. 20 U.S.C. § 1415(a). These safeguards include the "opportunity for the parents of a child with a disability to examine all records relating to such child and to participate in meetings with respect to the identification, evaluation, and educational placement of the child" or "to obtain an independent educational evaluation of the child." 20 U.S.C. § 1415(b)(1). Under section 1415(b)(6), any party may also present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A).

When a party files a section 1415(b)(6) complaint, "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing." 20 U.S.C. § 1415(f)(1)(A). "[A] decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). If a party is aggrieved by the decision in this hearing or on appeal, it may bring a civil action in any state court with jurisdiction or in a federal district court regardless of the amount in controversy. 20 U.S.C. § 1415(i)(2)(A). Additionally, for any action brought under section 1415 of the IDEA, "the court, in its discretion, may award

reasonable attorneys' fees as part of the costs" to the "prevailing party," whether that party be the parent of a child, a state, or local educational agency. 20 U.S.C. § 1415(i)(3)(B)(i).

## II.     Factual Background

Plaintiffs seek reimbursement of reasonable attorneys' fees from FEPCS for administrative due process hearings conducted in accordance with the IDEA on behalf of five students: T.D. (DOB 95), T.D. (DOB 97), A.M., G.W., and B.S. (Pls.' Mem. of P. &. A. at 2.)

### A.     T.D. (DOB 95)

Counsel for Janice Dickens, parent and next friend of T.D. (DOB 95), a minor, sent a letter to Friendship Southeast Elementary Academy ("FSPSC"), a FEPCS school, requesting an evaluation of the student for special education on December 20, 2005. (A.R.[3] for T.D. (DOB 95) at 3.) Participants at a February 24, 2006, Multi-disciplinary Team ("MDT") meeting recommended that the student receive psychological, speech and language, educational, and occupational therapy screening. (*Id*. at 4.) On April 14, 2006, counsel for Dickens requested an IDEA administrative due process hearing because FSPSC allegedly failed to (1) fully evaluate the student, (2) convene another MDT to review the evaluations, (3) address eligibility for an Individualized Education Program ("IEP"), and (4) develop an IEP, if necessary, within the appropriate time period. (Pls.' Mem. of P. & A. at 2.) For relief, Dickens requested funding for the evaluation and a meeting to determine eligibility for an IEP. (*Id*. at 3.)

Although FSPCS did complete the occupational therapy and psychological evaluations in May 2006, it did not complete the educational and speech and language evaluations until a few days before the student's hearing. (A.R. for T.D. (DOB 95) at 4.) At the administrative due

---

[3] "A.R." refers to "Administrative Record."

process hearing on June 19, 2006, the Hearing Officer determined that FSPSC did not comply with District of Columbia Municipal Regulations 3005 and 3019 because it did not complete the special education process within 120 days from the December 2005 referral date. (*Id*.) However, the parties apparently agreed to voluntarily convene a MDT meeting to determine the student's eligibility for special education the next day, and the Hearing Officer ordered FSPSC to provide the student with compensatory education only if he was found eligible for an IEP at that meeting. (*Id*.)

      B.     T.D. (DOB 97)

Counsel for Dorothea Dixon, parent and next friend of T.D. (DOB 97), a minor, filed a due process hearing request on April 27, 2004, alleging that the District of Columbia Public Schools ("DCPS") and FEPCS failed to (1) develop an appropriate IEP for the student, (2) convene a MDT/IEP meeting to evaluate the student's IEP in a timely manner, and (3) deliver compensatory education services. (A.R. for T.D. (DOB 97) at 3-4.) The student was eligible for special education and had received an IEP in April 2003. (*Id*.) As relief, the parent requested that DCPS/FEPCS convene a MDT meeting within ten days of the hearing, revise the student's IEP, and fund the compensatory services. (Pls.' Mem. of P. & A. at 3.) FEPSC actually proposed to expel the student due to his disruptive behavior, but before the FEPSC board approved the expulsion, the parent voluntarily transferred the student to Savoy Elementary School on April 14, 2004. (*Id*. at 3-4.)

At the administrative due process hearing on May 17, 2004, the Hearing Officer granted DCPS's motion to be dismissed as a party in the case. (*Id*. at 3, 6.) The Hearing Officer also determined that all issues regarding the April 2003 IEP had been previously resolved at a June

2003 hearing and did not need to be adjudicated again.  (*Id*. at 5-6.)  In addition, the officer denied the parent's request to determine whether FEPCS had denied the student a free appropriate public education ("FAPE").  (*Id*. at 6.)  However, the Hearing Officer ordered FEPCS to provide the student with eighteen hours of compensatory speech and language services even though he concluded that FEPCS had "sustained its burden of proof."  (*Id*.)  Finally, the officer ordered DCPS/FEPCS to convene a MDT/IEP meeting to determine an appropriate compensatory education plan regarding the missed services.  (A.R. for T.D. (DOB 97) at 6.)

    C.    <u>A.M.</u>

Counsel for William Marrow and Edwina Sumpter, parents and next friends of A.M., a minor, filed an administrative due process hearing request on November 19, 2003, alleging that FEPCS failed to provide the speech and language services prescribed in the student's April 2003 IEP.  (A.R. for A.M. at 3-4.)  For relief, the parents requested that FEPCS begin speech and language therapy within five days after the issuance of the order, conduct an adaptive behavior assessment, convene a MDT meeting to review and revise the student's IEP, and determine the amount of compensatory education due.  (Pls.' Mem. of P. & A. at 4.)  FEPCS's counsel admitted that the school did not begin providing A.M. with the IEP's required speech and language services until January 9, 2004.  (A.R. for A.M. at 4.)  At the administrative hearing on January 16, 2004, the Hearing Officer determined that the school's failure to provide the speech and language services called for in the student's IEP constituted a denial of a FAPE.  (*See id*. at 4-5.)  The Hearing Officer found that FEPSC violated the IDEA, granted the parents' request for compensatory speech and language services, and ordered FEPCS to hold a MDT/IEP meeting within 30 days to develop a compensatory education plan for the missed services.  (*Id*. at 6-7.)

D.  G.W.

Counsel for Gloria Ward-Ravenell, grandmother of G.W., filed a hearing request on February 13, 2004, alleging that FEPCS failed to (1) complete a requested reevaluation of the student, (2) complete an annual review of the student's IEP, (3) provide services related to the IEP between September 2003 and December 2003, and (4) include present levels of educational performance in the student's IEP. (A.R. for G.W. at 6.) For relief, the grandparent requested that FEPCS convene a meeting to reevaluate the student. (Pls.' Mem. of P. & A. at 4.) After the request had been filed, FEPCS convened a MDT meeting on March 31, 2004, without the student's grandmother and educational consultant, knowing that those parties wished to attend. (A.R. for G.W. at 16.)

At administrative hearings in April and May 2004, the Hearing Officer determined that FEPCS had denied the student a FAPE by failing to reevaluate the student in a timely manner, failing to include present levels of educational performance in the June 2002 and March 2003 IEPs, and failing to reschedule the MDT meeting so that the student's grandmother and educational consultant could attend. (*Id*. at 16.) The Hearing Officer also ordered FEPCS to convene a MDT/IEP meeting within thirty days at which the parties would discuss the "form, amount, and delivery of compensatory education, if any . . . ." (*Id*. at 17.) However, the Hearing Officer did not award the student any compensatory services for the non-delivery of speech or language services. (*Id*.)

E.  B.S.

Counsel for Nina Spencer, parent and next friend of B.S., a minor, filed a hearing request on October 14, 2003, alleging that DCPS and FEPCS failed to reevaluate the student in a timely

manner and conduct an annual review of the student's IEP.  (*See* Compl. [1] at 6.)  The parent sought psycho-educational, speech and language, social history, occupational therapy, or physical therapy evaluations, if warranted, as relief.  (*Id*.)  At a hearing on March 12, 2004, the Hearing Officer ordered DCPS and FEPCS to convene a MDT/IEP meeting on March 31, 2004, to review the student's evaluations and decide whether a compensatory education plan was appropriate.  (*Id*. at 7.)  Subsequently, Plaintiffs voluntarily asked the court to dismiss Plaintiff Nina Spencer from the lawsuit with prejudice on March 9, 2007.  (Notice of Voluntary Dismissal [5] dated 03/09/07.)

**III.     Legal Standards**

    A.     <u>Summary Judgment</u>

Summary judgment is proper under Rule 56(c) if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and demonstrating the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *Bias v. Advantage Int'l, Inc.*, 905 F.2d 1558, 1560 (D.C. Cir. 1990).  The relevant substantive law determines the materiality of particular facts, and an issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its burden, the nonmoving party must then demonstrate that a genuine issue as to any material fact does actually exist.  *Bias*, 905 F.2d at 1561.  The nonmoving

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (*quoting* FED. R. CIV. P. 56(e)). When there is a genuine dispute of fact, courts must view the facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Regardless of which party made the motion, summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *Bias*, 905 F.2d at 1560.

      B.     <u>Prevailing Party</u>

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees" to a "prevailing party" in any action or proceeding brought under section 1415. 20 U.S.C. § 1415(i)(3)(B)(i). The IDEA therefore authorizes parents who prevail at an administrative due process hearing to recover attorneys' fees. *Moore v. Dist. of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990). In general, parties achieve prevailing party status when they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). In the context of a federal fee-shifting statute, such as the IDEA, the Supreme Court has outlined a three-part test for determining prevailing party status. *See Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492-93 (D.C. Cir. 2003) (*citing Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-606 (2001)); *Robinson v. Dist. of Columbia*, No. 06-1253, 2007 U.S. Dist. LEXIS 56416, at *11 (D.D.C. Aug. 2, 2007).

First, prevailing party status requires "an 'alteration in the legal relationship of the parties' that has been given some judicial *imprimatur*." *Armstrong v. Vance*, 328 F. Supp. 2d 50, 57 (D.D.C. 2004) (*quoting Buckhannon*, 532 U.S. at 605). Second, the prevailing party is the "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Thomas*, F.3d at 493 (*quoting Buckhannon*, 532 U.S. at 603). Third, the prevailing party must obtain some "judicial relief," not just a "judicial pronouncement." *Id*. at 493 (*quoting Buckhannon*, 532 U.S. at 606). Even under this "generous" standard, a prevailing party must show that its success was more than just "purely technical or de minimis." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

**IV.   Discussion**

    A.    <u>T.D. (DOB 97), A.M., and G.W. are Prevailing Parties</u>

"[I]t is the province of the district court to make the ultimate decision as to who prevailed in an IDEA action." *Artis v. Dist. of Columbia*, 543 F. Supp. 2d 15, 22 (D.D.C. 2008) (*citing T.S. ex rel. Skrine v. Dist. of Columbia*, No. 05-00861, 2007 U.S. Dist. LEXIS 21792, at *10 (D.D.C. Mar. 27, 2007)). Here, T.D. (DOB 97), A.M., and G.W. are prevailing parties because they succeeded on significant issues in their hearings and, in each case, the hearing officers ordered FEPCS to take action consistent with the IDEA. *See T.S.*, 2007 U.S. Dist. LEXIS 21792 at *13.

In these three cases, the hearing officers' determinations changed the legal relationship between the parties with some degree of "judicial *imprimatur*" by ordering the school to convene a meeting for the students or provide them with compensatory education. *See Armstrong*, 328 F. Supp. 2d at 57. For example, the Hearing Officer ordered FEPCS to convene a MDT/IEP

meeting regarding T.D. (DOB 97) and to provide the student with eighteen hours of compensatory speech and language services. Similarly, in the case of A.M., the Hearing Officer ordered FEPCS to hold a MDT/IEP meeting and develop a compensatory education plan for missed services. For G.W., the Hearing Officer ordered FEPCS to convene a MDT/IEP meeting to discuss compensatory education.

Additionally, T.D. (DOB 97), A.M., and G.W. were the parties "in whose favor a judgment [was] rendered . . . ." *Thomas*, 330 F.3d at 493 (*quoting Buckhannon*, 532 U.S. at 603). Denial of a FAPE directly violates the IDEA and a judgment that such a violation has occurred usually confers prevailing party status on the student. *See Artis*, F. Supp. 2d at 22. Therefore, A.M. and G.W. received judgments in their favor because the hearing officers concluded that FEPCS had denied them a FAPE. However, denial of a FAPE is not necessary to achieve prevailing party status in an IDEA action. *See Robinson*, 2007 U.S. Dist. LEXIS 56416, at *13-14. In *T.S. ex rel. Skrine v. District of Columbia*, for example, the court determined that the student was the prevailing party in an IDEA action despite the administrative hearing officer's conclusion that DCPS did not deny the student a FAPE. 2007 U.S. Dist. LEXIS 21792, at *6, *13-14. Even though the Hearing Officer did not determine whether FEPCS denied him a FAPE, T.D. (DOB 97) still received a judgment in his favor because FEPCS was ordered to convene a MDT meeting and provide him with eighteen hours of compensatory education.

Finally, all three of these students received some "judicial relief," not just a "judicial pronouncement." *Thomas*, 330 F.3d at 493 (*quoting Buckhannon*, 532 U.S. at 606). The parent of T.D. (DOB 97) sought a meeting to review the student's IEP and funding for compensatory education services, and the Hearing Officer ordered FEPSC to convene a MDT meeting and

10

provide the student with eighteen hours of compensatory education.  The parents' request for relief in A.M.'s case included a MDT/IEP meeting to determine the amount of compensatory education due, and the Hearing Officer ordered FEPCS to hold a MDT/IEP meeting and develop a compensatory education plan for the student's missed services.  Finally, the grandparent of G.W. requested that FEPCS convene a meeting to reevaluate the student, and the Hearing Officer ordered the school to convene such a meeting.  The relief each Plaintiff received "vindicat[ed] its claim of right."  *Dist. of Columbia v. Jeppsen*, 514 F.3d 1287, 1290 (D.C. Cir. 2008) (*citing Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 948 (D.C. Cir. 2005)).

Thus, the Court finds that T.D. (DOB 97), A.M., and G.W. are prevailing parties in their respective IDEA actions.  These three Plaintiffs are therefore entitled to reimbursement of reasonable attorneys' fees.  However, the Court will reserve judgment on the reasonableness of the fees charged until Plaintiffs submit a formal fee petition.[4]  To date, Plaintiffs have not demonstrated that the fees their attorneys charged were reasonable or "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(C).  Defendant argues that if the Court awards Plaintiffs any attorneys' fees, the Court should proportionately reduce the amount Plaintiffs charged based on the number of requests for relief the administrative hearing officers granted.  (*See* Def.'s Mem. of P. & A. dated 08/01/08 at 3-4.)  The Supreme Court has stated that where a plaintiff is a prevailing party, "the degree of the plaintiff's overall success goes to the reasonableness of the award . . . ."  *Tex. State Teachers Ass'n*, 489 U.S. at 793.  The Court will therefore carefully

---

[4] Plaintiffs merely attached invoices of $15,573.36 for T.D. (DOB 97), $4,951.46 for A.M., and $23,077.74 for G.W. to their complaint.  (*See* Compl. [1] Ex. 2 at 18-28, Ex. 3 at 21-25, Ex. 5 at 34-46.)

review Plaintiffs' fee petition and the response by Defendant in light of *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782 (1989).

      B.      <u>T.D. (DOB 95) and B.S. are Not Prevailing Parties</u>

On the other hand, T.D. (DOB 95) is not a prevailing party because the hearing officer's determination did not change the legal relationship between the parties and the relief the student received was *de minimus*. *See Tex. State Teachers Ass'n*, 489 U.S. at 792-93. At the administrative hearing for T.D. (DOB 95), the officer explained that the parties voluntarily agreed to convene a MDT meeting the next day. Just as in *Artis v. District of Columbia*, "[b]ecause the hearing officer merely noted the parties' agreement, the hearing officer did not order any change in the legal relationship between the parties." 543 F. Supp. 2d at 24; *see also Buckhannon*, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."). In addition, although the Hearing Officer did find that FEPSC failed to complete the special education process within 120 days, he did not find that FEPSC denied the student a FAPE.

Furthermore, even considering the "generous" standard for prevailing parties, the relief T.D. (DOB 95) received did not cross the "technical and *de minimus*" threshold. *Tex. State Teachers Ass'n*, 489 U.S. at 792. As relief, the Hearing Officer ordered FEPSC to provide T.D. (DOB 95) compensatory education only if the student was deemed eligible for special education at an upcoming MDT meeting. This relief did not necessarily require FEPSC to take action consistent with the IDEA. *See T.S.*, 2007 U.S. Dist. LEXIS 21792, at *13. As such, the relief was *de minimus* because FEPSC could potentially do "nothing more than [it] had previously

offered to do" if the school determined T.D. (DOB 95) was not eligible for special education. *Artis*, 543 F. Supp. 2d at 25. For these reasons, T.D. (DOB 95) is not a prevailing party.

B.S. is also not a prevailing party. The officer at the administrative hearing for B.S. ordered FEPCS to convene a MDT/IEP meeting. (Compl. [1] at 7.) Subsequently, however, Plaintiffs asked the court to dismiss Nina Spencer, parent and next friend of B.S., from this lawsuit with prejudice in March 2007. (Notice of Voluntary Dismissal [5] dated 03/09/07.) The trial court granted the request, and Nina Spencer is no longer a party to this lawsuit.

## V.    Conclusion

As explained above, T.D. (DOB 97), A.M., and G.W. are prevailing parties because the hearing officers' determinations changed the legal relationship between the parties, resulted in favorable judgments for the students, and provided the students actual relief. T.D. (DOB 95) is not a prevailing party because the hearing officer's determination did not change the legal relationship between the parties and only granted the student *de minimus* relief. B.S. is also not a prevailing party because Nina Spencer is no longer a party to this lawsuit. Accordingly, the Court will grant Plaintiffs' motion for summary judgment and deny Defendant's motion for summary judgment with respect to reimbursement of reasonable attorneys' fees for T.D. (DOB 97), A.M., and G.W. With respect to the reimbursement of reasonable attorneys' fees for T.D. (DOB 95) and B.S., the Court will deny Plaintiffs' motion for summary judgment and grant Defendant's motion for summary judgment. A separate order accompanies this memorandum opinion.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE